**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>            Plaintiff,<br><br>      v.<br><br>AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC.,<br><br>          Defendant. | Case No. 7:24-CV-00030<br><br>**JURY TRIAL DEMANDED** |

<u>**DEFENDANTS' MOTION TO DISMISS**</u>

# TABLE OF CONTENTS

I.     INTRODUCTION ------------------------------------------------------------------------- 1

II.    ARGUMENT ------------------------------------------------------------------------------ 2

    A.    Legal Standard-------------------------------------------------------------------- 2

    B.    The Court Should Dismiss All Claims Against The Non-AWS Defendants ------ 3

        1.    The Complaint's Factual Allegations Pertain Solely to AWS ------------- 3

        2.    The Complaint Relies on Improper Group Pleading to Ensnare the Non-AWS Defendants------------------------------------------------------- 3

        3.    The Complaint Alleges No Factual Basis For Treating The Three Corporate Defendants As One ------------------------------------------------ 5

        4.    The Complaint Fails to Plausibly Allege Joint Infringement -------------- 6

    C.    The Court Should Dismiss All Claims That Require Pre-Suit Knowledge -------- 7

        1.    The Complaint Fails to Plausibly Allege Willful Infringement ------------ 7

            a.    VirtaMove Does Not Plausibly Allege that Any Defendant Had Knowledge of the Patent-in-Suit --------------------------------- 8

            b.    Plaintiff Does Not Plausibly Allege Any Knowledge of Infringement ----------------------------------------------------------- 10

        2.    The Complaint Fails to Plausibly Allege Indirect Infringement ---------- 11

    D.    The Court Should Dismiss VirtaMove's Claim for Pre-Suit Damages ----------- 12

III.    CONCLUSION -------------------------------------------------------------------------- 13

# TABLE OF AUTHORITIES

*Cases*:                                                                                          *Page(s)*:

*ACQIS LLC v. Lenovo Grp. Ltd.*,
    No. 6:20-CV-00967-ADA, 2022 WL 2705269 (W.D. Tex. July 12, 2022)--------------------- 4

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) --------------------------------------------------------------------- 6, 7

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017) -------------------------------------------------------------------------12

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009) ---------------------------------------------------------- 2, 6

*Automated Transaction LLC v. New York Cmty. Bank*,
    No. 12-CV-3070 JS ARL, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013)------------------------ 5

*Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
    827 F.3d 1341 (Fed. Cir. 2016) --------------------------------------------------------------------- 2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) --------------------------------------------------------------------------------2, 10

*Best Medical Int'l, Inc. v. Accuray, Inc.*,
    No. 10-cv-1043, 2011 WL 860423 (W.D. Pa. Mar. 9, 2011) ------------------------------------ 4

*BillJCo, v. Apple Inc.*,
    583 F. Supp. 3d 769 (W.D. Tex. 2022)------------------------------------------------------------- 7

*BlackBerry Ltd. v. Nokia Corp.*,
    No. 17-CV-155-RGA, 2018 WL 1401330 (D. Del. Mar. 20, 2018) --------------------------- 4, 5

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    No. CIV.A. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ------------------------ 9

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000)------------------------------------------------------------------------- 8

*Core Optical Techs., LLC v. Nokia Corp.*,
    No. SACV1902190JAKRAOX, 2020 WL 6126285 (C.D. Cal. Oct. 8, 2020) ----------------- 9

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
    No. 6:21-CV-00165-ADA, 2022 WL 118955 (W.D. Tex. Jan. 12, 2022) ---------------------12

*CTD Networks, LLC v. Amazon.com, Inc.*,
    No. W-22-cv-01034-XR, 2023 WL 5281943 (W.D. Tex. Aug. 16, 2023) ----------------------10

*CTD Networks, LLC v. Google, LLC*,
   No. WA-22-CV-01042-XR, 2023 WL 5417139 (W.D. Tex. Aug. 22, 2023) ------------------ 7

*Dali Wireless Inc. v Corning Optical Communications LLC*,
   638 F. Supp. 3d 1088 (N.D. Cal. 2022) ---------------------------------------------------- 10

*Dynamic Data Techs. v. Google LLC*,
   No. 19-1529, 2020 WL 128582 (D. Del. March 18, 2020) ------------------------------------ 9

*Express Mobile, Inc. v. DreamHost LLC*,
   No. 1:18-CV-01173-RGA, 2019 WL 2514418 (D. Del. June 18, 2019) ------------------ 12, 13

*Flypsi, Inc. v. Google LLC*,
   No. 6:22-CV-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022) ---------------------- 9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) -------------------------------------------------------------------------- 11

*Gurganus v. Furniss et al.*,
   No. 3:15-CV-03964-M, 2016 WL 3745684 (N.D. Tex. July 13, 2016) -------------------------- 4

*Hills Point Indus. LLC v. Just Fur Love LLC*,
   No. CV 22-1256 (GBW), 2023 WL 8804046 (D. Del. Dec. 20, 2023) -------------------------- 10

*Holmes v. Allstate Corp.*,
   No. 11-cv-1543, 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) -------------------------------- 4

*Kaempe v. Myers*,
   367 F.3d 958 (D.C. Cir. 2004) ----------------------------------------------------------------- 8

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001) -------------------------------------------------------------- 12

*M2M Sols. LLC v. Telit Commc'ns PLC*,
   No. CV 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015) ------------------------------ 5

*Manville Sales Corp. v. Paramount Sys., Inc.*,
   917 F.2d 544 (Fed. Cir. 1990) ---------------------------------------------------------------- 5

*Medina v. Bauer*,
   No. 02-cv-8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) -------------------------------- 4

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ------------------------- 11

*Mod. Font Applications, LLC v. Peak Rest. Partners, LLC*,
   No. 2:19-CV-221 TS, 2019 WL 3781051 (D. Utah Aug. 12, 2019) ----------------------------- 4

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
No. 6:20-cv-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) -------------------- 10

*North Star Innovations, Inc. v. Toshiba Corp.*,
No. CV 16-115-LPS-CJB, 2016 WL 7107230 (D. Del. Dec. 6, 2016) ------------------------- 5

*PLS-Pac. Laser Sys. v. TLZ Inc.*,
No. 06-CV-4585 RMW, 2007 WL 2022020 (N.D. Cal. July 9, 2007) ------------------------- 4

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
No. CV 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018) ----------------------------- 5

*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005) ----------------------------------------------------------------------- 2

*Rowland v. Sw. Corr., LLC*,
No. 4:20-CV-847, 2021 WL 4191433 (E.D. Tex. Aug. 17, 2021) ------------------------------ 3

*Springboards to Educ., Inc. v. Kipp Found.*,
No. 3:16-CV-2436-G, 2017 WL 3917701 (N.D. Tex. Sept. 7, 2017)---------------------------- 3

*Taylor v. IBM*,
54 Fed. App'x 794 (5th Cir. 2002) ---------------------------------------------------------------- 3

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308, 127 S. Ct. 2499 (2007) ------------------------------------------------------------- 8

*United States v. Bestfoods*,
524 U.S. 51 (1998) -------------------------------------------------------------------------------------- 5

*Varian Med. Sys., Inc. v. Elekta AB*,
No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016)---------------------------------- 9

*Via Vadis, LLC v. Skype, Inc*.,
No. 11-cv-507, 2012 WL 2789733 (D. Del. July 6, 2012) ------------------------------------- 4

*Woods v. DeAngelo Marine Exhaust*,
692 F.3d 1272 (Fed. Cir. 2012)------------------------------------------------------------------------ 2

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*,
No. W-21-CV-00681-ADA, 2022 WL 3592449 (W.D. Tex. Aug. 22, 2022) ------------------ 8

*ZitoVault, LLC v. Int'l Bus. Machines Corp.*,
No. 3:16-CV-0962-M, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018) --------------------------- 9

*Statutes and Rules:*

35 U.S.C. §271------------------------------------------------------------------------------------ 12

35 U.S.C. § 287---------------------------------------------------------------------------------- 12, 13

Fed. R. Civ. P. 8 --------------------------------------------------------------------------------- 2, 3, 4

Fed. R. Civ. P. 12-------------------------------------------------------------------------------- 2, 6

# I.  INTRODUCTION

VirtaMove's complaint (1) fails to state any claim for relief against two of the three named defendants, (2) fails to state a claim for willful or indirect infringement against any defendant, and (3) fails to plead compliance with the patent marking statute, as Federal Circuit precedent requires.

First, VirtaMove accuses three separate defendants of infringing its patents, but the complaint's factual allegations pertain solely to products offered by one defendant—Amazon Web Services, Inc. ("AWS").  VirtaMove extends its allegations to the other two defendants by merely grouping all three defendants together under a single name ("Amazon" or "Defendant").  These grouped allegations fail to provide the requisite notice of what the two non-AWS defendants are accused of doing.  Without factual allegations specific to the non-AWS defendants, VirtaMove fails to state any plausible claim against them.

Second, VirtaMove's complaint fails to state a plausible claim of willful or indirect infringement against any of the three defendants.  The complaint merely recites the legal elements of these causes of action, without any factual allegations that might support them.  Willful and indirect infringement each require knowledge of the patent-in-suit *and* knowledge that the patent is infringed.  VirtaMove's complaint fails with respect to both knowledge elements.  The complaint lacks any facts plausibly showing that the defendants knew of an asserted patent before this case, let alone that they knew of the alleged infringement.  Without such factual allegations, the complaint's claims of willful and indirect infringement must be dismissed.

Third, VirtaMove fails to plead that it complied with the patent marking statute.  That statute requires a patentee to provide notice to the public that its products practice a patent by marking such products with the patent number or an Internet address that identifies the patent number. Because VirtaMove fails to plead compliance, its claim for pre-suit damages must be dismissed.

## II.  ARGUMENT

### A.    Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

To state a plausible claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "'[N]aked assertions' devoid of 'further factual enhancement,'" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (the court should not "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

In patent cases, issues that are unique to patent law are governed by Federal Circuit precedent.  *Woods v. DeAngelo Marine Exhaust* , Inc., 692 F.3d 1272, 1279 (Fed. Cir. 2012).  Procedural issues not unique to patent law, such as the plausibility standard under Rule 12(b)(6), are governed by precedent of the regional circuit.  *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016).

**B.      The Court Should Dismiss All Claims Against The Non-AWS Defendants.**

**1.      The Complaint's Factual Allegations Pertain Solely to AWS.**

VirtaMove's complaint identifies only two accused products: "*AWS* End-of-Support Migration Program ('EMP')" and "*AWS* Elastic Container Service ('ECS')."  (Dkt. 1 at ¶¶ 14, 24 (emphasis added).)  Both products are offered by defendant *AWS*—as their names indicate.  Indeed, the complaint supports its allegations against these two products with citations to an AWS white paper.  (*Id.*)[1]  The complaint pleads no facts that would explain how the two other defendants (Amazon.com, Inc. and Amazon.com Services LLC) infringe with these AWS products.  (*Id.*)

**2.      The Complaint Relies on Improper Group Pleading to Ensnare the Non-AWS Defendants.**

VirtaMove extends its allegations against the accused AWS products to all three defendants by defining them collectively as "Defendant" or "Amazon."  (Dkt. 1 at 1.)  The complaint's infringement claims rely on allegations against the collectively defined "Defendant" without ever specifying which individual defendant allegedly performed which action.  (*Id.* at ¶¶ 12-30.)  Courts in the Fifth Circuit routinely reject such "group pleading" because it fails to provide notice to each defendant of what that defendant is alleged to have done.  *See, e.g.*, *Taylor v. IBM*, 54 Fed. App'x 794 (5th Cir. 2002) (affirming dismissal under 12(b)(6) where "Appellants failed to allege specific acts of [copyright] infringement by each defendant, thereby failing to adhere to the requirements of Fed.R.Civ.P. 8(a)"); *Rowland v. Sw. Corr., LLC*, No. 420CV00847ALMCAN, 2021 WL 4206409, at *13 (E.D. Tex. Aug. 17, 2021)) ("Plaintiff cannot hide behind group pleading."), report and recommendation adopted, No. 4:20-CV-847, 2021 WL 4191433 (E.D. Tex. Sept. 15, 2021); *Springboards to Educ., Inc. v. Kipp Found.*, No. 3:16-CV-2436-G, 2017 WL 3917701, at

---

[1] The complaint's citations to the AWS white paper reference the following web address: https://d1.awsstatic.com/windows/AWS_EMP_WindowsServer_Whitepaper_V2.1.pdf.

*4 (N.D. Tex. Sept. 7, 2017) ("In order to comply with Rule 8(a), it is necessary that [plaintiff] attribute specific acts of [trademark] infringement to each defendant."); *Gurganus v. Furniss et al.*, No. 3:15-CV-03964-M, 2016 WL 3745684, at *5 (N.D. Tex. July 13, 2016) ("group pleading fails to meet the pleading requirements of Federal Rule of Civil Procedure 8").[2]

Group pleading may be permitted in one particularized circumstance—namely, where "it can be reasonably inferred that each and every allegation is made against each individual defendant." *ACQIS LLC v. Lenovo Grp. Ltd.*, No. 6:20-CV-00967-ADA, 2022 WL 2705269, at *3 (W.D. Tex. July 12, 2022). But where allegations do not apply equally to each defendant, group pleading is improper. *E.g.*, *BlackBerry Ltd. v. Nokia Corp.*, No. 17-CV-155-RGA, 2018 WL 1401330, at *2 (D. Del. Mar. 20, 2018) (dismissing direct infringement claims against three out of four entities that were accused as a group because allegations were specific to one of the grouped defendants).

Here, the Court cannot reasonably infer that each and every infringement allegation applies to each named defendant because VirtaMove's factual allegations are specific to AWS products only and mention no role or participation by other defendants in their creation or operation. (*Supra*, p. 3.) Thus, group pleading is not permitted here and the Court should dismiss the non-AWS defendants. *E.g.*, *Mod. Font Applications, LLC v. Peak Rest. Partners, LLC*, No. 2:19-CV-221 TS, 2019 WL 3781051, at *3 (D. Utah Aug. 12, 2019) (dismissing infringement claims against one defendant where plaintiffs' factual allegations were specific to a different defendant); *BlackBerry*, 2018 WL 1401330, at *2 (dismissing infringement claims against all but one of the grouped

---

[2] Courts around the country routinely dismiss complaints for failing to distinguish between defendants. *E.g.*, *PLS-Pac. Laser Sys. v. TLZ Inc.*, No. 06-CV-4585 RMW, 2007 WL 2022020, at *11 (N.D. Cal. July 9, 2007); *Best Medical Int'l, Inc. v. Accuray, Inc.*, No. 10-cv-1043, 2011 WL 860423, at *6 (W.D. Pa. Mar. 9, 2011); *Via Vadis, LLC v. Skype, Inc.*, No. 11-cv-507, 2012 WL 2789733, at *1 (D. Del. July 6, 2012); *Holmes v. Allstate Corp.*, No. 11-cv-1543, 2012 WL 627238, at *22, 25 (S.D.N.Y. Jan. 27, 2012), adopted by 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012); *Medina v. Bauer*, No. 02-cv-8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004).

defendants); *see also Promos Techs., Inc. v. Samsung Elecs. Co.*, No. CV 18-307-RGA, 2018 WL 5630585, at *3 (D. Del. Oct. 31, 2018) (dismissing infringement claims against all grouped defendants); *North Star Innovations, Inc. v. Toshiba Corp.*, No. CV 16-115-LPS-CJB, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016) (recommending dismissal of infringement claims against both grouped defendants); *Automated Transaction LLC v. New York Cmty. Bank*, No. 12-CV-3070 JS ARL, 2013 WL 992423, at *4 (E.D.N.Y. Mar. 13, 2013) (dismissing infringement claims against both grouped defendants).

### 3.    The Complaint Alleges No Factual Basis For Treating The Three  Corporate Defendants As One.

The complaint alleges that defendants Amazon.com Services LLC and AWS are both subsidiaries of defendant Amazon.com, Inc.  (Dkt. 1 at ¶¶ 7-8.)  The defendants' corporate relationship does not excuse VirtaMove's failure to adequately plead infringement against each defendant.  "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation … is not liable for the acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).  A court "must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception."  *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990).

Here, VirtaMove has not alleged any facts that would make Amazon.com, Inc. liable for the actions of its subsidiary, AWS, besides mere corporate ownership.  *See BlackBerry*, 2018 WL 1401330, at *2 (dismissing patent infringement claims against parent company where a "complaint does not state facts supporting the existence of an agency relationship" and fails to state "facts that justify piercing the corporate veil"); *M2M Sols. LLC v. Telit Commc'ns PLC*, No. CV 14-1103-RGA, 2015 WL 4640400, at *3 (D. Del. Aug. 5, 2015) (similar); *Automated Transaction*, 2013 WL 992423, at *4 & n.6 (mere ownership and "opportunity to exercise control" are insufficient to

plausibly plead that a parent corporation is liable for a subsidiary's alleged infringement). And, even if VirtaMove could somehow attribute the alleged actions of AWS to its parent (Amazon.com, Inc.), this would not support any liability for Amazon.com Services LLC. The complaint alleges that Amazon.com Services LLC is a separate subsidiary—i.e., a *sibling* of AWS, not its parent. (Dkt. 1 at ¶ 8.) Thus, VirtaMove fails to plausibly allege vicarious liability for the non-AWS defendants.

### 4. The Complaint Fails to Plausibly Allege Joint Infringement.

The Federal Circuit has held that a "third party's actions [can be] attributed to [an] alleged infringer" when the "alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015). In this scenario, "the third party's actions are attributed to the alleged infringer such that the alleged infringer becomes the single actor chargeable with direct infringement." *Id.* To the extent VirtaMove is attempting to plead joint infringement under this legal standard (*see* Dkt. 1 at ¶¶ 15, 25), its allegations fail for two reasons.

First, VirtaMove's joint-infringement allegations are wholly conclusory. The complaint recites the legal elements of "conditioning benefits" and "establishing the timing and manner of infringement," with no supporting facts. (*Id.*) Such "'naked assertion[s]' devoid of 'further factual enhancement'" fail to state a claim under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

Second, VirtaMove fails to allege that any single defendant is responsible for controlling all steps of a claimed method. (*Id.*) Instead, VirtaMove alleges that "*Defendant*"—defined collectively—"*and/or users* of the Accused Products directs and controls [the infringing activity]." (Dkt. 1 at ¶¶ 15, 25 (emphasis added).) Because "Defendant" refers to three different defendants, and the "users" are not even named in this case, VirtaMove fails to allege that all steps of a claimed

method are controlled by a single defendant.  This failure is fatal to VirtaMove's claim because infringement under the proffered legal theory requires that "all steps of a claimed method are performed by or attributable to ***a single entity***."  *Akamai*, 797 F.3d at 1022.

Because VirtaMove's complaint does not allege any plausible basis to hold the non-AWS defendants liable for alleged infringement by the AWS products, the Court should dismiss the non-AWS defendants from this case.

## C.     The Court Should Dismiss All Claims That Require Pre-Suit Knowledge.

### 1.     The Complaint Fails to Plausibly Allege Willful Infringement.

A plaintiff alleging willful patent infringement must "allege facts plausibly showing that the accused infringer: '(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" *BillJCo*, *v. Apple Inc.,* 583 F. Supp. 3d 769, 774 (W.D. Tex. 2022) (internal quotations omitted).  Importantly, "[m]ere knowledge of the Asserted Patents is not enough" to establish knowledge of infringement.  *Id.* at 777; *CTD Networks, LLC v. Google, LLC*, No. WA-22-CV-01042-XR, 2023 WL 5417139, *9 (W.D. Tex. Aug. 22, 2023).

Here, VirtaMove alleges that all three defendants willfully infringe the asserted '814 patent.  (Dkt. 1 at ¶ 16.)  But VirtaMove alleges no facts plausibly showing that any of the three defendants (1) knew of the '814 patent or (2) knew or should have known that they were infringing the '814 patent.

VirtaMove's allegations of willful infringement are set forth in a single paragraph where it alleges that "Defendant" (defined collectively) "knew of VirtaMove, its products, and at least one of the patents long before this suit was filed and at least as early as 2013." (*Id.*)  VirtaMove alleges two facts: (a) "on or about October 2013, in connection with the prosecution of U.S. Patent No. 8,806,655 (assigned to Amazon), the examiner cited the '814 Patent against Amazon"; and (b)

"On or about June 2020, in connection with the prosecution of U.S. Patent No. 11,061,812 (assigned to Amazon), the examiner cited U.S. Pub. No. 2005/0060722 (which issued as the '814 Patent) against Amazon." (*Id.*)  VirtaMove then concludes that "Defendant knew, or should have known, that its conduct amounted to infringement of the '814 patent." (*Id.*)  These allegations fail to state a plausible claim for willful infringement for two reasons.

### a.  VirtaMove Does Not Plausibly Allege that Any Defendant Had Knowledge of the Patent-in-Suit.

Plaintiff's complaint defines three separate entities as "Amazon" or "Defendant," and alleges that "Defendant" knew of the '814 patent (or its application) because it was cited during prosecution of an application "assigned to Amazon."  (Dkt. 1 at ¶ 16.)  But this allegation is not plausible because the patents on which the allegation relies identify their assignee as "Amazon Technologies, Inc." ("ATI").  (Ex. 1 at 1; Ex. 2 at 1.)  ATI is not a defendant in this case.

The ATI patents are properly considered on this motion to dismiss because they are subject to judicial notice.  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007) ("courts must consider … matters of which a court may take judicial notice" when ruling on a motion to dismiss); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (Patent Office filings "are public records subject to judicial notice on a motion to dismiss").  Additionally, the ATI patents are properly considered on this motion to dismiss because they are "referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

VirtaMove never alleges any facts that would allow the Court to impute any alleged knowledge from ATI to any defendant.  Without some factual basis to impute such knowledge from a third-party (even a related third-party) to the named defendants, VirtaMove's allegations fail to state a claim of willfulness. *See, e.g.*, *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, No. W-21-

CV-00681-ADA, 2022 WL 3592449, at *3 (W.D. Tex. Aug. 22, 2022) (granting motion to dismiss willful infringement claim because knowledge could not be imputed from an affiliated company to the defendant); *Flypsi, Inc. v. Google LLC*, No. 6:22-CV-0031-ADA, 2022 WL 3593053, at *5 (W.D. Tex. Aug. 22, 2022) ("the Court will not entertain inferential connections between two companies without proper allegations of how the knowledge would flow from one to another"); *Core Optical Techs., LLC v. Nokia Corp.*, No. SACV1902190JAKRAOX, 2020 WL 6126285, at *7 (C.D. Cal. Oct. 8, 2020) (pre-suit knowledge was not plausible where the plaintiff's patent was cited as prior art against patents that defendant allegedly owned "indirectly"); *Dynamic Data Techs. v. Google LLC*, No. 19-1529, 2020 WL 128582, *3 (D. Del. March 18, 2020) (recommending granting a motion to dismiss a willful infringement claim against a subsidiary when allegations of knowledge related solely to the parent corporation); *ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) ("Plaintiff needs to set out, in its Complaint, more than just the bare facts of the parent/subsidiary relationship in order to plausibly allege that [the defendant] had knowledge of the [asserted] patent."); *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *5 (D. Del. July 12, 2016), report and recommendation adopted, 2016 WL 9307500 (D. Del. Dec. 22, 2016) (refusing to attribute knowledge of one corporate entity to another despite the affiliated entities sharing a tradename); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. CIV.A. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) ("The connection between the moving defendants and the patent applications from nearly a decade ago are not explained sufficiently to make plausible that either of the defendants had actual knowledge.").

Because VirtaMove pleads no facts plausibly showing that any of the three defendants—as opposed to ATI—knew of the asserted patent's existence, the complaint fails to state a claim for willful infringement.

###### b.   Plaintiff Does Not Plausibly Allege Any Knowledge of Infringement.

Even if VirtaMove could somehow show that some defendant knew of the '814 patent, the willfulness claim would still fail because VirtaMove never plausibly alleges that each defendant knew that the accused AWS product infringed the patent.  *CTD Networks, LLC v. Amazon.com, Inc.*, No. W-22-cv-01034-XR, 2023 WL 5281943, *7 (W.D. Tex. Aug. 16, 2023), *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-cv-008876-ADA, 2021 WL 3931910, *5 (W.D. Tex. Sept. 1, 2021), *Dali Wireless Inc. v Corning Optical Communications LLC*, 638 F. Supp. 3d 1088,  1098-1100 (N.D. Cal. 2022).  VirtaMove offers only the bare assertion that "Defendant knew, or should have known, that its conduct amounted to infringement of the '814 patent."  (Dkt. 1 at ¶ 16.)  But merely pleading an element of a cause of action is insufficient. *Twombly*, 550 U.S. at 555.

VirtaMove pleads no facts suggesting that anyone with knowledge of the '814 patent—whether at ATI or at one of the defendants—also knew how the allegedly infringing AWS service (EMP) operated, let alone understood that EMP was infringing the patent.  *See Hills Point Indus. LLC v. Just Fur Love LLC*, No. CV 22-1256 (GBW), 2023 WL 8804046, *3-4 (D. Del. Dec. 20, 2023) (patent examiner's citation to asserted patent during prosecution by accused infringer was insufficient to support willfulness allegation) (citing *Callwave Commc'ns LLC v. AT & T Mobility LLC,* C.A. No. CV 12-1701-RGA, 2014 WL 5363741 at *2 (D. Del. Jan. 28, 2014)).

VirtaMove never alleges that EMP even existed in 2013—when the three defendant companies supposedly learned of the patent.  (*See* Dkt. 1 at ¶ 16.)  In fact, EMP did not launch until

December 2019.[3]  Neither ATI nor any of the defendants could have plausibly known that EMP was allegedly infringing years before it existed.[4]

If VirtaMove wanted to make Amazon aware of any alleged infringement, VirtaMove could have sent a demand letter after EMP launched in 2019.  But far from alleging infringement, VirtaMove has instead claimed to be "partner[ing]" with AWS since 2021.[5]  All the while, VirtaMove never claims to have said anything to AWS about its patents.  Thus, VirtaMove's willfulness allegations are meritless.

Because VirtaMove never plausibly alleges that any defendant knew of the '814 patent *and knew or should have known that the accused EMP product infringed that patent*, the complaint fails to state a claim of willful infringement.

### 2.    The Complaint Fails to Plausibly Allege Indirect Infringement.

Both forms of indirect infringement (induced and contributory) require knowledge of the patent-in-suit *and* knowledge of infringement.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) (induced infringement requires "knowledge that the induced acts constitute patent

---

[3] Press release, Amazon Web Services, *AWS launches new program to drive migrations for end of support Windows Server applications* (Dec. 1, 2019), archived at: https://web.archive.org/web/20201031015900/aws.amazon.com/about-aws/whats-new/2019/12/aws-launches-program-drive-migration-windows-server/.

[4] VirtaMove's only allegation of knowledge after EMP's 2019 launch relates to a published patent *application* that was cited during ATI's prosecution in 2020.  (Dkt. 1 at ¶ 16.)  Notice of a mere application does not raise a plausible inference that ATI knew of the issued patent—much less the alleged infringement.  *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018) (alleged notice of patent application does not plausibly show knowledge of issued patent) (citing *Vasudevan Software, Inc. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012)).

[5] Press release, VirtaMove, *VirtaMove Partners with AWS, Launches SaaS Product in AWS Marketplace* (April 28, 2021), https://virtamove.com/blog/virtamove-partners-with-aws-launches-saas-in-aws-marketplace/.

infringement"); 35 U.S.C. §271(c) (contributory infringement requires "knowing [that a component is] especially made or especially adapted for use in an infringement"). As shown above, VirtaMove failed to plausibly allege that any defendant had knowledge of the asserted patents, let alone that any defendant had knowledge of any infringement, before the complaint was filed. Thus, VirtaMove's complaint fails to state a claim for pre-suit indirect infringement.

**D.     The Court Should Dismiss VirtaMove's Claim for Pre-Suit Damages.**

"Pursuant to 35 U.S.C. § 287(a), a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017). "The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Id.* at 1366. "At the motion to dismiss stage, '[a] claim for past damages requires pleading compliance with the marking statute[.]'" *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, No. 6:21-CV-00165-ADA, 2022 WL 118955, at *2 (W.D. Tex. Jan. 12, 2022) (citing *Express Mobile, Inc. v. DreamHost LLC*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019)).

VirtaMove's complaint fails to plead compliance with the marking statute. (*See generally* Dkt. 1.) The complaint never mentions marking or § 287.[6] Thus, the Court should dismiss VirtaMove's claims to the extent they seek past damages (i.e., damages for infringement that allegedly occurred before VirtaMove filed this case). *Express Mobile*, 2019 WL 2514418 at *2.

A patentee's failure to comply with the marking requirement may be excused if "the infringer was notified of the infringement." 35 U.S.C. § 287(a); *see CPC*, 2022 WL 118955, at *2. But such notice of infringement must come from the patentee—not a third party. *Lans v. Digital*

---

[6] For example, VirtaMove was required to mark at least its "V-Migrate" product because VirtaMove claims that the product practices both asserted patents. *See* VirtaMove, *Product Patents*, https://virtamove.com/about-us/product-patents/ (accessed April 3, 2024).

*Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001).  Here, the complaint never alleges that Vir-taMove notified any defendant of the alleged infringement.  For the '814 patent, the only notice that VirtaMove alleges is notice of the patent's existence (not the infringement) from the Patent Office (not VirtaMove) to ATI (not the defendants).  And for the '058 patent, the complaint does not allege any notice at all.  Thus, VirtaMove fails to plead compliance with § 287 and its claim for past damages must therefore be dismissed.  *Express Mobile*, 2019 WL 2514418 at *2.

## III.  CONCLUSION

For the foregoing reasons, the Court should dismiss all claims against the non-AWS de-fendants.  The Court should also dismiss the claims against AWS for willful infringement, indirect infringement, and damages, to the extent such claims encompass pre-suit conduct.

April 5, 2024

*Of Counsel:*
Colin B. Heidman *(Pro Hac Vice)*
Christie R.W. Matthaei *(Pro Hac Vice)*
Logan P. Young *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
925 4th Ave, Ste 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile:  206-405-2001
colin.heideman@knobbe.com
christie.matthaei@knobbe.com
logan.young@knobbe.com

Joseph R. Re *(Pro Hac Vice)*
Jeremy A. Anapol *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile:  949-760-9502
joe.re@knobbe.com
jeremy.anapol@knobbe.com

Respectfully submitted,

LYNCH, CHAPPELL & ALSUP
A Professional Corporation
Suite 700
300 N. Marienfeld,
Midland, Texas 79701
Telephone: 432-683-3351
Telecopier: 432-683-2587

By:  */s/ Harper Estes*
Harper Estes
Texas Bar No.  00000083
hestes@lcalawfirm.com

*Counsel for Defendants Amazon.com, Inc.,*
*Amazon.com Services, LLC and Amazon*
*Web Services, Inc.*

- 13 -

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, all counsel of record who are deemed to have consented to

electronic service were served with a copy of the foregoing via the Court's CM/ECF System.

*/s/ Harper Estes*
Harper Estes