UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC., <br><br> Defendants. | Case No.  7:24-cv-00030-ADA-DTG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF VIRTAMOVE, CORP.'S OPPOSED MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS (DKT. 31)**

Plaintiff VirtaMove, Corp. moves to strike the Amazon Defendants' Motion (Dkt. 31) for failure to comply with the OGP's meet-and-confer requirements for willful and indirect infringement.

On June 6, 2024, the Amazon Defendants filed their Motion to Dismiss or Transfer. Dkt. 31. Defendants' Motion seeks, among other relief, to dismiss claims of willful infringement and indirect infringement. *Id.* at 18–20 ("VirtaMove's claims for willful infringement and indirect infringement should be dismissed").

This case is pending before Judge Albright, who issued a Standing Order Governing Proceedings (OGP) 4.4, which "governs proceedings in all patent cases pending" before Judge Albright. Section VII of the OGP states,

1

## VII. MEET AND CONFER REQUIREMENT FOR EARLY MOTIONS TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT

> Any party seeking to dismiss claims of indirect or willful infringement before fact discovery must first meet and confer with the opposing party to discuss dismissing those allegations without prejudice, with leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11. Under this agreement, the patent owner may re-plead those allegations within three months after fact discovery opens, and the parties agree to permit fact discovery on indirect and willful infringement during those three months. The party moving to dismiss must attach a certification of compliance with this OGP to its motion to dismiss.
>
> An agreement to dismiss under this section shall be filed as a joint notice instead of as a motion.

Defendants' Motion itself lacks such a meet-and-confer certification. Dkt. 31. The Declaration of Defendants' counsel, Jeremy Anapol, also lacks this certification. Dkt. 32. The Corrected Declaration of Jeremy Anapol still lacks this certification. Dkt. 37.

The undersigned counsel, Peter Tong, met and conferred with Jeremy Anapol regarding transfer, but not regarding willful and indirect infringement. *See* Dkt. 31 at 6 (certifying meet and confer complying with Local Rule CV-7(g) "concerning this transfer request," but not regarding indirect or willful infringement). Plaintiff's counsel is prepared to discuss the proposed relief suggested in the OGP. Enforcing the OGP's meet-and-confer requirement promotes judicial efficiency, because the parties may resolve the dispute so that Court need not draft two separate opinions (one on transfer, and one on dismissal of willfulness and indirect infringement).

So that the deadline for opposition does not continue to run, the Court should strike the Defendants' motion (Dkt. 31) and its supporting filings (Dkts. 32-35, 37-40) for failure to comply with the OGP. To be clear, Plaintiff does not oppose the Defendants' prompt and separate refiling of the parts of its motion that unrelated to willful and indirect infringement. Further, Plaintiff does not oppose the Defendants' refiling of a motion to dismiss willful or indirect infringement after the proper meet and confer process, if the parties remain at an impasse.

A proposed order for this relief is attached.

Dated: June 14, 2024                            Respectfully submitted,

*/s/ Peter Tong*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
ptong@raklaw.com

**RUSS AUGUST & KABAT**
4925 Greenville Ave, Suite 200
Dallas, TX 75206

*Attorneys for Plaintiff VirtaMove, Corp.*

4

## **CERTIFICATE OF SERVICE**

I certify that on June 14, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Peter Tong*
Peter Tong