IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 7:24-CV-00030 |

**ANSWER AND DEFENSES OF DEFENDANTS AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AND AMAZON WEB SERVICES, INC. TO THE FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Web Services, Inc. (collectively "Amazon") answer the First Amended Complaint for Patent Infringement ("FAC") of Plaintiff VirtaMove Corp. ("VirtaMove") and set forth their defenses below. To the extent not specifically admitted, VirtaMove's allegations are denied. In addition, Amazon denies any allegations that may be implied by or inferred from the headings contained in the FAC.

**INTRODUCTION AND PARTIES**

1.　Amazon admits that the FAC purports to allege infringement of the United States Patent Nos. 7,519,814 and 7,784,058 (collectively, the "Asserted Patents"). Amazon denies any infringement of the Asserted Patents. Amazon is without sufficient knowledge or information to

1

form a belief as to the truth of the remaining allegations of Paragraph 1 of the FAC, and therefore denies those allegations.

2.      Amazon is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies those allegations.

3.      Amazon admits that containers can make software more portable and may use less resources than virtual machines.  Amazon is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3, particularly those relating to VirtaMove, and therefore denies those allegations.

4.      Amazon is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies those allegations.

5.      Amazon admits that the use of containers has grown in recent years.  Amazon is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore denies those allegations.

6.      Amazon.com, Inc. admits the allegations in Paragraph 6.

7.      Amazon.com Services LLC admits the allegations in Paragraph 7.

8.      Amazon Web Services, Inc. admits the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9.      Amazon admits that the FAC purports to be an action arising under the patent laws of the United States, Title 35 of the United States Code.  Amazon further admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over the types of claims asserted in this action.  Amazon reserves the right to challenge the Court's jurisdiction to the extent any fact-specific jurisdictional defects become known.  Except as expressly admitted, Amazon denies any and all remaining allegations in Paragraph 9.

10. For purposes of this action only, Amazon does not dispute that personal jurisdiction exists in the Western District of Texas. Amazon denies that Amazon.com, Inc. and Amazon.com Services LLC committed any acts within this District that give rise to this action. Amazon denies that any Defendants have "committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents." Amazon denies any and all remaining allegations in Paragraph 10.

11. Amazon admits that it maintains an office at 11501 Alterra Parkway, Austin, Texas. Amazon specifically denies that venue is proper in this District for Amazon.com, Inc. and Amazon.com Services LLC. Amazon has moved to dismiss or transfer this case for improper venue. (Dkt. No. 31.) Amazon denies any and all remaining allegations in Paragraph 11.

12. Amazon denies that it "misappropriated VirtaMove's technology or willfully commit[ted] the infringement and inducement alleged" in the FAC. Amazon denies that it "did not end up engaging with, partnering with, or investing in VirtaMove." VirtaMove's own press release states that VirtaMove partnered with AWS.[1] And VirtaMove continues to offer its V-Maestro product via the AWS Marketplace.[2] Amazon is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies those allegations.

---

[1] https://virtamove.com/blog/virtamove-partners-with-aws-launches-saas-in-aws-marketplace/.

[2] https://aws.amazon.com/marketplace/seller-profile?id=fe8e4361-d0c0-49cb-8c51-4498977350c8.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,519,814

13. Amazon incorporates by reference its response to Paragraphs 1 through 12 as if fully set forth herein. Amazon admits that the FAC purports to refer to Amazon Web Services, Inc. as "Defendant" in Count I. Amazon denies any and all remaining allegations in Paragraph 13.

14. Amazon admits that, according to the face of the '814 patent, it is titled "System for Containerization of Application Sets" and it issued on April 14, 2009. Amazon admits that a document that purports to be a copy of the '814 patent is attached to the FAC as Exhibit **1**. Amazon is without sufficient knowledge or information to form a belief as to the truth of all remaining allegations in Paragraph 14, and therefore denies those allegations.

15. Amazon admits that Amazon Web Services Inc. offers to sell, and sells, access to the AWS End-of-Support Migration Program ("EMP"). Amazon admits that Paragraph 15 appears to include quotes from the document located at https://d1.awsstatic.com/windows/AWS_EMP_WindowsServer_Whitepaper_V2.1.pdf. Amazon denies any and all remaining allegations in Paragraph 15.

16. Amazon denies the allegations in Paragraph 16.

17. Amazon denies the allegations in Paragraph 17.

18. Amazon denies the allegations in Paragraph 18.

19. Amazon denies the allegations in Paragraph 19.

20. Amazon admits that what purports to be a claim chart is attached to the FAC as Exhibit **2**. Amazon denies the alleged infringement. Amazon denies any and all remaining allegations in Paragraph 20.

21. Amazon denies the allegations in Paragraph 21.

22. Amazon denies the allegations in Paragraph 22.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,784,058

23. Amazon incorporates by reference its response to Paragraphs 1 through 22 as if fully set forth herein.

24. Amazon admits that, according to the face of the '058 patent, it is titled "Computing System Having User Mode Critical System Elements as Shared Libraries" and it issued on August 24, 2010. Amazon admits that a document that purports to be a copy of the '058 patent is attached to the FAC as Exhibit **3**. Amazon is without sufficient knowledge or information to form a belief as to the truth of all remaining allegations in Paragraph 24, and therefore denies those allegations.

25. Amazon admits that Amazon Web Services, Inc. offers to sell, and sells, access to the AWS Elastic Container Service ("ECS"). Amazon denies that the quotes in Paragraph 25 are from the document at https://d1.awsstatic.com/windows/AWS_EMP_WindowsServer_Whitepaper_V2.1.pdf. Amazon denies any and all remaining allegations in Paragraph 25.

26. Amazon admits that Paragraph 26 appears to include quotes from https://aws.amazon.com/solutions/case-studies/amazon-prime-video-ecs-case-study. Amazon admits that access to Amazon Prime Video is provided by Amazon.com Services LLC. Amazon admits that a subsidiary of Amazon.com, Inc. sells Amazon Fire TV Stick products. Amazon denies any and all remaining allegations in Paragraph 26.

27. Amazon admits that Amazon.com Services LLC and Amazon Web Services, Inc. are subsidiaries of Amazon.com, Inc. Amazon denies the remaining allegations in Paragraph 27.

28. Amazon denies the allegations in Paragraph 28.

29. Amazon denies the allegations in Paragraph 29.

30. Amazon admits that what purports to be a claim chart is attached to the FAC as Exhibit **4**. Amazon denies the allegation of infringement. Amazon denies any and all remaining allegations in Paragraph 30.

31. Amazon denies the allegations in Paragraph 31.

32. Amazon denies the allegations in Paragraph 32.

## RESPONSE TO PRAYER FOR RELIEF

33. Amazon denies that VirtaMove is entitled to the relief it seeks in the FAC, including in its Prayer for Relief, or any other relief. Amazon denies each and every allegation in the FAC's Prayer for Relief.

34. Amazon denies each allegation in the FAC not specifically admitted above.

## RESPONSE TO DEMAND FOR A JURY TRIAL

35. VirtaMove has expressly waived its right to a jury trial for "[a]ny dispute or claim relating in any way to … any products or services sold or distributed by AWS." Because all of VirtaMove's claims in this case relate to AWS services, VirtaMove has no right to a jury trial.

## ADDITIONAL DEFENSES

36. Without prejudice to the denials set forth in Paragraphs 1 through 35 above, and without undertaking any of the burdens imposed by law on VirtaMove, Amazon asserts the following defenses to the FAC. Amazon expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST DEFENSE

### (Non-infringement of the '814 Patent)

37. Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '814 patent, either literally or under the doctrine of equivalents.

## SECOND DEFENSE

### (Non-infringement of the '058 Patent)

38. Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '058 patent, either literally or under the doctrine of equivalents.

## THIRD DEFENSE

### (Invalidity of the '814 Patent)

39. One or more claims of the '814 patent are invalid for failure to comply with one or more of conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially created bases for invalidity or unenforceability.

## FOURTH DEFENSE

### (Invalidity of the '058 Patent)

40. One or more claims of the '058 patent are invalid for failure to comply with one or more of conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially created bases for invalidity or unenforceability.

## FIFTH DEFENSE

### (Prosecution Estoppel)

41. VirtaMove's claims are barred in whole or in part by the doctrine of prosecution history estoppel and/or prosecution disclaimer due to admissions, amendments, arguments, and/or other representations made to the United States Patent and Trademark Office during the prosecution of the applications leading to the issuance of, or related to, the Asserted Patents.

## SIXTH DEFENSE

### (Unavailability of Injunctive Relief)

42. VirtaMove is not entitled to injunctive relief, as a matter of law, and cannot satisfy the requirements applicable to injunctive relief in any form.

## SEVENTH DEFENSE

### (Limitation on Damages and Costs)

43. VirtaMove's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287. Because claims of the Asserted Patents are invalid, VirtaMove is barred from recovering costs by 35 U.S.C. § 288. VirtaMove's claim for damages is also subject to various limitations set forth in its contracts with AWS.

## EIGHTH DEFENSE

### (Not an Exceptional Case)

44. VirtaMove is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to this Court's inherent power.

## NINTH DEFENSE

### (Equitable Estoppel)

45. VirtaMove's claims are barred by equitable estoppel. For years, VirtaMove has held itself out as a partner of Amazon and signed numerous agreements with Amazon so it could obtain access to Amazon technology. Following VirtaMove's misleading representations, Amazon has invested extensively in developing the products accused of infringement here. Amazon would be materially prejudiced if VirtaMove were permitted to proceed with its infringement charge.

## TENTH DEFENSE

### (License)

46. On information and belief, VirtaMove has agreed that Amazon is entitled to use VirtaMove's technology for legacy app migration and containerization, without restrictions. Thus, to the extent that the asserted patents cover such technology, Amazon is licensed.

## ELEVENTH DEFENSE

### (Other Equitable Defenses)

47. VirtaMove's claims are barred, in whole or in part, by equitable defenses including but not limited to waiver, implied license, and/or unclean hands.

## COUNTERCLAIMS

1. Amazon counterclaims against VirtaMove as follows:

### PARTIES, JURISDICTION, AND VENUE

2. Amazon.com, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in the State of Washington.

3.	Amazon.com Services LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in the State of Washington.

4.	Amazon Web Services, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in the State of Washington.

5.	Subject matter jurisdiction in this Court is proper under at least 28 U.S.C. §§ 1331, 1338, and 1367.

6.	This Court has personal jurisdiction over VirtaMove at least because VirtaMove submitted to the jurisdiction of this Court by filing its Complaint in this Court. Amazon maintains that this case should be transferred to the Northern District of California for reasons explained in its transfer motion.

7.	Venue for these Counterclaims is proper in this Court under 28 U.S.C. § 1391 at least because VirtaMove selected this venue by filing its Complaint in this Court and because VirtaMove is a corporation subject to personal jurisdiction here.

### COUNT I: DECLARATORY JUDGMENT OF NO INFRINGEMENT

8.	Amazon re-alleges herein the foregoing paragraphs of its Counterclaims.

9.	VirtaMove has accused Amazon of infringing its patent rights, including claims of the '814 patent and the '058 patent. Amazon denies the alleged infringement. VirtaMove's infringement contentions fail to show that any activity of Amazon satisfied every element of an asserted patent claim.

10.	There exists an actual and justiciable controversy regarding whether Amazon has infringed VirtaMove's patent rights and whether Amazon is authorized to make, use, sell, offer for sale, import, and otherwise provide the products accused of infringement.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. ¶ 2201 et seq., Amazon requests a judicial declaration that it has not infringed any patent rights of VirtaMove, and that it is authorized to make, use, sell, offer for sale, import, and otherwise provide all products that VirtaMove has accused of infringement.

### COUNT II: DECLARATORY JUDGMENT OF CONTRACTUAL RIGHTS

12. Amazon re-alleges herein the foregoing paragraphs of its Counterclaims.

13. VirtaMove has offered its software for sale on the AWS Marketplace since 2021.

14. VirtaMove also joined the AWS Partner Network in 2021.

15. VirtaMove agreed to the AWS Customer Agreement before filing this lawsuit.

16. The current version of the AWS Customer Agreement is available at https://aws.amazon.com/agreement/.

17. By continuing to use AWS services, including the AWS Marketplace, VirtaMove has accepted each modification of the AWS Customer Agreement that has occurred since VirtaMove first offered its software on the AWS Marketplace.

18. VirtaMove seeks relief in this case that is contrary to limitations imposed by the AWS Customer Agreement.

19. There exists an actual and justiciable controversy regarding whether VirtaMove is subject to the terms of the AWS Customer Agreement.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. ¶ 2201 et seq., Amazon requests a judicial declaration that VirtaMove was and is contractually bound by the AWS Customer Agreement.

### PRAYER FOR RELIEF

Amazon specifically requests the following relief:

a. A judgement in favor of Defendants denying VirtaMove all relief requested in its FAC and dismissing its FAC with prejudice;

b. A judgment that Defendants have not infringed, do not infringe, do not induce infringement of, and do not contribute to the infringement of any valid and enforceable claim of the '814 patent;

c. A judgment that one or more claims of the '814 patent are invalid;

d. A judgment that Defendants have not infringed, do not infringe, do not induce infringement of, and do not contribute to the infringement of any valid and enforceable claim of the '058 patent;

e. A judgment that one or more claims of the '058 patent are invalid;

f. A judgment that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Amazon is entitled to recover its reasonable attorneys' fees upon prevailing in this action;

g. A judgment that Defendants have not infringed any patent rights of VirtaMove, and that they are authorized to make, use, sell, offer for sale, import, and otherwise provide all products that VirtaMove has accused of infringement.

h. A judgment that VirtaMove was and is contractually bound by the AWS Customer Agreement.

i. That Amazon be awarded costs, attorneys' fees, and other relief, both legal and equitable, to which it is justly entitled; and

j. That Amazon be awarded such other and further relief as is just and proper.

July 12, 2024                                      Respectfully submitted,

By: */s/ Jeremy A. Anapol*

Joseph R. Re (Pro Hac Vice)
Jeremy A. Anapol (Pro Hac Vice)
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502
joe.re@knobbe.com
jeremy.anapol@knobbe.com

Colin B. Heidman (Pro Hac Vice)
Christie R.W. Matthaei (Pro Hac Vice)
Logan P. Young (Pro Hac Vice)
KNOBBE MARTENS OLSON & BEAR LLP
925 4th Ave, Ste 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile: 206-405-2001
colin.heideman@knobbe.com
christie.matthaei@knobbe.com
logan.young@knobbe.com

Harper Estes
Texas Bar No. 00000083
hestes@lcalawfirm.com
LYNCH, CHAPPELL & ALSUP
A Professional Corporation
Suite 700
300 N. Marienfeld,
Midland, Texas 79701
Telephone: 432-683-3351
Telecopier: 432-683-2587

*Counsel for Defendants Amazon.com, Inc., Amazon.com Services, LLC and Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, all counsel of record who are deemed to have consented to electronic service were served with a copy of the foregoing via the Court's CM/ECF System.

*/s/ Jeremy A. Anapol*

Jeremy A. Anapol
