**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC., <br><br> Defendants. | Case No. 7:24-cv-00030-ADA-DTG <br><br> **JURY TRIAL DEMANDED** |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Pursuant to the Court's June 28, 2024 Order Setting Initial Pretrial Conference (Dkt. 45) and Local Rule CV-16, Plaintiff VirtaMove, Corp. ("Plaintiff") and Defendants Amazon.com, Inc.; Amazon.com Services LLC; and Amazon Web Services, Inc. (collectively "Defendants") submit their Joint Discovery/Case Management Plan.

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

No outstanding issues exist regarding jurisdiction.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

3. **What are the causes of action, defenses, and counterclaims pled?**

Plaintiff accuses Defendants of infringing U.S. Patent Nos. 7,519,814 and 7,784,058.

1

Amazon.com, Inc. and Amazon.com Services LLC raised the defense of improper venue in a motion filed on June 7, 2024 (Dkt. 31). Defendants also raised defenses of noninfringement, invalidity, prosecution estoppel, unavailability of injunctive relief, limitation on damages and costs, not an exceptional case, equitable estoppel, license, and other equitable defenses in their Answer filed on July 12, 2024 (Dkt. 46). Defendants' counterclaims seek declaratory judgement of no infringement and declaratory judgment of contractual rights. Plaintiff has not yet answered Defendants' counterclaims.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties have not yet stipulated to any facts. The parties will negotiate in good faith to determine if any factual issues may be resolved and/or stipulated that streamline the case.

5. **State the parties' view and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

For 26(f)(3)(A), the parties do not currently anticipate any necessary changes in the form or requirement for initial disclosures.

For 26(f)(3)(B), the parties expect that discovery will be phased with venue discovery, *Markman* discovery, and general discovery occurring in sequence as described in the OGP.

For 26(f)(3)(C), the parties expect that ESI discovery (including emails) will be governed by the OGP.

For 26(f)(3)(D), the parties agree that discovery created after the filing of this case need not be logged for privilege.

**6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

Venue discovery has commenced on Amazon's Motion to Transfer. Dkts. 36, 42. Both parties have served venue discovery requests. General discovery has not commenced in this case. The parties expect that discovery will be phased with venue discovery, *Markman* discovery, and general discovery occurring in sequence as described in the OGP.

**7. What, if any, discovery disputes exist?**

The parties have a pending discovery dispute regarding leave for VirtaMove to exceed the OGP's default limits of venue discovery requests.

**8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties agree that inadvertent disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties will include provisions to this effect in the proposed protective order that they anticipate submitting to the Court.

**9. Have the parties discussed early mediation?**

No.

**10. Submission of a Proposed Schedule**

The parties met and conferred on a proposed schedule and agree to most of the dates. The agreed schedule generally tracks the Court's scheduling order in the related case *VirtaMove, Corp. v. Google LLC*, No. 7:24-cv-00033-DC-DTG, Dkt. 46 (W.D. Tex. July 15, 2024), except for adding a 1-week offset after fact discovery opens. VirtaMove and Amazon agree on deadlines up

through the dispositive motion deadline on November 3, 2025 and the deadline to meet and confer on pretrial exchanges on November 7, 2025.  The parties thereafter have two different proposals (which differ by three weeks or less) due to the unique circumstance of having two different District Court Judges preside over related cases.

<u>VirtaMove's Position</u>

VirtaMove proposes that the remaining deadlines continue to track the *Google* deadlines after dispositive motions so that the Court can hold both the Amazon and Google pretrial conferences on the same date, where the Court can efficiently resolve overlapping issues (e.g., motions for summary judgement of invalidity of common patents). Both the *Amazon* and *Google* trials will be set for February 2, 2026.  If the Court calls up the juror pool, the Court can still hold trial even if one of the two cases settle.  If neither case settles, the Court can pick one case for trial and reschedule the second.

<u>Amazon's Position</u>

Amazon proposes setting the trials here and in *Google* on separate dates because all parties agree that the trials cannot realistically proceed at the same time.  Judge Albright's typical reasons for scheduling multiple trials on the same date do not apply here because the *Amazon* case and the *Google* case are pending before two different district judges.  Because each district judge could decide to proceed with trials on the originally scheduled dates, VirtaMove's proposal to schedule trial dates that admittedly conflict with each other should be rejected.  VirtaMove cannot try two cases at once.  Similarly, the final pretrial conferences should also be scheduled on separate dates to avoid conflicts in the event that the district judges choose to hold separate conferences in their respective cases on the scheduled dates.

Dated: July 22, 2024

By: */s/ Peter Tong*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

Respectfully submitted,

*/s/ Jeremy Anapol*

Joseph R. Re *(Pro Hac Vice)*
Jeremy A. Anapol *(Pro Hac Vice)*
**KNOBBE MARTENS OLSON & BEAR LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile:  949-760-9502
joe.re@knobbe.com
jeremy.anapol@knobbe.com

Colin B. Heidman *(Pro Hac Vice)*
Christie R.W. Matthaei *(Pro Hac Vice)*
Logan P. Young *(Pro Hac Vice)*
**KNOBBE MARTENS OLSON & BEAR LLP**
925 4th Ave, Ste 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile:  206-405-2001
colin.heideman@knobbe.com
christie.matthaei@knobbe.com
logan.young@knobbe.com

*Counsel for Defendants
Amazon.com, Inc.,
Amazon.com Services, LLC and
Amazon Web Services, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Peter Tong*

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiff conferred with counsel for Defendants regarding the subject of this filing, and this contents are agreed.

*/s/ Peter Tong*