**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., | |
| Plaintiff, | |
| v. | Case No. 7:24-CV-00030-DC-DTG |
| AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**PLAINTIFF VIRTAMOVE, CORP.'S PARTIAL MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .......................................................................................................... 1

II.     FACTUAL BACKGROUND ........................................................................................ 1

III.    LEGAL STANDARD .................................................................................................... 2

  A.   Lack of Subject Matter Jurisdiction .......................................................................... 2

  B.   Failure to State a Claim .............................................................................................. 3

IV.    ARGUMENT ................................................................................................................. 4

  A.   Amazon's Second Counterclaim Should Be Dismissed for Want of Subject Matter
       Jurisdiction Because There is Not Justiciable Controversy Pled ................................. 4

  B.   Amazon's Second Counterclaim Should Be Also Dismissed Because Amazon Fails
       Identify Any Specific Relief It Seeks ......................................................................... 5

V.     CONCLUSION ............................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v.* Iqbal,
    556 U.S.662 (2009) ............................................................................................ 4, 6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................... 4, 6

Cuvillier v. Taylor,
    503 F.3d 397 (5th Cir. 2007) ................................................................................. 4

*Gemini Insurance Company v. Cypress Texas Ins. Co.,*
    2022 WL 865888 (N.D. Tex. 2022) ........................................................................ 3

*Hamilton v. Hamilton,*
    No. 3:20-CV-00369, 2020 WL 8085141 (M.D. Pa. Dec. 15, 2020) ......................... 6

*MedImmune, Inc. v. Genentech, Inc.,*
    549 U.S. 118 (2007) .......................................................................................... 3, 5

*Orix Credit Alliance, Inc. v. Wolfe,*
    212 F.3d 891 (5th Cir. 2000) ................................................................................. 3

*Perez v. Royal Prop. Mgmt.,*
    No. 21-CV-1844-CAB-WVG, 2021 WL 5087044 (S.D. Cal. Nov. 1, 2021) ............. 6

*Protradenet, LLC v. Predictive Profiles, Inc.,*
    2018 WL 11197761 (W.D. Tex. Dec. 19, 2018) ...................................................... 5

*Total Gas & Power N. Am., Inc. v. FERC,*
    859 F.3d 325 (5th Cir. 2017) ................................................................................. 3

*Walmart Inc. v. United States Dep't of Justice,*
    21 F.4th 300 (5th Cir. 2021) .............................................................................. 3, 5

*Warming Trends, LLC v. Stone,*
    No. 19-cv-03027-PAB-STV, Dkt. 138 (D. Colo. Mar. 31, 2021) ............................. 6

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ............................................................ 1, 2, 5

Federal Rule of Civil Procedure 12(b)(6) ......................................................... 1, 4, 6, 7

Federal Rule of Civil Procedure 8(a) ................................................................. 2, 3, 5

## I.    INTRODUCTION

In its second counterclaim, Amazon[1] seeks a judicial declaration that VirtaMove[2] "was and is contractually bound by" an Amazon customer agreement. Dkt. 46 at 11. Amazon pleads no breach of the agreement and identifies no injury that it has suffered or might suffer in the future. At most, Amazon suggests that VirtaMove's own Complaint against Amazon "seeks relief... that is contrary to limitations imposed by" the customer agreement. *Id.* But Amazon does not identify any specific "limitations," and does not actually allege that VirtaMove's breached the agreement by filing suit.

Amazon's counterclaim should be dismissed for two independently sufficient reasons. ***First***, there is no justiciable controversy regarding the Amazon customer agreement. Because there is no allegation of a breach or imminent breach, the issue is not ripe for judicial determination and the counterclaim should be dismissed under Rule 12(b)(1). ***Second***, the counterclaim should also be dismissed under Rule 12(b)(6) because it fails to plead facts showing entitlement to relief under the *Twombly*/*Iqbal* notice pleading standard. VirtaMove cannot discern what portion of the agreement is supposedly at issue, whether and how Amazon believes VirtaMove has breached the agreement, and whether and how Amazon has been injured by any breach.[3] For either of both of these reasons, Amazon's Second Counterclaim should be dismissed in its entirety.

## II.    FACTUAL BACKGROUND

Amazon's Second Counterclaim alleges an actual and justiciable controversy regarding whether VirtaMove is subject to the terms of the AWS Customer Agreement. Dkt. 46 at 11. For

---

[1] "Amazon" refers to Defendants and Counterclaim Plaintiffs Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc.

[2] "VirtaMove" refers to Plaintiff and Counterclaim Defendant VirtaMove, Corp.

[3] Amazon has not identified any signed agreement between the parties and cites only to a publicly available webpage.

support, Amazon alleges that "[b]y continuing to use AWS services, including the AWS Marketplace, VirtaMove has accepted each modification of the AWS Customer Agreement that has occurred since VirtaMove first offered its software on the AWS Marketplace." *Id.* Amazon further alleges that "VirtaMove seeks relief in this case that is contrary to limitations imposed by the AWS Customer Agreement." *Id.* Amazon has not identified any specific limitation or limitations in the AWS Customer Agreement that gives rise to the alleged judiciable controversy, much less any action that VirtaMove has taken that is contrary to such limitation or limitations. *See generally id.* (Amazon only identifying "[t]he current version of the AWS Customer Agreement").

Furthermore, other than a broad "declaration" from the Court that "VirtaMove was and is bound by the AWS Customer Agreement," Amazon's Second Counterclaim does not identify any particular relief that Amazon seeks. *Id.* at 12. And Amazon's Second Counterclaim does not provide any reference, discussion, or citation to any specific aspects of the Agreement (which spans twelve sections each with numerous subparts).

## III.   LEGAL STANDARD

### A.   Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 8(a) requires a pleading that states a claim to relief to include "(1) a short and plain statement of grounds for the court's jurisdiction" for that claim.

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of any claims over which the Court lacks subject matter jurisdiction. In the declaratory judgment context, a district court must engage in the following three-step inquiry:

> First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action. Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the

case presented. Third, the court has to determine how to exercise its broad
discretion to decide or dismiss a declaratory judgment action.

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (citations omitted).

"[W]hether the action is justiciable, [ ] frequently boils down to a question of ripeness." *Total Gas*

*& Power N. Am., Inc. v. FERC*, 859 F.3d 325, 332 (5th Cir. 2017) (citing *Orix*, 212 F.3d at 895).

"If the action is not ripe, the court must dismiss it." *Id.* at 332–33. To make this ripeness

determination the Court must consider two key factors: 1) the fitness of the issue for judicial

decision; and 2) the hardship to the parties of withholding court consideration. *Gemini Insurance*

*Company v. Cypress Texas Ins. Co.*, 2022 WL 865888, at *2 (N.D. Tex. 2022).

Moreover, a "declaratory judgment is ripe for adjudication only where an 'actual

controversy' exists." *Walmart Inc. v. United States Dep't of Justice*, 21 F.4th 300, 311

(5th Cir. 2021) (quoting *Orix*, 212 F.3d at 896). "Whether an actual controversy exists must be

determined on a case-by-case basis, but '[a]s a general rule, [one] exists where 'a substantial

controversy of sufficient immediacy and reality [exists] between parties having adverse legal

interests.'" *Total Gas*, 859 F.3d at 333 (citations omitted); *see also MedImmune, Inc. v. Genentech,*

*Inc.*, 549 U.S. 118, 127 (2007) (holding that a justiciable dispute must be "definite and concrete,

touching the legal relations of parties having adverse legal interests" and "admit of specific relief

through a decree of a conclusive character, as distinguished from an opinion advising what the law

would be upon a hypothetical state of facts").

### B.    Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires a pleading to include "(2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include facts sufficient to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) . While a complaint need not contain "detailed factual allegations" to survive a motion to dismiss for failure to state a claim upon which relief can be granted, *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted), it must state "more than labels and conclusions": "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S.662 678 (2009) (quoting *Twombly*, 550 U.S. at 557). As the Supreme Court noted in *Iqbal*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

## IV.   ARGUMENT

### A.   Amazon's Second Counterclaim Should Be Dismissed for Want of Subject Matter Jurisdiction Because There is Not Justiciable Controversy Pled

This Court lacks subject-matter jurisdiction over Amazon's counterclaim. After Amazon alleges that VirtaMove is contractually bound by the AWS Customer Agreement, Amazon presented no facts showing that there exists any ***controversy*** regarding whether VirtaMove is contractually bound by the AWS Customer Agreement. For example, although Amazon states "VirtaMove seeks relief in this case that is contrary to limitations imposed by the AWS Customer Agreement" (Dkt. 46 at 11), Amazon does not specify what "relief" Virtamove seeks is "contrary to limitations imposed by the AWS Customer Agreement," and does not even identify any "limitations" in the AWS Customer Agreement that purportedly give rise to the purported controversy.

4

Amazon's conclusory allegation that there is "an actual and justiciable controversy regarding whether VirtaMove is subject to the terms of the AWS Customer Agreement" cannot create a controversy when Amazon fails to allege any specific limitations of the Agreement are supposedly in controversy.  Dkt. 46 at 11. Thus,  the Court should dismiss Amazon's counterclaim for lack of subject matter jurisdiction for lack of a justiciable controversy between the parties. *See Protradenet, LLC v. Predictive Profiles, Inc.*, 2018 WL 11197761 at *2-3 (W.D. Tex. Dec. 19, 2018) (granting Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction over request for declaratory judgment where no actual controversy between the parties existed); *Walmart*, 21 F.4th at 311  (affirming grant of same). As the Supreme Court made clear in *MedImmune*, Amazon cannot seek an advisory opinion on the applicability of a contract "just in case" some hypothetical controversy over the contract may arise in the future. 549 U.S. at 780.

### B.    Amazon's Second Counterclaim Should Be Also Dismissed Because Amazon Fails Identify Any Specific Relief It Seeks

Alternatively, even if the Court had subject-matter jurisdiction (which it does not), the Court should still dismiss Amazon's counterclaim for its failure to identify the specific relief sought and why Amazon is entitled to that relief as required by Rule 8(a)(2)–(3). As noted previously, the only "relief" sought is a broad declaration that the AWS Customer Agreement applies to VirtaMove. Dkt. 46 at 11 (seeking a "judicial declaration that VirtaMove was and is contractually bound by the AWS Customer Agreement"); *id.* at 12 (prayer for relief, likewise seeking "[a] judgment that VirtaMove was and is contractually bound by the AWS Customer Agreement"). Amazon's request for such a declaration is extraordinarily broad and ambiguous, as it does not state what ***limitations*** of the Agreement it seeks to be found to be enforceable against VirtaMove or how those limitations of the Agreement should be applied. For example, even if VirtaMove did not contest Amazon's Second Counterclaim, it is entirely unclear what practical

impact that concession would have upon VirtaMove. In light of the failure to identify any specific relief requested, Amazon's Second Counterclaim should be dismissed. *See Perez v. Royal Prop. Mgmt.*, No. 21-CV-1844-CAB-WVG, 2021 WL 5087044, at *1 (S.D. Cal. Nov. 1, 2021) ("Plaintiff does not state what relief he seeks from the Court. The complaint is therefore frivolous and fails to state a claim upon which relief can be granted."); *Hamilton v. Hamilton*, No. 3:20-CV-00369, 2020 WL 8085141, at *4 (M.D. Pa. Dec. 15, 2020), *report and recommendation adopted*, No. 3:20-CV-369, 2021 WL 77467 (M.D. Pa. Jan. 8, 2021) ("Whatever cognizable . . . claims the plaintiff might have against . . . Defendants, those claims are too obscured by the vague and unintelligible writing submitted by the plaintiff for the Court to discern the contours of such claims, much less their plausibility.").

Furthermore, to the extent Amazon attempts to argue that paragraph 18 of Amazon's Second Counterclaim can be understood to imply some unspecified breach of the AWS Customer Agreement, that would not salvage the counterclaim. As an initial matter, that counterclaim ***does not allege*** any specific breach of the Agreement, nor the specified relief requested by VirtaMove that is supposedly "contrary to limitations imposed by the AWS Customer Agreement," or even the "limitations imposed" by the Agreement that are supposedly at odds with VirtaMove's requested relief. Accordingly, Amazon fails to properly plead a claim for breach of contract. *See Warming Trends, LLC v. Stone*, No. 19-cv-03027-PAB-STV, Dkt. 138 at 14 (D. Colo. Mar. 31, 2021) (granting 12(b)(6) motion because the complaint "fails to plead that plaintiff breached the settlement agreement").

In short, without "further factual enhancement," Amazon's claim is insufficient. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of

the nature of the claim, but also 'grounds' on which the claim rests."). This is precisely the type of pleading that *Twombly/Iqbal* sought to prevent. Without a clear statement explaining what relief it actually seeks as Rule 8 requires, Amazon's counterclaim must be dismissed pursuant to Rule 12(b)(6).

## V.    CONCLUSION

For the foregoing reasons, VirtaMove respectfully requests that the Court dismiss Amazon's counterclaim seeking a declaratory judgment of contractual rights.


Dated: August 9, 2024                    Respectfully submitted,


By: */s/ Daniel B. Kolko*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on August 9, 2024.

<u>*/s/ Daniel B. Kolko*</u>
Daniel B. Kolko