# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., | |
| Plaintiff, | Case No.  7:24-cv-00030-ADA-DTG |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC., | |
| Defendants. | |

## PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF VENUE REQUESTS FOR INTERROGATORIES (NOS. 1-5)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff VirtaMove Corp. ("VirtaMove") responds to Defendants Amazon.com Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. ("Defendants" or "Amazon") First Set of Venue Requests for Interrogatories on as follows:

VirtaMove's responses are based on information known and available to it at the time of these responses. VirtaMove's investigation in this matter is ongoing. Further, because all information and documents that are possibly within the scope of the Interrogatories may have yet to be located and/or identified, the development of VirtaMove's contentions with respect to its claims and defenses is ongoing. VirtaMove reserves the right to assert additional objections to the Interrogatories and to modify and supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

VirtaMove's responses to these Interrogatories are not to be construed as admissions that

any of the requested information exists or that any contention or assumption contained in the Interrogatories, whether implicit or explicit, is correct.

By making any responses, VirtaMove does not concede that the information given is properly discoverable or admissible, and VirtaMove reserves its right to object to the introduction of these responses into evidence for any purpose.

VirtaMove is willing and prepared to discuss definitions of vague, ambiguous, or otherwise objectionable terms, as well as the appropriate discoverable scope of each interrogatory in light of the objections contained herein.

## **GENERAL OBJECTIONS**

These General Objections are incorporated into the specific responses below.

1.      VirtaMove objects to these Interrogatories to the extent that they attempt to impose an obligation on VirtaMove different from or greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, the Court's Standing Orders, and any other Order entered in this action, and any agreements between the parties.

2.      VirtaMove objects to these Interrogatories to the extent that they request information related to patents or patent claims that have not been asserted, and thus are irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      VirtaMove objects to these Interrogatories to the extent that they request the disclosure of information protected by the attorney-client privilege, work-product doctrine, common interest privilege, joint defense privilege, mediation privilege, or any other privilege or immunity. VirtaMove hereby asserts all such applicable privileges and protections, and excludes privileged and protected information from its responses to the Interrogatories. Unless explicitly stated, any disclosure of such privileged or protected documents is inadvertent and should not be

construed as a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or doctrine.

4.      VirtaMove objects to these Interrogatories to the extent they are neither relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of admissible evidence.

5.      VirtaMove objects to these Interrogatories as unduly vague and overly broad to the extent that they fail to identify the information sought with reasonable particularity, thereby requiring VirtaMove to resort to conjecture and speculation as to what information is sought.

6.      VirtaMove objects to these Interrogatories to the extent that they request confidential, proprietary, or trade secret information that is not relevant to this action including without limitation confidential business information, proprietary and/or competitively sensitive information or trade secrets. If necessary and at the appropriate time, if such information is responsive and its production is otherwise unobjectionable, VirtaMove will provide it subject to the Protective Order governing this case or, if necessary, will seek additional protections from the Court.

7.      VirtaMove objects to these Interrogatories to the extent they seek information that VirtaMove is not permitted to disclose pursuant to confidentiality obligations, Protective Orders, or agreements with third and/or nonparties. VirtaMove will not provide such information without the consent of the relevant party or a court order.

8.      VirtaMove objects to these Interrogatories to the extent that they seek information from an individual or entity outside of VirtaMove's control. VirtaMove cannot reasonably respond to such Interrogatories, and objects to them as unreasonable and unduly burdensome. VirtaMove further objects to the extent these Interrogatories would require it to produce or disclose

information that is publicly available or that is as readily identifiable and accessible to Defendants as to VirtaMove. VirtaMove shall conduct a reasonably calculated search of reasonably available sources within its possession, custody and control, in conformity with the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, and this Court's orders.

9. VirtaMove objects to these Interrogatories to the extent that they are unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

10. VirtaMove objects to these Interrogatories to the extent that they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that are incorrect or unknown to VirtaMove.

11. VirtaMove objects to these Interrogatories to the extent that they assume facts not in evidence.

12. VirtaMove objects to these Interrogatories to the extent that they call for purely legal conclusions and/or the rendering of expert opinions.

13. To the extent these Interrogatories seek discovery of information within the scope of Fed. R. Civ. P. 26(b)(4), VirtaMove objects to these Interrogatories as premature and improper discovery of expert opinion.

14. Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), VirtaMove states that it will not search sources of electronically stored information that are not reasonably accessible regardless of whether those sources may contain electronically stored information responsive to these Interrogatories. However, VirtaMove reserves the right to supplement its responses in the event that other potentially responsive information becomes known. To the extent these Interrogatories seek different data or data in configurations different from those for which such

4

databases are configured, VirtaMove will not search or attempt to produce information from such databases because it believes they are "not reasonably accessible because of undue burden or cost" as contemplated by Fed. R. Civ. P. 26(b)(2)(B).

15.     VirtaMove objects to the Interrogatories to the extent they seek "all" information about a topic; such Interrogatories are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

16.     VirtaMove objects to these Interrogatories to the extent that they seek information or documents already in the possession of or are more readily available to Defendant, in the public domain, or equally available to Defendants as they are to VirtaMove.

17.     VirtaMove objects to these Interrogatories to the extent that they seek information not within VirtaMove's possession, custody, or control.

18.     VirtaMove objects to these Interrogatories to the extent that they seek information that is cumulative of information sought by other discovery requests or duplicative of disclosures already provided by VirtaMove.

19.     VirtaMove objects to these Interrogatories to the extent they contain multiple subparts asserted as individual interrogatories. Each subpart counts towards the limit on Interrogatories that Defendants are permitted to propound.

20.     By responding to Defendants' Interrogatories, VirtaMove does not waive any objection that may be applicable to: (a) the use, for any purpose, by VirtaMove of any information produced; (b) the admissibility, relevance, or materiality of any such information to any issue in this case; or (c) the competency or authenticity of any such information.

21.     VirtaMove objects to Defendants' definitions of "you," "your," and "Plaintiff," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking documents that are not

proportional to the needs of the case because of its inclusion of "directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, attorneys, and all other persons or entities representing them or acting on their behalf" may include people and entities outside of VirtaMove's control. In responding to these Interrogatories, VirtaMove understands these terms to refer to the Plaintiff in this action, VirtaMove, Inc.

22.     VirtaMove objects to the definition of "related patents/applications" as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

23.     VirtaMove objects to Defendants' Instructions as overbroad, unduly burdensome and calling for a legal conclusion. VirtaMove will provide responses and produce documents, subject to its objections consistent with applicable statues, the Federal Rules of Civil Procedure, the rules of this District and any court orders.

24.     VirtaMove objects to Defendants' requests as improperly under the burden of proving whether transfer is clearly more convenient because the burden is the movant's burden alone.

25.     VirtaMove objects to Defendants' requests as improperly directed to evidence that will not be admitted to trial and thus not relevant to its venue motion.

26.     VirtaMove objects to Defendants' requests as directed to general discovery instead of venue discovery.

27.     VirtaMove objects to Defendants requests as encompassing emails and email metadata, which are not required under OGP 4.4 § III.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**REQUEST NO. 1:**

Describe all facts that impact the application of the Fifth Circuit's convenience factors (Dkt. No. 31 at 8-9) in this case and identify any evidence that proves such facts.

**RESPONSE TO REQUEST NO. 1:**

VirtaMove incorporates all of its general objections above. VirtaMove objects to this Interrogatory as premature and improperly seeking VirtaMove's opposition to Amazon's motion to transfer before the opposition due date. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Scheduling Order. VirtaMove further objects to this Interrogatory as compound and containing multiple subparts. VirtaMove further objects to this interrogatory to the extent it seeks information in the possession of third parties and not VirtaMove. VirtaMove further objects to the extent this interrogatory seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege. Additionally, this request for "all facts that impact the application of the Fifth Circuit's convenience transfer factors" is overbroad, vague, calls for legal conclusions on the applicability of transfer law, and improperly compound because there are 8 different transfer factors.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

As to the location of likely witnesses, VirtaMove contends that the following witnesses may have information relevant at trial. Former employes either worked at VirtaMove or its predecessor.

| Name | Last Known Location | Topic |
|------|---------------------|-------|

| | | |
|---|---|---|
| Bill Cullen | Massachusetts | Former CTO; knowledge of past technology |
| Donna Grare | New York | Former VP of product development; knowledge of past product development, relevant to pre-suit marking dispute |
| Giovanni Boschi | Massachusetts | Former CTO; knowledge of past technical information of product, relevant to pre-suit marking dispute |
| Mohammed Ahmed-Mushin | Ontario, Canada | Former Software Developer; knowledge of past software operation of product, relevant to pre-suit marking dispute |
| Robert Wang | Ontario, Canada | Former Software Developer; knowledge of past software operation of product, relevant to pre-suit marking dispute |
| Mark Woodward | Ontario, Canada | Former VP of Product Engineering; knowledge of past engineering of product, relevant to pre-suit marking dispute |
| Donn Rochette | Iowa | Named inventor |
| Paul O'Leary | Ontario, Canada | Named inventor |
| Dean Huffman | Ontario, Canada | Named inventor |
| Craig MacDonald | Washington | Former Senior Developer, knowledge of past development of product, related to pre-suit marking dispute |
| Greg O'Connor | East Coast | Former President, general knowledge of company history. |
| Chuck Colford | Ontario, Canada | Former CEO, general knowledge of company history. |
| Ron Warburton | Ontario, Canada | Former Member of Board, general knowledge of company history. |
| David Roth | Texas | Former CEO, general knowledge of company history. |
| Nigel Stokes | Ontario, Canada | VirtaMove CEO, general knowledge of information related to VirtaMove |
| Cedric Burgins | Ontario, Canada | VirtaMove Director of Technology, potential technical related to the operation of VirtaMove product, relevant to pre-suit marking dispute |
| Emanuel Sousa | Ontario, Canada | VirtaMove Senior Technical Specialist, potential technical related to the operation of VirtaMove product, relevant to pre-suit marking dispute |
| Susan Cameron | Ontario, Canada | VirtaMove manager, document custodian, topics related to business records. |
| Steve Antonie | Ontario, Canada | VirtaMove IT Manager, topics related to business records. |

As to the location of evidence, VirtaMove's evidence and code are available is at its headquarters in Ontario, Canada.  VirtaMove's code is access controlled and available to select employees in Ontario, Canada. Ontario, Canada is closer to the WDTX than to the NDCA and only one time zone away, as opposed to three time zones.

VirtaMove served interrogatory requests and requests for production, to which Amazon has provided objections but not substantive responses.  Amazon's lack of responses weighs against transfer and is evidence that Amazon cannot meet its burden of proof on all topics therein. VirtaMove contends that Amazon's evidence that allegedly supports transfer is incomplete, irrelevant for trial, and/or unreliable. Additional facts affecting the transfer analysis should be provided by Amazon in response to these interrogatory requests, as well as in response to VirtaMove's requests for production.

There is a co-pending case *VirtaMove Corp. v. Google LLC*, No. 7:24-cv-00033 in the same Court before Judge Counts, with pre-trial matters referred to Judge Gilliland.  There are two co-pending cases in the EDTX against IBM and Hewlett Packard Enterprise.

The WDTX has recently issued opinions finding that its patent cases are timely and on track for its scheduled trials. To the extent relevant under Fifth Circuit law (not that it is), VirtaMove cares about a fast time to trial and offers a competing product.

Amazon offers the accused products to customers nationwide.

VirtaMove further incorporates by reference its Response to Interrogatory Requests #2–4 below.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (9/13/2024):**

Under the Docket Control Order of Judge Gilstrap in the *IBM* case, VirtaMove has made a copy of its source code available for inspection in Dallas, Texas, where it can be more easily moved

to the courthouses in both the EDTX or the WDTX than to the Courthouse in the NDCA. IBM is inspecting this code in Dallas on Sept. 12.

Mark Woodward, Chuck Colford, Dean Huffman, Paul O'Leary, and Greg O'Connor are all expected to willingly attend trial in the WDTX, but they find the NDCA inconvenient and more expensive. They all reside closer to the WDTX than to the NDCA. Greg O'Connor recently indicated he has a primary residence at Chilmark, Massachusetts, and Greg is understood to have a vacation home in California near Lake Tahoe.

On September 12, 2024, Amazon served invalidity contentions that do not include the testimony of witnesses identified in Amazon's motion to transfer. Amazon's numerous invalidity contentions suggest that Amazon does not know which prior art it will assert at trial or whose testimony will be relevant. VirtaMove's investigation into relevant prior art witnesses and their locations is ongoing because these contentions were served yesterday.

The Federal Court Management Statistics, June 2024, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2024.pdf show that the NDCA has a 48.9 month median time to civil trial, while the WDTX has a 32.7 month median time to trial.

**REQUEST NO. 2:**

Describe for each Defendant why you contend that such Defendant committed acts of infringement in the Western District of Texas, where in the Western District of Texas such infringement allegedly took place, and what evidence supports your contention.

**RESPONSE TO REQUEST NO. 2:**

Incorporating the General Objections, above, VirtaMove additionally objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of

the case. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Scheduling Order. VirtaMove further objects to this Interrogatory as compound and containing multiple subparts. VirtaMove further objects to this interrogatory to the extent it seeks information in the possession of third parties and not VirtaMove. VirtaMove further objects to the extent this interrogatory seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: Amazon committed acts of infringement under 35 U.S.C. § 271 by making, using, offering to sell, or selling a patented invention in the Western District of Texas, as well as nationwide. The infringement is supported by the complaint, the claim charts attached to the complaint, and VirtaMove's preliminary infringement contentions.  Further evidence is expected to be provided by Defendants in response to VirtaMove's pending discovery requests.

**REQUEST NO. 3:**

Describe, with citations to supporting evidence, why you filed this case in Midland, Texas instead of Washington (where Amazon is headquartered), Delaware (where each of the defendants is incorporated), California (where Docker and VirtaMove's counsel are located), or New York (the state closest to VirtaMove's Ottawa offices).

**RESPONSE TO REQUEST NO. 3:**

VirtaMove incorporates its General Objections, above. VirtaMove additionally objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. VirtaMove further objects to this Interrogatory to the extent it is a premature contention

interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Scheduling Order. VirtaMove further objects to this Interrogatory as compound and containing multiple subparts. VirtaMove further objects to the extent this interrogatory seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Additionally, VirtaMove objects to the portion of this request regarding Delaware and New York as irrelevant because they are not part of the transfer motion.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: VirtaMove has its office in Ottawa, which is on eastern side of Canada, and it is closer to the WDTX than to the NDCA. Although Amazon has its headquarters in the NDCA, Amazon has an extremely large campus in Austin, Texas in the WDTX. The Austin American Statesman reported in 2021 that "Amazon plans major expansion in Austin, to hire 2,000 workers," and that "Amazon currently has more than 3,000 tech and corporate employees at its Austin Tech Hub in three locations at the Domain" in Austin.[1] Amazon continues to hire hundreds additional employees, including for software, technology, business, sales, and other relevant roles, in Texas and for its existing offices throughout North American cities that are closer to the WDTX than to the NDCA. It is believed that many of these employees likely have relevant information to this case and may be called upon at trial.

---

[1] https://www.statesman.com/story/business/2021/12/21/amazon-plans-major-expansion-austin-hire-2-000-workers/8974104002.



It has been further reported that Amazon is expanding its data centers to a 149 acre area in Round Rock, Texas.[3]

When balancing Amazon's western office and VirtaMove's eastern office, the Western District of Texas is thus a fair, central, and convenient midpoint between the NDCA. Moreover, the WDTX will be convenient to Amazon due to its large Austin presence, where Amazon has thousands of employees and a huge campus of available resources. Travel for VirtaMove's witnesses from the east coast all the across North America to the NDCA on the west coast is very

---

[2] https://www.amazon.jobs/en/locations/?&continent=all&cache (excerpts).
[3] https://www.datacenterdynamics.com/en/news/amazon-granted-zoning-permission-for-data-center-distribution-site-in-round-rock-texas.

burdensome and inconvenient, and every trip would require and adjustment across three time zones instead of just one.

Additionally, the NDCA is notoriously slow to reach trial, whereas the WDTX reaches trials quickly. The last case settled by Russ, August & Kabat in the NDCA was *Corephotonics, Ltd. v. Apple Inc.*, No. 3:17-cv-06457 (N.D. Cal), where the complaint was filed in November 2017, and the case languished for over six years without trial until settlement in February 2024. In contrast, the last case against Amazon in the WDTX was *AlmondNet, Inc. v. Amazon.com, Inc.*, No. 6:21-cv-00898 (W.D. Tex.), which was filed in August 2021 and expeditiously reached trial in June 2024. Under the philosophy that justice delayed is justice denied, the WDTX is the faster venue where both parties' arguments will be heard sooner at trial.  An expeditious trial will minimize ongoing attorney fees for both parties and is thus more efficient than the NDCA.

Additionally, the courts in the WDTX have standing orders that make litigation efficient and cost effective.  For example, Judge Counts modeled his Order Governing Proceedings in Patent Cases ("Midland OGP") after Judge Albright's Order Governing Proceedings in Patent Cases ("Waco OGP").  Both of these OGP's include default schedules that protect parties against frivolous cases because they "defer[] fact discovery until after the Markman hearing so that parties can cost-effectively reach the first merit milestone in a case." *Greenthread, LLC v. Intel Corp.*, No. 6:21-CV-00166-ADA, 2022 WL 4001974, at *5 (W.D. Tex. Aug. 31, 2022).  Both OGP's do not allow for email discovery without good cause, which is cost-effective because attorneys need not spend hundreds of hours collecting and conducting laborious review of potentially tens of thousands of emails (or more) for privilege, relevance, responsiveness, and other objections.

Additionally, the courts in the WDTX cost-effectively resolve discovery and procedural disputes.  For example, the Waco OGP § IV includes a procedure that includes 1) meet and confer

between the parties, 2) the submission of 500 or 1000 word positions between the parties within 3 business days, and 3) a hearing (typically virtual), if required. In contrast, the NDCA's local rules require expensive back-and-forth briefing that takes weeks to complete, and the NDCA regularly sets in-person hearings that are extremely expensive and unduly burdensome for VirtaMove's representatives to fly across North America to attend. Magistrate Judge Gilliland, when appointed by Judge Counts, handles discovery and procedural disputes using a cost-effective procedure similar to the Waco OGP.

In summary, the Western District of Texas is a faster, geographically fairer, more convenient, and more cost-effective forum for resolving patent disputes in comparison to the NDCA for both parties.

## REQUEST NO. 4:

Describe each instance of pre-suit communication between the Amazon Entities and the VirtaMove Entities, including the date of such communication, the persons involved in such communication, the locations where such communication occurred, and what information was communicated.

## RESPONSE TO REQUEST NO. 4:

Incorporating the General Objections, above, VirtaMove additionally objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. VirtaMove further objects to this Interrogatory to as seeking general discovery, not venue discovery. VirtaMove further objects to this Interrogatory as compound and containing multiple subparts. VirtaMove further objects to this interrogatory to the extent it seeks information in the possession of third parties and not VirtaMove.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows:

this request is improperly directed to email discovery, which is prohibited under OGP § III absent leave of Court.  Moreover, this request is unduly burdensome because it seeks a custom description of "each instance" of every email between the Amazon Entities and the VirtaMove Entities, which is more burdensome than producing the underlying email.  Moreover, the part of this request seeking "what information was communicated" improperly seeks general fact discovery.

Notwithstanding these objections, VirtaMove responds as follows: pre-suit communications between the Amazon Entities took place in the 2012-2015 time frame.  The communications were generally regarding AppZero and AWS. The communications generally related to the sale/licensing/demo of AppZero and disclosures of how AppZero works. The communications led VirtaMove to believe that Amazon was interested in partnership with and/or investment in VirtaMove. The following former VirtaMove employees were involved in communications with Amazon and may have information related to these communications, which relate to Amazon's pre-suit knowledge (or willful blindness thereof) of VirtaMove's patents:

| **Name** | **Last Known Location** |
|---|---|
| Greg O'Connor | East Coast |
| Ernesto Benedito | Texas |
| Greg Feldman | Las Vegas, Nevada |
| Rich Gold | Massachusetts |
| Adine Deford | Florida |
| Jose Roy | New Hampshire |
| Tracy Riser | Washington |
| Robert DelSignore | Massachusetts |
| Ronnie Taylor | San Luis, CA |

| Giovanni Boschi | Massachusetts |
|---|---|

**REQUEST NO. 5:**

Identify the name, location, and relevant knowledge of each witness of whom you are aware who has information relevant to any issue that may be tried in this case, including issues pertaining to damages such as licenses to the Patents-in-Suit, patent marking, actual or constructive notice of the Patents-in-Suit, and participation in any hypothetical negotiation.

**RESPONSE TO REQUEST NO. 5:**

VirtaMove incorporates its general objections above. VirtaMove objects to this Interrogatory as premature and improperly shifting the burden of proof to VirtaMove, and VirtaMove objects that this Interrogatory is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Scheduling Order. VirtaMove further objects to this Interrogatory as compound and containing multiple subparts. VirtaMove further objects to this interrogatory to the extent it seeks information in the possession of third parties and not VirtaMove. VirtaMove further objects to the extent this interrogatory seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing objections, VirtaMove responds by incorporating its responses to Requests #1–4 above.

VirtaMove further contends that the witnesses identified in Amazon's motion to transfer are irrelevant, speculative, and unlikely to be called at trial.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (8/23/2024):**

VirtaMove identifies Banjot Chanana, who is believed to be in Bethesda, Maryland.

**SECOND   SUPPLEMENTAL   RESPONSE   TO   INTERROGATORY   NO.   5**

**(9/13/2024):**

| Name | Last Known Location | Title or Relevance |
|---|---|---|
| Bill Cullen | Cambridge, Massachusetts | Former CTO; knowledge of past technology |
| Donna Grare | New York City Metropolitan Area, New York | Former VP of product development; knowledge of past product development, relevant to pre-suit marking dispute |
| Giovanni Boschi | Pepperell, Massachusetts | Former CTO; knowledge of past technical information of product, relevant to pre-suit marking dispute |
| Mohammed Ahmed-Mushin | Ottawa, Ontario,  Canada | Former Software Developer; knowledge of past software operation of product, relevant to pre-suit marking dispute |
| Robert Wang | Ottawa, Ontario, Canada | Former Software Developer; knowledge of past software operation of product, relevant to pre-suit marking dispute |
| Mark Woodward | Kingston, Ontario, Canada | Former VP of Product Engineering; knowledge of past engineering of product, relevant to pre-suit marking dispute |
| Donn Rochette | Dayton Metropolitan Area, Ohio | Named inventor |
| Paul O'Leary | Ottawa, Ontario, Canada | Named inventor |
| Dean Huffman | Ottawa, Ontario, Canada | Named inventor |
| Craig MacDonald | Redmond, Washington | Former Senior Developer, knowledge of past development of product, related to pre-suit marking dispute |
| Greg O'Connor | Chilmark, Massachusetts | Former President, general knowledge of company history. |
| Chuck Colford | Ottawa, Ontario, Canada | Former CEO, general knowledge of company history. |
| Ron Warburton | Ottawa, Ontario, Canada | Former Member of Board, general knowledge of company history. |
| David Roth | Dallas, Texas | Former CEO, general knowledge of company history. |
| Nigel Stokes | Toronto, Ontario, Canada | VirtaMove CEO, general knowledge of information related to VirtaMove |

| Cedric Burgins | Ottawa, Ontario, Canada | VirtaMove Director of Technology, potential technical related to the operation of VirtaMove product, relevant to pre-suit marking dispute |
|---|---|---|
| Emanuel Sousa | Arnprior, Ontario, Canada | VirtaMove Senior Technical Specialist, potential technical related to the operation of VirtaMove product, relevant to pre-suit marking dispute |
| Susan Cameron | Ottawa, Ontario, Canada | VirtaMove manager, document custodian, topics related to business records |
| Steven Antoine | Ottawa, Ontario, Canada | VirtaMove IT Manager, topics related to business records. |
| Samantha Clarke | Freemont, CA | Former sales |
| Greg O'Connor | Primarily Chilmark, Massachusetts with vacation home near Lake Tahoe, CA | Past communications with Amazon |
| Ernesto Benedito | Texas | Past communications with Amazon |
| Greg Feldman | Las Vegas, Nevada | Past communications with Amazon |
| Rich Gold | Massachusetts | Past communications with Amazon |
| Adine Deford | Florida | Past communications with Amazon |
| Jose Roy | New Hampshire | Past communications with Amazon |
| Tracy Riser | Washington | Past communications with Amazon |
| Robert DelSignore | Massachusetts | Past communications with Amazon |
| Ronnie Taylor | San Luis, CA | Past communications with Amazon |
| Giovanni Boschi | Massachusetts | Past communications with Amazon |
| Phil Estes, Amazon ECS | Charlottesville, Virginia | ECS |
| Mats Lanner, Amazon | Seattle | ECS |
| Amazon ECS team members on East Coast (Estes Tr. at 21) | NY or Jersey | ECS |
| IBM members contributing to container technology (Estes Tr. at 56) | NY | Containers |
| IBM Kubernetes team (Estes Tr. at 58) | Raleigh, NC and Rochester, Minnesota | Kubernetes |
| 3-4 ECS Engineers in Austin | Austin, TX | ECS |
| ~44 ECS Engineers in Jersey | Jersey | ECS |
| Other individuals identified by Amazon or during venue | Various locations | Less relevant and not likely to be called at trial |

| depositions | | |
|---|---|---|

Dated: September 13, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Jacob R. Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Milkey (CA SBN 281283)
jmilkey@raklaw.com
James S. Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
ptong@raklaw.com

**RUSS AUGUST & KABAT**
4925 Greenville Ave, Suite 200
Dallas, TX 75206

*Attorneys for Plaintiff VirtaMove, Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on September 13, 2024 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail at <u>Amazon-VirtaMove@knobbe.com</u> and <u>hestes@lcalawfirm.com</u>.

*/s/ Reza Mirzaie*
Reza Mirzaie