Exhibit 2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP, <br><br>         Plaintiff, <br><br>      v. <br><br> AMAZON.COM, INC., <br> AMAZON.COM SERVICES LLC, and <br> AMAZON WEB SERVICES, INC., <br><br>         Defendants. | Civil Action No. 7:24-cv-30-ADA-DTG |

**DEFENDANTS' SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES RELATED TO VENUE (1-12)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively "Defendants" or "Amazon"), hereby supplement their responses to the following First Set of Interrogatories Related to Venue (Nos. 1-12) of Plaintiff VirtaMove, Corp. ("VirtaMove" or "Plaintiff").

## GENERAL STATEMENT AND OBJECTIONS

Amazon asserts each of the following General Objections to each of the instructions, definitions, and interrogatories. In addition to these General Objections, Amazon states specific objections to these interrogatories where appropriate, including objections that are not generally applicable to all interrogatories. By setting forth such specific objections, Amazon does not intend to limit or restrict these General Objections.

1.     Amazon objects to the entire set of interrogatories because the set includes twelve interrogatories—exceeding the number permitted by the Court. Because the Court has permitted only ten interrogatories, Amazon's responses are confined to the first ten interrogatories in the set.

2.     Amazon objects generally to Plaintiff's definitions and instructions to the extent they exceed, fail to comply with, impose obligations in excess of, or in any way are inconsistent with the Federal Rules of Civil Procedure, the Local Rules of this Court, any other authority governing this matter, or any agreement between the parties. Amazon responds to the interrogatories based upon those Rules, authorities, and agreements, rather than Plaintiff's instructions.

3.     Amazon objects to these interrogatories to the extent that they seek discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity. Any specific objections based on any privilege, rule, doctrine, protection, right, or immunity in no

way limits the generality of this objection.  Nothing contained in Amazon's responses is intended to be or should be considered a waiver of the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), or any other applicable privilege, rule, doctrine, protection, right, or immunity.  To the extent any interrogatory may be construed as calling for discovery protected by any privilege, rule, doctrine, protection, right, or immunity, Amazon makes a continuing objection to each and every such interrogatory.

4.  Amazon objects to the interrogatories to the extent they seek third-party proprietary discovery, trade secrets and/or other confidential discovery and/or protected discovery that Amazon is obligated not to disclose.  To the extent that Amazon locates such responsive information, it will seek to obtain the consent from any such third-party when appropriate.  Amazon further objects to the interrogatories to the extent that they purport to require Amazon to disclose private or personally identifiable information of its employees, customers, or users.  Such information is irrelevant and Amazon does not intend to provide such information without a court order.

5.  Amazon objects to the interrogatories to the extent that they are seeking production of sensitive information prior to the entry of a suitable protective order.   Although the OGP includes an "Interim Protective Order," and the parties have been operating under the assumption that the OGP will control this case, the OGP has not been formally entered on the docket yet.  Amazon objects to the interrogatories to the extent they seek confidential information before the OGP, and thus the Interim Protective Order, has been formally entered by the Court.

6.  Amazon objects to all definitions, instructions, and interrogatories to the extent they purport to require disclosure of information that is not relevant to the only issue for which limited venue discovery is authorized, i.e., whether the Western District of Texas is the wrong venue for

this case and whether the Northern District of California is a more convenient venue for the specific claims asserted in this patent case than the Western District of Texas, including information that is not related to the specific product features accused in Plaintiff's infringement contentions. Such interrogatories are irrelevant and not proportional to the needs of the case. To the extent that Amazon responds to any interrogatory, Amazon does not concede that the discovery sought is relevant or proportional to the needs of the case.

7. Amazon objects to the interrogatories to the extent that they seek information that is not limited to a relevant and reasonable time period or geographic area, and/or products, services, and/or actions that are not within or directed toward the United States.

8. Amazon objects to Plaintiff's interrogatories as premature prior to the opening of full fact discovery and the deadline to submit Rule 26 initial disclosures to the extent they seek information that is the subject of substantive discovery such as noninfringement contentions, invalidity contentions, claim construction, or expert discovery. Amazon further objects to Plaintiff's interrogatories to the extent that the subject matter is more properly addressed by other forms of discovery, for example, through deposition.

9. Amazon objects to the interrogatories to the extent that they are overly broad and unduly burdensome, the burden outweighs their likely benefit, they are unlimited in time, and would require an unreasonably detailed and unreasonably extensive search of all of Amazon's information and files. Amazon further objects to the interrogatories to the extent that they are unreasonably cumulative or duplicative or seek information that is obtainable from sources that are more convenient, less burdensome, or less expensive.

10. Amazon objects to the interrogatories to the extent that they seek information not in the possession, custody, or control of Amazon, that is publicly available, or that is more readily obtainable from non-parties.  Amazon's responses to these interrogatories are limited to information that is within its possession, custody, or control.

11. Amazon objects to the interrogatories to the extent that they seek information already in Plaintiff's possession, custody, or control, or information readily available to Plaintiff.  Amazon further objects to these requests to the extent that they seek information equally available to Plaintiff through other sources, including but not limited to publicly available information or records.  Such information can be obtained by Plaintiff with at most the same (and, in some cases, less) burden and expense than Amazon would have to undertake.

12. Amazon objects to the interrogatories to the extent that they seek information that would require expert witness testimony before the time contemplated under the scheduling order governing this case.

13. Amazon objects to the interrogatories to the extent that they seek information regarding ongoing research and development activities of Amazon or products or proposed products that have not yet been released.  Such unreleased products are not relevant to any issue in this case.

14. Amazon objects to the interrogatories to the extent that Amazon would have to draw a legal conclusion or otherwise form an opinion about facts to make a proper response.

15. Amazon objects to the definition of the terms "Defendant," "you," and "your" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Amazon, but is in the possession of non-parties to this lawsuit. Amazon further objects to the definition of these terms to the extent it includes Amazon's attorneys

and seeks privileged and attorney-work product information.  Amazon will interpret these terms as referring only to the named defendants in this litigation.

16. Amazon objects to the definition of the term "Accused Product(s)" as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and failing to describe the information sought with reasonable particularity.  Indeed, as defined this term purports to include "without limitation End-of-Support Migration Program ('EMP'), the Elastic Container Service ('ECS'), the Graviton 2 processors, and components and accessories thereof made, used, sold, offered for sale, or imported into the United States on or after December 2018 (six years prior to the filing of the Complaint in this action) by You, for You, on Your behalf, or through a website owned, operated, and/or controlled by You, including but not limited to the products and devices identified in the Amended Complaint and in Plaintiff's infringement contentions, and all versions and variations thereof, including models, versions, and variations that may be made, used, sold, offered for sale, or imported into the United States by or for You in the future and during the course of this litigation."  The Graviton 2 processor is not accused of infringement in this case.  In addition, the definition does not explain what it means to be "components and accessories" of the listed items, and VirtaMove has not established the relevance of such "components and accessories." On its face, the definition is overbroad and purports to cover products and product features that are not accused in Plaintiff's infringement contentions and therefore are not relevant to the only issues for which limited venue discovery is authorized, i.e., whether the Western District of Texas is the wrong venue for this case and whether the Northern District of California is a more convenient venue for the specific claims asserted in this patent case than the Western District of Texas. Amazon further objects to this definition to the extent it seeks privileged and attorney-work product information.  Amazon further objects to the definition as open-ended because it purports to

"include without limitation" the various items and thus fails to identify the information sought with specificity.

17. Amazon objects to the definition of the term "person" or "persons" to the extent it includes Amazon's attorneys and seeks privileged and attorney-work product information.

18. Amazon objects to Plaintiff's proposed definition of "Relative Instrumentalities" or "Related Instrumentalities" as overly broad, unduly burdensome, not proportional to the needs of the case, failing to describe the information sought with reasonable particularity, and not relevant to the only issues for which limited venue discovery is authorized. As defined, the terms purport to include "all Accused Products." Amazon thus objects to the proposed definition for at least the same reasons Amazon objects to Plaintiff's proposed definition for "Accused Product(s)." Further, the terms propose to also include "all systems, sub-systems, components, devices, features, software, applications, services, versions, releases, apparatuses, methods, processes, and similar that comprise and/or are used by any Accused Products that relate to any claimed inventions of any of the patent-in-suit." These terms are vague, ambiguous, and grossly overbroad. The scope of the term "similar" is unintelligible. The definition does not explain what it means for the foregoing items to "relate to any claimed inventions of any of the patent-in-suit." Amazon further objects to this definition because it purports to require Amazon to draw a legal conclusion or otherwise form an opinion about facts as to what "relate to any claimed inventions of any of the patent-in-suit."

19. Only the express and overt meaning of these responses is intended. No response should be construed to contain implied statements, representations, or admissions of any kind. The fact that Amazon has responded or objected to an interrogatory should not be understood as an admission that Amazon accepts or admits the existence of any alleged "fact" set forth in or assumed by the interrogatory.

20. Amazon's responses are made without, in any way, waiving or intending to waive, but, on the contrary, intending to preserve and preserving:

a.      The right to raise all objections as to competence, authenticity, relevance, materiality, privilege, and admissibility with regard to the information and documents identified and/or produced in response to these interrogatories, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

b.      The right to object to the use of the information and/or documents for any purpose, including without limitation their use in any subsequent proceeding in, or the trial of, this or any other action;

c.      The right to assert or raise, in this action or in any other context, attorney-client privilege, work product protection, the protections afforded by Rule 26(b)(4)(B), the right of privacy, or any other applicable privilege or protective doctrine; and

d.      The right to object on any ground at any time to interrogatories or other discovery.

Subject to and without waiving the foregoing General Objections, Defendants respond to Plaintiff's Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all persons who live or work in Texas and any location closer to Texas than to the NDCA, whether or not employed by you, that may have relevant knowledge about the Accused Products or Related Instrumentalities, the patents-in-suit, prior art, and/or any other aspect of the claims or defenses at issue in this case, including designing, developing, producing, testing, researching, evaluating, analyzing, marketing, selling, monitoring, maintaining, servicing, supporting, assembling, testing, or manufacturing, and for each such person provide their full

name, employer, title, location, job description, and a description of the relevant knowledge they may have about this case.

## RESPONSE TO INTERROGATORY NO. 1:

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as duplicative of Plaintiff's Request for Production No. 4.

Amazon objects to this interrogatory as overbroad, unduly burdensome, not proportional to the venue discovery needs of this case, and not relevant to the issues for which limited venue discovery is authorized.  The interrogatory seeks information about "all persons" within a radius of several hundred miles who "may" have knowledge about "designing, developing, producing, testing, researching, evaluating, analyzing, marketing, selling, maintaining, servicing, or supporting" of "the Accused Products or Related Instrumentalities," including information that is not relevant to the accused features identified in Plaintiff's infringement contentions.

Amazon objects to this interrogatory as compound and impermissibly composed of multiple subparts.

Amazon objects to this interrogatory to the extent that it seeks discovery for which Amazon owes a third party a duty of confidentiality.

Amazon objects to this interrogatory to the extent it seeks sensitive personal or private information of its employees.  Such information is unnecessary and irrelevant.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:

Subject to the foregoing general and specific objections, Amazon responds as follows:

| Name | Employer | Title / Job | Location | Knowledge |
|------|----------|-------------|----------|-----------|
| Phil Estes | Amazon Web Services | Principal Engineer | Virginia | containerd, Docker, ECS, prior art |
| Gong Su | IBM | Research Staff Member | New York | Co-author of Osman paper |
| Jason Nieh | Columbia University | Professor | New York | Co-author of Osman paper |
| Jacques Gélinas | - | Retired | Quebec, Canada | Creator of Linux VServer |
| David Ely | Ping Identity | Distinguished Engineer | Austin | Co-author of Alpine paper |
| Andrew Gabriel | - | Consultant | United Kingdom | Solaris Zones developer |
| David Comay | Bloomberg | Senior Cloud Engineer | New York | Solaris Zones developer |
| Ozgur Leonard | Özel Gökçeada Rum Lisesi | Teacher | Turkey | Solaris Zones developer |
| Paul O'Leary | Pickleshop | Owner and Founder | Ontario, Canada | Named inventor |
| Dean Huffman | Cisco | Software Engineer | Ontario, Canada | Named inventor |
| Donn Rochette | Cribl | Principal Software Eng. | Ohio / Iowa | Named inventor |
| Hani Suleiman | Amazon.com | Senior Principal Engineer | New York | Prime Video |
| Arturo Molina | Amazon Web Services | Software Dev. Engineer | Wisconsin | EMP (technical) |
| Beau Gosse | Amazon Web Services | Senior Software Engineer | Wisconsin | EMP (technical) |
| Haoqi Wang | Amazon Web Services | Senior Financial Analyst | Virginia | EMP (finance) |
| John R. Levine | - | Author | New York | Prior art textbook |

Information above concerning non-Amazon employees is taken from LinkedIn.  Amazon also incorporates by reference its responses to Plaintiff's Interrogatory Nos. 2 and 10.

Investigation and discovery are ongoing, and Amazon reserves the right to supplement,

amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.  Nothing in this response limits Amazon's identification of potential fact witnesses in this case, and Amazon specifically reserves its rights to identify different or additional individuals in its initial disclosures as its investigation continues.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Amazon incorporates by reference the foregoing objections and responses, and further responds as follows: Arturo Molina no longer works at AWS.  Donn Rochette is retired and resides in Iowa.

**INTERROGATORY NO. 2:**

Identify every witness You will call at trial, the topics of their testimony, and the estimated duration of their testimony keeping in mind the Court's usual limits on trial time (e.g., Your trial witness list).

**RESPONSE TO INTERROGATORY NO. 2:**

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as premature.  The deadline for Amazon to provide its trial witness list has not been set and, when set, is likely to be far in the future.  Amazon's witness list will depend on discovery that Amazon has not yet obtained.  Indeed, general fact discovery has not even opened in this case.

Amazon objects to this interrogatory because it is not proportional to the issues for which limited venue discovery is granted.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Subject to the foregoing general and specific objections, Amazon responds as follows:

If this case proceeds to trial, Amazon may call any of the witnesses identified in its Motion to Dismiss or Transfer (Dkt. 31) as having knowledge relevant to the issues in this case. Amazon may also call Stefan Savage to testify about his knowledge of prior art developed at the University of Washington. Dr. Savage is in San Diego, California. Amazon may also call Jacques Gélinas to testify about his knowledge of prior art that he developed. Mr. Gélinas is in Quebec, Canada. Amazon may also call expert witnesses to offer opinions concerning non-infringement, invalidity, damages, or other disputed issues. Amazon may also call other witnesses that Amazon identifies in the future, e.g., based on discovery responses received from VirtaMove or third parties.

Investigation and discovery are ongoing, and Amazon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate. Nothing in this response limits Amazon's identification of potential fact witnesses in this case, and Amazon specifically reserves its rights to identify additional individuals in its initial disclosures as its investigation continues.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Amazon incorporates by reference the foregoing objections and responses, and further responds as follows:

Amazon expects to call at least one of the following witnesses in connection with ECS: (1) Mats Lannér, Director of Software Development for ECS, who is based in Seattle; (2) Ellen Hsu, a Senior Software Development Manager on the ECS team who is based in Seattle;

(3) Neelendra Bhandari, a Senior Software Development Manager on the Serverless Compute team, who is based in Seattle.  Mr. Bhandari's team is responsible for container runtimes used by ECS and Fargate (including Docker and containerd).

Amazon expects to call at least one of the following witnesses in connection with EMP: (1) Raviprasad Mummidi, a Principal Engineer based in Santa Clara; (2) Biroj Nayak, a Senior Software Development Engineer based in Santa Clara; and (3) Koushik Rajagopal, a Senior Software Development Engineer based in Santa Clara.

Amazon expects to call at least one of the following witnesses in connection with Solaris Zones if this case proceeds in NDCA: (1) Andrew Tucker, (2) John Beck, and (3) Daniel Price.

Amazon expects to call at least one of the following witnesses in connection with other prior art: (1) Stefan Savage (based in San Diego, co-creator of the Alpine prior art); (2) Dinesh Subhraveti (based in NDCA, co-creator of the Zap prior art); (3) Paul Eggert (based in Los Angeles, co-author of "File Systems in User Space"); (4) Avie Tavanian (based in NDCA, developer of Mac OS X); (5) Bertrand Serlet (based in NDCA, developer of Mac OS X); (6) George Marrow (based in NDCA, developer of OnCore operating system); (7) Vladislav Bolkhovitin (based in NDCA, developer of Virtuozzo).

Amazon expects to call at least one of the following witnesses if necessary to explain the Docker or containerd source code: (1) Tonis Tiigi (based in NDCA); (2) Derek McGowan (based in NDCA); (3) Austin Vasquez (based in Seattle); and (4) Phil Estes (based in Virginia).

**<u>INTERROGATORY NO. 3:</u>**

Identify all Your customers in Texas who use, purchase, license, subscribe to, sell, resell, sublicense, or make the Accused Products or anything that includes the Accused Products as a service or component.

**RESPONSE TO INTERROGATORY NO. 3:**

Amazon incorporates by reference its General Statement and Objections. Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as duplicative of Plaintiff's Request for Production No. 15.

Amazon objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the venue discovery needs of this case. VirtaMove has no legitimate need for information about "all" customers of the "Accused Products" in Texas, much less "anything that includes the Accused Products as a service or component." Amazon has not disputed for purposes of its venue motion that it has customers in Texas.

Amazon further objects to this interrogatory to the extent that it seeks discovery for which Amazon owes a third party a duty of confidentiality.

Amazon objects to this interrogatory as prematurely seeking non-venue discovery—e.g., customers, sales, and licensing information—prior to the opening of full fact discovery.

Amazon objects to this interrogatory as compound and impermissibly composed of multiple subparts.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Subject to the foregoing general and specific objections, Amazon responds as follows:

Solely for purposes of the Motion to Dismiss or Transfer (Dkt. 31), Amazon will not dispute that Prime Video subscribers access Prime Video on Fire TV devices from the Western District of Texas (among many other U.S. locations).  However, Amazon maintains that AWS Fargate is not hosted in Texas.

Investigation and discovery are ongoing, and Amazon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.

**INTERROGATORY NO. 4:**

Identify all prior art you will assert at trial keeping in mind the Court's usual limits on trial time, why the prior art is relevant to every asserted claim (e.g., with claim charts), and why any witnesses are needed to testify about the prior art.

**RESPONSE TO INTERROGATORY NO. 4:**

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon incorporates its objections to Interrogatory No. 2.

Amazon objects to this interrogatory as premature because general fact discovery has not opened and the deadline for invalidity contentions has not arrived.  VirtaMove served its infringement contentions only two business days ago.

Amazon objects to this interrogatory as not proportional to the issues for which the limited venue discovery is granted.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Subject to the foregoing general and specific objections, Amazon responds as follows:

Amazon incorporates by reference its Motion to Dismiss or Transfer (Dkt. 31), which identifies relevant prior art and explains why witness testimony is needed to address it.

Amazon may also rely on the following prior art:

- David Ely, Stefan Savage, and David Wetherall, *Alpine: A User-Level Infrastructure for Network Protocol Development* (USENIX 2001).

- John R. Levine, *Linkers and Loaders* (Morgan Kaufmann 1999).

- Chandramohan A. Thekkath, Thu D. Nguyen, Evelyn Moy, and Edward D. Lazowska, *Implementing Network Protocols at User Level* (ACM 1993).

- Linux VServer by Jacques Gélinas (software and documentation released in 2001).

Amazon expects Dr. Savage to offer testimony about the public availability of the *Alpine* paper and the working Alpine software system that the paper describes.  Amazon also expects Dr. Savage to testify about how the Alpine system worked.

Amazon expects to identify additional prior art in its invalidity contentions, to be served in accordance with the deadline set by the Court.

Investigation and discovery are ongoing, and Amazon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Amazon incorporates by reference the foregoing objections and responses, and further responds as follows:

Amazon may also rely on the OnCore Systems operating system and Apple's Mac OS X operating system as prior art.  Donn Rochette testified about these operating systems during his deposition on September 10, 2024.  Witness testimony is needed at least to explain how these operating systems worked and to establish their public availability and prior art status.

Amazon may also rely on Virtuozzo as prior art.  SWSoft, which developed Virtuozzo, was headquartered in South San Francisco.  ("About SWSoft: Contact," available at https://web.ar-chive.org/web/20021010054051/http://www.sw-soft.com/en/contact/.)      Vladislav Bolkhovitin worked for SWSoft between 2000 and 2001.  He was part of the team that delivered Virtuozzo and is based in NDCA.  (https://www.linkedin.com/in/vbolkhovitin/).  Witness testimony is needed at least to explain how Virtuozzo worked and establish the timing and nature of its public availability.

## INTERROGATORY NO. 5:

Explain the complete methodology used by each of Your non-attorney declarants to form the basis of their declarations supporting Your Motion to Transfer, including but not limited to the scope of any searching or investigation performed, documents and things reviewed to form the basis of their statements, assumptions made, and limits of investigation.

## RESPONSE TO INTERROGATORY NO. 5:

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other ap-plicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as vague, ambiguous, overbroad, and unduly burden-some with respect to the phrases "complete methodology," "form the basis," and "including but

not limited to."  Amazon objects to this interrogatory to the extent it is duplicative of any deposition testimony VirtaMove may seek.

Amazon objects to this interrogatory as compound and impermissibly composed of multiple subparts.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

Subject to the foregoing general and specific objections, Amazon responds as follows:

Amazon incorporates by reference the declarations of Phil Estes (Dkt. 33), Mats Lannér (Dkt. 34), and Ramu Panayappan (Dkt. 35).

Mr. Estes' declaration is based on his personal experience as "a contributor and maintainer of open-source container technologies that Docker originally developed" and his work experience as "Principal Engineer" responsible for "developing and maintaining the container technologies used by AWS, including the Elastic Container Service."  (Dkt. 33 at ¶¶ 1-4.)

Mr. Lannér's declaration is based on "personal knowledge except where otherwise noted." (Dkt. 34 at ¶ 1.)  His personal knowledge comes from his work at AWS "since 2014," including his former role as "Director of Software Development for AWS Fargate" and his current role as "Director of Software Development for Amazon's Elastic Container Service."  (*Id.* at ¶¶ 1-2.) Apart from his personal knowledge, he relied on colleagues responsible for Amazon's internal documentation systems (the internal wiki and WorkDocs) to determine the locations where those systems are hosted.  (*Id.* at ¶ 9.)  He also relied on colleagues at AWS to determine the locations of the marketing and finance personnel responsible for ECS.  (*Id.* at ¶ 11.)  His understanding of GitHub's headquarters location was based on an exhibit (Dkt. 32-61) filed with the Court.  His understanding of the Quip headquarters location was based on Quip's public web site.

Mr. Panayappan's declaration is based on his "personal knowledge except where otherwise specified." (Dkt. 35 at ¶ 1.)  His personal knowledge comes from his work as a "Director of Engineering" at AWS and from having "overseen the EMP team since 2021." (*Id.* at ¶¶ 1-2.)  Apart from his personal knowledge, he relied on colleagues responsible for Amazon's internal documentation and source code systems to determine the locations where those systems are hosted. (*Id.* at ¶¶ 8-9.)  His understanding of the Quip headquarters location was based on Quip's public web site.

Investigation and discovery are ongoing, and Amazon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.

## INTERROGATORY NO. 6:

For all documents and evidence identified in the case filings so far, identify the locations of every non-attorney who authored, contributed to, revised, or is a custodian of the documents and evidence.

## RESPONSE TO INTERROGATORY NO. 6:

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case, particularly with respect to the phrase "all documents and evidence identified in the case filings so far."  The request is disproportionate to any purported need.

Amazon objects to this interrogatory as compound and impermissibly composed of multiple subparts.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

Subject to the foregoing general and specific objections, Amazon responds as follows:

Amazon is willing to meet and confer with VirtaMove about responding in part to this interrogatory with regard to specific documents that VirtaMove contends are relevant, provided that the effort required to address such documents is proportional to the disputed venue issues in this case.

## INTERROGATORY NO. 7:

Identify all Your servers that run ECS or EMP and their locations and provide the methodology used for such identification.

## RESPONSE TO INTERROGATORY NO. 7:

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as compound and impermissibly composed of multiple subparts.

Amazon objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case.  VirtaMove has no legitimate need for the requested information concerning "all" servers running ECS or EMP.  The requested information is not relevant to any disputed venue issue.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Subject to the foregoing general and specific objections, Amazon responds as follows:

Amazon incorporates by reference the declarations of Mats Lannér (Dkt. 34) and Ramu Panayappan (Dkt. 35), which address locations where ECS and EMP are hosted.

Additional information about the locations of ECS and EMP hosting is available at:

https://docs.aws.amazon.com/AmazonECS/latest/developerguide/AWS_Fargate-Regions.html

https://docs.aws.amazon.com/pdfs/AmazonECS/latest/developerguide/ecs-dg.pdf (pp. 159-163)

and https://aws.amazon.com/emp-windows-server/faqs/.

Investigation and discovery are ongoing, and Amazon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.

**INTERROGATORY NO. 8:**

Identify the individual(s) at Annupruna Labs in Israel most knowledgeable about 1) the physical design and operation of the Graviton 2 processor, 2) software or source-code related to the Graviton 2 processor, 3) research and development costs for the Graviton 2 processor, and 4) the pricing, marketing, and financial statements of the Graviton 2 processor.

**RESPONSE TO INTERROGATORY NO. 8:**

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as irrelevant and not proportional to the venue issues in this case.  The Graviton 2 processor has no bearing on this case.  Also, the identities of any witnesses in Israel would be relevant only to the extent they are willing to appear for trial in this case.  But the interrogatory is not limited to willing witnesses, so it would be overbroad even if Graviton processors were relevant.

Amazon objects to this interrogatory as compound and impermissibly composed of multiple subparts.

Amazon further objects to this interrogatory to the extent that it seeks discovery for which Amazon owes a third party a duty of confidentiality.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Subject to the foregoing general and specific objections, Amazon responds as follows:

The following personnel in Israel are knowledgeable about technical aspects of the Graviton 2 processor: Adi Habusha (chip architecture), Yair Armoza (silicon physical design), Udi Ashkenazi (software), Yotam Admon (hardware system engineering).  Marketing and finance personnel are based in Santa Clara, Cupertino, and Seattle.

Investigation and discovery are ongoing, and Amazon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.

**INTERROGATORY NO. 9:**

Describe the corporate relationship between Amazon.com, Inc.; Amazon.com Services LLC; and Amazon Web Services, Inc. as relating to the Accused Products, including 1) their corporate organization and relationships, 2) how these entities decide to use, instruct each other to use, or cooperate to use the Accused Products, and 3) how these entities pay each other, collect

compensation from each other, and/or share revenue related to the Accused Products.

**RESPONSE TO INTERROGATORY NO. 9:**

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as irrelevant to any disputed venue issue and premature to the extent that it seeks non-venue discovery.

Amazon objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, not proportional to the venue-discovery needs of the case, including as to the phrase "corporate relationship between Amazon.com, Inc.; Amazon.com Services LLC; and Amazon Web Services, Inc. as relating to the Accused Products" and as to the phrase "decide to use, instruct each other to use, or cooperate to use the Accused Products."  Amazon also objects to the extent that the interrogatory assumes incorrect facts about the Defendants' relationships.

Amazon objects to this interrogatory as compound and impermissibly composed of multiple subparts.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Subject to the foregoing general and specific objections, Amazon responds as follows:

Amazon Web Services Inc. ("AWS") is a wholly owned subsidiary of AWSHC, Inc., which is a wholly owned subsidiary of Amazon.com, Inc.  Amazon.com Services LLC is a wholly owned subsidiary of Amazon.com Sales, Inc., which is a wholly owned subsidiary of Amazon.com, Inc.

ECS and EMP are offered by AWS.  The contribution of AWS to the finances of Amazon.com, Inc. is reflected in the SEC filings available at https://ir.aboutamazon.com/sec-filings/default.aspx.

Investigation and discovery are ongoing, and Amazon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.

**INTERROGATORY NO. 10:**

Identify the four ECS engineers in Austin reference in Lanner Declaration ¶ 9 and the finance individual in Dallas in Lanner Declaration ¶ 10, and the full scope of their work as related to the Accused Products.

**RESPONSE TO INTERROGATORY NO. 10:**

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as duplicative of Plaintiff's Request for Production No. 13.

Amazon objects to this interrogatory as vague and ambiguous.  There are no "four ECS engineers in Austin reference in Lanner Declaration ¶ 9."  Amazon will interpret the interrogatory with reference to Lanner Declaration ¶ 7, rather than ¶ 9.  There is no "finance individual in Dallas in Lanner Declaration ¶ 10."  Amazon will interpret the interrogatory with reference to the Dallas team member mentioned in Lanner Declaration ¶ 11, rather than ¶ 10.

Amazon further objects to this interrogatory as overbroad, unduly burdensome, not proportional to the venue discovery needs of this case because the phrase "full scope of their work as related to the Accused Products" appears to seek information irrelevant to the functionality identified in Plaintiff's infringement contentions.

Amazon objects to this interrogatory to the extent it seeks sensitive personal or private information of its employees.  Such information is unnecessary and irrelevant.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Subject to the foregoing general and specific objections, Amazon responds as follows:

The four ECS engineers who were in Austin at the time of Amazon's Motion to Dismiss or Transfer are:

1. Prathik Peddi (since relocated to Seattle)

2. Deepthi Reddy (since relocated to Seattle)

3. Alekhya Kumbam

4. Amul Cherukuri

Mr. Peddi was responsible for working on ECS Capacity Providers and the ECS FrontEnd service in new AWS regions.  The other three engineers were responsible for building a volume storage service to attach Elastic Block Store (EBS) volumes to ECS tasks.

Hyun Hwang, who is based in Dallas, is responsible for capacity and infrastructure costs related to Fargate.

Investigation and discovery are ongoing, and Amazon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Amazon incorporates by reference the foregoing objections and responses, and further responds as follows:

Gregory Davis, a Software Development Manager at AWS, supervised one of the ECS engineers who was in Austin—Prathik Peddi.  Mr. Davis is based in Texas.

Mykhailo Delegan, another manager at AWS, supervised the other three ECS engineers who were in Austin—Reddy, Kumbam, and Cherukuri.  Mr. Delegan is based in Vancouver, Canada.

**INTERROGATORY NO. 11:**

Identify the subset of evidence you will present at trial (e.g., your exhibit list) and its relevance.

**RESPONSE TO INTERROGATORY NO. 11:**

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this interrogatory to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as premature.  The deadline for Amazon to provide its trial exhibit list has not been set and, when set, is likely to be far in the future.  Amazon's exhibit list will depend on discovery that Amazon has not yet obtained.  Indeed, general fact discovery has not even opened in this case.  The trial presentation will also depend on the theories that Plaintiff pursues and the issues remaining in the case at the time of trial.

Amazon objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the issues for which the limited venue discovery is granted.  This interrogatory bears no rational relationship to any disputed venue issue.

Amazon objects to this interrogatory as compound and impermissibly composed of multiple subparts.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Amazon notes that this Interrogatory has been withdrawn.

**INTERROGATORY NO. 12:**

Explain the facts and circumstances that caused none of the former EMP team based in England to not remain at AWS after 2023.

**RESPONSE TO INTERROGATORY NO. 12:**

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this request to the extent that it seeks discovery protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this interrogatory as duplicative of Plaintiff's Request for Production No. 14.

Amazon objects to this interrogatory as nonsensical because of the double negative in the phrase "caused none … to not remain."

Amazon objects to this interrogatory as irrelevant and not proportional to the only issues for which limited venue discovery is authorized.  The former employees based in England are

outside of Amazon's control and outside the subpoena power of the Court, regardless of the reasons for their departures.

Amazon objects to this request to the extent it seeks sensitive personal or private information of its former employees.  Such information is unnecessary and irrelevant.

Amazon objects to this request to the extent that it seeks discovery for which Amazon owes a third party a duty of confidentiality.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

Amazon notes that this Interrogatory has been withdrawn.

September 13, 2024

*Of Counsel:*

Harper Estes
Texas Bar No.  00000083
hestes@lcalawfirm.com
LYNCH, CHAPPELL & ALSUP
A Professional Corporation
Suite 700
300 N. Marienfeld
Midland, Texas 79701
Telephone: 432-683-3351
Telecopier: 432-683-2587

Respectfully submitted,

By:  */s/ Jeremy A. Anapol*

Joseph R. Re *(Pro Hac Vice)*
Jeremy A. Anapol *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile:  949-760-9502
joe.re@knobbe.com
jeremy.anapol@knobbe.com

Colin B. Heidman *(Pro Hac Vice)*
Christie R.W. Matthaei *(Pro Hac Vice)*
Logan P. Young *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
925 4th Ave, Ste 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile:  206-405-2001
colin.heideman@knobbe.com
christie.matthaei@knobbe.com
logan.young@knobbe.com

*Counsel for Defendants*
*Amazon.com, Inc., Amazon.com Services, LLC*
*and Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 13, 2024, a true and correct copy of the foregoing was served via email on the following counsel of record:

Amy Hayden
Christian W. Conkle
Jonathan Ma
Marc A. Fenster
Neil A. Rubin
Daniel B Kolko
Jacob R. Buczko
James Milkey
James S. Tsuei
Qi (Peter) Tong
Reza Mirzaie

RUSS AUGUST & KABAT
12424 Wilshire Blvd. Floor 12
Los Angeles, CA 90025
Tel: 310-826-7474
Fax: 310-826-6991

ahayden@raklaw.com
cconkle@raklaw.com
jma@raklaw.com
mafenster@raklaw.com
nrubin@raklaw.com
dkolko@raklaw.com
jbuczko@raklaw.com
jmilkey@raklaw.com
jtsuei@raklaw.com
ptong@raklaw.com
rmirzaie@raklaw.com

Louis Martinez