# Exhibit 20

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP,<br><br>   Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC.,<br>AMAZON.COM SERVICES LLC, and<br>AMAZON WEB SERVICES, INC.,<br><br>   Defendants. | Civil Action No. 7:24-cv-30-ADA-DTG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS TO**
**PLAINTIFF'S 30(b)(6) TOPICS FOR DEPOSITION (NOS. 1-9)**

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively "Defendants" or "Amazon"), hereby object to Plaintiff VirtaMove Corp.'s ("VirtaMove" or "Plaintiff") Notice of Rule 30(b)(6) Deposition of Amazon Defendants (Nos. 1-9) ("Notice"), on the following grounds:

## GENERAL STATEMENT AND OBJECTIONS

Amazon asserts each of the following General Objections to the Notice and each of the instructions, definitions, and 30(b)(6) topics ("Topics") therein, which apply to each deposition topic. In addition to these General Objections, Amazon states specific objections to the instructions, definitions, and Topics where appropriate, including objections that are not generally applicable to all instructions, definitions, and Topics. By setting forth such specific objections, Amazon does not intend to limit or restrict these General Objections.

1.  Amazon objects generally to Plaintiff's definitions to the extent they exceed, fail to comply with, impose obligations in excess of, or in any way are inconsistent with the Federal Rules of Civil Procedure, the Local Rules of this Court, any other authority governing this matter, or any agreement between the parties.

2.  Amazon objects to all definitions and Topics to the extent they are not relevant to the only issues for which limited venue discovery is authorized, i.e., whether the Western District of Texas is the wrong venue for this case and whether the Northern District of California is a more convenient venue for the specific claims asserted in this patent case than the Western District of Texas. To the extent that Amazon designates a 30(b)(6) witness for each Topic, Amazon does not concede that the Topic is relevant or proportional to the needs of the case.

3.      Amazon objects to each Topic to the extent that it is overly broad and unduly burdensome, unlimited in time, and would require an unreasonably detailed and unreasonably extensive search and review of Amazon's information and files.

4.      Amazon objects to each Topic to the extent that it seeks testimony regarding ongoing research and development activities of Amazon or products or proposed products that have not yet been released.  Such research and development, and unreleased products are not relevant to any disputed issue for which limited venue discovery is authorized.

5.      Amazon objects to each Topic to the extent that it seeks a legal conclusion or an opinion about facts.

6.      Amazon objects to each Topic to the extent it seeks speculation, including testimony to speculate on anticipated, projected, or estimated occurrences, or any other topic of speculative nature.

7.      Amazon objects to the definition of the terms "relate," "relates to," "related to," or "relating to" as ambiguous and vague, and to the extent they require that Amazon draw a legal conclusion or otherwise form an opinion about facts.

8.      Amazon objects to the definition of the terms "You," "Your," and "Amazon Entities" because it seeks to broaden the scope of Topics beyond the parties in this lawsuit.  Amazon further objects to the definition of these terms to the extent it includes Amazon's attorneys and seeks privileged and attorney-work product information.  Amazon will interpret these terms as referring only to the named defendants in this litigation.

9.      Only the express and overt meaning of these responses is intended.  No response should be construed to contain implied statements, representations, or admissions of any kind.  The fact that Amazon has responded or objected to a Topic should not be understood as an admission

that Amazon accepts or admits the existence of any alleged "fact" set forth in or assumed by the request.

10.     Amazon's responses are made without, in any way, waiving or intending to waive, but, on the contrary, intending to preserve and preserving:

a.     The right to raise all objections as to competence, authenticity, relevance, materiality, privilege and admissibility with regard to any document or thing relied on;

b.     The right to object to the use of any document or thing for any purpose, including without limitation use in any subsequent proceeding in, or the trial of, this or any other action;

c.     The right to assert or raise, in this action or in any other context, the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, the protections afforded by Fed. R. Civ. P. 26(b)(2)(B), (3)(A), (4)(B) and (D), and/or any other applicable privilege, rule, doctrine, protection, right, or immunity; and

d.     The right to object on any ground at any time to requests or other discovery.

Without waiving the specific objections set forth below, and subject to the limitations and General Objections set forth above, Amazon provides the following objections to the Topics:

**ECS TOPICS (NOS. 1-5)**

**TOPIC NO. 1:**

The organizational and corporate structure of all departments, teams, or groups responsible for the development, engineering, and sales/licensing of ECS.

**OBJECTIONS TO TOPIC NO. 1:**

Amazon incorporates by reference its General Statement and Objections. Amazon objects to this Topic as to "all departments, teams, or groups responsible for the development, engineering,

and sales/licensing of ECS."  Given the large number of employees that work on the development, engineering, and sales/licensing of ECS, this Topic is overbroad, unduly burdensome, and not proportional to the issues for which limited venue discovery is authorized.  Amazon also objects to this Topic as irrelevant at least to the extent it concerns aspects of ECS that are not accused of infringement here.  Any testimony provided by Amazon in response to this Topic may be at a general level.

**TOPIC NO. 2:**

The extent to which Defendants sell or license ECS to customers in the Western District of Texas and how such sales or licenses happen.

**OBJECTIONS TO TOPIC NO. 2:**

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this Topic as irrelevant and disproportionate to any disputed venue issue for which limited discovery is authorized.  Amazon also objects to this Topic as unduly burdensome to the extent it seeks information about individual sales/licenses or specific subsets of sales/licenses.

**TOPIC NO. 3:**

The categories of, custodians of, and relevance of Your ECS-related evidence, both technical and financial, identified in Your Motion to Dismiss or Transfer.

**OBJECTIONS TO TOPIC NO. 3:**

Amazon incorporates by reference its General Statement and Objections. Amazon objects to this Topic as unduly burdensome and not proportional to the issues for which limited venue discovery is authorized to the extent it calls for testimony regarding all "categories of, custodians of, and relevance of Your ECS-related evidence."

Amazon objects to this Topic as calling for a legal opinion as to the "relevance of Your ECS-related evidence." Amazon also objects to this Topic as vague.

Amazon objects to this Topic to the extent that it seeks testimony protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

**TOPIC NO. 4:**

The identities of witnesses that Defendants are most likely to call at trial regarding ECS-related topics or designate as 30(b)(6) witnesses for technical, sales, and finance topics, and the location of these witnesses.

**OBJECTIONS TO TOPIC NO. 4:**

Amazon incorporates by reference its General Statements and Objections. Amazon objects to this Topic as premature and calling for a legal opinion as to the "identities of witnesses that Defendants are most likely to call at trial regarding ECS-related topics." Amazon's decisions about which witnesses to call will be informed by future developments in this case, including claim construction, discovery, and VirtaMove's decisions about what claims to pursue. Nevertheless, Amazon has already provided available information pertaining to this Topic in its interrogatory responses and in its Motion to Dismiss or Transfer (Dkt. 31).

Amazon objects to this Topic as unduly burdensome and a misuse of Rule 30(b)(6) to the extent it purports to require a designee to testify about legal decisions relating to witness selection or trial preparation.

Amazon objects to this Topic to the extent that it seeks testimony protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any

right of privacy, and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this Topic for seeking information irrelevant to venue and beyond the limited scope for which venue discovery is authorized as to "identities of witnesses that Defendants are most likely to … designate as 30(b)(6) witnesses." Amazon also objects to this Topic as premature and calling for speculation to the extent it relates to designation of witnesses in response to future 30(b)(6) notices that have not yet been served.

**TOPIC NO. 5:**

The extent to which Defendants use "container software developed by Docker, Inc." including the extent to which the Defendants customize or modify Docker's software for use in ECS and the identities of witnesses who are most knowledgeable about Defendants' implementation of Docker.

**OBJECTIONS TO TOPIC NO. 5:**

Amazon incorporates by reference its General Statement and Objections. Amazon objects to this Topic as irrelevant and disproportionate to the venue issues in this case to the extent it is not limited to ECS.

**EMP TOPICS (NOS. 6-9)**

**TOPIC NO. 6:**

The organizational and corporate structure of all departments, teams, or groups responsible for the development, engineering, and sales/licensing of EMP.

**OBJECTIONS TO TOPIC NO. 6:**

Amazon incorporates by reference its General Statement and Objections. Amazon objects to this Topic as overbroad, unduly burdensome, and not proportional to the issues for which limited

venue discovery is authorized.  Amazon also objects to this Topic as irrelevant at least to the extent it concerns aspects of EMP that are not accused of infringement here.  Any testimony provided by Amazon in response to this Topic may be at a general level.

**TOPIC NO. 7:**

The extent to which Defendants sell or license EMP to customers in the Western District of Teas and how much sales or licenses happen.

**OBJECTIONS TO TOPIC NO. 7:**

Amazon incorporates by reference its General Statement and Objections.  Amazon objects to this Topic as irrelevant and disproportionate to any disputed venue issue for which limited discovery is authorized.  Amazon also objects to this Topic as unduly burdensome to the extent it seeks information about individual sales/licenses or specific subsets of sales/licenses.

**TOPIC NO. 8:**

The categories of, custodians of, and relevance of Your EMP-related evidence, both technical and financial, identified in Your Motion to Dismiss or Transfer.

**OBJECTIONS TO TOPIC NO. 8:**

Amazon incorporates by reference its General Statement and Objections. Amazon objects to this Topic as unduly burdensome and not proportional to the issues for which limited venue discovery is authorized to the extent it calls for testimony regarding all "categories of, custodians of, and relevance of Your EMP-related evidence."

Amazon objects to this Topic as calling for a legal opinion as to the "relevance of Your EMP-related evidence."  Amazon also objects to this Topic as vague.

Amazon objects to this Topic to the extent that it seeks testimony protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any

right of privacy, and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

**TOPIC NO. 9:**

The identities of witnesses that Defendants are most likely to call at trial regarding EMP-related topics or designate as 30(b)(6) witnesses for technical, sales, and finance topics, and the location of these witnesses.

**OBJECTIONS TO TOPIC NO. 9:**

Amazon incorporates by reference its General Statements and Objections.  Amazon objects to this Topic as premature and calling for a legal opinion as to the "identities of witnesses that Defendants are most likely to call at trial regarding EMP-related topics."  Amazon's decisions about which witnesses to call will be informed by future developments in this case, including claim construction, discovery, and VirtaMove's decisions about what claims to pursue.  Nevertheless, Amazon has already provided available information pertaining to this Topic in its interrogatory responses and in its Motion to Dismiss or Transfer (Dkt. 31).

Amazon objects to this Topic as unduly burdensome and a misuse of Rule 30(b)(6) to the extent it purports to require a designee to testify about legal decisions relating to witness selection or trial preparation.

Amazon objects to this Topic to the extent that it seeks testimony protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, any right of privacy, and/or any other applicable privilege, rule, doctrine, protection, right, or immunity.

Amazon objects to this Topic for seeking information irrelevant to venue and beyond the limited scope for which venue discovery is authorized as to "identities of witnesses that Defendants

are most likely to … designate as 30(b)(6) witnesses." Amazon also objects to this Topic as premature and calling for speculation to the extent it relates to designation of witnesses in response to future 30(b)(6) notices that have not yet been served.

September 4, 2024

By: */s/ Jeremy A. Anapol*

*Of Counsel:*

Harper Estes
Texas Bar No.  00000083
hestes@lcalawfirm.com
LYNCH, CHAPPELL & ALSUP
A Professional Corporation
Suite 700
300 N. Marienfeld,
Midland, Texas 79701
Telephone: 432-683-3351
Telecopier: 432-683-2587

Joseph R. Re *(Pro Hac Vice)*
Jeremy A. Anapol *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile:  949-760-9502
joe.re@knobbe.com
jeremy.anapol@knobbe.com

Colin B. Heidman *(Pro Hac Vice)*
Christie R.W. Matthaei *(Pro Hac Vice)*
Logan P. Young *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
925 4th Ave, Ste 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile:  206-405-2001
colin.heideman@knobbe.com
christie.matthaei@knobbe.com
logan.young@knobbe.com

*Counsel for Defendants
Amazon.com, Inc.,
Amazon.com Services, LLC
and Amazon Web Services, Inc.*

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that, on September 4, 2024, a true and correct copy of the foregoing was served

via email on the following counsel of record:

Amy Hayden
Christian W. Conkle
Jonathan Ma
Marc A. Fenster
Neil A. Rubin
Daniel B Kolko
Jacob R. Buczko
James Milkey
James S. Tsuei
Qi (Peter) Tong
Reza Mirzaie

RUSS AUGUST & KABAT
12424 Wilshire Blvd. Floor 12
Los Angeles, CA 90025
Tel: 310-826-7474
Fax: 310-826-6991

ahayden@raklaw.com
cconkle@raklaw.com
jma@raklaw.com
mafenster@raklaw.com
nrubin@raklaw.com
dkolko@raklaw.com
jbuczko@raklaw.com
jmilkey@raklaw.com
jtsuei@raklaw.com
ptong@raklaw.com
rmirzaie@raklaw.com

Louis Martinez