IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **VIRTAMOVE, CORP.**<br>*Plaintiff,*<br><br>v.<br><br>**AMAZON.COM, INC.,**<br>**AMAZON.COM SERVICES LLC, AND**<br>**AMAZON WEB SERVICES, INC.**<br>*Defendants.* | CASE NO. 7:24-CV-00030-DC-DTG |

## ORDER ON VENUE DISCOVERY DISPUTE

Before the Court is the Parties' discovery dispute submitted to the Court on September 25, 2024. A copy of the submitted dispute chart is attached to this Order. Having reviewed the dispute, the Court **ORDERS** as follows:

Plaintiff VirtaMove, Corp. shall make Paul O'Leary, Dean Huffman, and Mark Woodward available for remote depositions limited to the subjects contained in their declarations and not to exceed thirty (30) minutes if, and only if, Plaintiff intends to rely on their declarations to oppose Defendants' Motion to Transfer Venue. For clarity, Plaintiff is only required to make available whomever of Paul O'Leary, Dean Huffman, and Mark Woodward it intends to rely on.

If during the remote depositions a dispute arises over the scope of questioning, the Parties shall contact chambers for a ruling on the propriety of the questions.

**SIGNED** this 1st day of October, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT**

| ISSUE | DEFENDANTS' POSITION | PLAINTIFF'S POSITION |
|---|---|---|
| May Amazon take remote, one-hour depositions to cross-examine three witnesses based in Canada whose testimony VirtaMove disclosed on the last day of venue discovery? | VirtaMove waited until the last day of venue discovery to produce three declarations opposing transfer. (Exs. A-C (declarations); Ex. D (production).) VirtaMove also waited until the last day to disclose the declarants' purported relevance in an interrogatory response. (Ex. E at 9-10.) Because discovery has closed, VirtaMove's late disclosure threatens to foreclose cross-examination. But cross-examination is critical here because the declarations are implausible, incomplete, and biased by undisclosed payments.<br><br>**Background**<br>The declarants are two named inventors and a former executive who all worked for a predecessor of VirtaMove and now work elsewhere. VirtaMove agreed to pay each declarant for his help here. (Ex. F.) Each declaration is phrased in nearly identical terms and appears to have been written by VirtaMove's counsel. (Exs. A-C.) Importantly, no declarant discloses his expectation of payment from VirtaMove or the amount thereof. (*Id.*)<br><br>The declarants claim to be willing to travel from Canada to Midland for trial, but unwilling to travel to California ("NDCA"). Each | Amazon has no legitimate reason to seek hour-long depositions of each third-party venue declarant who merely provides a routine venue declaration that does little more than identify their name, location, and distance from Texas after the close of venue discovery.<br><br>**Law: Only The Rigid 100-Mile Rule Is Relevant**<br>"It is the movant's burden—and the movant's alone—to adduce evidence and arguments" for transfer. *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (internal quotation mark omitted).<br>Under controlling Fifth Circuit law, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of Am., Inc.*, 545 F.3d at 317. The Fifth Circuit no longer permits other analysis which "ignores our 100-mile test." *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023).<br><br>**Argument: Four Reasons to Deny Amazon's Request**<br>First, venue discovery is closed. Under *Clarke*, Amazon had the sole burden |

1

| | |
|---|---|
| declarant bases his unwillingness as to NDCA on the supposedly greater travel time and expenses. (*E.g.*, Ex. A ¶ 11.) However, the declarations omit that *VirtaMove agreed to pay* for the declarants' time and travel expenses. (Ex. F.) <br><br> Because VirtaMove will pay travel expenses, the declarants' reliance on such expenses appears pretextual. Further, each declarant based his travel-time assessment on a fiction supplied by VirtaMove when it wrote the declarations—namely, that one can fly directly from Ottawa suburbs (e.g., Kanata) to Midland. (*E.g.*, Ex. A at ¶ 10.) No such flights exist. In truth, the declarants would need to fly to a major airport like Dallas and drive hundreds of miles to Midland. Cross-examination would reveal whether the declarants' supposed unwillingness to testify in NDCA was genuine or was elicited by VirtaMove's payments, pretext, and fiction. <br><br> **Argument** <br> This Court has recognized the value of venue discovery in cases where declarations "raise more questions than they answer." *Parus Holdings Inc. v. Google LLC*, No. W-19-CV-00432-ADA, 2020 U.S. Dist. LEXIS 267235, at *13-14 (W.D. Tex. Feb. 27, 2020). The Court has | of presenting evidence of whether third-party witnesses are willing to testify with its opening motion. VirtaMove identified O'Leary, Huffman, and Woodward in its July 17, 2024 Venue Interrogatory Responses early in venue discovery. Amazon had nearly two months to depose them during venue discovery, but Amazon failed to do so by the end of venue discovery on September 13, 2024. <br><br> Second, the discovery Amazon seeks is legally irrelevant under the rigid 100-mile rule. Travel reimbursement and the lack of direct flights are not in dispute because these factors are not part of the 100-mile rule analysis. VirtaMove already produced VirtaMove's 30(b)(6) deposition testimony about travel reimbursement and direct flights. Amazon is free to argue about the impact of direct flights and reimbursement on credibility in its Reply, but surely Amazon is not going to cross-examine a third-party witness for a whole hour about the lack of direct flights, undisputed reimbursement, and the witness's personal choice not to fly across the continent to California. These concerns are pretexts. <br><br> Third, there is nothing deposition-worthy in the simple declarations. The witnesses declare that they reside in cities near the east |

2

| | |
|---|---|
| cautioned against declarations "untested by cross-examination" because they "generally emphasize favorable facts and minimize or omit unfavorable facts." *Id.* Cross-examination serves a crucial role in venue discovery because it is "'beyond any doubt the greatest legal engine ever invented for the discovery of truth[.]'" *Delta Elecs., Inc. v. Vicor Corp.*, No. WA-23-CV-00726-KC, 2024 U.S. Dist. LEXIS 49036, at *18 (W.D. Tex. Mar. 20, 2024).<br><br>The Court should not let VirtaMove exploit its late disclosure to evade cross-examination. Although VirtaMove has argued that Amazon might use the depositions to seek non-venue discovery, this is incorrect. Amazon agreed to limit the depositions to cross-examination on the venue declarations only. (Ex. F.) Also, the depositions would not delay this case because four weeks remain until Amazon's venue-transfer reply deadline. (Dkt. 59 at 2.) Cross-examination is warranted here to reveal whether VirtaMove paid relevant witnesses to make themselves unavailable for trial in NDCA based on pretext that VirtaMove supplied. | coast, which is closer to Texas and less expensive than San Francisco according to reference sources, so the witnesses find travel to Texas more convenient than cross-continental travel to California. This is consistent with the 100-mile rule. These declarations are so plain that they are routinely just filed with the opposition briefing, without deposition.<br><br>Finally, VirtaMove believes that Amazon is seeking hour-long venue depositions to improperly obtain early fact discovery. Amazon persisted with obtaining fact discovery during venue deposition of third-party witness Don Rochette, ignoring the repeated objections of VirtaMove's counsel. Amazon's direct examination of Mr. Rochette lasted about two hours, where Amazon improperly delved into fact discovery, prior art, and infringement theories. The Court should not permit this again, especially now that venue discovery is closed.<br><br>**Relief Requested**<br>The Court ORDERS that Amazon's requested relief is denied, and Amazon need not make O'Leary, Huffman, or Woodward available for a venue |

3

|  | **Relief Requested**<br><br>The Court ORDERS VirtaMove to make Paul O'Leary, Dean Huffman, and Mark Woodward available for remote depositions, not to exceed one hour each, by October 17, 2024. | deposition after the close of venue discovery. |
|---|---|---|

4