**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

VIRTAMOVE, CORP,

        Plaintiff,

     v.

AMAZON.COM, INC.,
AMAZON.COM SERVICES LLC, and
AMAZON WEB SERVICES, INC.,

        Defendants.

Civil Action No. 7:24-cv-30-ADA-DTG

**<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER</u>**

# TABLE OF CONTENTS

I.   VirtaMove Misreads *In re Clarke* and *In re TikTok*-------------------------------------------- 1

   A.   *Clarke* Does Not Require a Final Trial Witness List for Transfer ------------------ 1

   B.   *Clarke* Did Not Change the Local Interest Factor --------------------------------------- 1

   C.   *TikTok* Did Not Impose a Newly "Rigid" 100-Mile Rule --------------------------- 1

II.   Transfer to NDCA Is Warranted Under § 1404----------------------------------------------- 2

   A.   Witness Convenience Favors Transfer ------------------------------------------------------- 2

   B.   Availability of Compulsory Process Favors Transfer-------------------------------------- 3

   C.   Access to Sources of Proof Favors Transfer --------------------------------------------- 4

   D.   Judicial Economy Favors Transfer to NDCA --------------------------------------------- 5

   E.   NDCA's Record in Patent Cases Favors Transfer-------------------------------------- 5

   F.   NDCA Has a Strong Local Interest in this Case------------------------------------------ 5

III.   Transfer to NDCA Is Warranted Under § 1406------------------------------------------------- 5

Midland is an exceptionally inconvenient forum for a Canadian plaintiff to litigate over software developed in Northern California.  The Court should transfer this case to NDCA.

## I. VIRTAMOVE MISREADS *IN RE CLARKE* AND *IN RE TIKTOK*.

### A. *Clarke* Does Not Require a Final Trial Witness List for Transfer.

*Clarke* instructs courts to consider whether a "gain in convenience" will "materialize in the transferee venue."   *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024).  VirtaMove seeks to replace this analysis of convenience "in the transferee venue" with a demand for evidence that will necessarily be presented "at trial."  (Opp'n at 1.)  *Clarke* imposed no such requirement.  To the contrary, *Clarke* held that the district court erred by failing to consider evidence of pre-trial convenience gains.  *Id.* at 513-14 (error to disregard witnesses for standing and evidentiary hearings).

The Fifth Circuit also considered pre-trial convenience long before *Clarke*.  *E.g.*, *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (depositions).  *Clarke* could not have overruled prior circuit precedent.  *Johnson v. Moral*, 843 F.2d 846, 846 (5th Cir. 1988) (en banc).

### B. *Clarke* Did Not Change the Local Interest Factor.

*Clarke* is consistent with prior Fifth Circuit decisions holding that local interests are decided based on the events giving rise to a suit.  *Clarke*, 94 F.4th at 511; *Volkswagen of Am.*, 545 F.3d at 318.  The Federal Circuit has consistently applied this standard—both before and after *Clarke*—to hold that the design and development of an accused product created a local interest in the transferee district.  *E.g.*, *In re Apple Inc.*, 979 F.3d 1332, 1345-46 (Fed. Cir. 2020) (before *Clarke*); *In re Haptic, Inc.*, No. 2024-121, 2024 WL 3159288, at *2 (Fed. Cir. June 25, 2024) (rejecting patentee's argument based on *Clarke* and finding local interest in NDCA).

### C. *TikTok* Did Not Impose a Newly "Rigid" 100-Mile Rule.

*In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023), did not reject the Federal Circuit's application of the 100-mile rule.  *TikTok* simply criticized the district court for ignoring significantly different travel distances between the transferee and transferor districts.  *Id.* at 361.

The Fifth Circuit, including in *TikTok*, has repeatedly explained that travel distance can be used as a proxy for inconvenience because "additional distance means additional travel time." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008); *TikTok*, 85 F.4th at 361.  But the Fifth Circuit has never prohibited consideration of actual travel time and methods.  To the contrary, *Tik Tok* expressly relied on the "additional travel time" involved in reaching WDTX versus NDCA. 85 F.4th at 362.  *Tik Tok* approvingly cited *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009), which considered the time required for airplane travel—not just distance.  *See Tik Tok*, 85 F.4th at 361 n. 8 (witnesses would have had to travel an additional "7 hours by plane to Texas").

## II.   TRANSFER TO NDCA IS WARRANTED UNDER § 1404.

### A.   Witness Convenience Favors Transfer.

Amazon showed that willing witnesses are overwhelmingly in NDCA.  (Dkt. 31 at 9-11.)

VirtaMove argues in response that its five current employees would allegedly find Midland more convenient than NDCA.  (Opp'n at 5-6.)  But VirtaMove's 30(b)(6) witness on convenience topics, who books travel for VirtaMove, does not even know where Midland is.  (Ex. 1 at 10:1-12:21, 60:15-18, 175:15-176:10.)  She admitted VirtaMove's employees have traveled extensively to NDCA but never to Midland.  (*Id.* at 25:17-29:6, 59:16-60:18, 63:2-22, 175:15-176:10.)

VirtaMove fails to explain how any of its five employees relate to the legal issues here. Their knowledge of VirtaMove's history and unspecified VirtaMove products (Opp'n at 5) is irrelevant because VirtaMove is not accused of infringement.  Even if VirtaMove had a reason to bring one of them to trial, it failed to show any need for all five.

VirtaMove next lists five Amazon employees who live far from Texas—Estes, Suleiman, Molina, Gosse, and Wang.  (Opp'n at 6.)  Only Estes may come to trial; the rest will not.  (Reply Decl. ¶¶ 14.)[1]  VirtaMove also argues that engineers in Israel would find Midland convenient.

---

[1] Molina, Gosse, and Wang would be duplicative of Ravi Mummidi—the Amazon employee most knowledgeable about EMP.  (Ex. 2 at 84:13-16.).  Mummidi is in NDCA.  (Dkt. 40 at ¶ 4.)

(Opp'n at 6.)  But they have no relevance here and will not be at trial either.  (Reply Decl. ¶¶ 15.)

VirtaMove also focuses on two junior engineers in Austin (Kumbam and Cherukuri) out of roughly 180 ECS engineers across the country.  (Opp'n at 6.)  These junior engineers never worked on the container technology at issue here.  (Dkt. 39 ¶¶ 6-8; Ex. 3 at 35:2-36:1.)  They will not come to trial.  (Reply Decl. ¶ 16.)  Instead, Mats Lannér is expected testify about ECS at trial.  (*Id.*)  He is Director of Software Development for ECS and works in Seattle.  (Dkt. 39 at ¶¶ 2–3.)

VirtaMove argues that unnamed ECS engineers in New York and New Jersey weigh against transfer.  (Opp'n at 7.)  But VirtaMove fails to show that any such engineers are willing to testify at trial.  (*Id.*)  VirtaMove also ignores that the vast majority of ECS engineers—including those responsible for the accused container technology—are in Seattle.  (Dkt. 39 at ¶ 6.)

As to marketing and finance employees (Opp'n at 8-9), the record shows that, if they are needed at trial, NDCA would be more convenient because most of them are in California or Seattle.  (Dkt. 39 ¶ 11; Ex. 3 at 25:2-9, 37:8-38:17, 39:21-40:20, 44:4-45:8.)

Finally, VirtaMove relies on one Prime Video employee in New York.  (Opp'n at 9.)  But VirtaMove ignores that two other Prime Video employees referenced in the same source document are in NDCA and Seattle.  (Dkt. 31 at 4.)  Regardless, all three Prime Video witnesses are irrelevant because VirtaMove's infringement contentions never mention Prime Video.  (Ex. 4.)

### B.     Availability of Compulsory Process Favors Transfer.

VirtaMove argues that five former VirtaMove/AppZero employees (O'Leary, Huffman, Colford, Woodward, and O'Connor) weigh against transfer because they are willing to travel to Midland but not NDCA.  (Opp'n at 9.)  VirtaMove no longer intends to call Colford.  (Ex. 9.)  The supposed unwillingness of the other former employees to travel to NDCA is a fiction procured by VirtaMove's attorneys, who are paying the witnesses for their time and travel costs, wrote their declarations, and resisted Amazon's efforts to cross-examine them.  (Ex. 5.)

After the Court ordered cross-examination, O'Leary confirmed he did not write his declaration and did not even know where Midland is when he declared it would be convenient.  (Ex. 6 at 14:18-18:7, 34:12-21.)  He has been to NDCA ten or fifteen times, but never to Midland.  (*Id.* at 12:6-14:17.)  And contrary to his declaration, he would not rule out coming to NDCA as a willing witness.  (*Id.* at 24:21-31:3.)  To avoid cross-examination of the remaining Canadian declarants, VirtaMove stipulated that O'Leary's testimony is representative.  (Ex. 7.)

VirtaMove's only non-Canadian declarant, O'Connor, has no ties to Texas and has never been to Midland.  (Ex. 8 at 10:17-19.)  He lives in Massachusetts and regularly travels to California.  (*Id.* at 6:22-7:2, 9:19-10:16.)  He worked in Northern California until 2019, owns a house there, and works there for part of every year.  (Dkt. 32-41 at 1; Ex. 8 at 7:14-9:12, 14:13-15:4.)

VirtaMove identifies two former employees in Texas (Opp'n at 9-10), but fails to show they have any relevant knowledge.  VirtaMove argues only that they "may" know about some "technology and product."  (*Id.*)  But VirtaMove's products are not accused of infringement here.

In contrast, Amazon has explained in detail why third-party witnesses in NDCA such as the Docker developers have relevant knowledge.  (Dkt. 31 at 11-12.)  VirtaMove's infringement contentions specifically accuse the Docker features they developed.  (*Id.*.)  Amazon uses unmodified Docker software for its accused products.  (Ex. 3 at 64:24-66:4.)

Similarly, many relevant prior-art witnesses are in NDCA.  (Dkt. 31 at 12-14.)  Even if only a few testify at trial, their collective presence in NDCA strongly favors transfer.

### C.    Access to Sources of Proof Favors Transfer.

Amazon showed evidence is overwhelmingly concentrated in NDCA.  (Dkt. 31 at 14-15.)

VirtaMove relies on two boxes of files in Ontario, Canada.  (Opp'n at 12.)  But VirtaMove does not even know what the files relate to aside from trademarks, patents not asserted here, and privileged files that will not be produced here.  (Ex. 1 at 177:13-183:2.)

VirtaMove has not shown that its source code (Opp'n at 12) is relevant at all.  And counsel's choice of where to make code available cannot be used to manipulate venue.  *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) ("convenience of counsel is not a factor").

### D.   Judicial Economy Favors Transfer to NDCA.

The co-pending Google case (Opp'n at 14) does not weigh against transfer because Google also seeks transfer to NDCA (Reply Decl. ¶ 11).  *See In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017).  Defendants in multiple VirtaMove cases have moved to transfer to NDCA (Reply Decl. ¶¶ 11-13), so that district is most convenient.  *Affinity Labs of Tex., LLC v. Blackberry Ltd.*, No. 6:13-CV-362, 2014 WL 10748106, at *1 (W.D. Tex. June 11, 2014).

### E.   NDCA's Record in Patent Cases Favors Transfer.

VirtaMove relies on statistics for all civil cases (Opp'n at 15) but ignores that the NDCA's time to trial for *patent* cases is faster than the national average (Dkt. 32-63 at 2).  In contrast, Amazon has been unable to find any record of a patent trial (timely or otherwise) in Midland.

### F.   NDCA Has a Strong Local Interest in this Case.

VirtaMove does not dispute that the accused products were developed in NDCA.  (Dkt. 31 at 17-18.)  VirtaMove's legal argument for disregarding this fact is meritless.  (*Supra*, I.B.)

## III.   TRANSFER TO NDCA IS WARRANTED UNDER § 1406.

The accused Fargate service undisputedly is not hosted in Texas. (Dkt. 39 ¶ 5.)  VirtaMove argues that WDTX is a proper venue for defendants Amazon.com, Inc. and Amazon.com Services LLC because VirtaMove's "infringement allegations are more broadly directed to ECS, not the Fargate-specific component."  (Opp'n at 16.)  But the only factual allegations VirtaMove pled against these two defendants expressly rely on Fargate.  (Dkt. 23 ¶ 26.)  Thus, VirtaMove's argument contradicts its pleading.  Because VirtaMove cannot show that the alleged infringement by these defendants occurred in WDTX, this district is not a proper venue for them.  (Dkt. 31 at 7.)

October 25, 2024

Respectfully submitted,

*Of Counsel:*

By: */s/ Jeremy A. Anapol*

Harper Estes
Texas Bar No.  00000083
hestes@lcalawfirm.com
LYNCH, CHAPPELL & ALSUP
A Professional Corporation
Suite 700
300 N. Marienfeld,
Midland, Texas 79701
Telephone: 432-683-3351
Telecopier: 432-683-2587

Joseph R. Re *(Pro Hac Vice)*
Jeremy A. Anapol *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile:  949-760-9502
joe.re@knobbe.com
jeremy.anapol@knobbe.com

Colin B. Heidman *(Pro Hac Vice)*
Christie R.W. Matthaei *(Pro Hac Vice)*
Logan P. Young *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
925 4th Ave, Ste 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile:  206-405-2001
colin.heideman@knobbe.com
christie.matthaei@knobbe.com
logan.young@knobbe.com

*Counsel for Defendants*
*Amazon.com, Inc.,*
*Amazon.com Services, LLC*
*and Amazon Web Services, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 25, 2024, all counsel of record who are deemed to have consented to electronic service were served with a copy of the foregoing via the Court's CM/ECF System.

*/s/ Jeremy A. Anapol*
Jeremy A. Anapol
