# EXHIBIT 8

Case 7:24-cv-00030-ADA-DTG   Document 73-8   Filed 10/25/24   Page 2 of 21

10/18/2024          VirtaMove Corp. v. Amazon.com, Inc., et al.          Gregory O'Connor

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

_____

VIRTAMOVE, CORP.,                    )

PLAINTIFF,                           )    CASE NO.

v.                                   )    7:24-CV-00030

AMAZON.COM, INC.; AMAZON.COM  )

SERVICES LLC; AND AMAZON WEB  )

SERVICES, INC.,                      )

DEFENDANTS.                          )

_____)


VIDEOTAPED DEPOSITION OF GREGORY O'CONNOR

TAKEN REMOTELY VIA ZOOM VIDEOCONFERENCE

FRIDAY, OCTOBER 18, 2024

1:28 P.M.


Reported By:

Randi J. Garcia, RPR

_____

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

Page 2

1    APPEARANCES OF COUNSEL

2    ON BEHALF OF THE PLAINTIFF:

3    RUSS AUGUST & KABAT

4    BY: PETER TONG, ESQUIRE

5    4925 GREENVILLE AVENUE, SUITE 200

6    DALLAS, TEXAS 75206

7    (310) 826-7474

8    ptong@raklaw.com

9

10   ON BEHALD OF THE DEFENDANTS:

11   KNOBBE, MARTENS, OLSON & BEAR LLP

12   BY: LOGAN P. YOUNG, ESQUIRE

13   925 4th Ave #2500

14   SEATTLE, WA 98104

15   (206) 405-2000

16   logan.young@knobbe.com

17

18   Also Present:

19   DeShawn White, Videographer and Exhibit Tech

20

21

22

Page 3

1                        I N D E X

2

3              WITNESS: GREGORY O'CONNOR

4

5        EXAMINATION                           PAGE

6

7   By Mr. Young: ...................................6

8

9

10                          * * *

11

12

13

14

15

16

17

18

19

20

21

22

Page 4

1                          INDEX TO EXHIBITS

2

3      EXHIBIT          DESCRIPTION                    PAGE

4

5   Exhibit  1014   DECLARATION OF GREG O'CONNOR      11

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Page 5

1              THE VIDEOGRAPHER:  This is video

2        number one of the video-recorded

3        deposition of Greg O'Connor, in the matter

4        of VirtaMove Corp versus Amazon.com, Inc,

5        et al in the United States District Court

6        for Western District of Texas

7        Midland/Odessa Division, case number

8        724CV00030.

9              This deposition is being held by Zoom

10        video remote conferencing, on October 18,

11        2024.

12              The time on the video screen is

13        1:28 p.m. Eastern Time.

14              My name is DeShawn White.  I'm the

15        legal videographer from Digital Evidence

16        Group.

17              The court reporter is Randi Garcia,

18        in association with Digital Evidence

19        Group.

20              Will counsel please introduce

21        themselves for the record, followed by the

22        court reporter administrating the oath.

```
                                              Page 6
 1              MR. YOUNG:  This is Logan Young of

 2         Knobbe Martens Olson & Bear on behalf of

 3         defendants.

 4              MR. TONG:  This is Peter Tong from

 5         Russ, August & Kabat on behalf VirtaMove

 6         Corporation and on behalf of Greg

 7         O'Connor.

 8     G R E G O R Y  O' C O N N O R, after having

 9     been first duly sworn, was examined and

10     testified as follows:

11                    EXAMINATION

12   BY MR. YOUNG:

13         Q.  All right.  Good afternoon,

14     Mr. O'Connor.  My name is Logan.  I will be

15     taking your deposition today.

16              Could you go ahead and state your

17     full name for the record.

18         A.  Sure.  Gregory O'Connor.

19         Q.  You said that you're currently in

20     Martha's Vineyard?

21         A.  I did.

22         Q.  And you live in Chilmark,
```

10/18/2024         VirtaMove Corp. v. Amazon.com, Inc., et al.         Gregory O'Connor

Page 7

1      Massachusetts; right?

2            A.   I do now, yes.

3            Q.   Okay.  So I'd like to just ask you a

4      little bit about your work history and your

5      background.  So right now you work for Blue

6      Yonder remotely?

7            A.   That is correct.

8            Q.   And prior to that, you worked in San

9      Francisco at a company called Verint.

10           A.   I worked for Verint.  It was not in

11     San Francisco.

12           Q.   And before Verint you worked at a

13     company called Workday in San Francisco?

14           A.   I worked at a company called Workday.

15     It was not in San Francisco.

16           Q.   Okay.

17           A.   Actually, it has an office in San

18     Francisco.

19           Q.   Okay.  So were you working remotely

20     while you were at Verint and Workday?

21           A.   I worked remotely at Verint, and I

22     worked in the office at Workday.

10/18/2024          VirtaMove Corp. v. Amazon.com, Inc., et al.          Gregory O'Connor

Page 8

```
 1          Q.   And so do you have a LinkedIn
 2     profile, Mr. O'Connor?
 3          A.   I do.
 4          Q.   On that LinkedIn profile, are you
 5     aware that it says you're currently a product
 6     leader at Blue Yonder in San Francisco,
 7     California?
 8          A.   I am aware of that.
 9          Q.   And it also says that when you worked
10     at Workday, that was also in the San Francisco
11     Bay area?
12          A.   Yes.
13          Q.   So why did you choose to put on your
14     LinkedIn profile that you have worked and now
15     work in San Francisco?
16          A.   Because most people don't know --
17     most people don't know where Pleasanton,
18     California is, so San Francisco is close to
19     there.  So I changed that when I went to
20     Workday, and I haven't changed it since.
21          Q.   Okay.  So why did you choose to put
22     on your LinkedIn profile that you worked in
```

Page 9

1      California, regardless of the city?

2              MR. TONG:  Objection.  Foundation.

3              A.   (no verbal response.)

4              Q.   So Mr. O'Connor, you just testified

5      that you put San Francisco because people would

6      not recognize the name of the actual city in

7      California where you worked.  Why did you

8      choose to put that you worked in California as

9      opposed to remotely or in Massachusetts where

10     you just stated that you work?

11             A.   I believe I just never changed it

12     from the Workday thing.

13             Q.   Okay.  Mr. O'Connor, when was the

14     last time that you traveled to Northern

15     California?

16             A.   Where -- where -- so describe

17     Northern California.

18             Q.   Well, strike that question.

19             When was the last time you traveled

20     to California?

21             A.   I traveled to California?

22             Q.   Yes.

Page 10

1          A.   Maybe either late November or early

2     December of '23.

3          Q.   Fair.  And how often do you travel to

4     California?

5          A.   I travel a lot, so I guess it depends

6     on your definition of travel.

7          Q.   How often does your travel result in

8     you being in California?

9          A.   So again, I travel all the time, so I

10    guess, you know, I would go there in and out of

11    there five or six times a year maybe.  Sort of

12    depends on the year.

13         Q.   Okay.  And when you travel to

14    California, are you there for business or

15    personal reasons?

16         A.   Both.

17         Q.   Both.  Have you ever traveled to

18    Midland, Texas?

19         A.   No.

20         Q.   Do you know how long it would take

21    you to get to Midland from your home in

22    Chilmark, Massachusetts?

10/18/2024          VirtaMove Corp. v. Amazon.com, Inc., et al.          Gregory O'Connor

 1              A.   There was that, whatever app I did,

 2         gave me some sense of the time.

 3              Q.   Are you referring to your

 4         declaration?

 5              A.   Yes.

 6              Q.   And so you stated that it would be

 7         roughly four hours to get to Midland in your

 8         declaration; is that accurate?

 9                   MR. TONG:  Objection.  Form.

10    BY MR. YOUNG:

11              Q.   Mr.  O'Connor, you can answer the

12         question, unless counsel instructs you not to

13         do so.

14              A.   Whatever I declared, I guess I

15         haven't gone back and looked at it closely.

16         Whatever I wrote is what the app told me is

17         what I declared.

18              Q.   All right.

19                   MR. YOUNG:  DeShawn, can you mark

20         document B as Exhibit 1014.

21         (Thereupon, Exhibit 1014 was marked for

22              identification.)

Page 12

1               MR. YOUNG:  And could you go to

2          paragraph 11 and then to the next page

3          from there.

4               THE VIDEOGRAPHER:  Counsel, I'm

5          trying to figure out what --

6               MR. YOUNG:  One more page back from

7          there.

8               MR. TONG:  And as an objection, there

9          is nothing in the box ShareLink right now.

10              THE VIDEOGRAPHER:  I'm about to

11         upload it right now.  I'm asking counsel,

12         is this the correct page you would like to

13         be on?

14              MR. YOUNG:  I would like you to go

15         back two pages from what is currently

16         being shown.

17              Yeah, you can leave it on this page.

18    BY MR. YOUNG:

19         Q.   Has the document been uploaded?

20         A.   I see a copy on --

21              THE VIDEOGRAPHER:  Yes, it is

22         uploaded.

Page 13

```
 1                    THE WITNESS:  I see a copy.  I'm

 2             clicking it now; it is just taking a

 3             second to load.  But I think I got it.

 4   BY MR. YOUNG:

 5             Q.   Mr. O'Connor, do you recognize this

 6        from your declaration?

 7             A.   Yes.

 8             Q.   And so do you think the estimate --

 9        you estimated travel time from Chilmark to

10        Midland to be about four hours?

11             A.   I'm having trouble seeing it.

12             Q.   All right.  Mr. O'Connor, let me ask.

13        How would you travel to Midland from Chilmark?

14             A.   How would I travel?  I would fly.

15             Q.   Okay.  And do you know if there are

16        any direct flights from Chilmark to Midland?

17             A.   I do not.

18             Q.   Do you know if there -- strike that

19        question.

20                    Do you know the closest city to

21        Midland that you could fly directly to?

22             A.   I believe it's Dallas.
```

10/18/2024          VirtaMove Corp. v. Amazon.com, Inc., et al.          Gregory O'Connor

Page 14

```
 1              Q.   And did you know how you would get to
 2       Midland if you flew into Dallas?
 3              A.   I believe you can drive or you can
 4       take a flight.
 5              Q.   And do you know about how far Midland
 6       is from Dallas?
 7              A.   It's, I believe, around 350 miles.
 8              Q.   Do you think you could be off by your
 9       estimate there?
10              A.   I don't know.  I haven't looked in a
11       while.  That's my recollection from 30 or so
12       days ago.
13              Q.   Okay.  Now, Mr. O'Connor, you also
14       have a home in California; right?
15              A.   Yes.
16              Q.   When is the last time you stayed
17       there?
18              A.   That was when you asked me about
19       showing up there on either late November or
20       early December in '23.
21              Q.   Okay.  And how often do you stay at
22       your home in California?
```

10/18/2024          VirtaMove Corp. v. Amazon.com, Inc., et al.          Gregory O'Connor

```
                                                          Page 15

   1              A.   Generally go there once a year.

   2              Q.   And when you're staying at your home

   3         in California, do you work remotely from there?

   4              A.   Yes.

   5              MR. TONG:   Form.

   6   BY MR. YOUNG:

   7              Q.   So Mr. O'Connor, you stated in your

   8         declaration that it would be more convenient to

   9         travel to Midland than to San Francisco, to the

  10         Northern District of California; right?

  11              A.   I did.

  12              Q.   How do you know it would be more

  13         convenient, if you have never traveled to

  14         Midland?

  15              A.   What's the definition of convenient?

  16              Q.   Well, I'm asking you, in your

  17         personal experience, would you -- how would you

  18         personally consider it to --

  19         (crosstalk)

  20              A.    -- so I'm telling you is convenience

  21         defined by distance, and the distance is

  22         shorter from my residence in Chilmark.
```

Page 16

```
 1              Q.   Mr. O'Connor, you just testified that

 2         you don't believe there are any direct flights

 3         from your residence in Chilmark to Midland;

 4         right?

 5              A.   I did.

 6              Q.   And so when you're traveling to

 7         Midland, how would you consider it to be more

 8         convenient, if based on the straight line

 9         distance, if that's not how you could travel

10         there?

11         (crosstalk)

12              A.   (no audible response.)

13              MR. TONG:  Objection.  Asked and

14         answered.

15   BY MR. YOUNG:

16              Q.   Did you answer the question, Mr.

17         O'Connor?

18              A.   Excuse me?

19              Q.   You can answer the question.

20              A.   I think I answered it.

21              THE REPORTER:  I didn't get an

22         answer, sir.  You spoke over each other.
```

Page 17

1                 THE WITNESS:  My understanding of the

2                 definition of convenience is how far it

3                 is.  It's shorter from my house and

4                 residence in Chilmark.

5     BY MR. YOUNG:

6                 Q.   Mr. O'Connor, where did you get that

7           definition of convenience?

8                 MR. TONG:  Objection.  Caution the

9                 witness not to reveal the substance of any

10                communications with counsel.  You can

11                identify any attorneys that you spoke with

12                but nothing further.

13                THE WITNESS:  I spoke with Peter

14                about it.

15                MR. YOUNG:  Okay.  Nothing further.

16                We will pass the witness.

17                MR. TONG:  No further questions.

18                That concludes the deposition.  Thank you,

19                Mr. O'Connor.

20                THE WITNESS:  Thank you.

21                THE VIDEOGRAPHER:  Okay.  This

22                concludes for today's deposition.  The

Page 18

1          date is October 18th, 2024.  The time is

2          1:42 p.m.

3              We are now off the record.

4          (Time Noted:  1:42.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

10/18/2024          VirtaMove Corp. v. Amazon.com, Inc., et al.          Gregory O'Connor

Page 19

```
 1                       CERTIFICATE

 2

 3           I, the undersigned authority, hereby

 4     certify that the foregoing transcript, page 1

 5     through 18 is a true and correct transcription

 6     of the deposition of Greg O'Connor taken before

 7     me at the time and place set forth on the title

 8     page hereof.

 9           I further certify that said witness

10     was duly sworn by me according to law.

11           I further certify that I am not of

12     counsel to any of the parties to said cause or

13     otherwise interested in the event thereof.

14           IN WITNESS WHEREOF I hereunto set my

15     hand and affix official seal this 19TH day of

16     October, 2024.

17

18

19

20     _____

21     RANDI GARCIA, COURT REPORTER, RPR

22                              NOTARY PUBLIC
```

10/18/2024               VirtaMove Corp. v. Amazon.com, Inc., et al.               Gregory O'Connor

Page 20

1      Gregory O'Connor, c/o

       RUSS AUGUST & KABAT

2      4925 GREENVILLE AVENUE, SUITE 200

       DALLAS, TEXAS 75206

3

       Case: VirtaMove Corp. v. Amazon.com, Inc., et al.

4      Date of deposition: October 18, 2024

       Deponent: Gregory O'Connor

5

6      Please be advised that the transcript in the above

       referenced matter is now complete and ready for signature.

7      The deponent may come to this office to sign the transcript,

8      a copy may be purchased for the witness to review and sign,

9      or the deponent and/or counsel may waive the option of

10     signing. Please advise us of the option selected.

11     Please forward the errata sheet and the original signed

12     signature page to counsel noticing the deposition, noting the

13     applicable time period allowed for such by the governing

14     Rules of Procedure. If you have any questions, please do

15     not hesitate to call our office at (202)-232-0646.

16

17

18     Sincerely,

19     Digital Evidence Group

20     Copyright 2024 Digital Evidence Group

21     Copying is forbidden, including electronically, absent

22     express written consent.