UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP,<br><br>      Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC.,<br>AMAZON.COM SERVICES LLC, and<br>AMAZON WEB SERVICES, INC.,<br><br>      Defendants. | Civil Action No. 7:24-cv-30-ADA-DTG |

**DEFENDANTS' OPPOSITION TO VIRTAMOVE'S PARTIAL MOTION TO DISMISS**

## TABLE OF CONTENTS

I. INTRODUCTION ---------------------------------------------------------------------------- 1

II. BACKGROUND ------------------------------------------------------------------------------ 2

    A. The AWS Customer Agreement Contains a Bilateral Jury Waiver ----------------- 2

    B. VirtaMove Accepted the AWS Customer Agreement ------------------------------- 2

III. ARGUMENT --------------------------------------------------------------------------------- 3

    A. The Jury Waiver Expressly Governs Infringement Claims ------------------------- 3

    B. VirtaMove Fails to Prove That The Parties' Jury Waiver Was Unknowing or Involuntary ---------------------------------------------------------- 4

        1. VirtaMove Had An Opportunity to Negotiate ------------------------------- 5

        2. The Waiver Provision Was Conspicuous -------------------------------------- 6

        3. VirtaMove Had More Than Enough Bargaining Power --------------------- 6

        4. VirtaMove Had More Than Enough Business Acumen --------------------- 7

IV. CONCLUSION ------------------------------------------------------------------------------- 8

## TABLE OF AUTHORITIES

*Cases:*                                                                                                                    *Page(s):*

*Bank of Am., NA v. Ztar Mobile, Inc.*,
   No. 3:23-CV-826-BN, 2024 WL 1809508 (N.D. Tex. Apr. 20, 2024) ............................6, 7

*BMC Software, Inc. v. Int'l Bus. Machines Corp.*,
   No. CV H-17-2254, 2018 WL 7291425 (S.D. Tex. Aug. 30, 2018) ...................................5

*Harbers v. Eddie Bauer, LLC*,
   No. C19-1012JLR, 2019 WL 6130822 (W.D. Wash. Nov. 19, 2019) ...............................4

*Jeffrey J. Glaser, MSD, P.A. v. Compass Bank, N.A.*,
   No. 4:09-CV-569, 2010 WL 11553124 (E.D. Tex. July 14, 2010) ....................................6

*Jones v. Tubal-Cain Hydraulic Sols., Inc.*,
   No. 4:16-CV-01282, 2017 WL 3887235 (S.D. Tex. Sept. 5, 2017)...................................5

*Lambda Energy Res., LLC v. Beckman Prod. Servs., LLC*,
   No. 4:22-CV-01202, 2023 U.S. Dist. LEXIS 232411 (S.D. Tex. Sep. 14,
   2023) ...............................................................................................................................7

*Leasing Serv. Corp. v. Crane*,
   804 F.2d 828 (4th Cir. 1986) ............................................................................................6

*Miramontes v. Peraton Inc.*,
   No. 3:21-CV-3019-B, 2022 WL 17364263 (N.D. Tex. Dec. 1, 2022) ...........................5, 6

*Oneto as Trustee of Miguel Oneto Trust v. Latinoamericana de Energia*,
   No. 1:21-CV-00175, 2024 WL 467567 (S.D. Tex. Jan. 10, 2024).....................................7

*Pizza Hut L.L.C. v. Pandya*,
   79 F.4th 535 (5th Cir. 2023) ....................................................................................4, 5, 6

*Washington Fed. Sav. & Loan Ass'n v. Alsager*,
   165 Wash. App. 10, 266 P.3d 905 (2011)........................................................................3

*Weimin Chen v. Sierra Trading Post, Inc.*,
   No. 2:18-CV-1581-RAJ, 2019 WL 3564659 (W.D. Wash. Aug. 6, 2019) ........................4

*In re Wyze Data Incident Litgation*,
   No. C20-0282-JCC, 2020 WL 6202724 (W.D. Wash. Oct. 22, 2020) ..............................4

## I.  INTRODUCTION

VirtaMove agreed to a jury-trial waiver when it became a customer of Amazon Web Services ("AWS") and accepted the AWS Customer Agreement.  Amazon's counterclaims seek enforcement of this waiver.  VirtaMove's motion to dismiss, however, seeks to repudiate the agreed-upon waiver using arguments that contradict the agreement's plain language and the law.

The Court should enforce the waiver.  VirtaMove obtained valuable benefits under the AWS Customer Agreement by using cloud-computing services from AWS to operate its business.  VirtaMove continued to use AWS services even after filing this lawsuit, consuming thousands of dollars' worth of services each month.  But VirtaMove now seeks to unilaterally rewrite the contract by nullifying its jury-waiver obligation even while continuing to enjoy the valuable benefits that the contract provides.  The Court should hold VirtaMove to the terms of the contract and deny the motion to dismiss.  Both of VirtaMove's arguments for dismissal are meritless.

First, VirtaMove argues that the jury waiver is limited to disputes concerning VirtaMove's own use of AWS services and does not extend to patent infringement claims.  This argument contradicts the agreement's plain language.  The provision containing the jury waiver expressly applies to claims "relating *in any way* to … any products or services sold or distributed by AWS"—including claims for "infringement" of "intellectual property."  (Dkt. 61-1 at § 11.5 (emphasis added).)  Because VirtaMove asserts patent infringement claims against AWS services, the waiver provision expressly applies.

Second, VirtaMove argues that the waiver is unenforceable.  As the party seeking to avoid the agreed-upon waiver, VirtaMove bears the burden of proof.  VirtaMove admits that the governing legal standard requires an inquiry into the "facts of the case." (Dkt. 70 ("Br.") at 6.)  VirtaMove cannot carry its burden of proof under this fact-specific standard in a motion to dismiss.

The facts set forth in Amazon's Second Amended Counterclaims establish that the jury waiver is enforceable. For example, VirtaMove is a sophisticated party that includes jury waivers in agreements with its own customers. VirtaMove was represented by counsel at all relevant times. And VirtaMove had an opportunity to negotiate when it accepted the AWS Customer Agreement. Thus, the Court should deny VirtaMove's motion to dismiss.

## II.   BACKGROUND

### A.   The AWS Customer Agreement Contains a Bilateral Jury Waiver.

Section 11.5 of the AWS Customer Agreement is entitled "Disputes" and specifies the forum for resolving claims between the parties. (Dkt. 61-1 at § 11.5.) The forum selection in § 11.5 is "subject to the additional provisions below." (*Id.*) The first of these additional provisions specifies that disputes involving AWS in the United States, Canada, and certain other countries will generally be resolved by arbitration. (*Id.* at § 11.5(a).) However, arbitration is not required when a party seeks "to enjoin infringement or other misuse of intellectual property rights." (*Id.*) When "a claim proceeds in court … [AWS] and [VirtaMove] waive any right to a jury trial." (*Id.*)

### B.   VirtaMove Accepted the AWS Customer Agreement.

As shown below, customers are required to accept the AWS Customer Agreement before they can complete the sign-up process to register an AWS account:

> ☐ I have read and agree to the terms of the AWS Customer Agreement.
> ⊗ You must agree to the AWS Customer Agreement.

(Ex. A.) Customers accept the AWS Customer Agreement by checking a box during the sign-up process to affirm that they "have read and agree to the terms of the AWS Customer Agreement."

> ☑ I have read and agree to the terms of the AWS Customer Agreement.

(Ex. B.)  VirtaMove accepted the AWS Customer Agreement in 2021.  (Dkt. 61 at ¶¶ 15-16.)

VirtaMove's 30(b)(6) representative, designated to address the AWS Customer Agreement, testified that she had no reason to doubt VirtaMove's acceptance of the agreement.  (Ex. C at 124:9-18, 125:12-14; 126:12-127:17.)  She also admitted that VirtaMove continued to enjoy the benefits of the AWS Customer Agreement even after filing this case—using thousands of dollars' worth of AWS services each month to keep its business running.  (*Id.* at 118:21-120:1.)

### III.   ARGUMENT

#### A.   The Jury Waiver Expressly Governs Infringement Claims.

VirtaMove's patent infringement claims in this case target AWS services.  (*E.g.*, Dkt. 23 (amended complaint) at ¶¶ 15, 25, 26.)  The "Disputes" section in the AWS Customer Agreement, including the jury waiver, expressly applies to "[a]ny dispute or claim relating in any way … to any products or services sold or distributed by AWS."  (Dkt. 61-1 at § 11.5.)  The agreement expressly contemplates that such disputes may concern "infringement … of intellectual property rights."  (*Id.* at § 11.5(a).)  Thus, the jury waiver applies to this infringement case.

VirtaMove's contrary argument is based on the agreement's introductory sentence, which states that the agreement "contains the terms and conditions that govern your access to and use of [AWS] Services."  (Br. at 4.)  But VirtaMove is not entitled to simply read the first sentence of a contract and ignore the rest.  *Washington Fed. Sav. & Loan Ass'n v. Alsager*, 165 Wash. App. 10, 14, 266 P.3d 905, 907 (2011) ("A fundamental principle of Washington contract law is 'that a party to a contract which he has voluntarily signed will not be heard to declare that he did not read it, or was ignorant of its contents.'") (quoting *Nat'l Bank of Wash. v. Equity Investors*, 81 Wash.2d 886, 912, 506 P.2d 20 (1973)).[1]  VirtaMove is a multinational corporation that is accustomed to

---

[1] VirtaMove agrees that Washington state law governs the agreement.  (Br. at 5.)

- 3 -

contracting with sophisticated counterparties. (Ex. C at 9:2-14; Ex. D at 4 (identifying VirtaMove customers).)[2] As such, VirtaMove has no excuse for disregarding the waiver provision that expressly applies to "infringement" of "intellectual property" and appears in the clearly labeled "Disputes" section. (Dkt. 61-1 at § 11.5 (governing "[a]ny dispute or claim relating in any way" to AWS products or services).)

VirtaMove also argues that it did not assent to the jury waiver because there was no "meeting of the minds" on that provision under Washington state law. (Br. at 5.) But as VirtaMove admits, assent is gauged "by focusing on the objective manifestations of the agreement, rather than the unexpressed subjective intent" of a party. (*Id.*) Here, the express language of the agreement and VirtaMove's affirmative act of accepting the agreement during sign-up objectively manifested VirtaMove's assent to the jury waiver. (*Supra*, § II.) Washington courts routinely rely on such objective manifestations to enforce online agreements that waive rights to a jury. *E.g.*, *Weimin Chen v. Sierra Trading Post, Inc.*, No. 2:18-CV-1581-RAJ, 2019 WL 3564659, at *2-*3 (W.D. Wash. Aug. 6, 2019); *Harbers v. Eddie Bauer, LLC*, No. C19-1012JLR, 2019 WL 6130822, at *6-*7 (W.D. Wash. Nov. 19, 2019); *In re Wyze Data Incident Litgation*, No. C20-0282-JCC, 2020 WL 6202724, at *3 (W.D. Wash. Oct. 22, 2020). Thus, VirtaMove's arguments for avoiding the agreement are meritless.

> **B.    VirtaMove Fails to Prove That The Parties' Jury Waiver Was Unknowing or Involuntary.**

The party seeking to avoid a jury waiver bears the burden of proving that the waiver is unenforceable. *Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535, 541 (5th Cir. 2023). To determine whether a jury waiver is unenforceable, courts in the Fifth Circuit consider the following factors:

---

[2] The VirtaMove customers identified in Exhibit D include "Alaska Airlines," "gsk" (GlaxoSmithKline), "Cigna," and "MetLife"—all multi-billion dollar corporations.

(1) whether the parties had an opportunity to negotiate; (2) whether the provision waiving a jury was conspicuous; (3) the disparity of bargaining power between the parties; and (4) the sophistication of the party opposing the waiver. *Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535, 543 (5th Cir. 2023). Jury waivers are "regularly enforced." *BMC Software, Inc. v. Int'l Bus. Machines Corp.*, No. CV H-17-2254, 2018 WL 7291425, at *2 (S.D. Tex. Aug. 30, 2018) (quoting *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 56 F. Supp. 2d 694, 706 (E.D. La. 1999)). Here, all factors weigh in favor of enforcing the parties' jury waiver.

### 1. VirtaMove Had An Opportunity to Negotiate.

"Generally, the fact that a jury waiver is bilateral 'suggests the parties had a meaningful opportunity to negotiate.'" *Pizza Hut*, 79 F.4th at 545. Here, the waiver is bilateral because both AWS and VirtaMove agreed to waive their jury rights. (Dkt. 61-1 at § 11.5(a).)

VirtaMove argues that it was "not involved in any actual negotiation of the terms of the Agreement" (Br. at 11), but such failure to actually negotiate the waiver provision is immaterial. "[T]he question is whether there was an *opportunity* for negotiation." *Miramontes v. Peraton Inc.*, No. 3:21-CV-3019-B, 2022 WL 17364263, at *3 (N.D. Tex. Dec. 1, 2022) (emphasis added); *Jones v. Tubal-Cain Hydraulic Sols., Inc.*, No. 4:16-CV-01282, 2017 WL 3887235, at *2 (S.D. Tex. Sept. 5, 2017).

VirtaMove argues that it had no opportunity to negotiate because it was required to accept the AWS Customer Agreement when it registered its AWS account. (Br. at 9-10.) But nothing prevented VirtaMove from seeking a modification to the terms on the website. AWS sometimes agrees with its customers to modify the terms of the AWS Customer Agreement. (Dkt. 61 at ¶ 22.) VirtaMove knows that such modifications are common in the industry. (*Id.* at ¶ 30.) And VirtaMove had access to business contacts at AWS whom it could have approached to request such a modification. (Dkt. 61, ¶ 17; Dkt. 23, ¶ 12.) Thus, VirtaMove's failure to negotiate does not

show that it lacked the opportunity to do so. Because VirtaMove had an opportunity to negotiate and the jury waiver is bilateral, this factor weighs in favor of enforcing the waiver. *Miramontes*, 2022 WL 17364263, at *3; *Jeffrey J. Glaser, MSD, P.A. v. Compass Bank, N.A.*, No. 4:09-CV-569, 2010 WL 11553124, at *3 (E.D. Tex. July 14, 2010).

### 2. The Waiver Provision Was Conspicuous.

"A waiver provision does not have to be set apart to be conspicuous." *Pizza Hut*, 79 F.4th at 545 (5th Cir. 2023). For example, it does *not* have to be "bolded" or "highlighted" or especially large. *Id.*; *see also Leasing Serv. Corp. v. Crane*, 804 F.2d 828 (4th Cir. 1986) at 833 (finding jury waiver in fine print in the middle of a thirty-eight line paragraph on reverse side of standardized document). Here, the waiver provision was conspicuous because it was clearly labeled with a "Disputes" heading. (Dkt. 61-1 at § 11.5.) Further, AWS "did not place the waiver in the middle of a paragraph of inconsequential terms that are easily skippable. *Pizza Hut*, 79 F.4th at 545. Instead, the waiver here appears in a paragraph that focuses entirely on resolving disputes without a jury. (Dkt. 61-1 at § 11.5(a) (requiring arbitration for most disputes and waiving jury for any infringement claims that proceed in court).) Accordingly, this factor weighs in favor of enforcing the waiver.

### 3. VirtaMove Had More Than Enough Bargaining Power.

VirtaMove concedes that it cannot prove "the kind of 'extreme bargaining disadvantage' or 'gross disparity in bargaining position'" that would render the jury waiver unenforceable. *See Pizza Hut*, 79 F.4th at 545; *Bank of Am., NA v. Ztar Mobile, Inc.*, No. 3:23-CV-826-BN, 2024 WL 1809508, at *3 (N.D. Tex. Apr. 20, 2024). Even if VirtaMove had *no* opportunity to negotiate the waiver provision, it would still be enforceable because VirtaMove was "perfectly free to reject the deal." *Bank of Am.*, 2024 WL 1809508, at *3 ("a 'take it or leave it' situation alone does not make the waiver unenforceable or unconscionable"). Using cloud-computing services from AWS is not

- 6 -

a "necessity of life" such that VirtaMove was "compelled to accept" the services on "whatever terms [AWS] offered." *Id.* (quoting *Westside-Marrero*, 56 F. Supp. 2d at 709).

The fact that the jury waiver is bilateral here further indicates "minimal disparity, if any" in the parties' bargaining power. *Oneto as Trustee of Miguel Oneto Trust v. Latinoamericana de Energia*, No. 1:21-CV-00175, 2024 WL 467567, at *2 (S.D. Tex. Jan. 10, 2024). Both parties are "corporate entities with a wealth of professional experience" in the industry. *Cf. Lambda Energy Res., LLC v. Beckman Prod. Servs., LLC*, No. 4:22-CV-1202, 2023 U.S. Dist. LEXIS 232411, at *3-4 (S.D. Tex. Sep. 14, 2023). Thus, this factor weighs in favor of enforcing the waiver.

### 4. VirtaMove Had More Than Enough Business Acumen.

"A party has sufficient business acumen if [he is] able to understand the import of a jury waiver provision." *Oneto*, No. 1:21-CV-00175, 2024 WL 467567, at *2 (S.D. Tex. Jan. 10, 2024). "An understanding of the clear and unambiguous language of the jury waiver requires no extraordinary level of sophistication." *Id.* VirtaMove does not meaningfully dispute that it had the requisite level of business acumen. (Br. at 12-13.) Nor could it. VirtaMove has more than a decade of experience in the software industry and has been represented by counsel at all relevant times. (Ex. C at 11:4-11, 100:5-15; Dkt. 61 at ¶¶ 27-28.) Most importantly, *VirtaMove imposes a jury waiver in agreements with its own customers*. (Dkt. 61 at ¶ 33.) VirtaMove's customers receive their agreements "electronically" and must "click that they agree." (Ex. C at 213:6-18.)

Specifically, VirtaMove's standard agreement includes the following provision under a "General Terms" heading: "You hereby waive any right You may have to request a jury trial with respect to any action brought by You in connection with this Agreement or the Software." (Dkt. 61-2 at § 16.) Because VirtaMove includes a jury waiver in its own standard agreement, VirtaMove and its counsel are undeniably sophisticated enough to understand the significance of such waivers. Accordingly, this factor weighs strongly in favor of enforcing the waiver.

- 7 -

## IV. CONCLUSION

All four factors weigh in favor of enforcing the jury waiver in the AWS Customer Agreement, which expressly governs infringement disputes. Thus, the Court should deny VirtaMove's motion to dismiss.

November 7, 2024

*Of Counsel:*

Harper Estes
Texas Bar No.  00000083
hestes@lcalawfirm.com
LYNCH, CHAPPELL & ALSUP
A Professional Corporation
Suite 700
300 N. Marienfeld,
Midland, Texas 79701
Telephone: 432-683-3351
Telecopier: 432-683-2587

Respectfully submitted,

By: */s/ Jeremy A. Anapol*

Joseph R. Re *(Pro Hac Vice)*
Jeremy A. Anapol *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile:  949-760-9502
joe.re@knobbe.com
jeremy.anapol@knobbe.com

Colin B. Heideman *(Pro Hac Vice)*
Christie R.W. Matthaei *(Pro Hac Vice)*
Logan P. Young *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
925 4th Ave, Ste 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile:  206-405-2001
colin.heideman@knobbe.com
christie.matthaei@knobbe.com
logan.young@knobbe.com

*Counsel for Defendants
Amazon.com, Inc.,
Amazon.com Services, LLC
and Amazon Web Services, Inc.*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, all counsel of record who are deemed to have consented to electronic service were served with a copy of the foregoing via the Court's CM/ECF System.

                                                                                     */s/ Jeremy A. Anapol*
                                                                                     Jeremy A. Anapol