**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>Plaintiff,<br>v.<br><br>AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC.,<br><br>Defendants. | Case No. 7:24-CV-00030-DC-DTG<br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF PLAINTIFF VIRTAMOVE, CORP.'S PARTIAL MOTION TO DISMISS**

Amazon argues that VirtaMove's motion should be denied because, based on Amazon's strained reading of the AWS Customer Agreement, the jury waiver provision of that Agreement applies to VirtaMove's patent infringement causes of action in this case. *See* Dkt. No. 74 (Opp.) at 3-4. But as VirtaMove explained in its opening brief, the Agreement has no bearing on VirtaMove's case against Amazon here because this case is about patent infringement, which does not have ***any*** relationship to what ***is*** covered by the scope of the Agreement: VirtaMove's "access to and use of [AWS] Services." *See* Dkt. No. 70 (Mot.) at 4-6. Amazon does not even attempt to reconcile its interpretation of the jury waiver provision with the Agreement's explicit definition of its scope.

But even if Amazon's strained reading of the Agreement to apply ***beyond*** its stated scope were accepted, Amazon's counterclaims should still be dismissed because the alleged waiver is unenforceable under federal law. Amazon's own evidence shows that it informed VirtaMove that VirtaMove "must" agree to the contract, and the jury waiver provision was inconspicuously buried within a lengthy disputes subsection of an also lengthy "Miscellaneous" heading. Thus, the Court should grant VirtaMove's motion to dismiss.

## I. THE AGREEMENT IS LIMITED TO VIRTAMOVE'S "ACCESS TO AND USE OF THE [AWS] SERVICES," AND DOES NOT APPLY TO AMAZON'S INFRINGEMENT

The ***very first sentence*** of the Agreement makes explicit that it "govern[s] [VirtaMove's] access to and use of the [AWS] Services." *See* Dkt. No. 61-1 at 2. VirtaMove made clear in its motion that VirtaMove's "patent infringement allegations … have nothing to do with VirtaMove's access to and use of Amazon's services." Mot. at 4. Amazon does not even attempt to dispute this fact. *See generally* Dkt. No. 74. Accordingly, VirtaMove's request for a jury trial on its

infringement allegations has nothing to do with VirtaMove's "access to and use of [AWS] services."

Despite this infringement action having nothing to do with VirtaMove's "access to and use of" Amazon's services, Amazon, seeks to apply the Agreement to bar VirtaMove's jury demand. *See* Opp. at 3-4. Amazon's interpretation of the jury waiver provision as applying to these infringement claims is directly inconsistent with the very first sentence of the Agreement, and should be rejected.

Amazon's opposition improperly seeks to expand the stated scope of the Agreement by interpreting the jury waiver provision as applying to this case because of the following sentence from the Agreement's "Disputes" section (itself within the "Miscellaneous" section): *See* Opp. at 3 (alleging that "[t]he 'Disputes' section in the AWS Customer Agreement, including the jury waiver, expressly applies to '[a]ny dispute or claim relating in any way … to any products or services sold or distributed by AWS'"). Amazon attempts to broadly apply this provision to disputes or claims relating in ***any*** way to any AWS products or services, *regardless* of whether they have any relationship to VirtaMove's access to those products or services. Indeed, the sentence immediately following the alleged "jury waiver" at a minimum strongly implies that waiver does not apply to infringement actions. *See* Dkt. No. 61-1 at § 11.5(a) ("Notwithstanding the foregoing we and you both agree that you or we may bring suit in court to enjoin infringement or other misuse of intellectual property rights.").

Not only is Amazon's interpretation inconsistent with the Agreement itself, if accepted, it would open the flood gates for companies to use overbroad jury trial waivers as shields for avoiding litigation in entirely unrelated matters. For example, if an AWS self-driving car paralyzed an individual with an AWS account (even if they were not even aware that AWS provided

technology for self-driving cars), the customer would be unable to file a claim in court for relief and seek a jury trial. Likewise, if one of AWS's military applications (*see* Ex. 4 (https://aws.amazon.com/federal/defense/)) resulted in loss of life to an AWS customer's family member, the AWS customer would be unable to bring a case to a jury even though the action plainly has nothing to do with the customer's "access to and use of [AWS] services."

Put simply, there is simply no mutual assent or meeting of the minds to this sort of overbroad application of the jury waiver provision, because a party signing the Agreement would expect Amazon's representation that the Agreement covers the party's "access to and use of the [AWS] Services" to be accurate. Thus, the jury waiver provision should be interpreted to relate only to VirtaMove's access to and use of products and services sold or distributed by AWS.

A more consistent (and fair) interpretation of the Agreement would be to interpret this jury waiver provision as applying to causes of action arising out of or related to VirtaMove's "access to and use of" "any products or services sold or distributed by AWS." That is the ***only*** way to reconcile this provision with the opening sentence of the Agreement. Given the fact that Amazon does not even *attempt* to reconcile its interpretation of the jury waiver provision with the opening sentence of the Agreement, the Agreement is at *minimum* ambiguous. *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wash. App. 706, 713 (2014) ("If a contract provision's meaning is uncertain or is subject to two or more reasonable interpretations after analyzing the language and considering extrinsic evidence (if appropriate), the provision is ambiguous."). And where the drafter is known (here, it is plainly Amazon), ambiguities are construed "against the contract's drafter." *Id.*; *see also* Rest. 2d Contracts, § 206; *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995) ("The reason for this rule is to protect the party who did not choose the language from an unintended or unfair result.").

Furthermore, "clauses waiving the right to a jury are construed strictly and any ambiguity will be interpreted against the contract's author." *Pittsburg SNF LLC v. PharMerica E., Inc.*, No. 2:10-CV-363-JRG-RSP, 2012 WL 12903688, at *2 (E.D. Tex. Oct. 4, 2012) (citing *Smith v. Lucent Techs., Inc.*, No. CIV.A. 02-0481, 2004 WL 515769, at *20 (E.D. La. Mar. 16, 2004)) (denying a motion to strike a jury demand); *Axa Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1330, 1334 (S.D. Fla. 2009) ("Because parties can only be forced to arbitrate issues where they have specifically agreed to arbitrate, courts hesitate to interpret silence or ambiguity in favor of arbitration out of fear that to do so might force parties to arbitrate an issue they would reasonably have thought a judge, not an arbitrator, would decide.").

Amazon suggests that VirtaMove's argument improperly focuses on one part of the AWS Agreement while ignoring the rest. Amazon's argument (and Amazon's reliance on *Washington Federal Savings & Loan Association v. Alsager*, 165 Wash. App. 10 (2001)) is incorrect, because VirtaMove's interpretation ***does*** reconcile the various provisions of the Agreement such that they are consistent with one another. VirtaMove's interpretation is in stark contrast to Amazon's approach, because Amazon does not even *allege* the opening sentence of the Agreement to be consistent with its interpretation of the jury waiver provision.

The cases that Amazon relies on for its argument that there was an objective manifestation of VirtaMove's assent to the jury waiver are distinguishable because the parties in those cases were not arguing about the scope of the contract itself but rather about whether there was proper notice of the contractual terms. *See Chen v. Sierra Trading Post, Inc.*, No. 2:18-CV-1581-RAJ, 2019 WL 3564659, at *2-*3 (W.D. Wash. Aug. 6, 2019) (issue concerned notice of the terms of use contained in a modified clickwrap agreement, where the parties disputed whether the contracting party saw the terms of use when making purchases on a website); *Harbers v. Eddie Bauer, LLC*,

No. C19-1012JLR, 2019 WL 6130822, at *6-*7 (W.D. Wash. Nov. 19, 2019) (same involving an arbitration clause contained within terms of service where user clicked "Submit Order" button above hyperlinked text that read "By ordering you agree to eddiebauer.com's Privacy Policy and Terms of Use"); *In re Wyze Data Incident Litig.*, No. C20-0282-JCC, 2020 WL 6202724, at *3 (W.D. Wash. Oct. 22, 2020) (Plaintiffs' arguments for why they did not assent to arbitration were limited to "(a) Defendant did not attempt to apprise them of its terms and conditions when *purchasing* their equipment—only when later establishing user agreements[]—and (b) the hyperlink to Defendant's terms and conditions was not sufficiently conspicuous to bind Plaintiffs").

At bottom, it is clear from the plain language of the AWS Customer Agreement that it and its jury provision do not apply to patent infringement actions brought against Amazon. But even if whether or not Agreement applies is ambiguous, such ambiguity should be interpreted against Amazon as the drafter such that the Agreement does not apply to this case.

## II. THE JURY WAIVER IS UNENFORCEABLE

Even if the Agreement and its jury waiver provision could be interpreted as applying to VirtaMove's patent infringement cases of action, the jury waiver provision would be unenforceable.

### A. VirtaMove Had No Ability to Negotiate.

VirtaMove plainly had no ability to negotiate, as shown by Amazon's own evidence. Specifically, Amazon attaches a screenshot from the AWS account sign-up process showing a warning in red font that ***"[y]ou must agree to the AWS Customer Agreement***":

I have read and agree to the terms of the AWS Customer Agreement.
You must agree to the AWS Customer Agreement.

Opp. at 2 (citing Exhibit A). Amazon seeks to walk back from its own representations that AWS customers "***must*** agree to the AWS Customer Agreement" and allege that, in fact, VirtaMove ***did not*** need to agree to the AWS Customer Agreement and *could* have negotiated specific terms therein. *See generally* Opp. at 5-6.

Amazon, however, presents no evidence for this conclusion other than hypotheticals and conjectures. For example, Amazon presents no evidence (or even allegation) that Amazon has ***ever*** negotiated the terms of the Agreement with any customers of VirtaMove's size. *See* Mot. at 11 n.1 ("Tellingly, Amazon does not allege that Amazon has ***ever*** negotiated the jury waiver term with any customer, much less a relatively small customer like VirtaMove. Even ***if*** the term at issue ***were*** negotiable for larger companies with more bargaining power, there is no plausible allegation that the term could have been negotiated by VirtaMove."). And of course, VirtaMove would not have believed negotiation to be possible based on the AWS website's explicit warning that VirtaMove "must agree" to the Agreement.

**B. The Waiver is Not Conspicuous.**

The non-bold-faced type jury trial waiver at issue is found in the penultimate sentence of a subparagraph within the "***Miscellaneous***" section of the AWS Customer Agreement. *See* Dkt. No. 61-1 at § 11.5(a). This treatment of the purported jury waiver is in stark contrast to an entirely bold-faced subparagraph found in the same Section 11.5. *Id.* at § 11.5(c). As VirtaMove explained in its opening brief, without any bolding, underlying, use of all-caps, or even a generalized paragraph title, this jury trial waiver is not conspicuous. *See Abad v. Maxum Petroleum Operating Co.*, No. MO:16-CV-00001-RAJ, 2016 WL 11261305, at *4 (W.D. Tex. Oct. 14, 2016).

The attention Amazon draws to the "Disputes" subsection (which did not have its own separate "heading" as Amazon incorrectly suggests[1]) within this "Miscellaneous" section does not change the fact that the terms in a "Miscellaneous" section are still easily skippable by the reader, and Amazon cites to no evidence to the contrary. *See Pizza Hut LLC v. Pandya,* 79 F. 4th 535, 545 (5th Cir. 2023) (suggesting that "plac[ing] the waiver in the middle of a paragraph of inconsequential terms that are easily skippable" would be problematic). Furthermore, the jury waiver provision is buried even with respect to the "Disputes" subsection, which is within the "Miscellaneous" subsection. In particular, it is the second to last sentence in a lengthy paragraph that is generally about "binding arbitration." The jury waiver provision, buried within a "Disputes" subsection under the "Miscellaneous" heading was thus not conspicuous.

**C. Bargaining Disparity and Business Acumen.**

As explained in VirtaMove's opening brief, the last two factors (relative bargaining power and business acumen / professional experience) do not change the conclusion that waiver was not knowing and voluntary because of the inconspicuous nature of the Agreement and its non-negotiability. *See* Mot. at 11-13.

## III. CONCLUSION

For the foregoing reasons, VirtaMove respectfully requests that the Court dismiss Amazon's counterclaim seeking a declaratory judgment of contractual rights and Amazon's counterclaim for breach of contract.

Dated: November 14, 2024 Respectfully submitted,

---

[1] *See* Opp. at 6 (Amazon arguing that the "waiver provision was conspicuous because it was clearly labeled with a 'Disputes' heading").

By: */s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on November 14, 2024.

*/s/ Reza Mirzaie*
Reza Mirzaie