IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **VIRTAMOVE, CORP.**<br>    *Plaintiff,*<br><br>v.<br><br>**AMAZON.COM, INC.,**<br>**AMAZON.COM SERVICES LLC, AND**<br>**AMAZON WEB SERVICES, INC.,**<br>    *Defendants.* | CASE NO. 7:24-CV-00030-ADA-DTG |

### ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS OR TRANSFER (ECF NO. 31)

Before the Court is a motion filed by Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. to transfer this suit to the United States District Court for the Northern District of California ("NDCA") under 28 U.S.C. §§ 1404 and 1406. ECF No. 31. Defendants also seek dismissal of claims for willful infringement and pre-suit indirect infringement. *Id.* On June 21, 2024, the parties filed a stipulation that addressed the willful infringement and pre-suit indirect infringement claims. ECF No. 42 at 1. Plaintiff VirtaMove, Corp. filed its opposition on September 27, 2024. ECF No. 63. Defendants filed a reply on October 25, 2024. ECF No. 72. Considering the arguments presented, the Court finds that the motion should be **GRANTED-IN-PART AND DENIED-IN-PART.** Defendants' request to transfer this case to NDCA is **GRANTED.** Defendants' request to dismiss Plaintiff's claims for willful infringement and pre-suit indirect infringement is **DENIED AS MOOT.**

### I. FACTUAL BACKGROUND

The present case involves allegations of patent infringement. Plaintiff filed this suit in the Midland-Odessa Division of the U.S. District Court for the Western District of Texas on January

26, 2024. Plaintiff asserted claims against Defendants for infringement of U.S. Patent Nos. 7,519,814 and 7,784,058. Plaintiff accused Amazon Web Services End-of-Support Migration Program of infringing the asserted patents. ECF No. 1 at 4.

The present Motion is Defendants' second motion to dismiss. On April 5, 2024, Defendants filed a motion to dismiss. ECF No. 16. In response, Plaintiff filed an amended complaint. ECF No. 23. Defendants then filed the present Motion. ECF No. 31.

The present Motion requests two types of relief. First, it requests that the Court dismiss Plaintiff's claims for willful infringement and pre-suit indirect infringement. Second, it requests that the Court either dismiss all claims against Defendants Amazon.com, Inc. and Amazon.com Services LLC under 28 U.S.C. § 1406 or transfer the case to NDCA under either § 1406 or § 1404. *See generally* ECF No. 31. Plaintiff conducted three months of venue discovery and filed its opposition on September 27, 2024. ECF No. 63. Defendants timely filed a reply on October 25, 2024. ECF No. 72. The parties also stipulated to the dismissal without prejudice of Plaintiff's claims for willful infringement and pre-suit indirect infringement. ECF No. 42.

## II.   LEGAL STANDARD

Defendants' Motion seeks transfer under two statutes—28 U.S.C. sections 1406 and 1404. 28 U.S.C. section 1406 allows a court to transfer when it was filed in the wrong venue. The statue allows the Court to transfer the case to a district where it "could have been brought." 28 U.S.C. § 1406(a). Section 1404 allows a court to transfer a case to a district where it could have been brought for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a).

A party seeking transfer under section 1404 "must show good cause" and that the transferee district is "clearly more convenient." *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008)

(en banc). The analysis is performed using the four well-known private factors and four well-known public factors.[1]

### III. ANALYSIS

As a threshold point, the Court confirms that this case could have been filed in NDCA. Neither party disputes that this suit could have been brought in NDCA. Defendants have regular and established places of business in NDCA and admit that allegedly infringing acts occur in NDCA. ECF No. 31 at 7. The Court first turns to an analysis under 28 U.S.C. section 1406(a), and then section 1404(a).

Based on the specific facts before it, the Court finds that transferring this case to NDCA under 28 U.S.C. section 1406(a) is appropriate. Defendants argue that WDTX is the wrong venue for this case because Plaintiff cannot show for at least two defendants—Amazon.com, Inc. And Amazon Services LLC—that they committed any infringement in this judicial district, as required under the patent venue statute. ECF No. 31 at 6-7; *see also* 28 U.S.C. § 1400(b). Rather than oppose that contention, Plaintiff requests the opportunity to conduct three months of venue discovery and file an amended complaint should Plaintiff find facts supporting WDTX as a proper venue. ECF No. 63 at 16. Defendants raised this when they filed their Motion on June 7, 2024, and Plaintiff conducted venue discovery until September 13, 2024. ECF No. 59. Plaintiff had the opportunity to gather any necessary evidence during that time. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) (holding that, with respect to the patent venue statute, a plaintiff bears

---

[1] Private: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Public: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

the burden of establishing proper venue). Considering the specific facts presented by the parties in this case, the Court finds that Plaintiff has not made the requisite showing that venue is proper in this judicial district under 28 U.S.C. § 1400(b) as to Defendants Amazon.com, Inc. and Amazon.com Services LLC. Rather than severing Plaintiff's claims against these Defendants and creating piecemeal litigation, it is in the interest of justice to transfer this case in its entirety under section 1406(a) to NDCA, where the parties agree venue is proper. Indeed, transfer is also supported under section 1404(a), based on the following analysis of the private and public factors.

### A. The Private Interest Factors

Turning to the private interest factors considered in light of the specific facts of this case, the Court finds that they favor transfer. As for access to sources of proof, neither party identified evidence that is solely available in either district especially since the evidence is electronic. *In re TikTok, Inc.*, 85 F.4th 352, 359 (5th Cir. 2023); ECF No. 31 at 14-15 (identifying source code and documentation for the accused functionality); ECF No. 63 at 12 (identifying documents in Canada and Dallas). As for the availability of compulsory process, Defendants identified ten non-party witnesses in NDCA, none of whom have agreed to testify willingly, and Plaintiff has pointed to four Canadian witnesses and one Massachusetts-based witness who are willing to testify in WDTX but not NDCA, and two Dallas-based witnesses that could be subpoenaed to testify in WDTX if they would not incur substantial expense. ECF No. 31 at 11-14; ECF No. 63 at 9-12; Fed. R. Civ. P. 45(c)(1)(B)(ii). As for willing witnesses, Defendant has identified multiple relevant employees in NDCA and Seattle. ECF No. 31 at 9-10. Plaintiff has only identified potential witnesses in Ontario, Canada, a few Amazon employees who reside outside NDCA, and two potential witnesses in WDTX. ECF No. 63 at 5-9. While it may be true that Plaintiff's identified witnesses are geographically closer to WDTX than NDCA, the majority of Plaintiff's potential witnesses will have to travel well over 100 miles to either district. As for the fourth private factor—all other

practical problems—Defendant argues that this factor is neutral. ECF No. 31 at 16. Plaintiff disagrees and points to potential judicial efficiency created by this Court also handling Plaintiff's pending case against Google. ECF No. 63 at 14. The Court notes that Plaintiff's case against Google is also subject to a pending Motion to Transfer to NDCA. *See* Case No. 7:24-cv-00033-DC-DTG, ECF No. 49. When all of these private interest factors are considered in light of the specific facts of this case, the Court finds that they favor transfer.

### B.     The Public Interest Factors

Turning to the public interest factors considered in light of the specific facts of this case, the Court finds that they also favor transfer. The first public interest factor—administrative problems created by court congestion—carries little weight in this case. *Volkswagen*, 545 F.3d at 315. Defendants point to NDCA's faster trial statistics; while Plaintiff points to this Court's current trial setting. ECF No. 31 at 16-17; ECF No. 63 at 15. Neither are particularly persuasive. *In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024) (noting that statistics are not particularly helpful). As for the second public interest factor—the local interest—Defendants make a strong showing that NDCA has a local interest in this case while WDTX does not. *See* ECF No. 31 at 2-4, 17-18. While Plaintiff contests this factor, it fails to identify a relevant factual connection specific to WDTX. *See* ECF No. 63 at 14-15. Neither party contests the remaining public interest factors—familiarity with the law and conflict of law issues—and the Court finds that they have little effect on the present dispute. When considering all the public interest factors, the Court finds that under the specific facts of this case, they favor transfer.

The Court finds that when considered as a whole under the facts of this case, section 1404 favors transfer of this case to NDCA. This is further supported by the finding that venue is improper as to two defendants making transfer appropriate as to all Defendants under section 1406.

### C. Motion to Dismiss Claims for Willful Infringement and Pre-Suit Indirect Infringement

Defendant's Motion also seeks dismissal of Plaintiff's claims for willful infringement and pre-suit indirect infringement. ECF No. 31 at 18-19. On June 21, 2024, the parties stipulated to the dismissal of those claims without prejudice, with leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11. ECF No. 42 at 1; ECF No. 63 at 17. Accordingly, the Court **DENIES AS MOOT** Defendants' request for dismissal of those claims.

### IV. CONCLUSION

The Court concludes that Plaintiff has not carried its burden of establishing that WDTX is a proper venue for its claims against Defendants Amazon.com, Inc. and Amazon.com Services LLC. Further, considering the private and public interest factors in total, the Court finds that Defendants have carried their burden of proving that the Northern District of California is a clearly more convenient venue. For the foregoing reasons, it is **ORDERED** that, insofar as it requests transfer to NDCA, Defendants' Motion (ECF No. 31) is **GRANTED and as noted below, that the transfer be stayed until February 22, 2025, to allow Plaintiff time to appeal this decision if it chooses.**

**IT IS FURTHER ORDERED** that Defendants' request to dismiss Plaintiff's claims for willful and pre-suit indirect infringement is **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that all unreached deadlines in this case are **STAYED** until February 22, 2025. On that date, and not before, the Clerk of Court is **DIRECTED** to take all actions necessary to **TRANSFER** the above-captioned case to the United States District Court for the Northern District of California.

SIGNED this 22nd day of January, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE