# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., § | |
| Plaintiff, § | Case No. 7:24-cv-00030-ADA-DTG |
| § | |
| v. § | |
| § | |
| AMAZON.COM, INC., AMAZON.COM § | |
| SERVICES LLC., and AMAZON WEB § | **JURY TRIAL DEMANDED** |
| SERVICES, INC., § | |
| Defendant. § | |
| § | |

## PLAINTIFF VIRTAMOVE, CORP.'S OBJECTIONS TO
## MAGISTRATE JUDGE GILLILAND'S TRANSFER ORDER

**TABLE OF CONTENTS**

I.  Clear Error of Fact: The transfer decision ignored that Amazon.com, Inc. and Amazon.com Services LLC were dismissed with prejudice. ......................................1

II. Clear Errors of Law: Fifth Circuit Law Should Have Controlled And Precluded Transfer ................................................................................................................2

III. Relief Sought ........................................................................................................4

# **TABLE OF AUTHORITIES**

**Cases**

*In re Clarke,*
  94 F.4th 502 (5th Cir. 2024) ....................................................................................... 2, 4

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) ............................................................................................ 3

*Motion Offense, LLC v. Google LLC*,
  No. 6:21-CV-00514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4, 2022) .................. 2, 5

*Resonant Sys., Inc. v. Apple, Inc.*,
  No. MO:23-CV-00077-ADA, 2024 WL 4346391 (W.D. Tex. Apr. 18, 2024) ................. 5

**Statutes**

28 U.S.C. § 1404 ............................................................................................................. 1, 4

28 U.S.C. § 1406 .......................................................................................................... 1, 4, 5

28 U.S.C. § 636 .................................................................................................................... 1

35 U.S.C. § 271 .................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 72(a) ............................................................................................................ 1

**Treatises**

5 Chisum on Patents § 16.03 ............................................................................................... 4

Pursuant to Fed. R. Civ. P. 72, Plaintiff VirtaMove Corp. respectfully objects to Magistrate Judge Gilliland's "Transfer Order" (Dkt. 87) and request that the District Judge 1) vacate and moot the transfer decision under § 1406 and 2) reverse the transfer decision under § 1404. A district court judge must set aside a magistrate judge's order if it "is clearly erroneous or contrary to law." 28 U.S.C.§ 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### I.     Clear Error of Fact: The transfer decision ignored that Amazon.com, Inc. and Amazon.com Services LLC were dismissed with prejudice.

The Transfer Order erroneously ordered transfer under 28 U.S.C. § 1406(a) because venue was proper "as to Defendants Amazon.com, Inc. and Amazon.com Services LLC" only in the NDCA, and that transfer was ordered to "avoid piecemeal litigation" against these entities. Dkt. 87 at 3–4. This was error because the Amazon.com, Inc. and Amazon.com Services LLC were dismissed with prejudice before the transfer decision issued. Dkt. 86.

There is no case against Amazon.com, Inc. and Amazon.com Services LLC to transfer under Section 1406 because they were dismissed, and any argument about their improper venue here was moot. The part of the transfer decision related to Section 1406 should be set aside and deemed moot.

For the same reasons, the Transfer Order erred by failing to exclude witnesses related to Amazon.com, Inc. and Amazon Services LLC (Patel, Marieb, and Suleiman) in the Section 1404 transfer decision. Because these entities were dismissed, their witnesses will not appear at trial,[1] and their convenience should not have been a factor.

---

[1] This exemplifies the movant's inability to clearly demonstrate that the proposed convenience will actually materialize in the NDCA. These three witnesses are now likely unnecessary in view of case developments. *See* Dkt. 63 at 3–4 (providing case study regarding inaccurate speculation).

1

## II.  Clear Errors of Law: Fifth Circuit Law Should Have Controlled And Precluded Transfer

The Transfer Order erred by applying the Federal Circuit's interpretation of transfer law, rather than the law as recited by the Fifth Circuit. *See Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4–13 (W.D. Tex. Oct. 4, 2022) (explicitly identifying multiple splits between Fifth Circuit transfer law and the Federal Circuit's application thereof, but that resolution was "more appropriately reserved for a higher court"). It remains unrebutted that Fifth Circuit law controls on this procedural aspect of law. Dkt. 63 at 2.

**The Transfer Order Erred by Not Applying *In re Clarke's* Heightened Burden of Proof for Movant's Witnesses to Actually Materialize.**  The Transfer Order weighed the compulsory process in favor of transfer because Defendants merely "identified ten non-party witnesses in NDCA," against Plaintiff's seven witnesses. Dkt. 87 at 4. However, the Transfer Order made no assessment of whether these ten non-party witnesses would actually materialize at trial. Similarly, the Transfer Order weighed the willing witness factor in favor of transfer because "Defendants identified multiple relevant employees in NDCA and Seattle." *Id.* The Transfer Order appears to have credited Defendants' witnesses merely because Defendants' identified them as relevant—applying a burden of proof from before *In re Clarke,* 94 F.4th 502, 508 (5th Cir. 2024).

However, it was error not to further require Defendant to clearly demonstrate that these identified witnesses would actually materialize. *Id.*; Dkt. 63 at 2–3. Indeed, the Transfer Order did not even articulate the "actually materialize" standard as part of its recitation of applicable law. Dkt. 87. Because this was the movant's burden of proof, and because the movant made no argument that it met this standard in its motion to transfer (Dkt. 31)—instead arguing that VirtaMove "misreads" this standard entirely (Dkt. 72 at 1)—there is no dispute that if *In re Clarke*'s "actually materialize" burden of proof applies, Amazon did not meet it.  Under the correct application of

2

law, Amazon failed to carry its burden of proof, so both the willing witness factor and compulsory process factor should have been neutral or weighed against transfer.

**The Transfer Order Erred by Not Rigidly Applying the 100-mile Rule.** When correctly applying Fifth Circuit law, transfer should have been denied when applying the 100-mile rule, and it is not even close because VirtaMove is an east coast company, and many witnesses are expected to travel from the east coast and locations closer to Texas.

As the Transfer Order states, VirtaMove "identified potential witnesses in Ontario, Canada" and "a few Amazon employees who reside outside the NDCA." Dkt. 87 at 4. However, the Transfer Order gave them no weight because they "will have to travel well over 100 miles to either district." *Id.* This clearly disregards the "rigid" 100-mile rule articulated by the Fifth Circuit. Dkt. 63 at 4. When correctly applying the rigid 100-mile rule, the extra inconvenience to VirtaMove's witnesses caused by transferring the case to the NDCA should have, at minimum, counterbalanced any gain in convenience. VirtaMove's witnesses will have to travel all the way across the country, rather than halfway across.

**The Transfer Order Erred by Discounting the Court Congestion Factor.** The Transfer Order erred by following Federal Circuit law and giving this factor "little weight." Dkt. 87 at 5. Under Fifth Circuit law, when a case is timely proceeding to trial (as this case was, before it was stayed pending transfer), this "counsels against transfer," *despite* the Federal Circuit calling this factor "speculative." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022). The line of Federal Circuit cases ruling that this factor receives reduced weight were overruled.

**The Transfer Order Erred In Assessing Local Interest.** The Transfer Order erred by finding that "Defendants make a strong showing that the NDCA has a local interest in this case."

3

Dkt. 87 at 5. Amazon effectively argued 1) that the Court should double-count witnesses under this factor, which is not permitted, and 2) that research and development of the accused products occurred in the NDCA. Dkt. 31 at 17. For the reasons articulated in the briefing, the Federal Circuit's assessment of this factor that looks to research and development is no longer good law. Dkt. 63 at 5. This is because the Fifth Circuit now requires that this factor look only to "events that give rise to a suit," and research and development do not give rise to infringement. *Id.* (citing cases). Further, research and development falls into the "experimental use" exception, so research and development cannot give rise to infringement under 35 U.S.C. § 271. 5 Chisum on Patents § 16.03[1] (explaining exception that "research or experimentation" do not infringe). The Court should have ruled that any relevant infringement is a "completely diffuse interest" that occurs nationwide such that the local interest factor is neutral. *Clarke*, 94 F.4th at 510.

### III.     Relief Sought

**If the Court Sustains These Objections:** VirtaMove respectfully asks the Court to set aside the Transfer Order for each of the errors above. The transfer under 28 U.S.C. § 1406 should be vacated and mooted. Under 1404, the willing witness and compulsory process factors should have been neutral or weighed against transfer, causing the private interest factors to be neutral or to weigh against transfer overall. Local interest should have been neutral, and even if not, the court congestion factor should have received its full weight to counterbalance any local interest by the NDCA such that the public interest factors were neutral overall. Transfer should be denied, and the parties should meet and confer to discuss resuming their schedule. The Court should enter the attached Proposed Order Setting Aside Transfer Order.

**If the Court Overrules These Objections:** If the Court is inclined to overrule these objections, VirtaMove respectfully requests that, for purposes of appeal, the Court make it explicit that its decision hinged on the application of the Federal Circuit's interpretations of Fifth Circuit

4

law rather than a rigid application of Fifth Circuit law, just as the Court has previously done, and that the Court would have otherwise denied transfer had Fifth Circuit law applied. *See Motion Offense, LLC v. Google LLC*, No. 2022 WL 5027730, at *4 ("this Court cannot and does not overrule the reasoning of the Federal Circuit in a patent case. . . . the arguments are more appropriately reserved for a higher court . . . this Court must follow the Federal Circuit's line of cases on Fifth Circuit transfer law."); *id* at *9 ("despite . . . the 'rigid' Fifth Circuit inquiry showing the greater witness travel distance and costs for trial in the NDCA, this Court must follow the Federal Circuit's cases and weigh 'the convenience-to-witnesses factor strongly in favor of transfer.'") This will clarify the issues for appeal and effectively certify for appeal the splits of transfer law that this Court has repeatedly noted in its decisions. *See, e.g.*, *Resonant Sys., Inc. v. Apple, Inc.*, No. MO:23-CV-00077-ADA, 2024 WL 4346391, at *8 (W.D. Tex. Apr. 18, 2024) (noting split in application of 100-mile rule). If the Court is inclined to overrule these objections, the Court should enter the attached Proposed Order Setting Aside Transfer Order In Part.[2]

Dated: February 6, 2025                    Respectfully submitted,

                                           By: /s/ *Qi (Peter) Tong*

                                           Reza Mirzaie (CA SBN 246953)
                                           rmirzaie@raklaw.com
                                           Marc A. Fenster (CA SBN 181067)
                                           mfenster@raklaw.com
                                           Neil A. Rubin (CA SBN 250761)
                                           nrubin@raklaw.com
                                           James A. Milkey (CA SBN 281283)
                                           jmilkey@raklaw.com
                                           Amy E. Hayden (CA SBN 287026)
                                           ahayden@raklaw.com
                                           Jacob Buczko (CA SBN 269408)

---

[2] Setting aside the § 1406 transfer decision is not expected to be controversial.

5

jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (NY SBN: 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on February 6, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notifications to all parties of record.

Dated: February 6, 2025

/s/ *Qi (Peter) Tong*
Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474