**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| VIRTAMOVE, CORP., | § | |
| Plaintiff, | § | Case No. 7:24-cv-00030-ADA-DTG |
| | § | |
| v. | § | |
| | § | |
| AMAZON.COM, INC., AMAZON.COM | § | |
| SERVICES LLC., and AMAZON WEB | § | **JURY TRIAL DEMANDED** |
| SERVICES, INC., | § | |
| Defendant. | § | |
| | § | |

**ORDER SETTING ASIDE TRANSFER ORDER IN PART**

Pursuant to Fed. R. Civ. P. 72, Plaintiff VirtaMove Corp. filed objections to Magistrate Judge Gilliland's "Transfer Order" (Dkt. 87). After considering the full briefing, only part of the Transfer Order related to transfer under § 1406 is set aside, and VirtaMove's other objections related to transfer under § 1404 are overruled.

For the reasons stated in VirtaMove's Objections (Dkt. 88), the Transfer Order erred in ordering transfer under § 1406 because the Amazon.com, Inc. and Amazon.com Services LLC defendants have been dismissed from this case. Dkt. 86. IT IS HEREBY ORDERED that the Motion for Transfer under § 1406 is MOOT.

The Court has considered VirtaMove's objections. This Court has previously noted the splits of law. *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4–13 (W.D. Tex. Oct. 4, 2022). Had Fifth Circuit law been rigidly applied, each of the factors would have been neutral or weighed against transfer. The Court would have denied the transfer motion under § 1404 because the movant did not clearly demonstrate that its proposed witnesses will "actually materialize;" VirtaMove's eastern witnesses would have been considered under the

"rigid" 100-mile rule and they would have counterbalanced any gain in transfer if not caused the witness factors to weigh entirely against transfer; the court congestion factor would have been given its full weight; and research and infringement would not give rise to local interest, which would have been neutral because infringement nationwide is a completely diffuse interest. Dkt. 88 (citing recent Fifth Circuit cases).

However, as with *Motion Offense, LLC v. Google LLC*, "this Court must follow the Federal Circuit's line of cases on Fifth Circuit transfer law." No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4 (W.D. Tex. Oct. 4, 2022). When applying the Federal Circuit's interpretations of Fifth Circuit law, the Court finds no error with the conclusions of law in the Transfer Order with respect to Section 1404.  IT IS HEREBY ORDERED that VirtaMove's objections to transfer under Section 1404 are OVERRULED.


**SIGNED** this _____ day of _____, 2025.    _____
                                                          ALAN D ALBRIGHT
                                                          UNITED STATES DISTRICT JUDGE