# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

|  |  |
|---|---|
| VIRTAMOVE, CORP., | |
| Plaintiff, | |
| v. | Case No. 7:24-CV-00030-ADA-DTG |
| AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC., | |
| Defendant. | |

**RESPONSE OF AMAZON WEB SERVICES, INC. TO VIRTAMOVE CORP.'S OBJECTIONS TO MAGISTRATE JUDGE GILLILAND'S TRANSFER ORDER**

# TABLE OF CONTENTS

INTRODUCTION --------------------------------------------------------------------------------1

FACTUAL BACKGROUND --------------------------------------------------------------------2

ARGUMENT -------------------------------------------------------------------------------------3

    I.    VirtaMove Cannot Show Any Clear Error in Judge Gilliland's
        Transfer Ruling Under § 1406--------------------------------------------------------------3

    II.   VirtaMove Cannot Show Any Clear Error in Judge Gilliland's
        Transfer Ruling Under § 1404--------------------------------------------------------------4

        A.    Judge Gilliland Did Not Rely on The Employees That
              VirtaMove Contends Are Now Irrelevant --------------------------------------4

        B.    VirtaMove Fails to Show Any Error of Law---------------------------------5

             1.    VirtaMove Shows No Error In Judge Gilliland's
                  Reliance on Witnesses in NDCA --------------------------------------6

             2.    VirtaMove Shows No Error In Judge Gilliland's
                  Analysis of Travel Distance for VirtaMove's
                  Witnesses-------------------------------------------------------------------7

             3.    VirtaMove Shows No Error in Judge Gilliland's
                  Analysis of Court Congestion -------------------------------------9

             4.    VirtaMove Shows No Error in Judge Gilliland's
                  Analysis of NDCA's Strong Local Interest ------------------------9

CONCLUSION---------------------------------------------------------------------------------- 10

# TABLE OF AUTHORITIES

**Cases:**                                                                                             ***Page(s):***

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020) ------------------------------------------------------------------- 10

*In re ASSA ABLOY Global Sols., Inc.*,
    No, 2023-150, 2023-150, 2023 WL 7096923 (Fed. Cir. Oct. 27, 2023) -------------------- 3

*Clark v. United States*,
    No. EP-23-CV-305-KC, 2024 WL 1460764 (W.D. Tex. Apr. 2, 2024) ------------------ 6, 7

*In re Clarke*,
    94 F.4th 502 (5th Cir. 2024) -------------------------------------------------------------------5, 6, 7, 10

*DH Int'l Ltd. v. Apple Inc.*,
    No. 1:23-CV-1114-DII, 2024 WL 4119374, . (W.D. Tex. Aug. 30, 2024)----------------- 10

*In re Haptic, Inc.*,
    No. 2024-121, 2024 WL 3159288 (Fed. Cir. June 25, 2024) ------------------------------- 10

*Ibarra v. Allstate Fire & Cas. Ins. Co.*,
    No. SA-20-CV-00280-JKP, 2021 WL 2516089 (W.D. Tex. June 18, 2021)---------------- 3

*Johnson v. Moral*,
    843 F.2d 846 (5th Cir. 1988) (en banc) ----------------------------------------------------------- 7

*Miller v. Thomas Oilfield Servs., LLC*,
    No. 1:24-CV-00425-RP, 2024 WL 3510304 (W.D. Tex. July 22, 2024) -------------------- 7

*Parallel Network Licensing LLC v. Arrow Elecs., Inc.*,
    No. 4:21-CV-00714, 2022 WL 1597364 (E.D. Tex. May 19, 2022) ------------------------ 4

*In re Planned Parenthood Fed'n of Am., Inc.*,
    52 F.4th 625 (5th Cir. 2022) ----------------------------------------------------------------------- 9

*Sistrunk v. TitleMax, Inc.*,
    No. 5:14-CV-628-RP, 2017 WL 2392436 (W.D. Tex. June 2, 2017) ------------------------ 3

*Suanphairin v. Ataya*,
    No. CV 23-3346, 2024 WL 4289573 (E.D. La. Sept. 25, 2024) ---------------------------- 3

*In re TikTok*,
    85 F.4th 352 (5th Cir. 2023) ----------------------------------------------------------------------- 9

*Turpin v. Cooper Tire & Rubber Co.*,
    No. 12-2007, 2012 WL 6705816 (W.D. La. Dec. 21, 2012)--------------------------------- 3

*In re Volkswagen of Am., Inc.,*
    545 F.3d 304 (5th Cir. 2008) ------------------------------------------------------------------------- 6

***Statutes and Rules:***

    28 U.S.C. § 1400------------------------------------------------------------------------------------ 2

    28 U.S.C. § 1404------------------------------------------------------------------------------ *passim*

    28 U.S.C. § 1406--------------------------------------------------------------------------- 1, 2, 3, 4

    Fed. R. Civ. P. 72 ------------------------------------------------------------------------------ 3

**INTRODUCTION**

Judge Gilliland granted transfer from WDTX to NDCA on two independent grounds: (1) improper venue for two of the three defendants under 28 U.S.C. § 1406(a); and (2) convenience under 28 U.S.C. § 1404(a).  VirtaMove objects to Judge Gilliland's transfer order based on a stipulation VirtaMove filed just minutes before the order issued.  That stipulation dismissed the two defendants for which WDTX was not a proper venue—Amazon.com, Inc. and Amazon.com Services LLC (the "Non-AWS Defendants").  VirtaMove now argues that Judge Gilliland committed a clear error by not recognizing the impact of this stipulation on the transfer analysis.  But VirtaMove delayed the stipulation for months and never mentioned the stipulation in any of its briefing to Judge Gilliland.  Accusing Judge Gilliland of error based on a long-delayed and never-briefed stipulation is unfair.  Judge Gilliland could not have clearly erred by failing to anticipate a stipulation VirtaMove never told him about.

Even if VirtaMove's arguments had been timely, its objections would still be meritless.  VirtaMove's stipulated dismissal of the Non-AWS Defendants occurred long after this case was filed.  Courts analyzing § 1406 disregard such post-complaint efforts to manipulate venue.

Further, and most importantly, the stipulation has no impact on the convenience analysis under § 1404.  Judge Gilliland correctly found that § 1404 provided an independent basis for transfer.  Midland is an exceptionally inconvenient forum for a Canadian plaintiff to litigate over software developed in Northern California.  VirtaMove's contrary arguments misunderstand Fifth Circuit law and misconstrue Judge Gilliland's order.  Thus, the Court should overrule VirtaMove's objections.

**FACTUAL BACKGROUND**

On January 26, 2024, VirtaMove filed this case against three Defendants—Amazon Web Services, Inc. ("AWS") and the two Non-AWS Defendants. (Dkt. 1.)  On April 5, 2024, the Non-AWS Defendants moved to dismiss VirtaMove's claims against them because the complaint contained no factual allegations explaining their involvement in the alleged infringement. (Dkt. 12 at 1.)  Instead of dismissing these defendants, VirtaMove amended its complaint to recite additional allegations against them. (Dkt. 23.)  The additional allegations made clear that the alleged infringement by the Non-AWS Defendants occurred entirely outside of Texas—making venue improper in WDTX under 28 U.S.C. § 1400(b). (Dkt. 31 at 1, 6-7.)

On June 7, 2024, Defendants filed their Motion to Dismiss or Transfer.  (Dkt. 31.)  This motion sought transfer under 28 U.S.C. § 1406 based on improper venue and 28 U.S.C. § 1404 based on NDCA's clearly superior convenience. (*Id.*)

On September 27, 2024, VirtaMove filed its opposition brief. (Dkt. 63 (sealed); Dkt. 66 (redacted).)  VirtaMove argued that venue was "proper for all defendants." (Dkt. 66 at 16.)  VirtaMove never told Judge Gilliland that it would stipulate to dismiss the Non-AWS Defendants. (*Id.* at 16-17.)

On October 25, 2024, Defendants filed their reply brief and maintained that WDTX was not a proper venue for the Non-AWS Defendants. (Dkt. 72.)  Defendants also filed a status report two weeks later informing the Court that their motion was "fully briefed and ready for adjudication." (Dkt. 76 at 1.)

On December 20, 2024—six months after Defendants filed their transfer motion—VirtaMove proposed an agreement to dismiss the Non-AWS Defendants.  (Ex. A at 6.)[1]

---

[1] Exhibits A-C are submitted herewith.

Defendants proposed revisions to the agreement on December 23 and 27, 2024. (*Id.* at 3, 5.) VirtaMove waited more than two weeks to accept these revisions on January 14, 2025. (*Id.* at 3.)

VirtaMove filed a stipulation dismissing the Non-AWS Defendants at 4:13 p.m. on January 22, 2025. (Dkt. 86; Ex. B.) Judge Gilliland's order granting transfer to NDCA was entered on the Court's docket at 4:31 p.m. the same day. (Dkt. 87; Ex. C.) VirtaMove never addressed the effect of the stipulation on § 1406 or § 1404 in any briefing or argument before Judge Gilliland.

## ARGUMENT

A district court must uphold a magistrate's ruling on a non-dispositive motion unless the objecting party shows that the magistrate's order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Ibarra v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-00280-JKP, 2021 WL 2516089, at *1 (W.D. Tex. June 18, 2021) ("Federal Rule 72(a) and Section 636(b)(1)(A) set out a highly deferential standard") (cleaned up).

A party waives any argument against a magistrate judge's order if the party failed to raise the argument before the magistrate. *E.g.*, *Sistrunk v. TitleMax, Inc.*, No. 5:14-CV-628-RP, 2017 WL 2392436, at *3 (W.D. Tex. June 2, 2017); *Suanphairin v. Ataya*, No. CV 23-3346, 2024 WL 4289573, at *6 (E.D. La. Sept. 25, 2024); *Turpin v. Cooper Tire & Rubber Co.*, No. 12-2007, 2012 WL 6705816, at *3 (W.D. La. Dec. 21, 2012); *see also In re ASSA ABLOY Global Sols., Inc.*, No, 2023-150, 2023-150, 2023 WL 7096923, at *2 (Fed. Cir. Oct. 27, 2023) (rejecting argument against venue transfer because argument was not presented to district court).

## I.    VIRTAMOVE CANNOT SHOW ANY CLEAR ERROR IN JUDGE GILLILAND'S TRANSFER RULING UNDER § 1406.

Judge Gilliland ordered transfer under § 1406(a) because VirtaMove failed to show that WDTX was a proper venue for the Non-AWS Defendants. (Dkt. 87 at 3–4.) VirtaMove claims this "was error because the [Non-AWS Defendants] were dismissed with prejudice before the

transfer decision issued." (Dkt. 89 at 1.)  But Judge Gilliland did not err.  He ruled correctly based on the information the parties presented to him.  VirtaMove erred by failing to timely present the argument on which it now relies.

VirtaMove delayed its dismissal of the Non-AWS Defendants for more than nine months. (*Supra*, pp. 1-3.)  VirtaMove never told Judge Gilliland that it would be dismissing these defendants.  (*Id.*)  Nor did VirtaMove explain to Judge Gilliland the impact that such dismissal would have on its arguments against transfer.  (*Id.*)  VirtaMove cannot fault Judge Gilliland for not considering what VirtaMove never told him about.

Additionally, VirtaMove ignores that proper venue under § 1406 is determined "as of the date suit is filed," *Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 4:21-CV-00714, 2022 WL 1597364, at *3 (E.D. Tex. May 19, 2022)—not in the final moments that a judge's decision is waiting to be entered on the docket.  Here, VirtaMove's initial complaint (and amended complaint) raised infringement allegations against the Non-AWS Defendants and made them an essential part of the venue analysis.  (Dkt. 1 at 1; Dkt. 23 at ¶¶ 26-27; Dkt. 31 at 6–7.)  Thus, VirtaMove fails to show any error in Judge Gilliland's transfer ruling under § 1406.

## II.    VIRTAMOVE CANNOT SHOW ANY CLEAR ERROR IN JUDGE GILLILAND'S TRANSFER RULING UNDER § 1404.

Judge Gilliland also granted transfer under § 1404, independent of his decision under § 1406.  (Dkt. 87 at 4–5.)  VirtaMove's objections to transfer under § 1404 are meritless.

### A.    Judge Gilliland Did Not Rely on The Employees That VirtaMove Contends Are Now Irrelevant.

Judge Gilliland's transfer order relied in part on the presence of many willing and relevant witnesses in NDCA.  (Dkt. 87 at 4–5.)  VirtaMove argues that Judge Gilliland erred in weighing the willing-witness factor because his transfer order supposedly relied on three employees of the Non-AWS Defendants (Patel, Marieb, and Suleiman).  (Dkt. 89 at 1.)  VirtaMove argues that these

employees will not testify at trial now that the Non-AWS Defendants have been dismissed.  (*Id.*)

VirtaMove waived this argument by failing to present it to Judge Gilliland.  Regardless,

VirtaMove's argument is meritless because these employees were *never* expected to testify at trial

and, as explained below, Judge Gilliland did not rely on them in his transfer analysis.

VirtaMove's complaint cited an Amazon case study identifying Patel, Marieb, and

Suleiman in connection with Amazon Prime Video, a service offered by the Non-AWS

Defendants.  (Dkt. 31 at 4.)  In the interest of completeness and full disclosure, Defendants

identified the location of these employees in the background section of their transfer motion.  (*Id.*)

But when analyzing the willing-witness factor, Defendants did *not* rely on these three employees

to support transfer.  (Dkt. 31 at 9-10.)  Further, Defendants specifically explained in their reply

brief (before the Non-AWS Defendants were dismissed) that these employees had no bearing on

the transfer analysis.  (Dkt. 72 at 3 ("all three Prime Video witnesses are irrelevant").)

When Judge Gilliland addressed the willing-witness factor, he cited Defendants' analysis

of that factor on pages 9 and 10 of the transfer motion.  (Dkt. 87 at 4.)  Those pages do not mention

Patel, Marieb, or Suleiman.  (Dkt. 31 at 9-10.)  And Judge Gilliland did not mention any of these

employees in his order.  (Dkt. 87.)  Thus, VirtaMove fails to show that Judge Gilliland's analysis

of transfer under § 1404 was impacted at all by these employees.  With no impact on the analysis,

the transfer motion's mere mention of these employees could not have caused any clear error.

### B.    VirtaMove Fails to Show Any Error of Law.

VirtaMove argues that Judge Gilliland erred by misapplying the law in numerous ways.

(Dkt. 89 at 2-4.)  However, VirtaMove concedes that Judge Gilliland's application of the law was

correct under Federal Circuit precedent.  (*Id.* at 2.)  The errors that VirtaMove alleges are based

on VirtaMove's interpretation of Fifth Circuit law, including *In re Clarke*, 94 F.4th 502 (5th Cir.

2024).  But VirtaMove misreads the Fifth Circuit cases, as Defendants explained in their reply

brief before Judge Gilliland.  (Dkt. 72 at 1-2.)

### 1.    VirtaMove Shows No Error In Judge Gilliland's Reliance on Witnesses in NDCA.

VirtaMove argues that Judge Gilliland should have required Defendants to prove that *each*

*witness* they identified would actually materialize *at trial*.  (Dtk. No. 89 at 2–3.)  Fifth Circuit law

says no such thing because parties cannot be expected to definitively prove at the outset of a case

who will testify at a future trial.  (Dkt. 72 at 1.)  But Defendants' transfer motion did explain why

the witnesses supporting transfer are expected to testify at trial and provided evidence to support

those expectations.  (Dkt. 31 at 2-5, 9-10; Dkt. 72 at 2-3.)

Contrary to VirtaMove's legal argument, the Fifth Circuit does not require proof that

"witnesses" will materialize "at trial."  Rather, the Fifth Circuit directs courts to consider the

broader question of whether *convenience* will materialize *in the transferee venue*.  (Dkt. 72 at 1

(quoting *In re Clarke*, 94 F.4th at 508).)  Here, Judge Gilliland correctly recognized that

convenience will materialize in NDCA for many reasons, including the concentration of both

willing and unwilling witnesses there.  (Dkt. 87 at 4-5.)

VirtaMove's argument that witnesses are irrelevant without proof that they will testify *at*

*trial* also contradicts Fifth Circuit precedent that recognizes the relevance of *pre-trial* convenience.

*E.g.*, *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (finding subpoena power

for depositions weighed in favor of transfer); *Clarke*, 94 F.4th at 513–14 (weighing convenience

of standing and evidentiary hearings); *see also Clark v. United States*, No. EP-23-CV-305-KC,

2024 WL 1460764, at *4 (W.D. Tex. Apr. 2, 2024) (finding that deposition cost favored transfer).

VirtaMove does not dispute that Fifth Circuit cases have relied on witnesses in a transferee

venue without requiring proof that those witnesses will testify at trial.  Instead, VirtaMove suggests

that *Clarke* overruled prior cases by imposing the "'actually materialize' standard" for the first

time. (*See* Dkt. 89 at 2–3 (referring to an allegedly different standard "from before *In re Clarke*").)

However, post-*Clarke* decisions in this District have repeatedly held that the presence of relevant

witnesses in the transferee venue favored transfer, without imposing VirtaMove's "actually

materialize at trial" standard. *See, e.g.*, *Clark*, 2024 WL 1460764, at *4; *Miller v. Thomas Oilfield

Servs., LLC*, No. 1:24-CV-00425-RP, 2024 WL 3510304, at *4 (W.D. Tex. July 22, 2024), report

and recommendation adopted, 2024 WL 3748035 (W.D. Tex. Aug. 8, 2024).

Further, even if the panel in *Clarke* had wanted to overrule prior Fifth Circuit decisions

weighing the convenience of relevant witnesses regardless of whether they will testify at trial, the

panel would have lacked authority to do so. *Johnson v. Moral*, 843 F.2d 846, 847 (5th Cir. 1988)

(en banc) (later panel decision cannot overrule earlier panel decision). Thus, VirtaMove's reading

of Fifth Circuit law is meritless.

### 2.    VirtaMove Shows No Error In Judge Gilliland's Analysis of Travel Distance for VirtaMove's Witnesses.

VirtaMove accuses Judge Gilliland of giving "no weight" to witnesses VirtaMove

identified. (Dkt. 89 at 3.) But Judge Gilliland never said that he gave these witnesses *no* weight.

He simply explained that most of them would "have to travel well over 100 miles to either district,"

indicating that they carried less weight than the many witnesses who are within NDCA. (Dkt. 87

at 4.) Giving less weight to far-away witnesses is not clear error.

VirtaMove complains that Judge Gilliland did not weigh the witness-convenience factor in

the way VirtaMove would have preferred. (Dkt. 89 at 2-3.) According to VirtaMove, this

somehow shows that Judge Gilliland was not sufficiently "rigid" in his application of the Fifth

Circuit law. (*Id.* at 3.) But VirtaMove identifies no authority from the Fifth Circuit (or any circuit)

that would make the witness-convenience factor weigh against transfer under the facts here.

Defendants identified many relevant witnesses who are overwhelmingly concentrated in NDCA and Seattle. (Dkt. 72 at 2; Dkt. 31 at 9-11.) VirtaMove argued in response that Midland, Texas was a convenient location for its current employees based in Canada—without explaining why any of them are relevant. (Dkt. 72 at 2.) Judge Gilliland was not required to agree that Midland is convenient for these Canadian employees. He was free to reject this implausible argument—particularly after VirtaMove's 30(b)(6) witness admitted that she was charged with booking travel for the company but did not even know where Midland is. (*Id.*) And Judge Gilliland was free to give VirtaMove's employees little weight in the transfer analysis because VirtaMove failed to explain their relevance. (*Id.*)

Judge Gilliland was also free to give little weight to VirtaMove's witness-convenience arguments concerning former VirtaMove employees because those arguments lacked credibility. Defendants cross-examined a former employee who submitted a declaration regarding convenience. (Dkt. 72 at 3-4.) This cross-examination—which VirtaMove tried to block— revealed that the former employee's supposed unwillingness to travel to NDCA was fiction. (*Id.*) The former employee confirmed he did not write his declaration and did not even know where Midland is when he declared it would be convenient. (*Id.*) He admitted that he had been to NDCA ten or fifteen times, but never to Midland. (*Id.*) And contrary to his declaration, he would not rule out coming to NDCA voluntarily. (*Id.*) To avoid cross-examination of other former employees who submitted declarations, VirtaMove stipulated that this testimony was representative for all of them. (*Id.*)

Even assuming that Midland were somehow more convenient than NDCA for a small number of Canadians, Judge Gilliland still would have been correct to weigh the witness-convenience factor in favor of transfer based on the overwhelming concentration of relevant

witnesses Defendants in NDCA and Seattle and the totality of the record before him.  VirtaMove

shows no clear error in Judge Gilliland's overall balancing of this factor.

### 3.    VirtaMove Shows No Error in Judge Gilliland's Analysis of Court Congestion.

VirtaMove argues that Judge Gilliland erred by giving "little weight" to the court

congestion factor.  (Dkt. 89 at 3.)  According to VirtaMove, Judge Gilliland improperly applied

Federal Circuit law rather than Fifth Circuit law when weighing this factor.  (*Id.*)  However, Judge

Gilliland cited two Fifth Circuit cases to support his analysis, and no Federal Circuit cases.  (Dkt.

87 at 5 (citing *Volkswagen* and *Clarke*).)  Thus, VirtaMove's premise is incorrect.

VirtaMove also argues that this case was "timely proceeding to trial . . . before it was stayed

pending transfer."  (Dkt. 89 at 3.)  But VirtaMove overlooks that a district court cannot "use the

progress the case has made while the § 1404(a) motion was pending as a reason to deny transfer."

*In re TikTok*, 85 F.4th 352, 362–63 (5th Cir. 2023).  When Defendants filed their transfer motion

here on June 7, 2024, the case had not progressed past the pleading stage and the Court had not set

a trial date.  (*See* Dkt. 31 (transfer motion); Dkt. 46 (answer); Dkt. 49 (scheduling order).)  In view

of these facts, VirtaMove's reliance on *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625,

631 (5th Cir. 2022), is misplaced.  The defendants in *Planned Parenthood* did not move to transfer

until "months into the discovery period."  *Id.*  Thus, VirtaMove's argument fails.

### 4.    VirtaMove Shows No Error in Judge Gilliland's Analysis of NDCA's Strong Local Interest.

Judge Gilliland held that Defendants "ma[de] a strong showing that the NDCA has a local

interest in this case."  (Dkt. 87 at 5.)  VirtaMove argues that Judge Gilliland erred in reaching this

holding because Defendants' local-interest showing included evidence of research and

development in NDCA.  (Dkt. 89 at 4; *see also* Dkt. 31 at 2-4, 17-18 (Defendants' showing).)

According to VirtaMove, "the Federal Circuit's assessment of this factor that looks to research and development is no longer good law" under *Clarke*. (Dkt. 89 at 4.) VirtaMove is incorrect.

The Federal Circuit has consistently held—both before and after *Clarke*—that the design and development of an accused product creates a local interest in the transferee district. *E.g., In re Apple Inc.*, 979 F.3d 1332, 1345-46 (Fed. Cir. 2020) (before *Clarke*); *In re Haptic, Inc.*, No. 2024-121, 2024 WL 3159288, at *2 (Fed. Cir. June 25, 2024) (rejecting patentee's argument based on *Clarke* and finding local interest in NDCA). This District's post-*Clarke* decisions follow suit. *E.g., DH Int'l Ltd. v. Apple Inc.*, No. 1:23-CV-1114-DII, 2024 WL 4119374, at *6. (W.D. Tex. Aug. 30, 2024) (finding that defendants "creation of the allegedly infringing products, which largely took place in the NDCA and not in the WDTX," weighed in favor of transfer). Indeed, *Clarke* itself referenced the relevance of research and development when assessing local interest. 94 F.4th at 511–12 (describing, with approval, the Fifth Circuit's consideration of "research, design, [and] development" when determining local interest). Thus, VirtaMove's claim that *Clarke* forbids consideration of research and development in the transferee venue is meritless.

VirtaMove also accuses Defendants, without explanation, of causing Judge Gilliland to "double-count" witnesses. (Dkt. 89 at 4.) VirtaMove cites a page of Defendants' motion that refers to third-party witnesses in connection with the local-interest factor. (*Id.* (citing Dkt. 31 at 17).) But Defendants' analysis followed Fifth Circuit precedent, which plainly directs courts to consider the location of third-party witnesses in evaluating the local-interest factor. *Clarke*, 94 F.4th at 511. Thus, Judge Gilliland was free to agree with Defendants' analysis of this factor and VirtaMove fails to show any clear error in Judge Gilliland's order.

## CONCLUSION

The Court should overrule VirtaMove's objections to Judge Gilliland's transfer order.

February 12, 2025

Respectfully submitted,

*Of Counsel:*

By: */s/ Jeremy A. Anapol*
Joseph R. Re *(Pro Hac Vice)*

Harper Estes
Texas Bar No.  00000083
hestes@lcalawfirm.com
LYNCH, CHAPPELL & ALSUP
A Professional Corporation
Suite 700
300 N. Marienfeld,
Midland, Texas 79701
Telephone: 432-683-3351
Telecopier: 432-683-2587

Jeremy A. Anapol *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile:  949-760-9502
joe.re@knobbe.com
jeremy.anapol@knobbe.com

Colin B. Heideman *(Pro Hac Vice)*
Christie R.W. Matthaei *(Pro Hac Vice)*
Logan P. Young *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
925 4th Ave, Ste 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile:  206-405-2001
colin.heideman@knobbe.com
christie.matthaei@knobbe.com
logan.young@knobbe.com

*Counsel for Defendant*
*Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF System.


*/s/ Jeremy A. Anapol*
Jeremy A. Anapol


60931088