**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP.,<br>　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC., and AMAZON WEB SERVICES, INC.,<br>　　　　Defendant. | Case No. 7:24-cv-00030-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF VIRTAMOVE, CORP.'S REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE GILLILAND'S TRANSFER ORDER

**TABLE OF CONTENTS**

I.   Transfer Under Section 1406 is Clear Error. ............................................................. 1

II.  Clear Errors of Law: Judge Gilstrap's Decisions Show How Fifth Circuit Law
     Results in Transfer Denial ....................................................................................... 2

III. Conclusion ............................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Cases**

*Express Mobile, Inc. v. Atlassian Corp. PLC*,
   No. 6:20-CV-00805-ADA, 2021 WL 3355375 (W.D. Tex. Aug. 2, 2021) ...................... 5

*In re Clarke*,
   94 F.4th 502 (5th Cir. 2024) ................................................................................ 2, 3, 4

*In re TikTok, Inc.*,
   85 F.4th 352 (5th Cir. 2023) ........................................................................................ 2

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ....................................................................................... 3

*Motion Offense, LLC v. Google LLC*,
   No. 6:21-CV-00514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4, 2022) ...................... 5

*Perkins v. Johnson*,
   118 Fed. App'x 824 (5th Cir. 2004) .............................................................................. 1

*Qureshi v. United States*,
   600 F.3d 523 (5th Cir. 2010) ....................................................................................... 1

*State Nat'l Ins. Co. v. Cnty. of Camden*,
   824 F.3d 399 (3d Cir. 2016) ......................................................................................... 1

**Other Authorities**

9 Charles Alan Wright & Arthur R. Miller,
   Federal Practice & Procedure § 2363 (4d ed. 2014) ..................................................... 1

I.	**Transfer Under Section 1406 is Clear Error.**

Amazon is wrong that "VirtaMove never told Judge Gilliland that it would be dismissing these defendants," and Amazon is wrong that Judge Gilliland "ruled correctly based on the information the parties presented to him." Dkt. 92 at 3–4. The Court was informed by the filing of the Stipulation of Dismissal. Dkt. 86. The non-AWS Defendants were dismissed as of the moment of filing the stipulation, and this Court *immediately* lost jurisdiction over their transfer. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 (4d ed. 2014) ("the cases seem to make it clear that the notice [of dismissal] is **effective at the moment it is filed with the clerk**." (footnotes omitted, emphasis added)) (also provided as Exhibit A at 4); *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) ("in the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself."). After the dismissal is filed, "any action by the district court after the filing of [the Stipulation of Dismissal] can have no force or effect because the matter has already been dismissed," depriving the Court of jurisdiction. *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 407 (3d Cir. 2016); *Qureshi*, 600 F.3d at 525 (finding that voluntary dismissal deprived the court of jurisdiction over the litigation); *Perkins v. Johnson*, 118 Fed. App'x 824, 825 (5th Cir. 2004) ("After a dismissal, the action is no longer pending in the Court and no further proceedings in the action are proper"). Even if this Court wants to overrule the Section 1406 objections, there is no longer a case against the non-AWS Defendants to transfer.

Amazon also wrongly argues that post-suit facts cannot be considered, but no such rule creates jurisdiction where none exists, and Amazon raises yet another split of law between the Federal Circuit and the Fifth Circuit, where Fifth Circuit law should control. *In re TikTok, Inc.*,

85 F.4th 352, 362 n.10 (5th Cir. 2023) (ruling there is no *per se* prohibition against considering post-motion events).

## II. Clear Errors of Law: Judge Gilstrap's Decisions Show How Fifth Circuit Law Results in Transfer Denial

Judge Gilstrap applied the correct law when he denied transfer in VirtaMove's related cases against IBM and HPE, both of which made similar arguments to Amazon. Dkts. 95-1 and 95-2 (passim). Judge Gilstrap's opinions reveal the errors in Judge Gilliland's Transfer Decision.

**The Transfer Order Erred by Not Applying *In re Clarke's* Heightened Burden of Proof for Movant's Witnesses to Actually Materialize.** Amazon's Response does not dispute that Judge Gilliland did not make any finding of who will materialize, whether at trial or at any other court event. This alone was error under *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). Instead, Amazon argues that it is permissible to ignore this requirement post-*Clarke* in other cases where this new requirement was not disputed as it is here. Dkt. 92 at 7. It is not permissible for this Court to ignore recent developments in law just because another court erred in doing so.

The error is explicit. Judge Gilliland cited Defendant's "multiple relevant employees in NDCA and Seattle. ECF No. 31 at 9–10." These pages of Amazon's motion refer to "ECS employees" like Pratel, who will not materialize because of the dismissal. Dkt. 31 at 4.

VirtaMove did not add a requirement to materialize "at trial." Under Amazon's argument (first improperly raised in its sur-reply) that witnesses may materialize elsewhere (e.g., at hearings), all witnesses would find the WDTX more convenient because the WDTX allows remote appearances at hearings. Ex. B at 5, 10.

Finally, Amazon argues that *Clarke* overruled prior en banc Fifth Circuit decisions somehow, without specifying which en banc decision. Dkt. 92 at 7. *Clarke* did no such thing, and the Fifth Circuit never considered the convenience of witnesses who will not testify at trial.

2

**Amazon Admits Error in Applying the 100-Mile Rule.** Amazon admits that for witnesses far from either district, Judge Gilliland ruled that "they carried less weight," and that "[g]iving less weight to far-away witnesses is not clear error." Dkt. 92 at 7. This was clear error. Such discounting of witness weight contradicts the Fifth Circuit's rigid 100-mile rule and it fails to follow the Federal Circuit's rule of disregarding such witnesses entirely. *See* Dkt. 63 at 4 (explaining 100-mile rule differences). This was error regardless of which circuit law applies.

Amazon's remaining page-long arguments about Judge Gilliland's reasoning for discounting VirtaMove's witnesses amounts to pure speculation because the opinion only has two sentences about them—and one of those sentences tracks the Federal Circuit application of law. Dkt. 86 at 3. Unlike Judge Gilliland, Judge Gilstrap rigidly applied the 100-mile rule and thus fully considered the convenience of VirtaMove's witnesses and those on the East Coast. Dkt. 95-1 at 12–13; Dkt. 95-2 at 13–14. Unlike Judge Gilliland, Judge Gilstrap correctly refused to disregard or discount the inconvenience of these witnesses that "will already be traveling a substantial distance" no matter where they testify. *Compare* Dkt. 95-2 at 14, *with* Dkt. 86 at 3. Judge Gilliland erred by applying the law differently on the willing witness factor.

**The Transfer Order Erred by Discounting the Court Congestion Factor.** Amazon is unable to dispute that neither of the cited cases (*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) and *In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024)) permit the court to allocate "little weight" to this factor. Dkt. 86 at 4. *Clarke* only rules that *statistics evidence*—not the factor itself—receive little weight. 94 F.4th at 510. Judge Gilliland's ruling that this *factor* deserved "little weight" was without authority. Dkt. 87 at 5. This Court should follow Judge Gilstrap's ruling that "this factor is fairly to be considered" without outweighing all other factors. Dkts. 95-1 and 95-2 at 17.

3

**The Transfer Order Erred In Assessing Local Interest.**  Amazon's Response is unable to articulate any theory by which design and development gives rise to infringement as required by *In re Clarke*.  Although Amazon cites several cases that find this factor in Amazon's favor (Dkt. 92 at 10), none of these cases explain how research and development give rise to infringement under Section 271, especially when experimental use is exempted from infringement.

Amazon is also unable to deny that it attempted to double count research witnesses under both the local interest factor and the third-party witness factor.  Judge Gilstrap ruled that "the Court must be wary of double-counting other factors . . . such as the locations the witnesses that designed and developed the accused products." Dkt. 95-1 and 95-2 at 18. Judge Gilliland erred by not being similarly wary.

### III.     Conclusion

**If the Court Agrees With VirtaMove:** The Court should set aside Judge Gilliland's Transfer Order and reach the same conclusions that Judge Gilstrap did, and to enter the proposed order filed in Dkt. 89-1.  To overrule VirtaMove's objections would be to overrule District Judge Gilstrap's applications of transfer law. Moreover, this Court no longer has jurisdiction or transfer power over the dismissed defendants—that part of Judge Gilliland's opinion should be vacated.

**If the Court Overrules Objections to Transfer Under 1404:** The Court should enter the Proposed Order, Dkt. 89-2, so that the split of law can be cleanly teed up for appeal and resolved. VirtaMove's Proposed Order crystalizes the issues for appeal as a circuit split regarding the application of transfer law rather than as a dispute of fact or discretionary weight.

This Court was repeatedly reversed this Court in a wave of mandamus decisions that departed from Fifth Circuit transfer law. *See, e.g.,* Ex. D at 2. These mandamus reversals caused the Court to explicitly decide that it would ignore controlling Fifth Circuit law in view of the Federal Circuit's interpretation of Fifth Circuit law, despite unopposed authority that Fifth Circuit

4

law controls on issues of procedure and despite explicitly acknowledging a split between the appellate courts. *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4–13 (W.D. Tex. Oct. 4, 2022). Just last month, this Court again acknowledged the "apparent contradiction" in the application of transfer law and noted that parties "may raise any arguments to clear up any misapprehensions in Fifth Circuit and Federal Circuit precedent." Ex. C at 17. Indeed, law firms, law reviews, and RXP have all noted the circuit split. *See, e.g.,* Ex. D at 5 ("the discrepancies between the Fifth Circuit and Federal Circuit had become obvious."); Ex. E at 3 (the pro-defendant entity RPX reporting that "the Fifth Circuit took positions on other factors that appeared to be less in line with current Federal Circuit thinking, and potentially more so with Judge Albright's posture."); Ex. F at 5 ("The Federal Circuit Fails to Consistently Apply Regional Circuit Law").

As a result of the Federal Circuit forcing this Court to depart from Fifth Circuit law, small companies like VirtaMove are now harmed while big companies like Amazon continue to infringe VirtaMove's patents. VirtaMove brought this case here, in a closer court, due to travel convenience, lower costs, and because this Court had a consistent record of trial in approximately two years. *See, e.g., Express Mobile, Inc. v. Atlassian Corp. PLC*, No. 6:20-CV-00805-ADA, 2021 WL 3355375, at *9 (W.D. Tex. Aug. 2, 2021) (this Court beginning to collect statistics after the Federal Circuit called this Court's trial schedules "speculative"). By contrast, the undersigned's counsel's last patent case that approached trial in the NDCA had languished for over 6 years. Ex. F at Dkt, 1 (filing in 2017), Dkt. 175 (setting June 2024 trial). If the Court is going to grant transfer under Federal Circuit law instead of Fifth Circuit law, VirtaMove moves the Court for the chance to fix the law at the appellate level by entering the Proposed Order filed in Dkt. 89-2.

Dated: February 19, 2025                Respectfully submitted,

By: /s/ *Qi (Peter) Tong*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (NY SBN: 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75204
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

6

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on February 19, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notifications to all parties of record.

Dated: February 19, 2025

/s/ *Qi (Peter) Tong*
Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75204
Telephone: (310) 826-7474