# EXHIBIT A

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 2 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

**9 Fed. Prac. & Proc. Civ. § 2363 (4th ed.)**

**Federal Practice and Procedure (Wright & Miller)** | June 2024 Update

**Federal Rules of Civil Procedure**

**Chapter 7. Trials**
Arthur R. Miller

**Rule 41. Dismissal of Actions**

---

# § 2363 Voluntary Dismissal—Dismissal as a Matter of Right

**Primary Authority**
- **Fed. R. Civ. P. 41**.

**Forms**
- **3B West's Federal Forms, District Courts—Civil §§ 29:3** to **29:12**, **29:15** to **29:59**

Federal Rule of Civil Procedure 41(a)(1) provides two methods by which a plaintiff may dismiss an action without obtaining the district court's consent. First, the plaintiff may dismiss unilaterally prior to the defendant serving an answer or a summary judgment motion by filing a dismissal notice with the court as set forth in subdivision (a)(1)(A)(i). [1] No other unilateral action by the plaintiff is permitted. [2] Second, the plaintiff may dismiss the action at any time by stipulation of all parties as authorized by subdivision (a)(1)(A)(ii).

Before the adoption of the Federal Rules, federal courts were required to apply forum state procedure regarding voluntary dismissals in all actions at law, but not in suits in equity. That was the practice under the Conformity Act of 1872, which stated that "the practice, pleadings, and forms and modes of proceeding in other than equity and admiralty causes in the circuit and district courts of the United States shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such circuit or district courts are held * * *." [3] State practices permitted a plaintiff to dismiss the action up to various points in the proceeding, ranging from before issue had been joined, before the trial began, before the case was submitted to the jury, to before the verdict was returned. [4] In equity suits in the federal courts, the plaintiff had a qualified right to dismiss at any time before an interlocutory or final decree was entered unless the defendant would suffer some prejudice beyond the threat of another suit. [5]

Case 7:24-cv-00030-ADA-DTG   Document 96-1   Filed 02/19/25   Page 3 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

The adoption of Rule 41(a) in 1938 completely changed this practice. The Rule – applicable in all federal courts – limits the plaintiff's right to dismiss to the proceeding's early stages, thus curbing the abuses of this right that commonly had occurred under state procedures. [6] Under Rule 41(a) as originally adopted, the plaintiff could dismiss the action prior to service of the answer. The Rule was amended in 1948 [7] so that the plaintiff now may dismiss a lawsuit by notice only if it is filed before service by the "opposing" party of an answer or a summary judgment motion, whichever first occurs. [8]

The provisions for voluntary dismissal in Rule 41(a)(1)(A) are expressly made subject to the provisions of Federal Rules of Civil Procedure 23(e), 23.1(c), 23.2, 66, and any statute of the United States requiring judicial approval of a dismissal. Rule 23(e) bars dismissal or compromise of a certified class action or one "proposed to be certified for purposes of settlement" without the court's approval. [9]

A voluntary dismissal pursuant to Rule 41(a)(1) also may intersect with Rule 23 in that it may affect a putative class representative's standing to appeal an adverse certification ruling. The Fourth Circuit reached the question of whether a plaintiff may settle or dismiss his or her individual claims voluntarily and still appeal a denial of class certification of those claims. [10] The court held that when a putative class plaintiff voluntarily dismisses his or her individual claims underlying a request for class certification, there is no longer a self-interested party advocating for class treatment in the manner necessary to satisfy Article III standing requirements, and thus the plaintiff does not have standing to appeal an adverse certification ruling. However, other courts have held that the settlement agreement's language is determinative of a plaintiff's stake in an appeal. [11]

The court's approval also is required under the other Federal Rules listed in subdivision (a)(1)(A), including those regulating actions relating to unincorporated associations and stockholders' derivative suits. [12] Notice to shareholders in a manner ordered by the court is required under Rule 23.1(c). [13] Rule 23.2, which governs actions relating to unincorporated associations, also states that the procedure for dismissing such actions must correspond with that provided in Rule 23(e). Therefore, dismissal of a suit involving an unincorporated association also requires the district court's approval. The provision for dismissal in Rule 41(a)(1) also is inapplicable to an action "wherein a receiver has been appointed," since Federal Rule of Civil Procedure 66 requires a court order. [14] Finally, to the extent that a voluntary dismissal is limited by an applicable statute of the United States, its contents control over Rule 41(a)(1). [15]

For years, a deeply entrenched circuit split existed regarding what the government is required to show to dismiss a qui tam action under 31 U.S.C.A. § 3730 (False Claims Act). [15.20] The Supreme Court finally addressed the issue in United States, ex rel. Polansky v. Executive Health Resources, Inc. [15.40] The district court had granted the government's motion to dismiss a qui tam action, despite the relator's objection and the government not intervening during the initial 60 days (known as the seal period). After the Third Circuit affirmed, the Supreme Court granted Polansky's certiorari petition.

The Court first made clear that if the government had intervened during the seal period, there would not have been any question about the dismissal being appropriate. [15.50] The Court then addressed the government's ability to dismiss the action, given the government's late intervention and the relator's objection. Writing for the Court, Justice Kagan argued that once the government intervenes - during the seal period or later for good cause - it becomes a party and can move to dismiss the action. [15.60] Then the government's motion should be assessed by applying Federal Rule 41(a). Specifically, the Court concluded that district courts should treat the motion as they would any other voluntary dismissal in ordinary civil litigation, but with two minor differences. [15.80] First, courts must allow for notice and an opportunity for a hearing before dismissal, as required by the FCA. Second, prior to granting dismissal, courts should consider not just the defendant's interests (commitment of time and money) but those of the relator as well. Limiting the impact that these additional requirements might have though, Justice Kagan added that "the Government's views are entitled to substantial deference" and "a district court should think several times over before denying a motion to dismiss" especially if the government provides a reasonable argument. [15.90]

The right of voluntary dismissal by notice prior to service of the answer or a summary judgment motion extends as fully to cases removed from a state court as it does to those commenced in a federal court. [16] Indeed, removal followed by dismissal frequently is employed when a plaintiff who is unwilling to prosecute the action in federal court wishes to dismiss to start a new action in state court and preclude removal by joining on or more nondiverse parties, changing the amount sought, eliminating any federal claim, or otherwise. [17] Likewise, when a dismissal would permit the state court's interpretation of state law instead

of its prospective application by the federal court, the voluntary dismissal right should be read broadly. [18] In one case, the district judge set aside a dismissal order entered in state court and refused to permit voluntary dismissal of the federal action against three defendants, none of whom had answered. [19] Although this perhaps was effective in preventing a remand to the state court, it plainly is contrary to the express provisions of Rule 41(a)(1).

"Answer," for purposes of Rule 41(a)(1)(A)(i), does not mean appearance, and the mere fact that a defendant has appeared does not preclude a voluntary dismissal when the defendant has not answered or moved for summary judgment. [20] In removal cases, any pre-removal pleading that is "an answer" under state law precludes a dismissal under Rule 41(a)(1)(A)(i) even if the pleading would not qualify as an answer under the Federal Rules. The Fifth Circuit held that when the defendant has answered according to state law, imposing Rule 41 requirements for an answer would be contrary to Federal Rule of Civil Procedure 81(c)(2)'s statement that "after removal repleading is unnecessary." [21] Multiple courts have held that an answer to the plaintiff's original complaint is sufficient to preclude dismissal by notice even though the defendant has not submitted an answer to the plaintiff's amended complaint. [22]

In an unusual case, the district court granted the plaintiffs' voluntary dismissal against one defendant even though the magistrate had recommended that summary judgment be entered in favor of that defendant. After the other defendants had filed summary judgment motions and the court had been informed that this defendant would be added, the court required all parties to brief the question of this defendant's liability along with other issues raised by the motions. The defendant to be dismissed, however, had not been served, had not filed an answer, and had not filed its own summary judgment motion. Thus, even though the court had addressed the merits, the plaintiffs were entitled to dismiss the action. [23]

The seven defenses listed in Federal Rule of Civil Procedure 12(b) may be asserted in an answer or a motion to dismiss. [24] If they are included in an answer at the defendant's option, the service of the answer terminates the plaintiff's right to dismiss by notice. However, subject to one possible qualification, the plaintiff's voluntary dismissal right is not terminated when those defenses are put forward in a motion to dismiss. That is neither an answer nor, unless accompanied by affidavits or other documents dealing with matters outside the pleadings that are not excluded by the district court, a summary judgment motion. Thus, unless formally converted into a summary judgment motion under Federal Rule of Civil Procedure 56, a significant number of decisions make it clear that a Rule 12(b)(6) motion does not terminate the right to dismiss by notice; [25] only an answer or a summary judgment motion will. [26] Neither will a motion for a stay [27] nor one for a venue change. [28] When a motion or pleading "tender[s] justiciable issues for determination," [29] a few cases hold that its interposition terminates the right to dismiss by notice because it is analogous to an answer. [30]

In one Seventh Circuit case, Marques v. Federal Reserve Bank of Chicago, [31] the plaintiff's voluntary dismissal notice and the defendant's motion to dismiss, which was later converted into a summary judgment motion, were made on the same day, and it was unclear which of the two came first. Judge Posner, writing for the court, placed the burden of proving the sequence of submissions on the defendant who was "asserting the right to prevent the plaintiff from dismissing the suit." He noted that although there was no authority for placing the burden of proving the sequence of submissions on the defendant in the Seventh Circuit, or any other court of appeals, a district court had adopted this approach, which the court of appeals deemed sensible. [32]

The possible exception to the general rule that a plaintiff may dismiss by notice before an answer or summary judgment motion stems from the well-known, almost three-quarter of a century old, Second Circuit decision in Harvey Aluminum, Incorporated v. American Cyanamid Company. [33] The plaintiff sought to dismiss by notice before the defendant had answered, but there had been an extensive hearing, lasting several days and producing a 420 page record, in which the merits of the controversy squarely were raised. The court, speaking through Judge Augustus Hand, held that the plaintiff no longer had the right to dismiss by notice:

> Consequently, although the voluntary dismissal was attempted before any paper labeled "answer" or "motion for summary judgment" was filed, a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached. [34]

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 5 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Although the Harvey Aluminum decision was reasonable, it was and is supported by very little precedent. [35] Federal courts in subsequent cases have paid lip service to its principle that a dismissal by notice is improper after the controversy's merits have been reached; that conclusion has had few progeny, however. Even the Second Circuit has limited it to its facts. [36] Although a few cases have held that because the litigation's merits had been reached, a dismissal by notice was inappropriate absent an answer or a summary judgment motion, [37] most have refused to do so. [38]

Relatively early in the Federal Rules' history, a few commentators argued that Rule 41(a)(1)(A) should be repealed. This would have made all voluntary dismissals discretionary with the district judge, thereby allowing the court to weigh the situation's particular equities and impose needed conditions on a case by case basis. [39] The Advisory Committee on Civil Rules has not pursued this suggestion, however, and interest in the matter has waned.

Although Federal Rule of Civil Procedure 5(a) requires that a voluntary dismissal notice be served on all other parties, the cases seem to make it clear that the notice is effective the moment it is filed with the clerk. [40] It is merely a notice and not a motion, although a notice in the form of a motion for dismissal is sufficient. [41] No court order is required, [42] and the district judge may not impose conditions. [43] Since the notice terminates the action and the court's jurisdiction, "[t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by [an] adversary or court." [44] The judge need not give the perfunctory order to close the file. The plaintiff suffers no impairment beyond the fee for filing the action. [45]

Because Rule 41(a)(1) operates in this simple and routine fashion, the plaintiff may not attach conditions to the voluntary dismissal. If conditioning a notice were allowed, the clerk would have to construe the condition "and perhaps even become a fact-finder to determine when the condition is satisfied." [46] In one case, the district court gave a pro se plaintiff one month to dismiss his complaint voluntarily under Rule 41, as the plaintiff was attempting to bring suit against a court clerk, who was immune from suits for monetary damages in lawsuits that challenge the performance of routine duties. Because the plaintiff already had accumulated a "strike" for filing a "frivolous" complaint, the instant action would have constituted a second "strike," and if the plaintiff were to receive three such strikes, it would be forever barred from filing a case in the federal courts without full prepayment of the filing fee at the case's initiation absent very limited circumstances. [47] Although conditioning a notice is neither feasible nor desirable, the allowance made for the pro se plaintiff was reasonable, as it reflected the judicial tendency to treat pro se plaintiffs with a certain amount of leniency, and it did not result in the undesirable consequence of transforming the clerk into a fact-finder.

Importantly, the Eleventh Circuit held that fictitious defendants do not need to sign the stipulation of dismissal for a voluntary dismissal under Rule 41(a)(1)(A)(iii), as they are "still just that— fictitious * * * . [T]hus [fictitious defendants] had not yet been named or served." [47.50] The court reasoned that fictitious defendants cannot "appear" for trial or sign a stipulation of dismissal, since they are, to that point, still unidentified. It is yet to be seen whether other circuits will follow the Eleventh Circuit, as the Supreme Court has yet to weigh in on this novel issue.

The other procedure available for voluntary dismissal is Rule 41(a)(1)(A)(ii) – a stipulation by all parties who have appeared. [48] This may occur at any time, but it must take the form of an unequivocal statement by the parties that dismissal is intended. [49] Federal courts have held that the parties are bound by the terms and conditions of the stipulation. [50] Quite appropriately, a stipulation of dismissal's sufficiency and effect for Rule 41 purposes are determined under federal law. [51] This is true even in cases founded upon diversity of citizenship jurisdiction. [52]

Rule 41(a)(1)(A)(ii) expressly calls for a stipulation "signed by all parties who have appeared." These words have been interpreted literally by some circuits. In Hardnett v. Equifax Information Services, LLC, [52.50] the Eleventh Circuit not only required a written and signed agreement, but also signatures from any party who had previously appeared in the case, even if the stipulation did not include them. However, these words have not always been interpreted literally by other circuits. For example, notwithstanding the appeal of a bright-line test, the Fifth Circuit rejected a rigid approach in Broadcast Music, Incorporated v. M.T.S. Enterprises, Incorporated, [53] in which it liberally interpreted Rule 41(a)(1)(A)(ii) to hold that without

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 6 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

a written stipulation signed by the parties and filed with the court, an oral stipulation before the court is sufficient to meet the Rule's requirements. In accord with the Fifth Circuit's more liberal practice, the Ninth Circuit has held that the district court properly granted a dismissal under Rule 41(a)(1)(A)(ii) after hearing oral argument during which both sides agreed to dismiss with prejudice. The courts that have adopted a liberal reading of Rule 41(a)(1)(A)(ii) seem to follow the principle that when both parties agree to dismiss in a voluntary and unqualified manner, the district court, in its discretion, may determine that a formal, written stipulation is not necessary to fulfill the Rule's intent. [54]

The Fourth Circuit discussed the purposes and possible terms of a stipulation in Camacho v. Mancuso. [55] The court was presented with the following question: if the parties concede that they intended to dismiss the lawsuit, does a notice of dismissal signed and filed by only one of them satisfy Rule 41(a)(1)(A)(ii)? The court stated that this was a question of first impression and it noted that, as discussed above, some courts are willing to accept oral stipulations before the court as long as the judge has the opportunity to ensure that the parties in fact agreed to the dismissal. [56] However, the court declined to extend this further and accept out-of-court oral stipulations partially confirmed in writing because out-of-court oral agreements do not provide strong enough evidence of the parties' unequivocal assent. The court was concerned that Rule 41(a)(1)(A)(ii)'s procedural protection not be compromised and wanted the defendant's interest in the action and the court's interest in judicial efficiency to be safeguarded. [57]

A dismissal by stipulation is without prejudice unless it provides that it is with prejudice, [58] even if an earlier suit based on the same claim has been dismissed. The two dismissal rule, discussed in a later section, [59] applies only to a dismissal by notice, not to a dismissal by stipulation. [60]

A voluntary dismissal by stipulation under Rule 41(a)(1)(A)(ii) is effective immediately upon filing [61] and does not require judicial approval; [62] the reason for the dismissal stipulation is irrelevant. [63] On the other hand, several decisions indicate that the court does have inherent power to review the dismissal to protect others or assure that judicial or public policies are not being circumvented. [64] The district court does not have the power to condition a dismissal by stipulation. [65] A Rule 41(a) stipulation cannot defeat an attorney's lien, however. [66] Additionally, in some circuits, the stipulation cannot be for only one or some of the claims but instead must be for the entire action. [67]

Westlaw. © 2024 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

---

## Footnotes

1      **Two methods**

Royal Palm Village Residents, Inc. v. Slider, 57 F.4th 960, 963 (11th Cir. 2023) ("Because the owners hadn't yet answered, the residents' voluntary dismissal was self-executing."), **citing Wright & Miller**.

A motion to dismiss filed by some defendants does not preclude a plaintiff's unilateral right to dismiss. Lundahl v. Halabi, 600 Fed. Appx. 596, 603 (10th Cir. 2014).

Jones, Blechman, Woltz & Kelly, PC v. Babakaeva, 375 Fed. Appx. 349 (4th Cir. 2010).

Carrington v. City of Des Moines, Iowa, 481 F.3d 1046 (8th Cir. 2007).

Conseco Life Ins. Co. v. Judson, 214 Fed. Appx. 446 (5th Cir. 2007).

Hester Industries, Inc. v. Tyson Foods, Inc., 160 F.3d 911 (2d Cir. 1998), **citing Wright & Miller**.

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 7 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Medical Inflatable Exhibits, Inc. v. KentuckyOne Health, Inc., 2023 WL 4923930, *2 (E.D. Ky. 2023) (third-party plaintiffs also have authority to dismiss prior to defendant's answer).

Fierro v. Roark, 2018 WL 7917362 (D.N.M. 2018).

Woofbeach, Inc. v. Holland, 2017 WL 8209095, *6 (N.D. Ill. 2017).

Detroit Intern. Bridge Co. v. Government of Canada, 2011 WL 6010230, *1 (D.D.C. 2011).

Miniter v. Sun Myung Moon, 736 F. Supp. 2d 41, 44 n.7 (D.D.C. 2010).

Seaman v. Nationwide Mut. Fire Ins. Co., 2010 WL 5014409 (E.D. Ky. 2010).

Hybert v. Hyster Co., 2009 WL 4894369, *3 (W.D. La. 2009) (adopting magistrate judge's opinion).

Navajo Nation v. Peabody Coal Co., 2009 WL 806636 (D. Ariz. 2009).

Mail Boxes Etc., Inc. v. PBC Services, Inc., 2007 WL 841664 (E.D. Ark. 2007).

Fontes-Quintero v. Sullivan, 2007 WL 781426 (E.D. Cal. 2007).

Murray v. Allen, 2007 WL 779737 (M.D. Ala. 2007) (complaint had not been served on defendants; court concluded that case should be dismissed without prejudice).

Sam v. Schultz, 2007 WL 567590 (E.D. Cal. 2007), report and recommendation adopted, 2007 WL 870038 (E.D. Cal. 2007).

Stone v. Woodford, 2007 WL 527766 (E.D. Cal. 2007).

Crussell ex rel. J.C. v. Electrolux Home Products, Inc., 2007 WL 158744 (W.D. Ark. 2007).

Molzen v. Scibana, 2004 WL 1598793 (W.D. Wis. 2004).

The court treated a request to withdraw a habeas corpus petition as seeking a Rule 41(a) voluntary dismissal when the respondent had not yet filed an answer or a summary judgment motion. Martinez v. Cockrell, 2003 WL 102454 (N.D. Tex. 2003).

The plaintiff may not voluntarily dismiss a claim by "withdrawing" it in a footnote of her reply brief to the defendants' summary judgment motion. Lynch v. New Deal Delivery Service Inc., 974 F. Supp. 441 (D.N.J. 1997).

**See also**
RFR Industries, Inc. v. Rex-Hide Industries, Inc., 222 Fed. Appx. 973 (Fed. Cir. 2007).

When the parties had stipulated to a stay pending resolution of proceedings in another district, the defendant's summary judgment motion filed during the stay was a nullity, and the plaintiff was free to dismiss as of right. USX Corp. v. Penn Cent. Corp., 130 F.3d 562 (3d Cir. 1997).

Dismissal under Rule 41 is not appropriate when sought by a defendant because Rule 41 only applies to plaintiffs. UBS Financial Services, Inc. v. Zimmerman, 2017 WL 2963445 (E.D. N.C. 2017).

Nunn v. Hardee, 2013 WL 3449021 (E.D. N.C. 2013).

Building Innovation Industries, L.L.C. v. Onken, 473 F. Supp. 2d 978 (D. Ariz. 2007).

Waler v. Persing, 2007 WL 1054202 (E.D. Cal. 2007).

Aswad v. ACA Receivables, L.L.C., 2007 WL 427591 (E.D. Cal. 2007).

Morales v. I.N.S., 2003 WL 297353 (N.D. Tex. 2003).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 8 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

The court granted the defendant's motion to vacate the dismissal notice since the plaintiff filed it after the defendant had answered and moved for summary judgment. The fact that the plaintiff was granted leave to file a second amended complaint that added additional claims against the defendant and additional parties did not revive the plaintiff's right to unilateral dismissal without prejudice. Dickie v. Cannondale Corp., 2003 WL 134990 (N.D. Ill. 2003).

**But see**

The court denied one plaintiff's motion to dismiss under Rule 41(a)(1)(A)(i) due to the presence of another plaintiff that would allow the plaintiff seeking dismissal to rejoin the case at a later date. The court relied on the reasoning behind Federal Rule of Civil Procedure 19(a) to deny the motion, stating that allowing dismissal would subject the plaintiff to the risk of not being able to protect her interests and would subject the defendants to the risk of multiple or inconsistent obligations. LeClair v. Department of Family Protective Services, 2017 WL 6880091, *5 (S.D. Tex. 2017), report and recommendation adopted, 2018 WL 322160 (S.D. Tex. 2018).

| 2 | **No other unilateral action** |

Commercial Space Management Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074 (9th Cir. 1999).

Camacho v. Mancuso, 53 F.3d 48 (4th Cir. 1995) (when plaintiff filed dismissal notice after defendant had answered, court declined to treat it as confirmation of outside agreement to dismiss because without defendant's signature, document was unilateral and thus unacceptable).

Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Homestake Min. Co., 722 F.2d 1407, 1414 (8th Cir. 1983) (plaintiff who fails to withdraw formally remains party).

G.A. Thompson Co., Inc. v. Partridge, 636 F.2d 945 (5th Cir. 1981) (unrecorded announcement at conference held on first day of trial that only particular claims would be pursued was not dismissal with prejudice of that claim when there was no stipulation by parties and no judicial order).

Plaintiff, a prisoner, could not withdraw his Rule 41(a) dismissal because he identified no due process violation, and the court lacked jurisdiction over the case because he had been transferred. Stine v. Bureau of Prisons, 2019 WL 2026688 (E.D. Cal. 2019).

Lemmons v. Georgetown University Hosp., 241 F.R.D. 15 (D.D.C. 2007).

U.S. v. Maloney, 99 A.F.T.R.2d 2007-1999, 2007 WL 1424228 (S.D. Fla. 2007).

Adams v. NVR Homes, Inc., 193 F.R.D. 257 (D. Md. 2000) (court can dismiss even after Rule 11 motion is filed).

| 3 | **Conformity Act** |

Act June 1, 1872, c. 255, § 5, 17 Stat. 197, Rev.Stat. § 914, repealed by Act June 25, 1948, c. 646, § 39, 62 Stat. 992.

Carnegie Nat. Bank v. City of Wolf Point, 110 F.2d 569, 572 (C.C.A. 9th Cir. 1940).

| 4 | **State practices** |

Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217, 67 S. Ct. 752, 755, 91 L. Ed. 849 (1947).

D.C. Electronics, Inc. v. Narton Corp., 511 F.2d 294, 296 (6th Cir. 1975), **quoting Wright & Miller**.

In the District of Columbia, prior to the adoption of the Rules, a plaintiff could elect to take a nonsuit any time before a verdict had been rendered, subject only to payment of defendant's costs. American Electrotype Co. v. Kerschbaum, 105 F.2d 764 (App. D.C. 1939).

**See also**

This had been the common law rule. Head, The History and Development of Non-Suit, 27 W.Va.L.Q. 20 (1920).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 9 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Note, Right of a Plaintiff to Take a Voluntary Nonsuit or to Dismiss His Action Without Prejudice, 37 Va.L.Rev. 969 (1951) (survey of widely varying provisions for dismissal concluded that Rule 41(a)'s solution, allowing dismissal as matter of right until filing of answer and thereafter in discretion of court, is most satisfactory).

5    **Suits in equity**

In re Skinner & Eddy Corporation, 265 U.S. 86, 93–94, 44 S. Ct. 446, 447–448, 68 L. Ed. 912 (1924) (complainant's right to dismiss was qualified if defendant had interposed right to affirmative relief).

Pullman's Palace-Car Co v. Central Transp Co, 171 U.S. 138, 18 S. Ct. 808, 43 L. Ed. 108 (1898).

6    **Early stage**

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990), **citing Wright & Miller**.

GF Gaming Corp. v. City of Black Hawk, Colo., 405 F.3d 876 (10th Cir. 2005).

The plaintiff's unilateral right to dismiss can be foreclosed by the simple expedient of filing an answer or a summary judgment motion. Barr Laboratories, Inc. v. Abbott Laboratories, 867 F.2d 743 (2d Cir. 1989).

Conafay by Conafay v. Wyeth Laboratories, a Div. of American Home Products Corp., 793 F.2d 350 (D.C. Cir. 1986), **citing Wright & Miller**.

Scoggins v. Douglas, 760 F.2d 535, 538 (4th Cir. 1985), **citing Wright & Miller**.

Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 661 (5th Cir. 1979), **citing Wright & Miller**.

In re Piper Aircraft Distribution System Antitrust Litigation, 551 F.2d 213, 220 (8th Cir. 1977), **citing Wright & Miller**.

The Rule's purpose is to limit the right to dismiss, which occurs upon the unilateral filing of a dismissal notice with the court's clerk and without the necessity of further agreement by any other party or court order. D.C. Electronics, Inc. v. Narton Corp., 511 F.2d 294, 297 (6th Cir. 1975), **citing Wright & Miller**.

Littman v. Bache & Co., 252 F.2d 479, 480 (2d Cir. 1958).

Garcia v. California, 2007 WL 427326 (E.D. Cal. 2007).

Dickie v. Cannondale Corp., 2003 WL 134990 (N.D. Ill. 2003).

Gap, Inc. v. Stone Intern. Trading, Inc., 169 F.R.D. 584 (S.D. N.Y. 1997), aff'd, 125 F.3d 845 (2d Cir. 1997).

Doran v. McGinnis, 158 F.R.D. 383 (E.D. Mich. 1994).

Sheldon v. Amperex Electronic Corp., 52 F.R.D. 1, 6 (E.D. N.Y. 1971), order aff'd, 449 F.2d 146 (2d Cir. 1971).

Toulmin v. Industrial Metal Protectives, 135 F. Supp. 925, 927 (D. Del. 1955).

**Compare**

Brown v. Wachovia Bank, 2007 WL 1378491, *1 n.2 (D.D.C. 2007), aff'd, 2008 WL 2516476 (D.C. Cir. 2008) (court denied request to dismiss defendants voluntarily because plaintiff's notice was untimely).

7    **1948 amendment**

The Advisory Committee Note to the 1948 amendment of Rule 41(a) states in part: "The change in Rule 41(a)(1)(i) gives the service of a motion for summary judgment by the adverse party the same effect in preventing unlimited dismissal as was originally given only to the service of an answer. * * * A motion for summary judgment may be forthcoming prior to answer, and if well taken will eliminate the necessity for an answer. Since such a motion may require even more research and preparation than the answer

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 10 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

itself, there is no good reason why the service of the motion, like that of the answer, should prevent a voluntary dismissal by the adversary without court approval." 5 F.R.D. at 465–466. The Note is reprinted in full in vol. 12A, App. C in the Civil unit of this Treatise.

8    **Dismissal by notice**
**First Circuit**
ITV Direct, Inc. v. Healthy Solutions, LLC, 445 F.3d 66 (1st Cir. 2006) (Rule 41(a) does not apply to plaintiff's dismissal motion in contract action when answer had been filed and all parties had not consented).

Nogueras-Cartagena v. Rosello-Gonzalez, 182 F.R.D. 380 (D.P.R. 1998).

Nippy, Inc. v. Pro Rok, Inc., 932 F. Supp. 41 (D.P.R. 1996), **citing Wright & Miller**.

**Second Circuit**
The plaintiff "was entitled to file a valid Rule 41(a) notice of voluntary dismissal for any reason, and the fact that it did so to flee the jurisdiction or the judge does not make the filing sanctionable." Wolters Kluwer Financial Services, Inc. v. Scivantage, 564 F.3d 110, 115 (2d Cir. 2009).

D'Alto v. Dahon California, Inc., 100 F.3d 281 (2d Cir. 1996).

Caswell v. Miller, 2018 WL 2170294, *1 (N.D. N.Y. 2018) (plaintiff was entitled to dismissal under Rule 41(a)(1)(A)(i) because, under "prison mailbox rule," date of filing was when plaintiff delivered his motion papers for mailing to court, which preceded defendants filing their answer).

Guzman v. City of New York, 2002 WL 31185788 (S.D. N.Y. 2002).

Steiner v. Atochem, S.A., 2002 WL 1870322 (S.D. N.Y. 2002), judgment aff'd, 70 Fed. Appx. 599 (2d Cir. 2003).

Cranley v. National Life Ins. Co. of Vermont, 144 F. Supp. 2d 291 (D. Vt. 2001), judgment aff'd, 318 F.3d 105 (2d Cir. 2003).

When a plaintiff filed a dismissal motion prior to filing an answer or a summary judgment motion by an opposing party, a dismissal had to be without prejudice and unaccompanied by any conditions even though the defendants had moved to dismiss for failure to state a claim. Horton v. Trans World Airlines Corp., 169 F.R.D. 11 (E.D. N.Y. 1996), **citing Wright & Miller**.

Service of an answer or a summary judgment motion by one or more of several defendants does not foreclose the plaintiff from voluntarily dismissing as to any other defendant who has not served with an answer or motion. Sheldon v. Amperex Electronic Corp., 52 F.R.D. 1 (E.D. N.Y. 1971) (given unusual timing of events, plaintiff was not precluded from dismissing action on theory that answer and counterclaims were served prior to filing of dismissal notice), order aff'd, 449 F.2d 146 (2d Cir. 1971).

When a guardian ad litem for an infant had commenced an action for personal injuries sustained by the infant, and the infant's father had joined in the action seeking damages for medical expenses and loss of services due to the infant's injuries, the father was permitted to dismiss his action voluntarily by filing a dismissal notice because the defendant had not filed an answer. Horzepa v. Dauski, 40 F. Supp. 476 (E.D. N.Y. 1941).

**Third Circuit**
Alboyacian v. BP Products North America, Inc., 2012 WL 3862549, *2 (D.N.J. 2012).

U.S. ex rel. Haskins v. Omega Institute, Inc., 11 F. Supp. 2d 555 (D.N.J. 1998), decision clarified on reconsideration, 25 F. Supp. 2d 510 (D.N.J. 1998) (dismissal by notice not available; defendant previously had filed summary judgment motion).

Maleski v. DP Realty Trust, 162 F.R.D. 496 (E.D. Pa. 1995).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 11 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

**Fourth Circuit**

Finley Lines Joint Protective Bd. Unit 200, Broth. Ry. Carmen, a Div. of Transp. Communications Union v. Norfolk Southern Corp., 109 F.3d 993 (4th Cir. 1997) (plaintiff's voluntary dismissal before defendant serves answer or summary judgment motion is available as matter of unconditional right and is self-executing; it is effective at moment notice is filed with clerk).

Webb v. Green Tree Servicing, LLC, 2011 WL 6141464, *12 (D. Md. 2011).

Hall v. International Union, United Auto., Aerospace and Agr. Implement Workers of America, UAW, 2011 WL 6046403, *3 (W.D. N.C. 2011).

Hannah v. U.S. Air Force, 2010 WL 128291, *2 (D.S.C. 2010) (adopting magistrate judge's opinion).

White v. Berkebile, 2009 WL 6700835, *3 (S.D. W. Va. 2009), report and recommendation adopted, 2010 WL 3009706 (S.D. W. Va. 2010).

Eniola v. Leasecomm Corp., 214 F. Supp. 2d 520 (D. Md. 2002).

Ownby v. Cohen, 2002 WL 1877519 (W.D. Va. 2002).

**Fifth Circuit**

Bechuck v. Home Depot U.S.A., Inc., 814 F.3d 287, 291 (5th Cir. 2016) (voluntary dismissal notice is self-effectuating and terminates case in and of itself), **citing Wright & Miller**.

Qureshi v. U.S., 600 F.3d 523, 525 (5th Cir. 2010).

Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment Inc., 434 F.3d 320, 324 (5th Cir. 2005).

Aero-Colours, Inc. v. Propst, 833 F.2d 51 (5th Cir. 1987), **citing Wright & Miller**.

Flournoy v. Federal Bureau of Prisons, 2011 WL 5837191 (E.D. Tex. 2011), report and recommendation adopted, 2011 WL 5837254 (E.D. Tex. 2011).

Because the defendant had faxed its answer to the plaintiff, the district court determined that an answer had been filed and accordingly denied the plaintiff's Rule 41(a)(1) motion. RFR Industries, Inc. v. Century Steps, Inc., 2005 WL 1923570 (N.D. Tex. 2005), rev'd in part, vacated in part on other grounds, 477 F.3d 1348 (Fed. Cir. 2007), **citing Wright & Miller**.

Liu v. Potter, 2002 WL 31158922 (N.D. Tex. 2002).

Ricky's Diesel Service, Inc. v. M/V INSPIRATION, 2002 WL 927796 (E.D. La. 2002) (suit was dismissed without prejudice after defendants filed motion to dismiss for lack of jurisdiction).

Oxford v. Williams Companies, Inc., 154 F. Supp. 2d 942 (E.D. Tex. 2001).

Jordan v. Marks, 55 F. Supp. 204 (W.D. La. 1944), judgment aff'd, 147 F.2d 800 (C.C.A. 5th Cir. 1945).

**Sixth Circuit**

Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538 (6th Cir. 2001).

D.C.H. ex rel. Harris v. Brannon, 2014 WL 2957029 (W.D. Tenn. 2014) (plaintiff's dismissal notice applied to all claims because it was filed before defendant's answer to amended complaint, even though plaintiff had moved to dismiss under Federal Rule of Civil Procedure 12(b)(1)).

Cooper v. Stryker Corp., 2010 WL 5093419 (S.D. Ohio 2010) (because defendants already had filed their answer, plaintiff erred in filing dismissal notice; instead, plaintiff should have filed motion seeking leave to dismiss her claims voluntarily).

**Seventh Circuit**

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 12 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Marques v. Federal Reserve Bank of Chicago, 286 F.3d 1014 (7th Cir. 2002) (denial of plaintiff's motion to dismiss was reversed; Rule 41(a)(1) confers absolute right to dismiss and no explanation is necessary).

Winterland Concessions Co. v. Smith, 706 F.2d 793 (7th Cir. 1983) (defendant's oral, in-court denials of allegations in plaintiff's complaint were not equivalent of answer, and thus plaintiff could voluntarily dismiss).

Strenke v. Feiner, 2010 WL 148377, *2 (W.D. Wis. 2010).

Kurz v. Fidelity Management & Research Co., 2007 WL 2908918 (S.D. Ill. 2007).

U.S. ex rel. Staples v. Cowan, 2001 WL 290412 (N.D. Ill. 2001).

A motion to dismiss, unless it relies on outside documents that make it a summary judgment motion, does not preclude a voluntary dismissal. In a multiple defendant case in which some defendants have answered, the plaintiff is not precluded from invoking the voluntary dismissal rule as to other defendants. Madsen v. Park City, 6 F. Supp. 2d 938 (N.D. Ill. 1998).

Winder Licensing, Inc. v. King Instrument Corp., 131 F.R.D. 538 (N.D. Ill. 1990).

**Eighth Circuit**

Wilkinson v. Shackelford, 478 F.3d 957 (8th Cir. 2007) (in multiple defendant case, voluntary dismissal of remaining defendant without prejudice under Rule 41(a) renders immediately appealable previous order dismissing other defendants).

Vanover v. Bohnert, 11 Fed. Appx. 679 (8th Cir. 2001).

State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102 (8th Cir. 1999) (court reversed district court finding that Rule 12(b)(6) motion was converted into summary judgment motion that would have made voluntary dismissal invalid).

Williams v. Clarke, 82 F.3d 270 (8th Cir. 1996).

Cusumano v. Bankers Standard Ins. Co., 2017 WL 6026017, *2 (E.D. Mo. 2017).

Machen v. Iverson, 2012 WL 566977, *10 (D. Minn. 2012), report and recommendation adopted, 2012 WL 567128 (D. Minn. 2012).

Elmer v. Godbolt, 2010 WL 5376114 (W.D. Ark. 2010), report and recommendation adopted, 2010 WL 5376109 (W.D. Ark. 2010).

Burke v. Versa-Tags, Inc., 2009 WL 3433471 (E.D. Mo. 2009) (plaintiff could dismiss unilaterally because defendant failed to serve answer pursuant to Federal Rule of Civil Procedure 5).

Pepper v. Clinkscale, 2009 WL 1383297 (E.D. Ark. 2009).

Quick v. EMCO Enterprises, Inc., 251 F.R.D. 371 (S.D. Iowa 2008).

Kinney v. County of Hennepin, 2002 WL 31163092 (D. Minn. 2002).

Blue Cross and Blue Shield of Missouri v. Nooney Krombach Co., 170 F.R.D. 467 (E.D. Mo. 1997).

Brackett v. State Highways and Transp. Com'n of Missouri, 163 F.R.D. 305 (W.D. Mo. 1995).

Wilson & Co v. Fremont Cake & Meal Co, 83 F. Supp. 900 (D. Neb. 1949).

Fleetwood v. Milwaukee Mechanics' Ins. Co., 7 F.R.D. 680 (W.D. Mo. 1947).

**Ninth Circuit**

Case 7:24-cv-00030-ADA-DTG   Document 96-1   Filed 02/19/25   Page 13 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Duke Energy Trading and Marketing, L.L.C. v. Davis, 267 F.3d 1042 (9th Cir. 2001).

Wilson v. City of San Jose, 111 F.3d 688 (9th Cir. 1997), **citing Wright & Miller** (plaintiffs' letter informing defendants of intention to file dismissal notice as soon as transfer of case from one district to another was completed satisfied filing requirements for voluntary dismissal, despite fact that plaintiffs did not file, or attempt to lodge, dismissal notice in either district due to transferor court's clerk's erroneous advice and incompatible policy).

Concha v. London, 62 F.3d 1493 (9th Cir. 1995).

Lockary v. Kayfetz, 917 F.2d 1150, 1157 (9th Cir. 1990) (plaintiffs may dismiss action voluntarily although answer had been filed because answer had not been served on all parties).

Walden v. Nevada ex rel. Nevada Department of Corrections, 2018 WL 3469022, *2 (D. Nev. 2018) (plaintiff's notice of voluntary dismissal of portion of amended complaint was stricken although defendant had not yet filed answer to amended complaint because defendant had already filed answer to original complaint).

United Healthcare Services, Inc. v. Meyer, 2013 WL 5346094 (N.D. Cal. 2013) (although defendant filed its answer, defendant never served copy of on plaintiff, therefore plaintiff's dismissal notice was timely and case was voluntarily dismissed without prejudice).

Booth v. Ioane, 2012-2 U.S. Tax Cas. (CCH) P 50549, 110 A.F.T.R.2d 2012-5863, 2012 WL 3839286, *5 (E.D. Cal. 2012).

Melamed v. Blue Cross of California, 2012 WL 122828, *2 (C.D. Cal. 2012), aff'd, 557 Fed. Appx. 659 (9th Cir. 2014).

Canales v. U.S. Bank Nat. Ass'n, 2009 WL 1531562 (E.D. Cal. 2009).

Zhou v. Wang's Restaurant, 2007 WL 134441 (N.D. Cal. 2007).

Walton v. UTV of San Francisco, Inc., 776 F. Supp. 1399 (N.D. Cal. 1991).

Sidco Industries Inc. v. Wimar Tahoe Corp., 768 F. Supp. 1343 (D. Or. 1991).

Watson v. Clark, 716 F. Supp. 1354 (D. Nev. 1989), aff'd, 909 F.2d 1490 (9th Cir. 1990).

**Tenth Circuit**
Schwab v. Yoxell, 2019 WL 5209161, *1 (D. Kan. 2019) (court construed pro se plaintiff's motion to remove defendant a voluntary dismissal notice under Rule 41(a)(1)(A)(i)).

"The fact that a motion to intervene is pending at the time the notice is filed does not affect the automatic dismissal provided for by Rule 41(a)(1)(A)(i) and (B)." Fort Sill Apache Tribe of Oklahoma v. U.S., 2008 WL 2891654, *1 (W.D. Okla. 2008).

Mitchell v. McGovern, 2008 WL 2050960 (D. Kan. 2008).

Nunez v. IBP, Inc., 163 F.R.D. 356 (D. Kan. 1995).

**Eleventh Circuit**
Pontenberg v. Boston Scientific Corp., 252 F.3d 1253 (11th Cir. 2001).

Scott v. Speights, 2014 WL 2993726 (S.D. Ala. 2014).

Roan v. Anderson Trucking Service, Inc., 2008 WL 926564 (M.D. Ga. 2008) (improperly filed motion to dismiss by notice cannot be refiled once defendant has submitted answer).

Rolle v. Department of Corrections, 2007 WL 1428729 (N.D. Fla. 2007).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 14 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Hinkle's Jeep Sales, Inc. v. Villa Enterprises, Inc., 90 F.R.D. 49 (S.D. Fla. 1981) (memorandum and affidavits accompanying motion to dissolve or vacate temporary injunction did not constitute answer; thus, plaintiff could dismiss voluntarily by filing notice).

**D.C. Circuit**
Swift v. U.S., 318 F.3d 250 (D.C. Cir. 2003).

Little v. Trott and Trott, P.C., 2009 WL 4827441, *1 (D.D.C. 2009) (although defendants had filed motion to dismiss, no defendant had filed answer or summary judgment motion, and it readily was apparent that pro se plaintiff intended to file Rule 41(a)(1)(A)(i) dismissal notice even though pleading purported to request voluntary dismissal pursuant to Federal Rule of Civil Procedure 9(b)).

**Compare**
When the complaint "clearly contemplated that parties other than the named plaintiffs would be asserting identical claims," the defendant's answer to the complaint is sufficient as an answer for Rule 41(a)(1)(A)(i). Anderson v. Merit Energy Corp., 2008 WL 2095533, *2 (D. Colo. 2008).

Moss v. Saks Fifth Avenue, 2007 WL 1141510 (M.D. Fla. 2007) (dismissal by filing notice unavailable as defendant had filed dispositive motion).

**Class action**
The stipulated judgment filed pursuant to Rule 41(a)(1)(A)(ii) was subject to Rule 23(e), which requires district court approval for any voluntary dismissal of a class action. By failing to apply Rule 23(e), the district court abused its discretion, and its judgment was vacated. Pearson v. Target Corporation, 893 F.3d 980, 986 (7th Cir. 2018).

Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941 (8th Cir. 1999).

Firestone v. Gallegos, 172 F.3d 878 (10th Cir. 1999).

Casey v. Medcursor, Inc., 2021 WL 4751378 (E.D. Cal. 2021) (voluntary dismissals under Rule 41 still subject to Rule 23).

"Where no class has been certified, voluntary dismissal or settlement of a putative class action in federal court is governed by Rule 23, not by Rule 41." Valenzuela v. Mauser USA, LLC, 2021 WL 916412, *1 (E.D. Cal. 2021).

Lee v. CVS Pharmacy, Inc., 2021 WL 308283 (S.D. Cal. 2021) (dismissal without court order under Rule 41(a)(1) is subject to Rule 23 governing dismissal of class actions for class action lawsuits).

Dickey v. Vital One Health Plans Direct, LLC, 2020 WL 1046838 (E.D. Cal. 2020).

Although Rule 41 voluntary dismissals are subject to Rule 23.1's provisions in derivative actions, the plaintiff failed to join an indispensable party and thus a derivative action never was properly instituted. "A claim on behalf of a corporation is not considered a 'derivative action' until the corporation is named as a party." Therefore, the parties needed only to follow Rule 41's requirements to dismiss claims voluntarily, as Rule 23.1 did not govern the action. PGH Inv., L.P. v. Colorado Realty Group, LLC, 2013 WL 1876754, *2 (D. Colo. 2013).

Thompson v. Apple, Inc., 2011 WL 2671312, *4 (W.D. Ark. 2011) ("In considering a Rule 41 motion for dismissal in the class action context, the Court must consider the interests of absent plaintiffs even if a class has yet to be certified.").

Schemmer v. ChartOne, Inc., 2008 WL 1929980 (N.D. Ohio 2008).

In re WorldCom, Inc. Securities Litigation, 2004 WL 287652 (S.D. N.Y. 2004) (investors did not have right to dismiss individual securities action voluntarily because court order in related class action provided

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 15 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

that, for purposes of dismissal rule, answers filed by company in class action were deemed to be answers to complaints filed in individual actions).

Funke v. Life Financial Corp., 2003 WL 194204 (S.D. N.Y. 2003).

In re Solv-Ex Corp. Securities Litigation, 198 F. Supp. 2d 587 (S.D. N.Y. 2002), judgment aff'd, 62 Fed. Appx. 396 (2d Cir. 2003).

Miller v. Hygrade Food Products Corp., 2002 WL 1060698 (E.D. Pa. 2002) (courts should focus on two inquiries when determining whether to grant dismissal of pre-certification class actions: (1) whether dismissal results from collusion between plaintiffs and defendants or their counsel; and (2) whether dismissal would prejudice absent class members).

Cranley v. National Life Ins. Co. of Vermont, 144 F. Supp. 2d 291 (D. Vt. 2001), judgment aff'd, 318 F.3d 105 (2d Cir. 2003).

Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888 (E.D. Wis. 1999), **citing Wright & Miller**.

Goldstein v. Delgratia Min. Co., 176 F.R.D. 454 (S.D. N.Y. 1997).

Rule 23(e), requiring court approval of a dismissal of a class action, serves to protect absent class members' rights by requiring judicial scrutiny of settlements. Pipes v. American Sec. Ins. Co., 169 F.R.D. 382 (N.D. Ala. 1996) (dismissal without prejudice on joint motions of parties in putative class action against insurance company that had been removed to federal court was warranted due to class-wide settlement in state court class action against same insurance company with identical class of plaintiffs, even though state court certified class without hearing and without determining adequacy of class representatives).

In re Phillips Petroleum Securities Litigation, 109 F.R.D. 602 (D. Del. 1986) (voluntary dismissal of class action is governed by Rule 41 subject to Rule 23(e); court must consider whether class will be prejudiced, not whether defendant would be prejudiced).

The plaintiff's voluntary dismissal motion could be treated under Rule 41, subject to Rule 23(e), even though the class had not yet been certified. Larkin General Hospital, Ltd. v. American Tel. & Tel. Co., 93 F.R.D. 497 (E.D. Pa. 1982) (in antitrust action, plaintiff made sufficient showing to justify approval of voluntary dismissal: no funds were paid to any member of proposed class so there was no possibility of collusive settlement; there was no possible prejudice to absent class members that would result from approving dismissal; it was highly unlikely that any absent class members had relied on action; there was identical case pending in another court in which plaintiff sought to represent identical class).

Degregorio v. O'Bannon, 86 F.R.D. 109 (E.D. Pa. 1980).

Chrapliwy v. Uniroyal, Inc., 71 F.R.D. 461 (N.D. Ind. 1976).

Robertson v. Limestone Mfg. Co., 20 F.R.D. 365 (W.D. S.C. 1957).

Delahanty v. Newark Morning Ledger Co., 26 F. Supp. 327 (D.N.J. 1939).

Sauer v. Newhouse, 26 F. Supp. 326 (D.N.J. 1939).

See the discussion in § 1797.

**See also**
In re Painewebber Limited Partnerships Litigation, 147 F.3d 132 (2d Cir. 1998).

Blanchard v. EdgeMark Financial Corp., 175 F.R.D. 293 (N.D. Ill. 1997).

Case 7:24-cv-00030-ADA-DTG   Document 96-1   Filed 02/19/25   Page 16 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp., 175 F.R.D. 234 (N.D. Miss. 1997).

**10**        **Fourth Circuit case**
Rhodes v. E.I. du Pont de Nemours and Co., 636 F.3d 88 (4th Cir. 2011), cert. denied, 565 U.S. 977, 132 S. Ct. 499, 181 L. Ed. 2d 347 (2011).

**11**        **Settlement agreement determinative**
Infoneuro Group v. Aetna Life Insurance Company, 2023 WL 2052781, *2 (9th Cir. 2023) (plaintiff claimed there was no agreement to dismiss entire action against defendant, but court referred to settlement agreement language in ruling otherwise).

When parties consent to a voluntary dismissal, preclusion is determined by "looking at the terms of the settlement agreement itself * * * to effectuate the parties' intent." Secretary of Labor v. Copomon Enterprises, LLC, 601 Fed. Appx. 823, 826–827 (11th Cir. 2015).

Richards v. Delta Air Lines, Inc., 453 F.3d 525, 529 (D.C. Cir. 2006) (express reservation of class claim preserves standing of class representative to appeal certification denial).

Dugas v. Trans Union Corp., 99 F.3d 724, 726 (5th Cir. 1996) (reservation of right is sufficient to give putative class representative who settles individual claims standing to appeal class certification denial).

Case v. Case, 2022 WL 17637421, *2 (E.D. N.C. 2022) (existing settlement agreement and mere possibility of future litigation were not sufficient to require dismissal to be with prejudice).

**12**        **Other rules**
An amendment in 2007 corrected the failure to refer to Federal Rules of Civil Procedure 23.1 and 23.2 when Rule 41(a)(1) was amended in 1968 to refer to the 1966 amendment to Rule 23(e). No actual change in practice was caused by the 1968 omission.

**13**        **Notice in derivative suits**
Cramer v. General Telephone & Electronics Corp., 582 F.2d 259 (3d Cir. 1978).

Papilsky v. Berndt, 466 F.2d 251 (2d Cir. 1972), **citing Wright & Miller**.

Grima v. Applied Devices Corp., 78 F.R.D. 431 (E.D. N.Y. 1978).

Beaver Associates v. Cannon, 59 F.R.D. 508 (S.D. N.Y. 1973).

**14**        **Receivers**
U.S. v. Mansion House Center North, 95 F.R.D. 515 (E.D. Mo. 1982).

When receivers had been appointed to take charge of and manage property pendente lite, and had been in charge ever since their appointment, the plaintiff's motion to dismiss, which was made at the same time as the intervention petition, would be denied; the plaintiff was not entitled to dismiss. Chandler Bldg. Corporation v. Shannon, 1 F.R.D. 105 (D.D.C. 1939).

Federal Rule of Civil Procedure 66 is discussed in § 2983.

**Applies in bankruptcy**
Rule 41(a)(1) applies to the withdrawal of claims in bankruptcy proceedings. Industrial Credit Co. v. Hazen, 222 F.2d 225 (8th Cir. 1955).

See also the discussion in § 1016.

**15**        **Statutes**
**8 U.S.C.A. § 1329**
The statute requires court approval for the dismissal of any suit for the violation of immigration laws.

**15 U.S.C.A. § 16**

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 17 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

The Tunney Act, which requires public disclosure and judicial scrutiny of the terms and potential impact of an antitrust consent decree, does not apply to a stipulation of dismissal pursuant to this Rule. In re Intern. Business Machines Corp., 687 F.2d 591 (2d Cir. 1982).

**28 U.S.C.A. § 1915**
Smith v. Williams, 67 F.4th 1139, 1141 (11th Cir. 2023) (plaintiff was prisoner and filed motion to dismiss following magistrate judge's adverse screening recommendation; nothing in PLRA precluded dismissal and motion was made pursuant to Rule 41 so court granted it).

Colorado state inmate's prior action in federal court did not count as a "strike" against him for purposes of determining whether he had accumulated a sufficient number of strikes so as to be prevented by the Prison Litigation Reform Act (PLRA) from proceeding in forma pauperis on his appeal of his dismissed action. Carbajal v. McCann, 808 Fed. Appx. 620, 629 (10th Cir. 2020).

"While Rule 41(a)(1)(A)(i) allows for voluntary dismissal without a court order where the opposing party has not yet served an answer or motion for summary judgment * * * [the plaintiff] cannot use it to avoid the effect of a "strike" under * * * [the Prison Litigation Reform Act] once his case was already screened and found meritless." Large v. Beckham County Dist. Court, 558 Fed. Appx. 827, 828 (10th Cir. 2014).

Paulcin v. Inch, 2021 WL 66612 (N.D. Fla. 2021) (PLRA overrules Rule 41(a), as Congress intended act to reduce baseless prisoner litigation).

Doshier v. Dallas County Detention Facility, 2018 WL 4088021, *2 (E.D. Ark. 2018) (court denied plaintiff's voluntary motion to dismiss because provisions of PLRA governed his claims, and under PLRA, plaintiff cannot avoid imposition of strike by voluntary dismissal).

The right to a voluntary dismissal under Rule 41(a)(1)(A)(i) does not trump the "three strikes" and screening provisions of the PLRA. Ludy v. Nelson, 2014 WL 468509, *1 (M.D. Ga. 2014).

A district court is not required to recognize the effect of a voluntary dismissal of a prisoner-initiated suit once it has determined that it should be dismissed in a manner that counts as a strike under the PLRA. Bloodworth v. Timmerman-Cooper, 2011 WL 1740031 (S.D. Ohio 2011).

The PLRA imposed limits on inmates' ability to file pro se claims, and it controls over Rule 41's allowance for voluntary dismissal prior to the filing of the answer or a summary judgment motion. Hines v. Graham, 320 F. Supp. 2d 511 (N.D. Tex. 2004).

**28 U.S.C.A. § 2255**
United States v. Jones, 2018 WL 832867 (E.D. Ky. 2018) (in § 2255 case, plaintiff may voluntarily dismiss action under Rule 41(a)(1)(A)(i)).

**29 U.S.C.A. §§ 201 et seq.**
The cases are inconsistent regarding the relationship between this statute and Rule 41(a).

The court in a FLSA case declined to extend the Rule 41(a)(1)(A)(ii) judicial approval requirement for stipulated dismissals to the Rule 68(a) context, as the latter lacks an explicit command, and offers for judgment are already filed publicly. Yu v. Hasaki Restaurant, Inc., 944 F.3d 395, 411–412 (2d Cir. 2019).

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (court considered potential for abuse in settlements in finding that FLSA was "applicable federal statute" as expressed in Rule 41 requiring judicial approval).

Fisher v. SD Protection, Inc., 948 F.3d 593, 599 (2d Cir. 2020).

Yang v. Taste of North China, Ltd., 2023 WL 120460, *3-4 (D.N.J. 2023) (court applied Rule 41 standard because FLSA does not explicitly provide way for plaintiff to withdraw after already opting-into litigation).

Duke v. Harvest Hospitalities, Inc., 2021 WL 4245089 (W.D. Pa. 2021) (when voluntarily dismissing opt-in plaintiff in FLSA collective action case, courts generally apply Rule 41(a)(2) standard).

Nava v. Opai Thai Inc., 2021 WL 1873153 (S.D. N.Y. 2021) (Second Circuit has not addressed whether court approval is required for voluntary dismissal of FLSA claims with prejudice under Rule 41(a)(1) (A)(i). District court declined to subject terms of agreement between litigants to typical judicial scrutiny, as there is no precedent to rely on).

A Rule 41 stipulation in a FLSA wage claim is subject to the same review as an FLSA settlement. Bridges v. Rangers Enterprise Satellite, LLC, 2021 WL 1865228 (N.D. MS Oxford Div. 2021).

Green v. Dr. Kelly Malinoski, LLC, 2021 WL 1790542 (M.D. Fla. 2021) (FLSA claims are not exempt from Rule 41).

Morales v. Lombardi's Pizza Inc., 2021 WL 1518345 (S.D. N.Y. 2021) (court did not answer question of whether FLSA case can be settled without court or Department of Labor approval but noted that if such actions were allowed in future, would require stipulation by litigant's).

Gray v. Triple J Grassing, LLC, 2021 WL 1250802 (M.D. Fla. 2021) (text of FLSA does not provide, and no Eleventh Circuit decision has ever held, that FLSA claims are exempt from Rule 41).

"[T]he parties cannot dismiss claims arising under the FLSA *with prejudice* pursuant to Rule 41(a)(1) (A)". Burgos v. UNI2532 LLC, 2021 WL 1172676, *1 (S.D. N.Y. 2021).

Martin v. Harrah's NC Casino Company, LLC, 2021 WL 966029 (W.D. N.C. 2021) (FLSA is applicable federal statute that applies rather than Rule 41(a)(1)(A)(ii)).

Grullon v. Justin Pharmacy Inc., 2021 WL 76386 (S.D. N.Y. 2021) (unique policy considerations underlying FLSA dictate that it must apply rather than Rule 41).

"The Second Circuit has left open for future decision whether an FLSA case may be settled without Court or DOL approval and dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) (A)." Penate v. DBTG Chambers LLC, 2020 WL 7211884, *2 (S.D. N.Y. 2020).

Perez-Ramos v. St. George Holding Corp., 2020 WL 415818, *2 (E.D. N.Y. 2020).

Lopez v. Uno Express Cleaners, Inc., 2019 WL 6873796 (S.D. N.Y. 2019) (same).

Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc., 2019 WL 2526087, *2 (E.D. N.Y. 2019).

Lin v. Grand Sichuan 74 St Inc., 2018 WL 3222519, *4 (S.D. N.Y. 2018) (stipulations of dismissal without prejudice under Rule 41(a)(1)(A)(ii) need not be approved by court under Fair Labor Standards Act.

Amadis v. Newcastle Realty Services, LLC, 2018 WL 2727350, *1 (S.D. N.Y. 2018) (court or DOL approval is mandated for dismissals of FLSA claims with prejudice under Rule 41(a)(1)(A)(i)).

Plaintiffs stipulating to independent contractor status for settlement purposes does not exempt the parties from the requirement that FLSA settlements must be reviewed for fairness by the court prior to voluntary dismissal under Rule 41(a)(1)(A)(ii). Jones v. Smith, 2018 WL 2227990 (E.D. N.Y. 2018).

Cohn v. Rotor Holdings, Inc., 2018 WL 1770814 (M.D. Fla. 2018) (court denied plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(ii) after determining FLSA settlement was not fair and reasonable because both parties were not represented by competent counsel in adversary context, agreement contained mutual general release of claims, and settlement made no provision for payment of attorney's fees or costs).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 19 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Min Kyu Song v. Circle NYC Inc., 2018 WL 1737134, *2 (S.D. N.Y. 2018) (stipulated dismissals settling FLSA claims with prejudice require approval of district court or Department of Labor to take effect).

Parties cannot privately settle FLSA claims and dismiss them with prejudice under Rule 41(a)(1)(A)(ii) without the court's approval. In determining whether to approve a FLSA agreement, relevant factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Cohetero v. Stone & Tile, Inc., 2018 WL 565717, *2 (E.D. N.Y. 2018), quoting Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D. N.Y. 2018).

It is unclear whether courts must review settlement agreements in FLSA cases. The D.C. Circuit never has specified exactly how Rule 41 interacts with settlement agreements in FLSA actions. Because both parties requested the court to review their settlement agreement, the issue did not need to be decided. The court did note that even if judicial review of settlement agreements were not required, it could be a useful step in insuring the agreements' enforceability in potential future actions. Carrillo v. Dandan Inc., 51 F. Supp. 3d 124 (D.D.C. 2014).

Fourth Circuit precedent is unclear on whether court approval is required for settlement agreements under FLSA. Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404 (D. Md. 2014).

Socias v. Vornado Realty L.P., 297 F.R.D. 38, 41 (E.D. N.Y. 2014) (FLSA is exempt from provisions of Rule 41, and courts must review proposed settlement agreements between parties for fairness).

Approval of FLSA settlements "should be granted when: (1) the FLSA settlement is reached as a result of bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains a reasonable award of attorneys' fees." Hartley v. Time Warner NY Cable LLC, 2014 WL 4437282, *1 (D. Colo. 2014).

Saxon v. Royal, 2014 Wage & Hour Cas. 2d (BNA) 203538, 2014 WL 3697360, *1 (S.D. Ga. 2014) ("Plaintiff's request that this case be dismissed must be denied because any attempt to negotiate a settlement of Plaintiff's FLSA claims must be made in the context of a federal lawsuit and gain approval of the Court.").

Armenta v. Dirty Bird Group, LLC, 2014 WL 3344287 (S.D. N.Y. 2014) (judicial approval of settlement required).

The court found that FLSA does not require it to examine the fairness of settlements of retaliatory discharge claims, as opposed to wage claims, which must be reviewed prior to allowing voluntary dismissal. Hernandez v. Iron Container, LLC, 22 Wage & Hour Cas. 2d (BNA) 253, 2014 WL 633848 (S.D. Fla. 2014).

The court's invitation for the parties to "file a motion seeking an order that the parties' settlement need not be approved by the Court" did not excuse the parties from making a legal argument as to why their settlement agreement should not be subject to the normal fairness review given to FLSA settlements. Lima v. Hatsuhana of USA, Inc., 2014 WL 177412, *1 (S.D. N.Y. 2014).

FLSA does not fall into the "applicable federal statute" exception from the procedures of Rule 41(a), and although private settlement agreements in FLSA actions may not be enforced in future litigation under certain circumstances, the parties nevertheless are allowed to reach such agreements without judicial oversight. Picerni v. Bilingual Seit & Preschool Inc., 925 F. Supp. 2d 368, 373 (E.D. N.Y. 2013).

The court refused to allow a voluntary dismissal by stipulation under Rule 41 when the parties had reached a settlement agreement in a FLSA action. The court determined that the case could be dismissed only by court order, and not by the parties' stipulation. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 341 (S.D. N.Y. 2012).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 20 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Mosquera v. Masada Auto Sales, Ltd., 2011 WL 282327 (E.D. N.Y. 2011) (FLSA limits parties' ability to dismiss actions).

**31 U.S.C.A. § 3730**

Section 3730 requires both the court and the United States attorney to approve dismissal of any action against a person charged with making false claims against the United States.

**State law**

The court refused to allow a dismissal by stipulation that occurred after a settlement had been agreed to because Virginia law required the court to approve the settlement since an incompetent person was involved. The Rule 41 dismissal by stipulation apparently had been designed to avoid any need for court approval. Crawford v. Loving, 84 F.R.D. 80 (E.D. Va. 1979).

| | |
|---|---|
| 15.20 | **Previous circuit split** |

United States v. Eli Lilly and Company, Incorporated, 4 F.4th 255 (5th Cir. 2021) (court again adopted rational-relation test, this time by default because it was most burdensome).

Ridenour v. Kaiser-Hill Co., L.L.C., 397 F.3d 925 (10th Cir. 2005) (court used same rational-relation test previously adopted by Ninth Circuit for reviewing government's motion to dismiss qui tam lawsuit).

Swift v. U.S., 318 F.3d 250 (D.C. Cir. 2003) (court gave government unfettered access to dismiss qui tam lawsuit).

U.S. ex rel., U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139 (9th Cir. 1998) (court adopted rational-relation test for reviewing government's motion to dismiss qui tam lawsuit).

United States v. UCB, Inc., 970 F.3d 835 (7th Cir. 2020) (court treated government's motion to dismiss as simultaneous motion to intervene, then applied Rule 41 and dismissed).

| | |
|---|---|
| 15.40 | **Polansky case** |

143 S. Ct. 1720 (2023).

| | |
|---|---|
| 15.50 | **Dismiss during seal period** |

143 S. Ct. at 1727.

| | |
|---|---|
| 15.60 | **Intervene before dismissal** |

143 S. Ct. at 1732.

| | |
|---|---|
| 15.80 | **Two minor differences** |

143 S. Ct. at 1734.

| | |
|---|---|
| 15.90 | **Impact limited** |

143 S. Ct. at 1734.

| | |
|---|---|
| 16 | **Removed cases** |

State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102 (8th Cir. 1999).

The voluntary dismissal of a removed action does not constitute the type of egregious forum shopping that federal courts traditionally have sought to discourage. Wilson v. City of San Jose, 111 F.3d 688 (9th Cir. 1997), **citing Wright & Miller**.

Grivas v. Parmelee Transp. Co., 207 F.2d 334 (7th Cir. 1953).

A motion to dismiss is not equivalent to an answer or summary judgment motion and does not extinguish plaintiff's right to dismiss without prejudice following removal. United Sur. & Indem. Co. v. Yabucoa Volunteers of America Elderly Housing, Inc., 306 F.R.D. 88, 90 (D.P.R. 2015).

Young v. Giant Food Stores, LLC, 108 F. Supp. 3d 301 (D. Md. 2015).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 21 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

The plaintiff voluntarily dismissed a diverse defendant under Rule 41(a)(1)(a)(i) after the defendant filed a notice of removal. As the remaining parties were both nondiverse and had not filed removal notices, the plaintiff's motion to remand to state court was granted. Maturin v. Commerce & Industry Ins. Co., 2014 WL 2567150, *3 (W.D. La. 2014).

Seaman v. Nationwide Mut. Fire Ins. Co., 2010 WL 5014409 (E.D. Ky. 2010).

Quick v. EMCO Enterprises, Inc., 251 F.R.D. 371 (S.D. Iowa 2008).

Crook v. WMC Mortg. Corp., 2006 WL 2873439 (S.D. Ill. 2006), quoting Wright & Miller.

Although the court acknowledged that the right to dismiss extends equally to removed cases, it effectively defeated the plaintiff's attempt to dismiss its claims against the Governor of Puerto Rico. In response to the plaintiff's use of voluntary dismissal of the Governor as a tool to defeat both jurisdiction and removal, the court used Rule 19(a) to join the Governor as an indispensable party. In so doing, the court stated: "As all rights in our judicial system, a plaintiff's right to voluntarily dismiss an action must be exercised in good faith and not as an attempt to manipulate jurisdiction." Nogueras-Cartagena v. Rosello-Gonzalez, 182 F.R.D. 380, 386 (D.P.R. 1998).

Roby v. Maine Cent. R. R., 243 F. Supp. 153 (D.N.H. 1965).

Culverhouse v. Biehl & Co., 24 F.R.D. 198 (S.D. Tex. 1959).

Fleetwood v. Milwaukee Mechanics' Ins. Co., 7 F.R.D. 680 (W.D. Mo. 1947) (plaintiffs were entitled to dismissal without order or action by the court even though sundry motions, including one to require plaintiffs to give security for costs, were filed in state court before removal to federal court; no answer had been filed).

Flaig v. Yellow Cab Co. of Missouri, 4 F.R.D. 174 (W.D. Mo. 1944) (when defendant had been duly notified of plaintiff's proposed dismissal after federal court had acquired removal jurisdiction but before defendant's counsel had sent transcript to clerk's office, defendant could not deprive plaintiff of voluntary dismissal by filing answer concurrently with transcript, particularly since plaintiff had attempted to file dismissal several times before transcript was received).

17    **New state action**
Sargeant v. Hall, 951 F.3d 1280 (11th Cir. 2020), citing Wright & Miller.

Wilson v. City of San Jose, 111 F.3d 688 (9th Cir. 1997), citing Wright & Miller.

Aetna Inc. v. Gilead Sciences, Inc., 599 F. Supp. 3d 913 (N.D. Cal. 2022), quoting Wright & Miller.

Chen v. eBay Inc., 2016 WL 835512, *2 (N.D. Cal. 2016) (because action's sole purpose was to receive state court legal interpretation, court held that voluntary dismissal after removal did not constitute egregious forum shopping that federal courts have sought to discourage), citing Wright & Miller.

Little v. UHS of Parkwood, Inc., 2007 WL 3102151 (N.D. Miss. 2007).

The plaintiffs, who were not entitled to remand an action against a nonresident railroad following a proper removal, were not without recourse since they could apply for dismissal of the actions against the railroad and amend the writs in the state action against the resident's estate by adding the railroad as a defendant, thereby precluding a second removal. Roby v. Maine Cent. R. R., 243 F. Supp. 153 (D.N.H. 1965).

**But compare**
An insured party under a managed disability plan was not entitled to the voluntary dismissal without prejudice of a removed breach of contract action so that the party could refile in state court; the plan sponsor and administrator would be prejudiced by having to relitigate after already having proceeded to the summary judgment stage in federal court, because ERISA completely preempted the action, the insured could not eliminate the federal question, were the case to be refiled in state court, the defendants

Case 7:24-cv-00030-ADA-DTG   Document 96-1   Filed 02/19/25   Page 22 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

simply would remove it again, wasting precious judicial resources. Ankney v. Metropolitan Life Ins., 438 F. Supp. 2d 566 (D. Md. 2006).

18      **Interpretation of state law**
        Brackett v. State Highways and Transp. Com'n of Missouri, 163 F.R.D. 305 (W.D. Mo. 1995).

19      **Dismissal refused**
        When an action on a policy that was subscribed to severally and not jointly by 16 insurers originally was commenced in state court, and on motion of the three insurers that were foreign corporations, against which there was a separable controversy involving more than $3,000, the action was removed, the plaintiff's motion for an order granting leave to discontinue the action without prejudice as against the foreign corporations and to remand the remainder of the action would be denied. Henjes v. Aetna Ins. Co., 39 F. Supp. 418 (E.D. N.Y. 1941).

20      **Appearance insufficient**
        Harker v. Ocwen Loan Servicing, LLC, 2016 WL 1046197, *2 (E.D. Tex. 2016) (plaintiff's dismissal without prejudice was appropriate despite defendants appearing and filing motion to dismiss), **citing Wright & Miller**.

        Wilson & Co v. Fremont Cake & Meal Co, 83 F. Supp. 900, 904–905 (D. Neb. 1949).

        The motion to set aside the plaintiff's voluntary dismissal, which occurred before an answer was filed but after the defendant served a notice of appearance, and to compel the plaintiff to accept service of the answer and counterclaims, would be denied. Compania Plomari De Vapores, S.A., v. American Hellenic Corp., 8 F.R.D. 426 (S.D. N.Y. 1948).

        Sanderson v. Postal Life & Cas. Ins. Co., 2 F.R.D. 203 (W.D. Mo. 1941).

21      **Defining "answer"**
        In re Amerijet Intern., Inc., 785 F.3d 967, 974 (5th Cir. 2015), as revised, (May 15, 2015).

        A motion to dismiss is not equivalent to an answer or summary judgment motion and does not extinguish plaintiff's right to dismiss without prejudice. United Sur. & Indem. Co. v. Yabucoa Volunteers of America Elderly Housing, Inc., 306 F.R.D. 88, 90 (D.P.R. 2015).

        Van Leeuwen v. Bank of America, N.A., 304 F.R.D. 691, 692 (D. Utah 2015).

        See also the citations in note 8.

22      **One answer sufficient**
        Universidad Cent. Del Caribe, Inc. v. Liaison Committee on Medical Educ., 760 F.2d 14 (1st Cir. 1985).

        Armstrong v. Frostie Co., 453 F.2d 914 (4th Cir. 1971).

        Aana v. Pioneer Hi-Bred Intern., Inc., 2014 WL 819158, *3 (D. Haw. 2014).

        Quick v. EMCO Enterprises, Inc., 251 F.R.D. 371 (S.D. Iowa 2008).

        Dickie v. Cannondale Corp., 2003 WL 134990 (N.D. Ill. 2003).

        **But see**
        The plaintiff's notice of voluntary dismissal was operative, despite the fact that the defendants had filed an answer to the plaintiff's original complaint as the defendants had not yet filed an answer or summary judgment motion with regard to the plaintiff's amended complaint. D.C.H. ex rel. Harris v. Brannon, 2014 WL 2957029 (W.D. Tenn. 2014).

23      **Even though merits addressed**
        Cooney v. William Robinson Dairy, Inc., 744 F. Supp. 841 (N.D. Ill. 1990).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 23 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

24          **Option of defendant**
            See §§ 1347 to 1349.

25          **Motion to dismiss**
            CX Reinsurance Company Limited v. Johnson, 977 F.3d 306 (4th Cir. 2020).

            McCord v. Bd. of Educ. of Fleming County, Kentucky, 2018 WL 1724560, *5 (6th Cir. 2018).

            "A motion under Rule 12(b)(6) becomes a motion for summary judgment when the defendant attaches materials outside the complaint * * * and the court actually considers some or all of these materials." Marques v. Federal Reserve Bank of Chicago, 286 F.3d 1014, 1017 (7th Cir. 2002).

            Berthold Types Ltd. v. Adobe Systems Inc., 242 F.3d 772 (7th Cir. 2001), **citing Wright & Miller**.

            State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102 (8th Cir. 1999) (submission of additional materials does not automatically convert Rule 12(b)(6) motion into summary judgment motion).

            Finley Lines Joint Protective Bd. Unit 200, Broth. Ry. Carmen, a Div. of Transp. Communications Union v. Norfolk Southern Corp., 109 F.3d 993 (4th Cir. 1997), **citing Wright & Miller**.

            Concha v. London, 62 F.3d 1493 (9th Cir. 1995).

            Aamot v. Kassel, 1 F.3d 441, 444 (6th Cir. 1993), **citing Wright & Miller**.

            Wilson-Cook Medical, Inc. v. Wilson, 942 F.2d 247 (4th Cir. 1991) (court allowed plaintiff to move for voluntary dismissal since court had excluded affidavits that accompanied defendant's motion to dismiss for failure to state claim).

            Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 286 (2d Cir. 1989) (when "[Rule] 12(b)(6) motion ripens into one for summary judgment, the right to voluntary dismissal is extinguished at the time the motion is served").

            Manze v. State Farm Ins. Co., 817 F.2d 1062 (3d Cir. 1987), **citing Wright & Miller**.

            Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659 (5th Cir. 1979), **citing Wright & Miller**.

            When the plaintiff filed a motion to dismiss before the defendants filed an answer or a summary judgment motion, the plaintiff had an absolute right to dismissal; the defendants' own motion to dismiss on the merits would not be considered the equivalent of an answer despite the fact that they allegedly expended considerable effort in preparing it. Carter v. U.S., 547 F.2d 258 (5th Cir. 1977).

            A voluntary dismissal notice filed after motions challenging jurisdiction over the defendant's person was not untimely. Plains Growers, Inc. By and Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250 (5th Cir. 1973), **citing Wright & Miller**.

            When the purported partial summary judgment motion did not attempt to show an absence of factual issues or that the defendant was entitled to judgment as a matter of law, but rather was, on its face, for the purpose of "dismissing the complaint," the plaintiff properly could dismiss as of right. Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885, 890 (7th Cir. 1972).

            The district court properly vacated a voluntary dismissal since the defendant had satisfied both the letter and the spirit of Rule 41(a)(1) by filing an answer and a summary judgment motion to the plaintiff's original complaint. Armstrong v. Frostie Co., 453 F.2d 914 (4th Cir. 1971) (defendant had filed answer and summary judgment motion, which was denied, court then granted motion to dismiss for failure to state claim, plaintiff then filed amended complaint alleging essentially same cause of action, defendant filed second motion to dismiss, plaintiff then filed notice of voluntary dismissal without prejudice).

            The defendant unions' filing of motions for dismissal based on the insufficiency of service, a lack of subject matter jurisdiction, and a failure to state a claim upon which relief could be granted,

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 24 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

unaccompanied by any affidavits or other matters outside the pleading that would convert the motions into summary judgment motions, did not preclude the plaintiff from moving for a voluntary dismissal of the amended complaint; the court's opinions, attached to a memorandum of law submitted in connection with the motion to dismiss, did not constitute matters outside the pleadings sufficient to transform the motion into one for summary judgment. Nix v. Fulton Lodge No. 2 of Intern. Ass'n of Machinists and Aerospace Workers, 452 F.2d 794 (5th Cir. 1971).

Miller v. Reddin, 422 F.2d 1264 (9th Cir. 1970) (plaintiffs were entitled to have suit voluntarily dismissed without prejudice and without court order since no answer or summary judgment motion had been filed and there had been no entry of judgment even though four days earlier, court had heard arguments on defendants' motion to dismiss and had announced orally proposed disposal of case and later attempted to make that dismissal effective nunc pro tunc as of day of hearing).

A motion to dismiss a third-party complaint for failure to state a claim was not a "responsive pleading" within Rule 41's purview providing for a voluntary dismissal before a responsive pleading is filed; therefore, the third-party complainant's dismissal notice following the motion was not untimely. Pennsylvania R. Co. v. Daoust Const. Co., 193 F.2d 659 (7th Cir. 1952).

The district court had held that since the defendant might have included his objections to jurisdiction and service of process in an answer, its motion for dismissal on the same grounds was the equivalent of an answer and precluded a voluntary dismissal. The court of appeals reversing, ruled that the choice was the defendant's whether to answer or move to dismiss. Having elected to proceed by motion, the plaintiff could enter a dismissal. Kilpatrick v. Texas & P.R. Co., 166 F.2d 788 (C.C.A. 2d Cir. 1948).

Lucky Star Enterprises III, LLC v. Wells Fargo Bank, N.A., 585 F. Supp. 3d 1297 (W.D. Wash. 2022), **citing Wright & Miller**.

Williams v. Sinclair, 2020 WL 806470, *2 (W.D. Wash. 2020), **quoting Wright & Miller**, report and recommendation adopted, 2020 WL 777452 (W.D. Wash. 2020).

Hartness v. United States, 2018 WL 2424416, *2 (E.D. Tenn. 2018) (court cannot construe defendant's motion to deny and dismiss with prejudice as answer or summary judgment motion).

Four Winds Interactive LLC v. 22 Miles, Inc., 2018 WL 525604 (D. Colo. 2018) (court rejected defendant's argument that several filings, including defendant's motion to dismiss, claim construction briefs, or Magistrate Judge's Recommendation, constituted equivalent of "motion for summary judgment;" therefore dismissal was proper), **citing Wright & Miller**.

Leveston v. Moynihan, 2017 WL 7693397, *2 (N.D. Ill. 2017).

Harris v. County of Los Angeles, 2017 WL 6558495, *1 (C.D. Cal. 2017).

United Sur. & Indem. Co. v. Yabucoa Volunteers of America Elderly Housing, Inc., 306 F.R.D. 88 (D.P.R. 2015).

Van Leeuwen v. Bank of America, N.A., 304 F.R.D. 691, 692 (D. Utah 2015).

Zow v. Regions Financial Corp., 2014 WL 1117039, *1 (S.D. Ga. 2014).

Cribbs v. Case, 2012 WL 4356776, *1 (W.D. Mich. 2012).

Taylor v. Carl E. Woodward, L.L.C., 2012 WL 3901627, *3 (E.D. La. 2012).

In re Genzyme Corp. Shareholder Litigation, 2011 WL 4572540 (D. Mass. 2011), report and recommendation adopted, 2011 WL 4572538 (D. Mass. 2011) (defendant's motion to dismiss was denied as moot because plaintiff gave notice of dismissal before defendant served answer or summary judgment motion).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 25 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Velez-Colon v. Caribbean Produce Exchange, Inc., 2009 WL 4782129, *1 (D.P.R. 2009) (court noted that defendant's motion to dismiss was properly converted into summary judgment motion; thus plaintiff was not entitled to request dismissal without prejudice under Rule 41(a)(1)(A)(i) but had to seek court's leave to dismiss under Rule 41(a)(2)).

Tesma v. Maddox-Joines, Inc., 254 F.R.D. 699 (S.D. Fla. 2008).

Keefer v. Ohio Dept. of Job and Family Services, 2005 WL 1969707 (S.D. Ohio 2005).

Miller v. John Doe, 2005 WL 1308408 (E.D. Wis. 2005) (defendants' motion treated as one for summary judgment because it relied upon matters outside complaint).

In re Microsoft Corp. Antitrust Litigation, 332 F. Supp. 2d 890 (D. Md. 2004), **citing Wright & Miller**.

Seippel v. Jenkens & Gilchrist, P.C., 2004 WL 2809205 (S.D. N.Y. 2004).

Ricky's Diesel Service, Inc. v. M/V INSPIRATION, 2002 WL 927796 (E.D. La. 2002) (suit dismissed without prejudice despite motion to dismiss for lack of jurisdiction).

U.S. ex rel. Haskins v. Omega Institute, Inc., 11 F. Supp. 2d 555 (D.N.J. 1998), decision clarified on reconsideration, 25 F. Supp. 2d 510 (D.N.J. 1998) (dismissal by notice not available; defendant previously had filed summary judgment motion).

Esquivel v. Arau, 913 F. Supp. 1382 (C.D. Cal. 1996), **citing Wright & Miller**.

Horton v. Trans World Airlines Corp., 169 F.R.D. 11 (E.D. N.Y. 1996), **citing Wright & Miller**.

Even if a Rule 12(b)(6) motion contains material outside the pleadings, it does not constitute a summary judgment motion under Rule 41(a)(1) unless the court exercises its discretion to convert it into a formal motion. Ansonia Tenants' Coalition, Inc. v. Ansonia Associates, 163 F.R.D. 468 (S.D. N.Y. 1995).

Brackett v. State Highways and Transp. Com'n of Missouri, 163 F.R.D. 305, 308 (W.D. Mo. 1995) (motions to dismiss under Rule 12 are neither "answers" nor "motions for summary judgment").

A motion under Rule 12(b)(6) was not converted into a summary judgment motion, even though it contained matters outside the pleadings, because no consideration was given to the Rule 12(b)(6) motion before the case's circumstances changed. Maleski v. DP Realty Trust, 162 F.R.D. 496 (E.D. Pa. 1995) (court stated that if case were remanded, plaintiff still could dismiss by notice).

Bender v. Smith Barney, Harris Upham & Co., Inc., 789 F. Supp. 155 (D.N.J. 1992).

Since voluntary dismissal notice was filed at 2:21 p.m. and the answer was mailed on that same day, the defendant was required to present evidence that actual service of the answer occurred before 2:21 p.m. to preclude the plaintiff from dismissing without the court's order. Keal v. Monarch Life Ins. Co., 126 F.R.D. 567 (D. Kan. 1989).

Davenport v. Saint Mary Hosp., 633 F. Supp. 1228 (E.D. Pa. 1986) (motion to dismiss was converted into summary judgment motion barring plaintiff from dismissing).

U.S. v. U.S. Trust Co., 106 F.R.D. 474 (D. Mass. 1985), **citing Wright & Miller**.

Fernandez v. Southside Hosp., 593 F. Supp. 840 (E.D. N.Y. 1984), **citing Wright & Miller**.

Kolman v. Milwaukee Area Technical College, 548 F. Supp. 684 (E.D. Wis. 1982) (defendant's motion to dismiss had been converted to summary judgment motion).

Tedeschi v. Barney, 95 F.R.D. 182 (S.D. N.Y. 1982) (plaintiff could not dismiss since defendants had moved for partial summary judgment of one claim and had moved for dismissal for failure to state claim; motions had been converted to summary judgment motions as to remaining causes of action).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 26 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

When the plaintiff's dismissal notice was filed after the defendants filed a motion to dismiss for failure to state a claim that was converted into a summary judgment motion, the notice would be treated as a dismissal motion by the court's order under Rule 41(a)(2). Bangor Baptist Church v. State of Me., Dept. of Ed. and Cultural Services, 92 F.R.D. 123 (D. Me. 1981).

National Cement Co., Inc. v. Mead Corp., 80 F.R.D. 703 (S.D. N.Y. 1978) (motion to dismiss for failure to state claim had been converted to summary judgment motion; therefore plaintiff could not dismiss suit unilaterally).

Moore v. Davis, 72 F.R.D. 96 (M.D. N.C. 1976).

The defendant's motion to dismiss did not bar the plaintiff's dismissal notice as to that defendant since the affidavit filed in support of the motion did not convert it into one for summary judgment. Terry v. Pearlman, 42 F.R.D. 335 (D. Mass. 1967).

The plaintiff was entitled to dismiss the action by filing a Rule 41(a)(1)(A)(i) notice before an answer was filed notwithstanding the defendant's previous motion to dismiss and the defendant's contention that the prior motion amounted to a general appearance. Sachs v. Italia Societa Anonima Di Navigazione, 30 F. Supp. 442 (S.D. N.Y. 1939).

**Compare**

The defendant's Rule 12(b)(5) motion did not convert into a summary judgment motion for purposes of preempting the plaintiff's right to a voluntary dismissal. Black Ride III, Inc. v. West, 2005 WL 1522055 (D.D.C. 2005).

**But compare**

When a court has reason to doubt that it has subject matter jurisdiction, it is inappropriate to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised. Taylor v. Com. of Va., Dept. of Transp., 170 F.R.D. 10 (E.D. Va. 1996).

26    **Answer or summary judgment**
Miller v. John Doe, 2005 WL 1308408 (E.D. Wis. 2005) (defendants' motion treated as one for summary judgment because it relied upon matters outside complaint).

After stating that a voluntary dismissal "may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions," the court ruled that this generality did not apply. Acting as plaintiff, the Alabama Attorney General attempted to dismiss a case filed by the University of South Alabama, requiring the district court to determine that the University was a state agency subject to the Attorney General's authority to control all litigation in the state. The circuit court ruled that the district court should have inquired into its subject matter jurisdiction "before reaching the merits of any other issue," particularly when the issue involved "so important and complicated a question of state law." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 409, 411 (11th Cir. 1999).

Hanner v. City of Dearborn Heights, 2008 WL 2714424 (E.D. Mich. 2008).

Because the district court had to dismiss the plaintiffs' case for lack of subject matter jurisdiction, the plaintiff's Rule 41 motion to dismiss was denied as moot. Wenz v. Rossford Ohio Transp. Improvement Dist,, 392 F. Supp. 2d 931 (N.D. Ohio 2005).

In a multiple-defendant case in which some defendants had answered, the plaintiff was not precluded from invoking the voluntary dismissal rule as to other defendants. Madsen v. Park City, 6 F. Supp. 2d 938 (N.D. Ill. 1998).

Automatic voluntary dismissal provisions did not apply when, on the defendants' motion to dismiss, the plaintiffs made new allegations that the court considered and rejected. The new allegations converted the motion to dismiss into a summary judgment motion, prohibiting automatic voluntary dismissal. The notice to parties required to convert a motion to dismiss into a summary judgment motion was not required when the statute sought to be applied was not applicable as a matter of law and plaintiffs could offer

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 27 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

no facts to make it applicable. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals Inc., 176 F.R.D. 566 (D. Minn. 1997), judgment aff'd, 187 F.3d 941 (8th Cir. 1999).

Kolman v. Milwaukee Area Technical College, 548 F. Supp. 684 (E.D. Wis. 1982) (defendant's motion to dismiss had been converted to summary judgment motion).

Tedeschi v. Barney, 95 F.R.D. 182 (S.D. N.Y. 1982) (plaintiff could not dismiss since defendants had moved for partial summary judgment of one claim and had moved for dismissal for failure to state claim; motions had been converted to summary judgment motions as to remaining causes of action).

National Cement Co., Inc. v. Mead Corp., 80 F.R.D. 703 (S.D. N.Y. 1978) (motion to dismiss for failure to state claim had been converted to summary judgment motion; therefore plaintiff could not dismiss suit unilaterally).

**Compare**

The plaintiff's motion for dismissal without prejudice was denied as to those defendants who had not filed either answers, motions to dismiss, or summary judgment motions. Doran v. McGinnis, 158 F.R.D. 383 (E.D. Mich. 1994).

"We think that a motion to dismiss for failure to state a claim upon which relief can be granted should be regarded as the equivalent of a motion for summary judgment for the purposes of applying Rule 41(a). While it is true that a motion to dismiss * * * attacks the sufficiency of the complaint and looks toward a dismissal of the complaint as distinguished from a judgment for the defendant, if the motion has merit it often does result, not only in a dismissal of the complaint, but in a complete dismissal of the action, thus precluding plaintiff from suing again on the same set of facts. This is true whether or not the motion to dismiss is accompanied by extraneous matter and treated as a motion for summary judgment, or whether it is treated as a genuine motion to dismiss. A defendant's motion for summary judgment need not be accompanied by affidavits, and whether it is so accompanied or not, it tests the sufficiency in law of the facts alleged in the complaint. * * * We see no logical reason for differentiating a motion for summary judgment, a motion to dismiss for failure to state a claim accompanied by extraneous matter, and a motion to dismiss for failure to state a claim not accompanied by extraneous matter at least for the purposes of Rule 41(a)." Tele-Views News Co. v. S. R. B. TV Pub. Co., 28 F.R.D. 303, 308 (E.D. Pa. 1961). This is a strong argument, but it seems better addressed to the Advisory Committee on Civil Rules. The 1948 amendment quite deliberately added only the summary judgment motion to Rule 41(a)(1)(i), see note 7 above, although the Committee must have been aware of the similarity between a summary judgment motion and a motion to dismiss. Indeed, in the same year the last sentence was added to Rule 12(b), providing that under some circumstances a motion to dismiss may be treated as one for summary judgment. See § 1341. Rule 41 has been amended seven times since 1948, but the rulemakers have not chosen to broaden the category of motions that defeat dismissal by notice.

Robertson v. Limestone Mfg. Co., 20 F.R.D. 365 (W.D. S.C. 1957) (when one of four plaintiffs who brought federal court action based upon diversity of citizenship sought to be removed by orally requesting voluntary nonsuit under Rule 41, Rule did not apply since request was made after filing of motion to dismiss that brought merits of action into issue).

**27**    **Motion for stay**

Hamilton v. Shearson-Lehman American Exp., Inc., 813 F.2d 1532 (9th Cir. 1987) (motion to compel arbitration and stay proceedings).

Merit Ins. Co. v. Leatherby Ins. Co., 581 F.2d 137 (7th Cir. 1978) (same).

Aggregates (Carolina), Inc. v. Kruse, 134 F.R.D. 23 (D.P.R. 1991).

Rife v. McElwee-Courbis Const. Co., 16 F.R.D. 11 (M.D. Pa. 1954).

Wilson & Co. v. Fremont Cake & Meal Co, 83 F. Supp. 900 (D. Neb. 1949) (same).

**28**    **Motion for change of venue**

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 28 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Littman v. Bache & Co., 252 F.2d 479 (2d Cir. 1958).

Sheldon v. Amperex Electronic Corp., 52 F.R.D. 1 (E.D. N.Y. 1971), order aff'd, 449 F.2d 146 (2d Cir. 1971).

Tele-Views News Co. v. S. R. B. TV Pub. Co., 28 F.R.D. 303 (E.D. Pa. 1961).

Toulmin v. Industrial Metal Protectives, 135 F. Supp. 925 (D. Del. 1955).

**But compare**
Sims v. Union News Co., 120 F. Supp. 116 (S.D. N.Y. 1954).

29      **Tenders issues**
Butler v. Denton, 150 F.2d 687, 690 (C.C.A. 10th Cir. 1945) (plea of intervention).

30      **Justiciable issues raised**
**Plea of intervention**
Butler v. Denton, 150 F.2d 687, 690 (C.C.A. 10th Cir. 1945) (does raise justiciable issues).

Nance v. Jackson, 56 F.R.D. 463 (M.D. Ala. 1972) (same).

**But see**
Fort Sill Apache Tribe of Oklahoma v. U.S., 2008 WL 2891654 (W.D. Okla. 2008) (pending motion to intervene does not preclude voluntary dismissal).

**Third-party complaint**
Plains Growers, Inc. By and Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250 (5th Cir. 1973) (does not raise justiciable issues).

Ecuadorian Gulf Oil Co. v. Atlantic Richfield Co., 73 F.R.D. 99 (C.D. Cal. 1976) (same).

31      **Marques case**
286 F.3d 1014 (7th Cir. 2002).

32      **Deemed sensible**
Keal v. Monarch Life Ins. Co., 126 F.R.D. 567 (D. Kan. 1989).

33      **Harvey Aluminum case**
203 F.2d 105 (2d Cir. 1953).

34      **Not literally applied**
203 F.2d at 108.

35      **Very little precedent**
Butler v. Denton, 150 F.2d 687, 689–690 (C.C.A. 10th Cir. 1945) (dismissal by notice could not occur after United States, on behalf of its Indian wards who were named as defendants, had filed intervention petition that raised issues as substantial in character as if interposed by answer).

Poparic v. Jugo Shop, 2009 WL 6316252, *5 (E.D. N.Y. 2009), report and recommendation adopted, 2010 WL 1260598 (E.D. N.Y. 2010) (recognizing that Harvey Aluminum had received cool reception and stood alone as only decision in which Second Circuit rejected strict construction of Rule 41(a)(1) (A)(i), it nevertheless remained circuit law that in extreme case in which plaintiff would obtain unfair advantage by dismissing case without prejudice after first litigating merits, court properly may strike notice of dismissal).

Love v. Silas Mason Co., 66 F. Supp. 753 (W.D. La. 1946) (prior to 1948 amendment of Rule 41(a), summary judgment motion terminated right to dismiss by notice).

36      **Limited to its facts**

Case 7:24-cv-00030-ADA-DTG     Document 96-1     Filed 02/19/25     Page 29 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Johnson Chemical Co., Inc. v. Home Care Products, Inc., 823 F.2d 28 (2d Cir. 1987) (abrogated on other grounds by, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)).

Santiago v. Victim Services Agency of Metropolitan Assistance Corp., 753 F.2d 219 (2d Cir. 1985) (listing cases).

Thorp v. Scarne, 599 F.2d 1169 (2d Cir. 1979), **citing Wright & Miller**.

Azkour v. Haouzi, 2013 WL 3972462 (S.D. N.Y. 2013).

37          **No dismissal by notice**

Rule 41(a)(1)(A)(i) is designed to permit the parties to disengage at the behest of the plaintiff only in a suit's early stages, before the defendant has expended time and effort preparing the case. Armstrong v. Frostie Co., 453 F.2d 914 (4th Cir. 1971).

The court applied the criteria for assessing a Rule 41(a)(2) motion to dismiss, although no answer or summary judgment motion had been served. Scott v. JP Morgan Chase Bank, N.A., 2014 WL 4167980, *1 (S.D. Tex. 2014).

Although the plaintiff clearly moved to dismiss voluntarily without prejudice because he was unhappy with the judge's analysis of his claim and he hoped to create an opportunity to find a judge more to his liking and resulting in unfairness and inefficiency, that was not sufficient, by itself, to question the propriety of his notice because the defendants had not answered nor moved for summary judgment. However, the judge concluded that the plaintiff's default judgment motion was the functional equivalent of a summary judgment motion by the defendants, thereby preventing the plaintiff from invoking Rule 41(a)(1) to force the court to accept the dismissal without prejudice. This interpretation of Rule 41(a)(1) was entirely consistent with the Rule's design and purpose. Poparic v. Jugo Shop, 2009 WL 6316252, *3-5 (E.D. N.Y. 2009), report and recommendation adopted, 2010 WL 1260598 (E.D. N.Y. 2010).

The parties' claims in a proceeding in which a salvage company sought sole ownership and salvage rights to an abandoned wrecked vessel had reached a sufficiently advanced stage of litigation to preclude voluntary dismissal without prejudice, and thus the company's purported dismissal properly was vacated despite the fact that no answer or summary judgment motion had been filed. By the time the company had filed a dismissal notice, the parties and the court had expended considerable effort and expense preparing for a hearing on the intervening plaintiff's preliminary injunction motion to restrain the company from conducting salvaging operations for improving its position respecting salvage, and the claims' merits for injunctive relief squarely were raised at the hearing. Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, RMS TITANIC, 805 F. Supp. 375 (E.D. Va. 1992), judgment rev'd, 2 F.3d 544 (4th Cir. 1993) (district court did not have discretion to vacate voluntary dismissal notice filed before opposing party had served answer or summary judgment motion).

Tele-Views News Co. v. S. R. B. TV Pub. Co., 28 F.R.D. 303 (E.D. Pa. 1961) (distinguished Harvey Aluminum).

Robertson v. Limestone Mfg. Co., 20 F.R.D. 365 (W.D. S.C. 1957) (treated motion to dismiss as equivalent to answer).

**See also**
Progressive Steelworkers Union v. International Harvester Corp., 70 F.R.D. 691 (N.D. Ill. 1976) (mentioned Harvey Aluminum but allowed voluntary dismissal because merits had not been reached).

**Compare**
Armstrong v. Frostie Co., 453 F.2d 914 (4th Cir. 1971) (after amended complaint had been filed and initial complaint dismissed, plaintiff could not dismiss unilaterally since defendants had filed answer and summary judgment motion to original complaint).

38          **Refused to do so**

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 30 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

"We reject the Harvey Aluminum exception to the plain meaning of Rule 41(a)(1)(i)'s [now41(a)(1)(A)(i)] text." Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).

Safeguard Business Systems, Inc. v. Hoeffel, 907 F.2d 861 (8th Cir. 1990) (voluntary dismissal was effective even though court had announced that it would not grant temporary restraining order).

Hamilton v. Shearson-Lehman American Exp., Inc., 813 F.2d 1532, 1534 (9th Cir. 1987) ("Harvey exception has not been well received in subsequent cases").

Johnson Chemical Co., Inc. v. Home Care Products, Inc., 823 F.2d 28 (2d Cir. 1987) (abrogated on other grounds by, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990) (court reversed trial court and noted that Harvey Aluminum was rejected by Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, cited above, and disapproved of by, Baksh v. Captain, 2000 WL 33177209 (E.D. N.Y. 2000))).

In questioning Harvey Aluminum's continuing vitality, the Second Circuit recognized that the self-executing nature of dismissal by notice requires its strict application. The court stated: "Obviously, Rule 41(a)(1)(i) [now 41(a)(1)(A)(i)] dismissals no longer will be self-executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the 'equivalent' of an answer or a motion for summary judgment has been served or for the purpose of weighing whether the merits have been sufficiently considered by the court to warrant terminating the plaintiff's right to dismiss the proceedings." Foss v. Federal Intermediate Credit Bank of St. Paul, 808 F.2d 657, 659–660 (8th Cir. 1986), quoting Thorp v. Scarne, 599 F.2d 1169 (2d Cir. 1979) (internal citations omitted).

When the plaintiff properly invoked the right to dismiss voluntarily and unilaterally, the district court had no power to condition the dismissal. Universidad Cent. Del Caribe, Inc. v. Liaison Committee on Medical Educ., 760 F.2d 14 (1st Cir. 1985) (since no hearing had been held for issuance of temporary restraining order, which initially had been issued ex parte and had been extended by the parties' consent, and since there had been no interrogatories and only one deposition, plaintiff had right to dismiss).

Winterland Concessions Co. v. Smith, 706 F.2d 793 (7th Cir. 1983).

Merit Ins. Co. v. Leatherby Ins. Co., 581 F.2d 137 (7th Cir. 1978).

In re Piper Aircraft Distribution System Antitrust Litigation, 551 F.2d 213 (8th Cir. 1977), **citing Wright & Miller**.

When the defendant neither answered nor moved for summary judgment motion before the plaintiffs sought voluntary dismissal, the court had no power or discretion to deny the plaintiffs' right to dismiss, to attach any condition or burden to that right, or to assess attorney's fees against them even though the court previously had dismissed the action with prejudice and subsequently partially reinstated the plaintiffs' motion. Williams v. Ezell, 531 F.2d 1261 (5th Cir. 1976).

Rule 41(a)(1)(A)(i) is clear and unambiguous on its face and admits of no exceptions; the court has no function under this provision other than to determine, should the question arise, whether the answer or summary judgment motion in fact has been filed prior to the filing of the dismissal notice. D.C. Electronics, Inc. v. Narton Corp., 511 F.2d 294 (6th Cir. 1975), **quoting Wright & Miller**.

Pilot Freight Carriers, Inc. v. International Broth. of Teamsters, 506 F.2d 914 (5th Cir. 1975) (plaintiff allowed to dismiss by notice even though plaintiff had argued and lost preliminary injunction motion).

Rodriguez v. O'Reilly, 2020 WL 1274569 (E.D. La. 2020) (court noted that Fifth Circuit has not adopted Harvey Aluminum rule).

Although the magistrate judge's report and recommendation effectively afforded the plaintiff a preview of the court's decision on the defendant's Rule 12(b)(6) motion, the plaintiff was permitted to dismiss voluntarily under Rule 41(a)(1)(A) because the district judge had not yet ruled and the defendant had

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 31 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

filed neither an answer nor a summary judgment motion. Zow v. Regions Financial Corp., 2014 WL 1117039, *1 (S.D. Ga. 2014).

Arndt v. UBS AG, 342 F. Supp. 2d 132 (E.D. N.Y. 2004).

U.S. v. U.S. Trust Co., 106 F.R.D. 474 (D. Mass. 1985), **citing Wright & Miller**.

Sheldon v. Amperex Electronic Corp., 52 F.R.D. 1 (E.D. N.Y. 1971) (fact that voluminous depositions had been taken in patent infringement case and that plaintiff had examined defendant's documents for several days before filing its dismissal notice was not equivalent to "answer," nor did discovery procedures extend suit into "advanced stage" or put case into posture in which dismissal would be "arbitrary"), order aff'd, 449 F.2d 146 (2d Cir. 1971).

Gianis & Co. v. Ostrau, 43 F.R.D. 405 (S.D. N.Y. 1967) (defendant's actions in moving to quash plaintiffs' civil subpoena and plaintiffs' preliminary injunction motion, and in serving demand for names and addresses, interrogatories, and notice to take plaintiffs' depositions, failed to litigate merits sufficiently to bar plaintiffs from dismissing suit without prejudice).

Wilson & Co. v. Fremont Cake & Meal Co., 83 F. Supp. 900, 904–907 (D. Neb. 1949).

**See also**
In determining whether to hold a plaintiff in contempt of court for filing a Rule 41(a)(1)(A) dismissal as a means to undo the court's orders when the plaintiff had filed a summary judgment motion but the defendant had taken no action, the court noted that the plaintiff's dismissal was proper under a literal reading of the Rule but perhaps violated its spirit because the plaintiff had engaged in the dispute's merits before filing for dismissal. Given the lack of precedent, however, the court ultimately declined to hold the plaintiff in contempt for improperly filing a dismissal. ecoNugenics, Inc. v. Bioenergy Life Science, Inc., 381 F. Supp. 3d 1082 (D. Minn. 2019).

Once a voluntary dismissal notice has been filed, the district court loses jurisdiction over the claims and may not address their merits or issue further orders pertaining to them. But, the court may retain jurisdiction over collateral matters, such as attorney's fees. Building Innovation Industries, L.L.C. v. Onken, 473 F. Supp. 2d 978 (D. Ariz. 2007).

**See also**
Bernay v. Sales, 435 A.2d 398 (D.C. 1981), **citing Wright & Miller**.

39      **Commentators urged repeal**
Note, Federal Civil Procedure: Voluntary Dismissal under Rule 41(a)(1), Duke L.J. 285 (1962).

Note, Absolute Dismissal under Federal Rule 41(a); The Disappearing Right of Voluntary Nonsuit, 63 Yale L.J. 738 (1954).

40      **Effective on filing**
Because a Rule 11 sanction does not signify the district court's assessment of a complaint's legal merits, the imposition of a sanction after a voluntary dismissal does not deprive the plaintiff of his or her rights under the Rule permitting dismissal without prejudice by stipulation. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990).

Samake v. Thunder Lube, Inc., 24 F.4th 804 (2d Cir. 2022), **quoting Wright & Miller**.

In re Amerijet Intern., Inc., 785 F.3d 967, 973 (5th Cir. 2015), as revised, (May 15, 2015), **citing Wright & Miller**.

Because it is effective upon filing, the district court does not need jurisdiction for a dismissal under Rule 41(a)(1)(A)(i) to be effective. Kuznar v. Kuznar, 775 F.3d 892, 896 (7th Cir. 2015).

Lundahl v. Halabi, 600 Fed. Appx. 596, 603 (10th Cir. 2014).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 32 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Montoya v. FedEx Ground Package System, Inc., 614 F.3d 145, 148 (5th Cir. 2010).

National Inspection & Repairs, Inc. v. George S. May Intern. Co., 600 F.3d 878, 883 (7th Cir. 2010).

Qureshi v. U.S., 600 F.3d 523, 525 (5th Cir. 2010).

Jones, Blechman, Woltz & Kelly, PC v. Babakaeva, 375 Fed. Appx. 349 (4th Cir. 2010).

Kleven v. Walgreen Co., 373 Fed. Appx. 608, 610 (7th Cir. 2010) (trustee's voluntary dismissal under Rule 41 was self-executing and required no further action by court).

Duke Energy Trading and Marketing, L.L.C. v. Davis, 267 F.3d 1042 (9th Cir. 2001) (once dismissal notice has been filed, district court loses jurisdiction and may not address merits or issue further orders).

Wilson v. City of San Jose, 111 F.3d 688 (9th Cir. 1997).

Finley Lines Joint Protective Bd. Unit 200, Broth. Ry. Carmen, a Div. of Transp. Communications Union v. Norfolk Southern Corp., 109 F.3d 993 (4th Cir. 1997).

Concha v. London, 62 F.3d 1493 (9th Cir. 1995).

Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993), (no judicial approval required), **citing Wright & Miller**.

Aamot v. Kassel, 1 F.3d 441 (6th Cir. 1993).

Safeguard Business Systems, Inc. v. Hoeffel, 907 F.2d 861 (8th Cir. 1990).

Matthews v. Gaither, 902 F.2d 877 (11th Cir. 1990).

Hamilton v. Shearson-Lehman American Exp., Inc., 813 F.2d 1532 (9th Cir. 1987).

Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885 (7th Cir. 1972).

Hyde Const. Co. v. Koehring Co., 388 F.2d 501 (10th Cir. 1968).

Diamond v. U.S., 267 F.2d 23 (5th Cir. 1959), **citing Wright & Miller**.

Caldwell v. Arlo G. Lott Trucking, 2021 WL 5909192 (D.N.D. 2021), **citing Wright & Miller**.

Mireskandari v. Casey, 2018 WL 3993547, *3 (S.D. Tex. 2018) (plaintiff's filing of dismissal notice divested court of jurisdiction to consider merits, and thus court was unable to grant defendants' motion to modify dismissal order to be with prejudice under Rule 41(a)(1)(B); however, court stated that if plaintiffs sue on same claim again, court may rule that dismissed action is second adjudication on merits and preclude new case).

Van Leeuwen v. Bank of America, N.A., 304 F.R.D. 691, 692 (D. Utah 2015).

Federated Towing & Recovery, LLC v. Praetorian Ins. Co., 283 F.R.D. 644, 654 (D.N.M. 2012).

Detroit Intern. Bridge Co. v. Government of Canada, 2011 WL 6010230, *1 (D.D.C. 2011).

Childers v. Bates, 2010 WL 1268143, *13 (S.D. Tex. 2010).

Valley v. Kernan, 2010 WL 207280, *1 (E.D. Cal. 2010).

Belleville v. Cottrell, Inc. Auto Handling Corp., 2009 WL 5030757, *1 (S.D. Ill. 2009) (because Rule 41(a)(1)(A)(i) notice was self-executing and removed any further authority for court to act, plaintiff's notice obviated need for threshold inquiry into court's subject matter jurisdiction).

Case 7:24-cv-00030-ADA-DTG   Document 96-1   Filed 02/19/25   Page 33 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Gagan v. Eid, 2007 WL 1499782 (D. Colo. 2007).

Mnyofu v. Board of Educ. of Rich Tp. High School Dist. 227, Cook County, Ill., 2007 WL 1308523 (N.D. Ill. 2007).

Bran v. Sun Pacific Farming Cooperative, 2007 WL 781865 (E.D. Cal. 2007).

Although the court acknowledged that a dismissal filed under Rule 41(a)(1)(A) is immediately effective, realistically it defeated the plaintiff's attempt to dismiss its claims against the Governor of Puerto Rico in a removed action. In response to the plaintiff's use of voluntary dismissal of the Governor as a tool to defeat both jurisdiction and removal, the court used Rule 19(a) to join the Governor as an indispensable party. In so doing, the court stated: "As all rights in our judicial system, a plaintiff's right to voluntarily dismiss an action must be exercised in good faith and not as an attempt to manipulate jurisdiction." Nogueras-Cartagena v. Rosello-Gonzalez, 182 F.R.D. 380, 386 (D.P.R. 1998).

Esquivel v. Arau, 913 F. Supp. 1382 (C.D. Cal. 1996).

Bangor Baptist Church v. State of Me., Dept. of Ed. and Cultural Services, 92 F.R.D. 123 (D. Me. 1981), **citing Wright & Miller**.

The plaintiff's filing of a written withdrawal notice with the court clerk without serving the defendant terminated the case; the defendant was not entitled to have it assigned for trial. Silver v. Indem. Ins. Co. of North America, 80 F. Supp. 541 (D. Conn. 1948).

**See also**
Eastalco Aluminum Co. v. U.S., 995 F.2d 201 (Fed. Cir. 1993) (court applied Rule 41(a)(1) of Rules of United States Court of International Trade, which substantively is identical to Rule 41(a)(1) of Federal Rules).

Dunn v. Gull, 990 F.2d 348 (7th Cir. 1993) (district court maintained jurisdiction over defendant's motion for sanctions after plaintiff's voluntary dismissal).

Noland v. Flohr Metal Fabricators, Inc., 104 F.R.D. 83 (D. Alaska 1984) (court found that plaintiff's original dismissal notice operated to end suit as to both defendants as soon as it was filed; thus, plaintiff's filing of amended dismissal notice was ineffective to undo original notice as to one defendant plaintiff did not intend to dismiss from suit).

**Compare**
Since the dismissal notice was not confined to a request that the clerk perform the ministerial function of closing the case but rather asked the court to return interpleaded funds to the stakeholder and to dissolve an improvidently granted temporary restraining order, the putative stakeholder had not validly dismissed the interpleader action. Blue Cross and Blue Shield of Missouri v. Nooney Krombach Co., 170 F.R.D. 467 (E.D. Mo. 1997).

41        **In form of motion**
The plaintiff's first motion to dismiss sought the court's permission, but the court properly construed it as a voluntary dismissal notice. Williams v. Clarke, 82 F.3d 270 (8th Cir. 1996).

Williams v. Ezell, 531 F.2d 1261 (5th Cir. 1976) (fact that notice was captioned "motion for dismissal" was irrelevant).

Hines v. Minnesota, 2019 WL 4957923, *1 (D. Minn. 2019) (court construed liberally pro se plaintiff's filing, which he had captioned as motion, as notice of dismissal).

Taylor v. McGough, 2014 WL 4248453, *2 (W.D. Ark. 2014).

Horde v. City of Apple Valley, 2014 WL 3577310, *3 (D. Minn. 2014).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 34 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Although the pro se plaintiff filed a motion—which did not mention Rule 41 or voluntary dismissal—not a dismissal notice, the court construed it as a Rule 41(a)(1)(A)(i) dismissal notice. Spence v. BAC Home Loan Servicing, L.P., 2014 WL 2949436 (S.D. Tex. 2014).

The court construed the plaintiff's statement dismissing a defendant in an objection to a motion to dismiss as a dismissal notice. Marriage of Looper v. Looper, 2014 WL 2859252 (W.D. Okla. 2014).

The plaintiff's motion to amend stated that the plaintiff wished to proceed only against two of the originally named defendants. The court construed the motion to amend as a Rule 41(a)(1)(A)(i) voluntary dismissal of the other defendants. Padilla v. First Nat. Bank of Edinburg, 2014 WL 2781340 (W.D. Tex. 2014).

Reading the pro se plaintiff's motion to amend his complaint liberally, the court determined that the amended complaint functioned as a dismissal notice against three named defendants. Bandy v. Commissioner of Correction, 2014 WL 2009077, *2 (D. Minn. 2014).

"[C]ourts have generally held that, in order to be effective, withdrawal of a claim need not take the particular form of a document captioned 'Notice of Voluntary Dismissal.'" Webb v. Green Tree Servicing, LLC, 2011 WL 6141464, *12 (D. Md. 2011), **citing Wright & Miller.**

U.S. Bank Nat. Ass'n v. Maggio, 2011 WL 6180454, *1 (S.D. Ill. 2011).

Horton v. Trans World Airlines Corp., 169 F.R.D. 11 (E.D. N.Y. 1996) (it is inconsequential whether plaintiff has termed his document dismissal notice or dismissal motion).

Jones v. Layrisson, 879 F. Supp. 41 (E.D. La. 1995).

Doran v. McGinnis, 158 F.R.D. 383 (E.D. Mich. 1994).

Roddy v. Dendy, 141 F.R.D. 261 (S.D. Miss. 1992).

The motion's caption has no legal significance. Sanchez v. Vaughn Corp., 282 F. Supp. 505 (D. Mass. 1968) (court found fact that plaintiffs' document, which was filed by plaintiffs after adding party defendant through filing of amended complaint and which was filed before any answer, summary judgment motion, or any other responsive pleading had been filed by added defendant in response to amended complaint, was captioned as "Motion" rather than "Notice" was without legal significance in determining whether it constituted dismissal notice).

The plaintiff's filing, which was denominated as a motion and recited that the plaintiff was dismissing without prejudice, was sufficient notice to the defendant if filed before service of the answer. Wilson & Co v. Fremont Cake & Meal Co., 83 F. Supp. 900 (D. Neb. 1949).

**But see**
Although the defendants had not yet been served, the court refused to construe a document captioned "Motion to Dismiss Defendants" as a Rule 41(a)(1)(A)(i) voluntary dismissal notice and instead treated it as a Rule 41(a)(2) voluntary dismissal motion. Lewis v. Miller, 2014 WL 2207919 (M.D. Tenn. 2014), report and recommendation adopted, 2014 WL 3672122 (M.D. Tenn. 2014).

Although the plaintiff could have requested a Rule 41(a)(1) dismissal, the court analyzed the plaintiff's "motion to dismiss" as a Rule 41(a)(2) dismissal motion. Greenwood Chamber of Commerce v. City of Tulsa, 2014 WL 1056611, *1 n.2 (N.D. Okla. 2014).

The court refused to dismiss claims against several defendants under Rule 41(a)(1)(A)(i) when the plaintiff's notice of intention to dismiss them was contained in a single sentence within a Rule 41(a)(2) motion to dismiss other defendants, rather than in an independent dismissal notice. Employee Painters' Trust v. Cascade Coatings, 2014 WL 526776, *2 (W.D. Wash. 2014).

42          **No court order**

Case 7:24-cv-00030-ADA-DTG   Document 96-1   Filed 02/19/25   Page 35 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Derr v. Swarek, 766 F.3d 430, 440 (5th Cir. 2014).

Kabbaj v. American School of Tangier, 445 Fed. Appx. 541 (3d Cir. 2011).

SmallBizPros, Inc. v. MacDonald, 618 F.3d 458, 461 (5th Cir. 2010).

Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538 (6th Cir. 2001).

Sequa Corp. v. Cooper, 245 F.3d 1036 (8th Cir. 2001).

Vanover v. Bohnert, 11 Fed. Appx. 679 (8th Cir. 2001).

Williams v. Clarke, 82 F.3d 270 (8th Cir. 1996).

Concha v. London, 62 F.3d 1493 (9th Cir. 1995).

Pedrina v. Chun, 987 F.2d 608 (9th Cir. 1993).

Safeguard Business Systems, Inc. v. Hoeffel, 907 F.2d 861 (8th Cir. 1990) (even though notice was filed after court announced it would not grant temporary restraining order, seller's dismissal notice was filed before distributor filed answer or summary judgment motion; therefore, notice was effective and deprived district court of jurisdiction), **citing Wright & Miller**.

Matthews v. Gaither, 902 F.2d 877 (11th Cir. 1990).

Hamilton v. Shearson-Lehman American Exp., Inc., 813 F.2d 1532 (9th Cir. 1987).

Thorp v. Scarne, 599 F.2d 1169 (2d Cir. 1979), **citing Wright & Miller**.

Miller v. Reddin, 422 F.2d 1264 (9th Cir. 1970).

Hyde Const. Co. v. Koehring Co., 388 F.2d 501 (10th Cir. 1968).

American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963).

Frey v. Sacor Financial Inc., 2014 WL 4230808, *2 (D. Ariz. 2014) ("[B]ecause the language of Rule 41(a)(1)(A)(i) is unequivocal, the 'absolute right' for a plaintiff voluntarily to dismiss an action when the defendant has not yet served an answer or a summary judgment motion leaves no role for the court to play.").

The court noted that, to determine a voluntary dismissal's effect with regard to res judicata, the plaintiff's dismissal notice acts as the legally operative fact of dismissal. Although the court ordered a dismissal in two prior cases by the plaintiff, the court's orders were superfluous. The defendant could not challenge the court's jurisdiction to dismiss the earlier cases in a third action, as they were dismissed by the plaintiff's unilateral notice, not by the court. Arias v. Napolitano, 2014 WL 2987109 (S.D. Ohio 2014), judgment aff'd, 599 Fed. Appx. 242 (6th Cir. 2015).

Ebersole v. Anderson, 2014 WL 1511671, *1 (W.D. Va. 2014).

Court approval of a Rule 41(a)(1)(A) dismissal notice did not create a "prevailing party" to award attorney's fees, as the notice was self-effectuating and the court's order had no effect on the legal relationship between the parties. United States ex rel. Todd v. Fidelity National Financial, Inc., 2014 WL 958950, *3 (D. Colo. 2014).

Amason & Associates, Inc. v. Columbus Land Development, LLC, 2014 WL 467509, *3 (N.D. Ala. 2014).

Susquehanna Commercial Finance, Inc. v. Vascular Resources, Inc., 2011 WL 3206501 (M.D. Pa. 2011), report and recommendation adopted, 2011 WL 3206492 (M.D. Pa. 2011).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 36 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Canales v. U.S. Bank Nat. Ass'n, 2009 WL 1531562 (E.D. Cal. 2009).

Gobert v. Yarbrough, 2007 WL 3069327 (E.D. Tex. 2007).

Key v. Henning, 2007 WL 3053318 (N.D. W. Va. 2007).

Sims v. Bureau of Prisons, 2007 WL 2964127 (E.D. Tex. 2007).

Wells v. California Home Loan Solutions, 2007 WL 2915059 (S.D. Cal. 2007).

Kurz v. Fidelity Management & Research Co., 2007 WL 2908918 (S.D. Ill. 2007).

Clark v. City of Coatesville, 2007 WL 2791427 (E.D. Pa. 2007).

Balboa v. Nally, 2007 WL 2746744 (D. Colo. 2007).

Grey v. Ritter, 2007 WL 2705518 (D. Colo. 2007).

R.L. Holmes & Associates, Inc. v. Penzel Const. Co., Inc., 2007 WL 14084 (S.D. Ill. 2007).

Esquivel v. Arau, 913 F. Supp. 1382 (C.D. Cal. 1996).

**See also**
After stating that a Rule 41(a)(1) voluntary dismissal ordinarily requires no court action, the court ruled that this generality did not apply. Because of "unusual circumstances," the district court should have considered the university's motion to remand for lack of subject matter prior to addressing the dismissal notice. University of South Alabama v. American Tobacco Co., 168 F.3d 405 (11th Cir. 1999).

**Compare**
The plaintiff lost its right to dismiss without a court order because although the defendant filed a motion to dismiss in lieu of answering the complaint, the plaintiff "specifically requested that the Court convert [the motion to dismiss] to a motion for summary judgment and rule on it on the merits * * *." San Francisco Technology, Inc. v. Aero Products Intern., Inc., 2011 WL 899731, *1 (N.D. Cal. 2011).

43    **May not impose conditions**
Bailey v. Shell Western E&P, Inc., 609 F.3d 710, 719 (5th Cir. 2010) (district court erred in treatment of attempted Rule 41(a)(1) dismissal by imposing condition that it be with prejudice).

Thomas v. Phillips, 83 Fed. Appx. 661 (5th Cir. 2003).

Hospitality House, Inc. v. Gilbert, 298 F.3d 424 (5th Cir. 2002) (court noted that it had authority to make settlement agreement part of dismissal order if parties agree).

Commercial Space Management Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074 (9th Cir. 1999).

Hinsdale v. Farmers Nat. Bank & Trust Co., 823 F.2d 993 (6th Cir. 1987), **citing Wright & Miller**.

Williams v. Ezell, 531 F.2d 1261 (5th Cir. 1976).

Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885 (7th Cir. 1972), **citing Wright & Miller**.

American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963) (dictum).

Jay's Import & Export, LLC v. Patel, 2023 WL 4825627, *2 (N.D. Ill. 2023).

Bran v. Sun Pacific Farming Cooperative, 2007 WL 781865 (E.D. Cal. 2007).

**Compare**
Blue Cross and Blue Shield of Missouri v. Nooney Krombach Co., 170 F.R.D. 467 (E.D. Mo. 1997) (since stakeholder in interpleader sought action not only to dismiss voluntarily but also for court to

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 37 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

return interpleaded funds and dissolve restraining order, dismissal notice clearly was conditional and thus invalid).

**44**   **Matter of right**
American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963).

**See also**
Adams v. USAA Casualty Insurance Company, 863 F.3d 1069 (8th Cir. 2017).

In re Amerijet Intern., Inc., 785 F.3d 967, 973 (5th Cir. 2015), as revised, (May 15, 2015).

After the United States voluntarily dismissed its forfeiture action against private citizens claiming ownership of a handwritten copy of the Bill of Rights, the district court no longer possessed jurisdiction to resolve the ownership interests in the property. In re Matthews, 395 F.3d 477 (4th Cir. 2005).

Omega U.S. Ins., Inc. v. Pennsylvania Nat. Mut. Cas. Ins. Co., 2012 WL 115422, *3 (D. Md. 2012).

Bran v. Sun Pacific Farming Cooperative, 2007 WL 781865 (E.D. Cal. 2007).

**45**   **Notice closes file**
American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963).

**See also**
In re Amerijet Intern., Inc., 785 F.3d 967, 973 (5th Cir. 2015), as revised, (May 15, 2015).

"[M]otions for voluntary dismissal are automatically granted * * *." Luna v. Kernan, 784 F.3d 640, 643 (9th Cir. 2015).

Wilson v. City of San Jose, 111 F.3d 688 (9th Cir. 1997).

Omega U.S. Ins., Inc. v. Pennsylvania Nat. Mut. Cas. Ins. Co., 2012 WL 115422, *3 (D. Md. 2012).

Blue Cross and Blue Shield of Missouri v. Nooney Krombach Co., 170 F.R.D. 467 (E.D. Mo. 1997) (reiterated approach for handling Rule 41(a)(1) dismissal espoused in American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963), to construe interpleader's conditional dismissal notice as Rule 41(a)(2) motion to dismiss without prejudice).

**46**   **Must be unconditional**
Hyde Const. Co. v. Koehring Co., 388 F.2d 501, 507 (10th Cir. 1968) (plaintiff attempted to dismiss case conditionally and voluntarily by saying, in effect, that if case did not remain in federal court of Mississippi and were transferred to Oklahoma district court, it would be dismissed voluntarily).

**See also**
Pacific Fisheries Inc. v. U.S., 484 F.3d 1103 (9th Cir. 2007) (plaintiffs not permitted to condition voluntary dismissal upon defendants' payment or performance).

Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659 (5th Cir. 1979), **citing Wright & Miller**.

Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885 (7th Cir. 1972).

Pelletier Management and Consulting, LLC v. InterBank, 2022 WL 67819, *1 n.1 (S.D. Tex. 2022), **quoting Wright & Miller**.

Whitehead v. Sony Pictures, 2016 WL 3064074, *2 (D. Minn. 2016) (plaintiff's notice of dismissal without prejudice was conditioned upon motion to transfer, but court noted plaintiff may not attach conditions on voluntary dismissal), **citing Wright & Miller**.

Aggregates (Carolina), Inc. v. Kruse, 134 F.R.D. 23 (D.P.R. 1991), **citing Wright & Miller**.

**47**   **Opportunity to dismiss**

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 38 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Norton v. Wheeler, 2005 WL 1876183 (N.D. Fla. 2005).

47.50      **Farmer case**

9 F.4th 1361, 167 (11th Cir. 2021).

48      **Stipulation**

The stipulation was part of the dismissal order, which supported the court's exercise of subject matter jurisdiction to enforce the settlement agreement incorporated into the stipulation. Kelly v. Wengler, 822 F.3d 1085, 1095 (9th Cir. 2016).

Myers v. Mo & Co., Inc., 452 Fed. Appx. 856 (11th Cir. 2011).

H & R Block Eastern Enterprises, Inc. v. Raskin, 591 F.3d 718, 721 (4th Cir. 2010).

Kleven v. Walgreen Co., 373 Fed. Appx. 608, 610 (7th Cir. 2010).

Thomas v. Guffey, 367 Fed. Appx. 957, 959 (10th Cir. 2010).

Garber v. Chicago Mercantile Exchange, 570 F.3d 1361 (Fed. Cir. 2009) (stipulation signed by both parties was binding even though proposed order was included).

GF Gaming Corp. v. City of Black Hawk, Colo., 405 F.3d 876 (10th Cir. 2005).

Plata v. Davis, 329 F.3d 1101 (9th Cir. 2003).

Oil, Chemical and Atomic Workers Intern. Union, AFL-CIO v. Department of Energy, 288 F.3d 452 (D.C. Cir. 2002).

Dillon-Barber v. Regents of University of Michigan, 51 Fed. Appx. 946 (6th Cir. 2002).

Hester Industries, Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 (2d Cir. 1998), quoting Poloron Products, Inc. v. Lybrand Ross Bros. and Montgomery, 534 F.2d 1012, 1017 (2d Cir. 1976).

When the parties neglected to file a written dismissal stipulation and the record was not clear enough to find that there had been an oral stipulation, a dismissal notice signed only by the plaintiff pursuant to the settlement did not meet the requirements of what is now Rule 41(a)(1)(A)(ii). Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994).

The Tunney Act, which requires public disclosure and judicial scrutiny of the terms and potential impact of a consent decree in an antitrust action, does not apply to a Rule 41(a)(1)(A)(ii) dismissal stipulation. In re Intern. Business Machines Corp., 687 F.2d 591 (2d Cir. 1982).

Wheeler v. American Home Products Corp. (Boyle-Midway Division), 582 F.2d 891 (5th Cir. 1977) (dismissal stipulation not signed by intervening plaintiffs was ineffective).

Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd, 503 F.2d 1193, 1199 (10th Cir. 1974) (stipulation made in open court by plaintiffs' counsel that all actions "as to all parties with the exception of the parties to the counterclaim" were dismissed with prejudice constituted voluntary dismissal even though no formal stipulation of dismissal was signed by parties).

Yang v. Taste of North China, Ltd., 2023 WL 120460, *4 (D.N.J. 2023) (defendants and opt-in plaintiffs sought dismissal but court order was needed because named plaintiff opposed motion).

Kieffer-Moseley v. Air & Liquid System Corp., 2014 WL 1632083, *1 (S.D. Ill. 2014).

Jihad v. Fabian, 2013 WL 5745826 (D. Minn. 2013).

Rayford v. Sirchie Finger Print Laboratories, Inc., 2010 WL 276162, *1 (W.D. Tenn. 2010).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 39 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Ashford v. Bartz, 2010 WL 272009, *4 (M.D. Pa. 2010).

Peters v. City of Huron, 2009 WL 1458350 (E.D. Cal. 2009).

Forest Service Employees For Environmental Ethics v. U.S. Forest Service, 2009 WL 1324154, *3 (W.D. Pa. 2009) (stipulation invalid if not signed by intervening party).

Mendes v. W.M. Lyles Co., 2008 WL 2782846 (E.D. Cal. 2008).

Lemmons v. Georgetown University Hosp., 241 F.R.D. 15 (D.D.C. 2007).

Adams v. City of Marshall, 2007 WL 3102099 (W.D. Mich. 2007).

King v. Big Lots Inc., 2007 WL 3046496 (S.D. Ohio 2007).

Wells v. California Home Loan Solutions, 2007 WL 2915059 (S.D. Cal. 2007).

Hall v. Manschot, 2007 WL 2808747 (D. Ariz. 2007).

Terry v. Waste Management Inc. of Florida, 2007 WL 604977 (M.D. Fla. 2007).

Stone v. Woodford, 2007 WL 527766 (E.D. Cal. 2007).

Aswad v. ACA Receivables, L.L.C., 2007 WL 427591 (E.D. Cal. 2007).

Campbell v. City of Bakersfield, 2007 WL 324527 (E.D. Cal. 2007).

Bayer Cropscience, LP v. Booth, 2006 WL 1934323 (M.D. Ga. 2006).

Chambers v. Time Warner, Inc., 2003 WL 1107790 (S.D. N.Y. 2003).

Long v. Gaines, 241 F. Supp. 2d 1 (D.D.C. 2002).

Century Mfg. Co., Inc. v. Central Transport Intern., Inc., 209 F.R.D. 647 (D. Mass. 2002).

Compuware Corp. v. Health Care Servicee Corp., 2002 WL 31598839 (N.D. Ill. 2002).

Pultney Arms LLC v. Shaw Industries, Inc., 2002 WL 31094971 (D. Conn. 2002) (nonparties need not approve stipulation if they have no separate, legally actionable interest in dispute's outcome), **citing Wright & Miller**.

U.S. ex rel. Haskins v. Omega Institute, Inc., 11 F. Supp. 2d 555 (D.N.J. 1998), decision clarified on reconsideration on other grounds, 25 F. Supp. 2d 510 (D.N.J. 1998).

General Instrument Corp. of Delaware v. Nu-Tek Electronics & Mfg., Inc., 3 F. Supp. 2d 602 (E.D. Pa. 1998), judgment aff'd, 197 F.3d 83 (3d Cir. 1999) (stipulation that each party would bear its own costs included attorney fees).

Although the filing of a dismissal stipulation is effective automatically and does not require judicial approval, the court, in exercising its inherent powers, may look behind it to determine whether there is collusion or other improper conduct giving rise to the dismissal. U.S. v. Mercedes-Benz of North America, Inc., 547 F. Supp. 399 (N.D. Cal. 1982).

A stipulation in which the plaintiffs dismissed the action as against the defendants in their individual capacities, suing them only in their official capacities, satisfied Rule 41(a) and constituted a voluntary dismissal of personal private liability only. Battle v. Municipal Housing Authority for City of Yonkers, 53 F.R.D. 423 (S.D. N.Y. 1971).

In re Walnut Equipment Leasing Co., Inc., 2003 WL 21262710 (Bankr. E.D. Pa. 2003).

**See also**

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 40 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Sanchez v. Discount Rock & Sand, Inc., 84 F.4th 1283 (11th Cir. 2023) (stipulation was only signed by plaintiff and one defendant who was being dismissed, so it was not enforceable; however, court still upheld dismissal by recharacterizing it as "court-ordered" dismissal with stipulation acting as "plaintiff's request").

Baker v. City of Detroit, 217 Fed. Appx. 491 (6th Cir. 2007).

Best Industries (Pvt), Ltd. v. Pegasus Maritime, Inc., 2013 WL 2468030 (S.D. N.Y. 2013).

Mt. Hawley Ins. Co. v. Felman Production, Inc., 2010 WL 5146412 (S.D. W. Va. 2010) (defendants' refusal to sign stipulation meant plaintiff could voluntarily dismiss only by court order under Rule 41(a)(2)).

Baldwin v. Rock, 2003 WL 22289952 (N.D. Tex. 2003).

**But compare**

The parties could not dismiss the action by stipulation, even though all the parties signed it, because the stipulation was filed after the defendants had filed and served their answer, and thus dismissal required a court order. Schwartz v. Choicepoint, Inc., 2011 WL 65660 (E.D. N.Y. 2011).

**Must be unequivocal**

The court had to determine whether the parties could stipulate to dismissal with prejudice after oral arguments, particularly when they were not clear at oral argument regarding their intent with respect to the outstanding claim. Given precedent providing that when the party's counsel agrees at oral argument to treat the claim's dismissal as having been with prejudice, the court's bar to jurisdiction is lifted. The court held that the claims were dismissed with prejudice. National Inspection & Repairs, Inc. v. George S. May Intern. Co., 600 F.3d 878, 883 (7th Cir. 2010).

Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO, 402 F.3d 314, 318 (2d Cir. 2005) ("[w]e therefore hold that a voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed").

Although Rule 41(a) does state that a dismissal stipulation must be signed by all parties who have appeared in the action to ensure the agreement of each, literal compliance with the stipulation requirement has not been required when all parties' agreement is apparent. Boran v. United Migrant Opportunity Services, Inc., 99 Fed. Appx. 64 (7th Cir. 2004).

An oral motion in which the plaintiff sought a voluntary dismissal was not effective as a stipulation of dismissal since such stipulations are required by Rule 41(a) to be in writing and there was no indication that anyone besides the plaintiff agreed to the motion. Negron v. City of Miami Beach, Florida, 113 F.3d 1563 (11th Cir. 1997).

The requirements for dismissal by stipulation were not met when no writing signed by all parties was filed, the record was not clear enough to indicate that the parties stipulated orally in court, and a document entitled "dismissal with prejudice" signed only by the plaintiff would not suffice to memorialize the parties' agreement to settle after the answer was filed. Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994).

Dismissal was improper when the parties did not move for or stipulate to a dismissal, neither party appeared at the pretrial conference at which the judge decided to dismiss the action, and a written stipulation that the parties filed asked only that the pretrial conference and trial date be vacated, not that the action be dismissed. Thus, the litigant was entitled to reopen the dismissal on a timely motion absent any basis for involuntary dismissal. Carter v. Beverly Hills Sav. and Loan Ass'n, 884 F.2d 1186 (9th Cir. 1989).

Broadcast Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278 (5th Cir. 1987) (voluntary joint oral stipulation to dismiss made during trial is sufficient).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 41 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986) (same).

Oswalt v. Scripto, Inc., 616 F.2d 191 (5th Cir. 1980) (written representation signed by attorneys setting forth settlement terms and unequivocally stating that defendant no longer was party to suit was sufficient stipulation).

Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd, 503 F.2d 1193, 1199 (10th Cir. 1974) (oral statement that all actions "as to all parties with the exception of the parties to the counterclaim" were dismissed with prejudice was considered sufficient stipulation even though no formal stipulation had been signed by parties; court found it significant that plaintiff's supplemental memorandum on appeal referred to this dismissal as one voluntarily agreed upon).

U.S. v. Transocean Air Lines, Inc., 356 F.2d 702 (5th Cir. 1966).

Best Industries (Pvt), Ltd. v. Pegasus Maritime, Inc., 2013 WL 2468030 (S.D. N.Y. 2013).

Because the stipulation was not signed by all the defendants, the court held that it fell under Rule 41(a)(2), which requires a court order to be legally effective. Duma v. Unum Provident, 770 F. Supp. 2d 308 (D.D.C. 2011).

"A specific form of stipulation is not required. To the contrary, the parties' intention to stipulate to a dismissal will be honored provided it is made explicitly, unqualifiedly, and on the record." Mitchell v. Rocky Mountain Cancer Centers, LLP, 262 F.R.D. 575, 578 n.3 (D. Colo. 2009).

Scott v. Potter, 2008 WL 2893150 (W.D. N.C. 2008), **citing Wright & Miller**.

The court refused to construe the variances between the defendants' final and predecessor answers as a dismissal request, especially because both parties had litigated the underlying claims' merits extensively. Waterloov Gutter Protection Systems Co., Inc. v. Absolute Gutter Protection, L.L.C., 64 F. Supp. 2d 398 (D.N.J. 1999).

Hoffman-La Roche Inc. v. Genpharm Inc., 50 F. Supp. 2d 367 (D.N.J. 1999) (court cannot order party to accept dismissal by stipulation since it must be voluntary).

When all the defendants did not join in the execution of the voluntary dismissal stipulation, the plaintiff did not have the right to one. Alholm v. American S.S. Co., 167 F.R.D. 75 (D. Minn. 1996).

U.S. v. MacEvoy, 10 F.R.D. 323 (D.N.J. 1950).

**Compare**
Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co., LLC, 364 F.3d 858 (7th Cir. 2004) (stipulation was ineffective because individual who signed on behalf of company was not attorney and could not represent company).

50    **Parties are bound**
McCall-Bey v. Franzen, 777 F.2d 1178, 1190 n.13 (7th Cir. 1985) (binding effect governed by state contract law).

Gardiner v. A.H. Robins Co., Inc., 747 F.2d 1180 (8th Cir. 1984).

Avellino v. Herron, 181 F.R.D. 294 (E.D. Pa. 1998).

51    **Federal law**
Corrardi v. Old United Casualty Company, 675 Fed. Appx. 296 (4th Cir. 2017) (per curiam) (Rule 41, not state law, applied to plaintiff's motion to dismiss voluntarily, as it is undoubtedly procedural).

Gosselin v. Field, Hurley, Webb & Sullivan, 188 F. Supp. 2d 107 (D. Mass. 2002).

52    **Diversity jurisdiction**

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 42 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Porn v. National Grange Mut. Ins. Co., 93 F.3d 31 (1st Cir. 1996).

Johnson v. SCA Disposal Services of New England, Inc., 931 F.2d 970 (1st Cir. 1991) (federal law governs preclusive effect of prior federal judgments).

**52.50**    **Signed by all parties**
2023 WL 2056285 (11th Cir. 2023).

**See also**
Baines v. City of Atlanta, Georgia, 2023 WL 7151188, *3 (11th Cir. 2023).

**53**    **Broadcast Music case**
811 F.2d 278, 279–280 (5th Cir. 1987).

**54**    **More liberal practice**
Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986).

Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd, 503 F.2d 1193, 1199 (10th Cir. 1974) (unqualified oral dismissal stipulation in open court "constituted a voluntary dismissal of the complaint * * *, even though no formal dismissal stipulation was signed by all of the parties").

Martin v. Larson, 2022 WL 1138439, *3 (D. Minn. 2022), **citing Wright & Miller**, report and recommendation adopted, 2022 WL 1138001 (D. Minn. 2022).

Estate of Hennis v. Balicki, 2018 WL 1558142, *10 (D.N.J. 2018) (defendant was dismissed properly despite fact that defendant did not sign stipulation because defendant received notice of dismissal by electronic docket and did not object to dismissal with prejudice of claims against it).

Medical Assur. Co., Inc. v. Weinberger, 973 F. Supp. 2d 925 (N.D. Ind. 2013) (stipulation to dismiss counterclaim was not signed by all parties; none objected, and court construed stipulation attempt as voluntary dismissal motion; counterclaim was dismissed voluntarily with prejudice).

The court construed the defendant's request for the counterclaiming defendant's dismissal and the counterclaiming defendant's non-opposition to be dismissed as a stipulation to dismiss the counterclaiming defendant. Ferrell Street Trust v. Federal Home Loan Mortg. Corp., 2013 WL 4041042 (D. Nev. 2013).

**But see**
In an unusual literal interpretation of Rule 41's stipulation provision, the court found that the third-party defendants could not dismiss by stipulation the claims brought by the defendant in favor of the plaintiff without all parties' agreement. Only some parties signed the stipulation. "The case law confirms this understanding of Rule 41. In one case, plaintiff sought to dismiss only a select number of defendants from the action after they had appeared. The stipulation was signed by plaintiff and only the defendants for whom the action was to be dismissed. The district court held that dismissal by stipulation under Rule 41(a)(1)(A)(ii) was unavailable, since not all parties had signed the stipulation." Best Industries (Pvt), Ltd. v. Pegasus Maritime, Inc., 2013 WL 2468030, *2 (S.D. N.Y. 2013) (quotation refers to procedure and disposition of Degregorio v. O'Bannon, 86 F.R.D. 109, 118–119 (E.D. Pa. 1980)).

**55**    **Camacho case**
53 F.3d 48 (4th Cir. 1995).

**56**    **Oral stipulation**
See the cases cited in note 54 above.

**57**    **Declined to extend**
Camacho v. Mancuso, 53 F.3d 48 (4th Cir. 1995), discussed in text at note 55.

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 43 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994) (although parties reached settlement, notice of dismissal signed only by plaintiff was not sufficient).

**Compare**

"[F]or purposes of Rule 41(a)(1)(A)(ii), which is clearly one means of crossing the threshold between the [litigation and appeal] stages, the appeal-stage side of the threshold clearly favors our construing the phrase 'all parties who have appeared' (and the word 'parties' in particular) as including both current and former parties." Anderson-Tully Co. v. Federal Ins. Co., 347 Fed. Appx. 171, 176 (6th Cir. 2009).

58     **Without prejudice**

See § 2367.

**See also**

First Classics, Inc. v. Jack Lake Productions, Inc., 674 Fed. Appx. 911 (11th Cir. 2017) (per curiam) (parties' stipulation under Rule 41(a)(1)(A)(ii) without prejudice was self-executing and effective upon filing and thus district court was without jurisdiction to enter its subsequent order dismissing with prejudice).

McKenzie v. AAA Auto Family Ins. Co., 427 Fed. Appx. 686 (10th Cir. 2011).

Tate v. United Services Associates, Inc., 75 Fed. Appx. 470 (6th Cir. 2003).

If a party fails to file a stipulation, the court's jurisdiction is not terminated. Metro-Goldwyn Mayer, Inc. v. 007 Safety Products, Inc., 183 F.3d 10 (1st Cir. 1999).

A dismissal stipulation was filed after a summary judgment motion but before it was ruled on; the appeals court held that because the stipulation was effective on filing, the district court should not have subsequently entered an order granting summary judgment. Meinecke v. H & R Block of Houston, 66 F.3d 77 (5th Cir. 1995).

Since the plaintiff's dismissal motion and the dismissal notice approved and signed by the defendant's counsel did not indicate that it was with prejudice, the dismissal of the prior suit based on the same cause of action was without prejudice, and the second suit was not barred by res judicata. Greenlee v. Goodyear Tire & Rubber Co., 572 F.2d 273 (10th Cir. 1978).

Although the plaintiffs may have been less than candid by not informing the defendant of the first dismissal's purpose, the stipulation was without prejudice because the Rule provides that it is without prejudice unless it is otherwise stated in the stipulation, and since the defendant executed the stipulation with no provision it was with prejudice. Poloron Products, Inc. v. Lybrand Ross Bros. and Montgomery, 534 F.2d 1012 (2d Cir. 1976).

Gaudet v. Ducote, 2018 WL 671230, *2 (E.D. La. 2018), report and recommendation adopted, 2018 WL 655831 (E.D. La. 2018).

Thompson v. Eason, 258 F. Supp. 2d 508 (N.D. Tex. 2003).

Compuware Corp. v. Health Care Serviceе Corp., 2002 WL 31598839 (N.D. Ill. 2002).

When the plaintiff had stipulated to dismiss with prejudice his claim to have property returned, it was an adjudication on the merits and was res judicata barring a later claim. Spavento v. U.S., 891 F. Supp. 173 (S.D. N.Y. 1995).

**Compare**

The plaintiff's Section 2255 motion was considered an unauthorized second or successive habeas petition. While Plaintiff's initial motion was being adjudicated, the Supreme Court decision in Beckles v. United States effectively disposed of the plaintiff's claim. Although the plaintiff voluntarily dismissed the original motion, the motion was dismissed with prejudice. United States v. Raymond, 815 Fed. Appx. 144 (9th Cir. 2020).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 44 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Tirado v. U.S. Bank Nat. Ass'n, 2012 WL 692599, *3 (N.D. Cal. 2012) (stipulation was with prejudice).

Christian v. Walgreen Co., 2011 WL 2789091 (N.D. Ind. 2011) (dismissal stipulation constituted judgment on merits).

Terry v. Waste Management Inc. of Florida, 2007 WL 604977 (M.D. Fla. 2007) (parties stipulated to dismissal with prejudice).

59    **Two dismissal rule**
See § 2368.

60    **Not applicable to stipulation**
McCall-Bey v. Franzen, 777 F.2d 1178 (7th Cir. 1985).

Cornell v. Chase Brass & Copper Co., 48 F. Supp. 979 (S.D. N.Y. 1943), decree aff'd by, 142 F.2d 157 (C.C.A. 2d Cir. 1944).

61    **Upon filing**
Because a voluntary dismissal is effective upon filing, the district court does not need jurisdiction over the case for it to be effective. Kuznar v. Kuznar, 775 F.3d 892, 896 (7th Cir. 2015).

Lundahl v. Halabi, 600 Fed. Appx. 596, 603 (10th Cir. 2014).

De Leon v. Marcos, 659 F.3d 1276, 1284 (10th Cir. 2011) (district court's order granting defendant's motion to dismiss on merits was void because it was issued after stipulation was filed).

Orsini v. Kugel, 9 F.3d 1042 (2d Cir. 1993) (unfiled stipulation is not effective dismissal).

Judy v. Lee County, Florida, Board of County Com'rs, 2018 WL 1729123, *2 (M.D. Fla. 2018) (stipulation is effective upon filing unless it explicitly conditions its effectiveness on subsequent occurrence).

World Skateboarding Federation, Inc. v. Intern. Skateboarding Federation, 2018 WL 497116, *2 (E.D. Cal. 2018) (court lacked jurisdiction to grant defendant's motion to dismiss with prejudice because plaintiff's voluntary motion to dismiss without prejudice was filed prior to defendant's motion).

Van Leeuwen v. Bank of America, N.A., 304 F.R.D. 691, 692 (D. Utah 2015).

When the plaintiff and defendant had entered into a dismissal stipulation and the plaintiff also had filed a Rule 41(a)(2) dismissal motion, the stipulation was all that was required to effect dismissal, and the court did not consider the motion. Bode v. AERCO International, Inc., 2014 WL 1661345, *1 (S.D. Ill. 2014).

Homesite Ins. Co. of the Midwest v. Robards, 2014 WL 359823, *2 (E.D. Tenn. 2014).

Scott v. Delbert Services Corp., 973 F. Supp. 2d 949 (E.D. Wis. 2013).

Luv N' Care, Ltd. v. Jackel Intern. Ltd., 2013 WL 5726052 (W.D. La. 2013).

Newmont Ghana Gold Ltd. v. Hiller Systems, Inc., 2011 WL 2648598 (N.D. Fla. 2011).

Cortes v. Skytop Restaurant Inc., 2010 WL 4608429, *3 (S.D. N.Y. 2010), **citing Wright & Miller**.

Ashford v. Bartz, 2010 WL 272009, *4 (M.D. Pa. 2010).

GMAC Commercial Mortg. Corp. v. LaSalle Bank Nat. Ass'n, 213 F.R.D. 150 (S.D. N.Y. 2003).

62    **Approval not required**
State National Insurance Company v. County of Camden, 824 F.3d 399, 406 (3d Cir. 2016), **citing Wright & Miller**.

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 45 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

SmallBizPros, Inc. v. MacDonald, 618 F.3d 458, 461 (5th Cir. 2010).

Lorillard Tobacco Co. v. Engida, 611 F.3d 1209, 1215 (10th Cir. 2010).

Ramming v. Natural Gas Pipeline Co. of America, 390 F.3d 366 (5th Cir. 2004), **citing Wright & Miller**.

Netwig v. Georgia Pacific Corp., 375 F.3d 1009 (10th Cir. 2004).

Dillon-Barber v. Regents of University of Michigan, 51 Fed. Appx. 946 (6th Cir. 2002).

State Treasurer of State of Michigan v. Barry, 168 F.3d 8 (11th Cir. 1999).

Hester Industries, Inc. v. Tyson Foods, Inc., 160 F.3d 911 (2d Cir. 1998).

Meinecke v. H & R Block of Houston, 66 F.3d 77 (5th Cir. 1995).

Although a dismissal stipulation does not need court approval, the requirement that it be filed with the clerk is not a mere technicality; the court must have adequate dismissal notice and tangible confirmation of the parties' agreement. Camacho v. Mancuso, 53 F.3d 48 (4th Cir. 1995).

Matter of West Texas Marketing Corp., 12 F.3d 497 (5th Cir. 1994).

A dismissal stipulation divested the district court of any jurisdiction it might have had to order that the settlement agreement be made public irrespective of the court's previous rejection of the proposed confidentiality agreement, its lack of intent to abandon all jurisdiction, and the pendency of applications for costs and attorneys' fees by defendants not parties to the settlement agreement. Smith v. Phillips, 881 F.2d 902 (10th Cir. 1989).

Mandamus was the appropriate remedy for dismissal with prejudice after the parties stipulated to a voluntary dismissal without prejudice, which was effective automatically and did not require judicial approval. In re Wolf, 842 F.2d 464 (D.C. Cir. 1988).

McCall-Bey v. Franzen, 777 F.2d 1178 (7th Cir. 1985).

The district court had no authority to approve or disapprove the settlement agreement underlying the stipulated dismissals in a lawsuit between private parties. Therefore, the court improperly interfered by adding "So Ordered" notation and signing the settlement, absent evidence indicating the parties mutually agreed to court approval or to the court's retention of jurisdiction over the defendant. Gardiner v. A.H. Robins Co., Inc., 747 F.2d 1180 (8th Cir. 1984).

First Nat. Bank of Toms River, N. J. v. Marine City, Inc., 411 F.2d 674 (3d Cir. 1969), **citing Wright & Miller**.

Mohamed v. Rajoub, 2018 WL 1737219, *8 (S.D. N.Y. 2018) (because dismissal under Rule 41(a)(1) is effective without any court action, one with prejudice has res judicata effect on subsequent adjudication even if court lacked jurisdiction over defendant), aff'd, 767 Fed. Appx. 91 (2d Cir. 2019).

Barnes v. Morris, 2018 WL 338631 (M.D. Pa. 2018) (stipulated dismissal under Rule 41(a)(1)(A)(ii) does not require court approval and therefore does not confer prevailing party status because it does not involve judicial intervention or relief; plaintiff's Bill of Costs was denied because he lacked prevailing party status).

Lemmings by and through Kile v. United States, 2017 WL 7734081, *3 (E.D. Okla. 2017), aff'd, 915 F.3d 682 (10th Cir. 2019).

Cone v. Vortens, Inc., 2017 WL 7052468, *1 (E.D. Tex. 2017), report and recommendation adopted, 2017 WL 8727250 (E.D. Tex. 2017).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 46 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

WBB Construction, Inc. v. Bellcomb, Inc., 2016 WL 1389760, *2 (D. Minn. 2016), **citing Wright & Miller**.

American Center for Civil Justice v. Ambush, 49 F. Supp. 3d 24 (D.D.C. 2014).

Fields v. Adam, 2010 WL 5113071, *1 n.1 (E.D. Cal. 2010) ("Because no other party has appeared in this action, Court approval is not required to voluntarily dismiss a party.") (dictum).

Cortes v. Skytop Restaurant Inc., 2010 WL 4608429, *3 (S.D. N.Y. 2010), **citing Wright & Miller**.

Mitchell v. Rocky Mountain Cancer Centers, LLP, 262 F.R.D. 575 (D. Colo. 2009), **citing Wright & Miller**.

Peters v. City of Huron, 2009 WL 1458350, *1 (E.D. Cal. 2009), quoting In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1988).

Gagan v. Eid, 2007 WL 1499782 (D. Colo. 2007).

Stone v. Woodford, 2007 WL 527766 (E.D. Cal. 2007).

Aswad v. ACA Receivables, L.L.C., 2007 WL 427591 (E.D. Cal. 2007).

Bayer Cropscience, LP v. Booth, 2006 WL 1934323 (M.D. Ga. 2006).

GMAC Commercial Mortg. Corp. v. LaSalle Bank Nat. Ass'n, 213 F.R.D. 150 (S.D. N.Y. 2003).

Beer v. John Hancock Life Ins. Co., 211 F.R.D. 67 (N.D. N.Y. 2002).

Solv-Ex Corp. v. Quillen, 186 F.R.D. 313 (S.D. N.Y. 1999) (although judge signed order stating that dismissal was "upon the terms and conditions" put forth by parties, court's order did not grant it jurisdiction to enforce agreement but rather merely confirmed case had been dismissed pursuant to parties' voluntary agreement).

Mutual Produce, Inc. v. Penn Cent. Transp. Co., 119 F.R.D. 619 (D. Mass. 1988).

Greenberg v. Mynczywor, 667 F. Supp. 901 (D.N.H. 1987), **citing Wright & Miller**.

**Bankruptcy rules**

Once a bankruptcy petition has been filed, Rule 41's absolute right of dismissal is circumscribed by the Bankruptcy Rules providing for the compromise or settlement of controversies only upon notice, hearing, and court approval. In re Blake, 452 B.R. 1 (Bankr. D. Mass. 2011).

**State law**

The court refused to allow a dismissal by stipulation that occurred after a settlement had been agreed to because Virginia law required the court to approve the settlement since an incompetent person was involved. The Rule 41(a)(1)(A)(ii) dismissal by stipulation apparently had been to avoid court approval. Crawford v. Loving, 84 F.R.D. 80 (E.D. Va. 1979).

63    **Reason irrelevant**

Adams v. USAA Casualty Insurance Company, 863 F.3d 1069 (8th Cir. 2017) (district court erred in concluding that counsel engaged in sanctionable conduct by stipulating to dismissal under Rule 41(a)(1) to forum shop and avoid adverse result).

64    **Inherent power**

Although a plaintiff's Rule 41(a)(1)(ii) voluntary dismissal stipulation is self-executing and does not require judicial approval, the court may decline to accept it when that is required to protect the judicial process or to safeguard the interests of persons entitled to the court's special protection. Green v. Nevers, 111 F.3d 1295 (6th Cir. 1997) (court's resort to its inherent power to refuse to give effect to stipulated dismissal submitted by defendant and one plaintiff in wrongful death action was not improper; because attorney for minor claimant did not sign stipulation, court had duty to make independent determination

Case 7:24-cv-00030-ADA-DTG Document 96-1 Filed 02/19/25 Page 47 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

that settlement was in minor's best interest and state law required trial court approval to protect claimants' interests, and two attorneys for claimants objected to stipulation).

Andrews v. Blick Art Materials, LLC, 286 F. Supp. 3d 365, 370 (E.D. N.Y. 2017) (when statutory scheme indicates serious importance of issue, potential for abuse, and ability to affect non-parties, review may be appropriate).

The court has the inherent power to reject a Rule 41(a)(1)(A)(ii) dismissal without prejudice if doing so prevents the "short-circuit" of the judicial process; the court rejected it due to the presence of a settlement agreement preventing the plaintiff from bringing any future claims against defendants, effectively making it a dismissal with prejudice. Guarnero-Ruiz v. 36-03 Food, LLC, 2017 WL 7049543 (E.D. N.Y. 2017).

The court, in exercising its inherent powers, may look behind a dismissal stipulation to determine whether there is collusion or other improper conduct. U.S. v. Mercedes-Benz of North America, Inc., 547 F. Supp. 399 (N.D. Cal. 1982).

Alellyv Mines Ltd. v. Pelletier, 90 F.R.D. 626 (E.D. Tenn. 1981) (court may refuse to dismiss action when parties' stipulation conditions dismissal; fact that parties admitted that "the purpose of all these agreements is to restrain the exercise of this Court's properly invoked jurisdiction * * * until the agreement of the defendant to pay his debt to the plaintiff is consummated" may have been relevant in court's decision).

65      **May not condition**

The court does not have jurisdiction to enforce a settlement agreement related to a dismissal by stipulation unless the parties agree that the court should have this power and the dismissal order includes the settlement contract. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

Barbee v. Big River Steel, LLC, 927 F.3d 1024, 1027 (8th Cir. 2019) (right to dismissal of FLSA action under Rule 41(a)(1)(A)(ii) is unconditional, and in context of attorney fee settlement it prevents unnecessary litigation).

Marino v. Pioneer Edsel Sales, Inc., 349 F.3d 746 (4th Cir. 2003).

Although a court may not condition a dismissal, it does retain the power to enforce a settlement agreement provided the dismissal order expressly incorporates the agreement or retains jurisdiction over the agreement. Metro-Goldwyn Mayer, Inc. v. 007 Safety Products, Inc., 183 F.3d 10 (1st Cir. 1999).

Hester Industries, Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 (2d Cir. 1998), citing Republic of Philippines, cited below; In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1988).

Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 81 n.21 (3d Cir. 1994), citing Gardiner v. A.H. Robins Co., Inc., 747 F.2d 1180, 1190 (8th Cir. 1984); First Nat. Bank of Toms River, N.J. v. Marine City, Inc., 411 F.2d 674, 677 (3d Cir. 1969).

After the parties stipulated to a voluntary dismissal, the court lacked jurisdiction to order that the settlement agreement be revealed to the public. Smith v. Phillips, 881 F.2d 902 (10th Cir. 1989) (in dictum, court noted that it was permitted to retain jurisdiction for Rule 11 purposes).

In re Wolf, 842 F.2d 464 (D.C. Cir. 1988).

Gardiner v. A.H. Robins Co., Inc., 747 F.2d 1180 (8th Cir. 1984) (court has no authority to approve or disapprove settlement agreement underlying stipulated dismissal).

Integrity Electronics, Inc. v. Garden State Distributors, Inc., 2010 WL 5490913 (E.D. N.Y. 2010), report and recommendation adopted, 2011 WL 13901 (E.D. N.Y. 2011) (court is without power to attach conditions upon dismissal, including "with prejudice" or attorney's fees order) (dictum).

Case 7:24-cv-00030-ADA-DTG    Document 96-1    Filed 02/19/25    Page 48 of 48

§ 2363 Voluntary Dismissal—Dismissal as a Matter of Right, 9 Fed. Prac. & Proc. Civ....

Solv-Ex Corp. v. Quillen, 186 F.R.D. 313 (S.D. N.Y. 1999) (court before whom dismissal occurs under either subdivision of Rule 41(a) is without jurisdiction to enforce any agreement by parties regarding dismissal's terms and conditions; court further held that under agreement accompanying dismissal no condition was violated).

**But compare**
Although judicial approval is not required for stipulations entered into by parties, in some circumstances parties are unwilling to drop litigation unless a court invokes its equitable powers to approve their agreement. The court of appeals held that the district court did not abuse its discretion in approving the parties' settlement agreement. In re September 11 Property Damage Litigation, 650 F.3d 145 (2d Cir. 2011).

66    **Attorney's lien**
Since the action was dismissed on stipulation after a settlement was reached that ignored counsel's rights under a contingent fee agreement, the dismissal order would be reversed so that the case could be continued for enforcement of the counsel's lien. U.S. v. Transocean Air Lines, Inc., 356 F.2d 702 (5th Cir. 1966).

Martens v. Hadley Memorial Hosp., 753 F. Supp. 371 (D.D.C. 1990).

The Rule 41(a) provisions relating to the plaintiff's dismissal stipulation was not intended as a cloak by which a client might settle or discontinue a lawsuit and entirely disregard his attorney's interest in it but was intended to set forth and curb the plaintiff's right to discontinue actions and to simplify a practice that theretofore never had been outlined clearly. Ingold v. Ingold, 30 F. Supp. 347 (S.D. N.Y. 1939).

67    **Entire action**
See the discussion of these concerns in § 2362.

Baines v. City of Atlanta, Georgia, 2023 WL 7151188, *3 (11th Cir. 2023).

Hardwick v. CorrectHealth Bibb LLC, 2023 WL 4350574, *2 (11th Cir. 2023).

---

End of Document                                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.