# EXHIBIT C

# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Proxense LLC,**<br><br>                    ***Plaintiff,***<br>v.<br><br>**APPLE INC.,**<br><br>                    ***Defendant.*** | **Case No. 6:24-cv-00143-ADA** |

## ORDER DENYING MOTION TO TRANSFER VENUE

### I)  SUMMARY

After a careful consideration of the parties' briefing, the relevant facts, and the applicable law, this case would not be clearly more convenient to try in the Northern District of California. **THEREFORE**, **IT IS ORDERED** that the Defendant's Motion to Transfer Venue is **DENIED**.

### II)  BACKGROUND

#### A.  PROCEDURAL HISTORY

Proxense LLC [hereinafter "Proxense"] filed its complaint on March 3, 2024. ECF No. 1. The complaint alleges patent infringement by the Defendant in this case, Apple Inc. [hereinafter "Apple"]. *Id*. Apple answered the complaint on May 28, 2024. ECF No. 24. Defendant Apple filed a Motion to Transfer on July 12, 2024. ECF No. 30. Plaintiff Proxense opposed the motion and filed an opposition on October 19, 2024. ECF No. 39. Defendant Apple replied to Proxense's opposition on November 1, 2024. ECF No. 44.

## B. REQUESTED RELIEF

Proxense exercised their right as the plaintiff in selecting the Western District of Texas as an appropriate venue. Apple asserts that the Northern District of California [hereinafter "NDCA"] would be a more convenient venue than the Western District of Texas [hereinafter "WDTX"]. Accordingly, Apple requests that under 28 U.S.C. § 1404(a) this case be transferred to NDCA.

## III) LEGAL OVERVIEW

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure

2

the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Air-craft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id*. at 314–15. This is because "the Court must give some weight to the plaintiffs' choice of forum." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 302 (5th Cir. 2024) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 n.6, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013). While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In addition, the "movant must show (1) that the marginal gain in convenience will be significant, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue." *In re Clarke*, No. 24-50079, 2024 WL 886953, at *2 (5th

3

Cir. Mar. 1, 2024) (emphases in original). Yet, the Federal Circuit has clarified that, for a court to

hold that a factor favors transfer, the movant need not show any individual factor clearly favors

transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## IV) ANALYSIS

### A. PROPER VENUE AND JURISDICTION IN TRANSFER VENUE

To consider the transfer for convenience, Apple must show that both venue and

jurisdiction would have been proper in the proposed transferee forum, here the NDCA. Apple has

satisfied this burden by showing that it is headquartered in the NDCA.

### B. PRIVATE INTEREST FACTORS

#### 1. The Cost of Attendance and Convenience for Willing Witnesses

##### i. *Legal Overview*

The most important factor in the transfer analysis is the convenience of the witnesses. *In

re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the

distance between a current venue and a proposed venue is more than 100 miles, the

inconvenience to witnesses increases in direct relationship to the additional distance they must

travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. However, it is unclear when the

100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule

"rigidly" in cases where witnesses would be required to travel a significant distance no matter

what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from

New York) (citing *Volkswagen II*, 545 F.3d at 317); *In re Genentech, Inc.*, 566 F.3d 1338, 1345

Fed. Cir. 2009 (finding that little weight should be given when regardless the witnesses "will be

4

traveling a great distance no matter which venue the case is tried in."). Instead, "the inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is weighed more heavily as a metric than distance. *Id.* However, as noted above, the Federal Circuit has held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342.

### ii.  *Apple's Argument*

Apple argues that the relevant witnesses are primarily in NDCA and that a trial there would be more convenient for those witnesses. For two key witnesses in Prague, Apple argues that the differences between the venues are *de minimis*. Apple also argues that the Plaintiff has no employees in the WDTX, which Proxense does not dispute. The two likely witnesses from Proxense are located in Oregon and Tennessee, which Apple argues makes the inconvenience of each forum relatively equivalent. Finally, Apple argues that "a defendant's presence in the transferor district cannot be weighed in the transfer analysis unless record evidence establishes that particular employees possess material and relevant information." ECF No. 30 at 9.

### iii.  *Proxense's Arguments*

Proxense responds by pointing out potential shortcomings in Apple's description of affected witnesses. *First*, Proxense points out that Apple appears to have several key potential witnesses in WDTX. This includes witnesses with both direct and extensive knowledge regarding Secure Enclave. Proxense contrasts this with the level of generality with which Apple

has pointed to its own employees and their likelihood to be involved in the case or possess knowledge regarding the Secure Enclave. *Second*, Proxense argues that several of Apple's marketing and partnership building team are potential witnesses and reside in Austin. *Third*, Proxense represents that the following are all geographically closer to Waco than to NDCA: the ex-lead engineer of Secure Enclave, international witnesses in Prague, and the inventor of the patent.

### iv.    Analysis

The Court finds that this factor is ultimately neutral. Both parties point to key witnesses who are poised to serve roles within this case. However, while Apple points to more witnesses than Proxense, there is less indicia of the direct relevance of those witnesses or their likelihood to appear at trial for this case. While the declarations attached to the Defendant's motion all discuss various related backgrounds that could be related to the accusing features, the declarations do delineate which witnesses are vital, and which are being used as an attempt to bolster Apple's argument. This analysis should not be just stacking the scale with as many potentially frivolous witnesses as is possible to venue shop for either party. The question can be simply framed as "what is the cost of attendance for willing witnesses that are likely to appear at trial?"

The Prague witnesses do not weigh heavily on the outcome of this factor, as there are largely insignificant differences with both time and distance. *See In re Apple*, 979 F.3d at 1342. WDTX appears to only be marginally closer and quicker for these witnesses.

The Cupertino witnesses would clearly be better served with the trial being held in NDCA. However, Apple does possess a campus in Austin which could help to mitigate interruptions to their workflow and reduce the cost of attendance for these witnesses. Apple

6

points to *Samsung* to establish that "a defendant's presence in the transferor district cannot be weighed in the transfer analysis unless record evidence establishes that particular employees possess material and relevant information". ECF No. 30 citing *In re Samsung Elecs. Co., Ltd.*, No. 2023-146, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023). This stretches the rulings that are quoted in those cases. Those cases found that the presence of non-technical employees was improperly weighted and relied on to overcome the inconvenience that the relevant witnesses would have felt. The flaw there, which the Federal Circuit appropriately pointed out, was that this general presence was unrelated to the cost of attendance for the willing witnesses who are likely to appear at trial. *See id.* The presence of a place where Apple's witnesses can conduct work is directly related to the cost of their attendance. *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021) ("the inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes **and work** for an extended period of time.") (emphasis added). Simply put, it is not dispositive and does not carry weight in this analysis if a corporation has a large presence in any venue without more information about what that presence entails. However, having a reliable location to work from nearby a prospective venue would help mitigate the cost of attendance for witnesses. Concerning the storage of electronic documents, as Apple mentions in other portions of the brief, the employees are likely able to access their documents from either their personal computers or shared means, which reduces the cost imposed on their work productivity. While Apple points to time away from family for these witnesses, common sense again rears its head. A major corporation intending to call a witness for a patent trial is likely to have taken that witness away from their family for several days to ready them for trial. Simply put, there will be some baseline cost to any witness that may be called to trial. While this may be

7

mitigated by a trial closer to home, this Court finds it unlikely that the discrepancy is so great that the trial witnesses are only likely to lose time with family when traveling. The realty of modern trials often includes a week or more of preparation away from home regardless of if the Court house is nearby. Witnesses are unlikely to be driving in from home, testifying, and driving back. This reality must be considered when weighing the cost of attendance that these witnesses are likely to face in different venues and it mitigates some of the cost reductions that will be realized by a witness in an otherwise closer venue.  Regardless of that reality, the Defendant has not presented strong indications of why each of these witnesses are likely to appear at trial. This severely reduces the weight that many of the Cupertino witnesses carry for consideration of this factor.

Proxense's CEO's and CFO's residency in Oregon favors transfer, while the inventor Mr. Brown's residency in Chattanooga is against transfer. It is largely immaterial that Proxense's Officers are able and willing to testify in Austin. That just makes them willing witnesses. The remainder of the analysis is the time and distance between the venues and the cost that will be imposed on the witnesses. This is not guided by preference but by the geographical constraints imposed by having a trial in the different proposed venues. NDCA is closer to Oregon, but Chattanooga is closer to WDTX by both distance and travel time. These competing interests result in a net neutral for two key Proxense witnesses.

As is clear from the Apple declarations and prior cases involving the Defendant, there are members of these teams with relevant knowledge in both proposed venues. The Court finds that WDTX contains several key witnesses with specialized knowledge not found in NDCA. The alternative is true as well. There are several NDCA witnesses—particularly for Passkeys—with

8

specialized knowledge that witnesses found in WDTX do not seem to possess. Ultimately, with the balance being nearly equal, this Court has determined that this factor is neutral.

### 2. The Relative Ease of Access to Sources of Proof

#### i. Legal Overview

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "[W]hile electronic storage of documents makes them more widely accessible than was true in the past, that does not make the sources-of-proof factor irrelevant." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) (citing Volkswagen II, 545 F.3d at 316). The Court acknowledges that the Fifth Circuit's decision in *In re Planned Parenthood* indicates a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id.* But the Federal Circuit has held that it is an error to conclude this factor is neutral only because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No. 2022-128, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed. However, the Court still considers physical locations of document electronic

9

documents in its analysis of this factor. *In re Google LLC*, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). When considering both parties generally, "in patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

### ii.   *Apple's Arguments*

Apple argues that this factor strongly favors transfer. To support the argument, Apple asserts that NDCA is the primary location where the research, design, development, and testing of the accused features occurred. Apple argues that this means that the physical evidence— ███████ ████████████████████—are housed in NDCA.  Apple also asserts that ████████████ are likely to be stored on individual computers in NDCA or in a shared location that is accessible from NDCA.

### iii.   *Proxense's Arguments*

Proxense points out that Apple's sources of proof are deficient as they are either unlikely to be relevant evidence in this trial, or they are sources of proof that are just as available in WDTX as in NDCA.

### iv.   *Analysis*

The fact that shared documents are accessible from NDCA is irrelevant in this analysis, unless those same electronically shared documents are not accessible in Austin or are stored in NDCA. Apple has not argued here that Source Code or other digitally accessible documents for the accused features are physically stored in NDCA. Therefore, Apple has not presented any

specific documents or sources of proof which would be more easily accessed in NDCA when compared to WDTX.

 being in NDCA also does not appear to be relevant. The accused features are not ████████████ or process carried out by ████████████ ████████. Apple has not expanded on how it would appear likely that ████████████ would be presented as evidence. In their reply brief, Apple dug in further stating that a deposition had not been taken on ████████████████████████████. The Court does not understand how that is a counterpoint or relevant to its determination on ease of access to a source of proof. As Apple has not proffered the relevance of this ████████████, the Court is left no option but to determine that it be awarded no weight in consideration of this analysis.

Neither party has presented a compelling argument for an increased ease of access to sources of proof being present in either venue. Therefore, this factor is neutral.

### 3. Availability of Compulsory Process to Secure Attendance of Witnesses.

#### i.  *Legal Overview*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). This factor focuses on "non-party witnesses whose attendance may need to be secured by a court order." *WirelessWerx, LLC v. Google, LLC*, No. 6:22-CV-1056-RP, 2023 WL 11921792, at *3 (W.D. Tex. Apr. 14, 2023) (collecting cases).

11

"When there is no indication that a non-party witness is willing, the witness is presumed to be

unwilling and considered under the compulsory process factor." *Id.* citing *In re HP Inc.*, No.

2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). However, the Fifth Circuit has

clarified that "the availability of compulsory process 'receives less weight when it has not been

alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood*

*Fed'n of Am. Inc.*, 52 F.4th 625, 630−31 (5th Cir. 2022) (quoting *Hefferan v. Ethicon Endo-*

*Surgery Inc.*, 828 F.3d 488, 499 (6th Cir. 2016)). To note, this factor "weigh[s] heavily in favor

of transfer when more third-party witnesses reside within the transferee venue than reside in the

transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*,

566 F.3d at 1345).

### ii. *Apple's Arguments*

Apple argues that this factor favors transfer. Apple points to "Patent Law Works," who is

in the NDCA subpoena power and contacted Apple seeking to sell the Plaintiff's patent portfolio.

Apple also points to multiple potential prior art inventors that Apple picked out and that

conveniently live within the subpoena power in NDCA. This Court does not find that the

proposed prior art inventors provide much weight in this analysis. *See Fintiv, Inc. v. Apple Inc.*,

2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019). Apple also argues that both venues contain

banks and other financial institutions that utilize Apple Pay.

### iii. *Proxense's Arguments*

Proxense counters that this factor weighs against transfer. Proxense points out that the

individual from Patent Law Works has not indicated that they are an unwilling witness, which is

necessary to analyze if the availability of compulsory process carries any weight over a witness

who may be willing. In the alternative, Proxense points to ███████, a witness who does not

appear to be unwilling. Proxense also points out that Apple employees interact with third parties

through teleconference. These employees from Apple are in Austin and had a single in-person

meeting with a third-party in Austin. Otherwise, they just hold video conferences with clients but

do so from their offices in Austin.

### iv. *Analysis*

The Court finds this factor neutral. Neither party has pointed to a witness where the Court

would likely need to exercise its power of compulsory process. The Defendant's Austin-based

interactions with third parties about an unrelated feature are not indicative that the compulsory

process is likely to be exercised in WDTX. With neither party presenting evidence of any likely

trial witness that would necessitate the compulsory process, this factor is neutral.

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive.

### i. *Legal Overview*

"When considering the private interest factors, courts must also consider all other

practical problems that make trial of a case easy, expeditious and inexpensive." *WirelessWerx,*

*LLC v. Google, LLC*, No. 6:22-CV-1056-RP, 2023 WL 11921792, at *4 (W.D. Tex. Apr. 14,

2023) (citing *Volkswagen II*, 545 F.3d at 315.) "Particularly, the existence of duplicative suits

involving the same or similar issues may create practical difficulties that will weigh heavily in

favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655,

2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). It runs counter to judicial efficiency to have

"two courts [construing] the same patent asserted by the same plaintiff." *Acqis, LLC v. Sony*

*Interactive Entm't Inc*., No. 6-22- cv-00386-ADA, ECF No. 63 at 15 (W.D. Tex. July 19, 2023).

### ii.  *Apple's Arguments*

Apple contends that this Court should not rely on the prior cases with related patents to override the inconvenience caused by the venue where the case was filed. This Court notes that it determined that the cost of willing witnesses in the original venue is neutral. Therefore, this factor would not be "overriding" another factor nor placing additional undo weight on this factor. Apple also asserts that the accused products in this case differ from the accused products in the other cases.

### iii.  *Proxense's Arguments*

Proxense counters that this Court has a significant history with the patents at issue in this case. Proxense asserts that counter claim construction would likely be necessary in NDCA if the case was transferred and could lead to unaligned constructions. Proxense also points out that this Court has gained familiarity with the patents at issue due to the history surrounding those claims.

### iv.  *Analysis*

The Court holds that this factor weighs heavily against transfer. Precedent makes clear that this factor should not overwhelm the other factors when they run contra to one another. However, this Court has expended significant time and resources with related patents and cases. It is true that the exact claims at issue in this case are not identical, however, there is no dispute that the claims from the same plaintiff brought in other cases are related. Therefore, it is abundantly clear that it is in the best interest of efficiency that this case remains in WDTX.

## C. PUBLIC INTEREST FACTORS

### 1. Administrative Difficulties Flowing from Court Congestion

### i. *Legal Overview*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020). It considers "[t]he speed with which a case can come to trial and be resolved." *In re Genentech*, 566 F.3d at 1347; *see Smart Mobile Techs. LLC v. Apple Inc.*, 2023 WL 5540152, at *9 (W.D. Tex. Aug. 28, 2023). However, "this factor should not weigh against transfer when the patentee 'is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution.'" *In re Meta Platforms, Inc.*, No. 2023-143, 2023 WL 7118786, at *2 (Fed. Cir. Oct. 30, 2023) (quoting *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023)).

### ii. *Apple's Arguments*

Apple argues that this factor should be neutral. Apple asserts that Proxense has not alleged that it has a competing product and therefore—as a non-practicing entity—this factor should be provided no weight in the transfer analysis. ECF No. 30 (citing *Google*, 58 F.4th at 1383). Apple also states that there have been previous findings where it was determined that there were no appreciable differences between the venues regarding expediency of cases.

### iii. *Proxense's Arguments*

Proxense argues that this factor should weigh against transfer as the congressionally recognized public interest in speedy resolutions is at play. Proxense points out that it is undisputed that time to trial statistics are faster in Waco than in NDCA. Proxense continues by analyzing statistics in this Court relative to the proposed transferee venue of NDCA.

### iv. *Analysis*

15

In attempting to apply governing precedent, the Court finds that this factor is neutral. The Federal Circuit has instructed that court congestion cannot weigh against transfer where an entity like Proxense "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *See In re Meta*, 2023 WL 7118786, at *2. However, this Federal Circuit precedent appears to contradict Fifth Circuit rulings. For example, in *In re Planned Parenthood Federation of America, Inc.*, 52 F.4th 625, 631–32 (5th Cir. 2022), the Fifth Circuit held that it was not an abuse of discretion for the district court to weigh court congestion against transfer based on just two rationales: 1) that its docket was less congested than the transferee venue's; and 2) that the case "appear[ed] to be timely proceeding to trial" before the transferor venue. *See also U.S. v. Planned Parenthood Fed. of Am., Inc.*, No. 2:21-CV-022-Z, 2022 WL 19006361, at *4–5 (N.D. Tex. Sept. 20, 2022). Further, the Fifth Circuit later defined this case progression factor as follows: "This factor normally weighs against transfer when the case appears to be timely proceeding to trial before the transferee [sic] district." *In re TikTok, Inc.*, 85 F.4th 352, 363 (5th Cir. 2023) (cleaned up). This conflict is dispositive here—Proxense only argues that the public interest in speedy resolution of disputes causes this factor to weigh against transfer. Proxense does not allege that it competes with Apple in the marketplace. Proxense's arguments about the difference in time to trial between NDCA and this Court would hold weight according to Fifth Circuit caselaw on this factor. *See In re TikTok*, 85 F.4th 352, 363–64 (5th Cir. 2023).  Concerns with time to trial considerations originated over the court congestion factor being given "particular significance" or "significant weight." *See In re Morgan Stanley*, 417 F. App'x at 950. In contrast, our precedent now seems to require categorically prejudicing specific groups of plaintiffs. This prejudice takes the form of preventing court congestion be assigned *any* weight against transfer in circumstances

involving non-practicing entities or those which are not competitors in a patent suit. *See In re Meta*, 2023 WL 7118786, at *2; *Zentian Ltd. v. Apple Inc.*, No. W-22-CV-00122-ADA, 2023 WL 4167746, at *10. This Court ultimately aims to apply precedent in the only way that seems to follow this apparent contradiction. Accordingly, non-practicing entities in patent cases will be prejudiced relative to other plaintiffs. Court congestion will be awarded no weight in their cases. Therefore, this factor is neutral. Should a petition for mandamus be filed, Proxense may raise any arguments to clear up any misapprehensions in Fifth Circuit and Federal Circuit precedent regarding the differential treatment of certain plaintiffs. If this ruling is brought to appeal, and the Federal Circuit finds that non-practicing entities are not subject to this prejudice, but that in the alternative the district courts are best situated to evaluate their own docket efficiency, as the Fifth Circuit held in *In re Clarke*, then this Court believes that the demonstrated docket efficiency of the Western District and of this Court in particular weighs against transfer.

## 2. Local Interest

### i. *Legal Overview*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each

17

forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (per curiam)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319. "We focus on the *events*—not the *parties*. We do not consider the parties' connections to the venue because the local interest analysis is a public interest factor. Accordingly, the local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case." *In re Clarke*, No. 24-50079, 2024 WL 886953, at *5 (5th Cir. Mar. 1, 2024) (emphases in original).

### ii.    Apple's Arguments

Apple's position is that this factor strongly favors transfer. Apple points out that the research, design, and development of the accused technology primarily took place in NDCA. Apple then points to some of their general presence within NDCA such as their headquarters.

### iii.    Proxense's Arguments

Proxense's view is that this factor is neutral. Proxense argues that WDTX has a strong local interest due to Apple's first infringing periods occurring in Austin, key related employees residing in Austin, and key Apple Pay partners maintaining a presence.

18

### iv. Analysis

This Court finds that this factor leans in favor of transfer. This is not a case where there exists no local interest in the outcome of this case. However, when the two venues are compared to one another it appears that more of the events at the center of this litigation occurred in NDCA. The general presence in either venue does not move the needle in either direction. The research and development centralization of the accused features in NDCA drives this factor in favor of transfer relative to the initial alleged acts of infringement in WDTX.

### 3. Familiarity of the Forum with the Law That will Govern the Case And Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law.

### i. Analysis

There is no reason to believe that the federal courts in NDCA are any more or less familiar with federal law than the federal courts in WDTX. Nor are there issues involving conflicts of foreign laws. The parties both contend that these two factors are neutral, and this Court agrees. With all concerned parties in agreement, these two factors are neutral.

## V) CONCLUSION

The factors considered in a transfer for convenience are considered in their totality. After the factors are considered, the standard requires a determination of if the transferee venue would be "clearly more convenient." *Volkswagen II*, 545 F.3d at 314. This deference arises due to the plaintiff's right to choose an appropriate venue to bring their case. *See In re Chamber of Com. of United States of Am.*, 105 F.4th at 302 (5th Cir. 2024). The movant has not established that this case would be clearly more convenient in the Northern District of California. The chart below summarizes the Court's analysis; however, it is in weighing the totality of these factors and

19

circumstances of this case that this Court determines that this motion must be denied.

**ACCORDINGLY, IT IS ORDERED** that Defendant's Motion to Transfer is **DENIED.**

| FACTOR | THE COURT'S FINDING |
|---|---|
| Relative ease of access to sources of proof. | Neutral |
| Cost of attendance for willing witnesses. | Neutral |
| Availability of compulsory process to secure the attendance of witnesses. | Neutral |
| All other practical problems that make trial of a case easy, expeditious, and inexpensive. | Against transfer. |
| Administrative difficulties flowing from court congestion. | Neutral, see above. |
| Local interest. | For transfer. |
| Familiarity of the forum with law that will govern case. | Neutral |
| Problems associated with conflict of law. | Neutral |

So **ORDERED** this 8th of January 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE