# EXHIBIT E

☰  RPX Empower (/)   Solutions   Use Cases   Data Platform (https://empower.rpxcorp.com/data_platform)   Contact Us (https://empower.rpxcorp.com/contact_us)   Login

‹ Back to News (/news/details?searchq=)

# Federal Circuit Sidesteps Fifth Circuit Ruling on Convenience Transfers

February 5, 2023

The Federal Circuit has for the first time interpreted a closely watched decision on venue from the Fifth Circuit, the regional circuit that determines the applicable law governing convenience transfers in Texas patent cases. That October 2022 ruling, *In re: Planned Parenthood*, appeared to depart (https://insight.rpxcorp.com/news/72824-fifth-circuit-venue-ruling-looms-over-west-texas-transfer-debate) from the Federal Circuit's prior take on issues central to the analysis of such transfer motions, including the location of evidence, the cost of attendance for witnesses, and the district judge's overarching discretion over such matters. However, the Federal Circuit's precedential *In re: Google (https://insight.rpxcorp.com/cafc_documents/3262143)* opinion (https://insight.rpxcorp.com/cafc_documents/3262143), issued on February 1, argues that *Planned Parenthood* does not undercut its current approach. In *Google*, the court held that a clear showing that a venue is more convenient takes precedence over the district judge's discretion. Even more significantly, the Federal Circuit determined that NPEs do not have an interest in getting cases to trial quickly—and that a district judge lacks the discretion to give undue weight to his district's time to trial. The opinion reversed another transfer denial from Western District of Texas Judge Alan D. Albright, and comes months after Judge Albright began attempting to fill the gap with his own reading of *Planned Parenthood*.

As noted in RPX's prior coverage (https://insight.rpxcorp.com/news/68272-federal-circuit-s-wave-of-judge-albright-transfer-reversals-keeps-rolling), the proper application of the convenience transfer factors—and the extent of a district judge's discretion to do so—has been at the center of the Federal Circuit's ongoing disagreement with Judge Albright, who has often denied such motions since taking the bench in 2018. Starting in 2020, the appellate court has repeatedly reversed him on that issue through *mandamus* review, identifying a series of recurring legal errors in his transfer analyses. Among those errors have been his underweighing of the convenience for and/or cost of attendance of witnesses, his tendency to discount sources of proof in the transferee district, and his misapplication of factors related to compulsory process and willing witnesses. Judge Albright has also erred, per the Federal

Circuit, by counting a defendant's generalized presence in the district—*e.g.*, through local offices not connected to acts as infringement—as supporting the "local interest" factor. An especially long-standing issue, among those dating back to reversals in 2020, has been Judge Albright's argument that his district's quick time to trial tips the "court congestion" factor against transfer, as discussed further below. However, the pace of *mandamus* reversals slowed in 2022, as Judge Albright began to adjust his approach in response to the Federal Circuit's rulings—though not always (https://insight.rpxcorp.com/news/70815-federal-circuit-continues-steady-drip-of-judge-albright-venue-rebukes-after-2021-s-mandamus-wave) to that court's satisfaction.

That said, Judge Albright has returned to a familiar well in recent decisions, indicating that he will continue to set a high bar for motions to transfer for convenience—and find new ways to follow his prior approach despite the Federal Circuit's reversals. For instance, he has maintained a recent tendency to closely scrutinize the testimony of defendants' venue declarants. In a recent ruling (https://insight.rpxcorp.com/news/73486-judge-albright-sounds-familiar-notes-in-transfer-of-lawsuit-against-apple), Judge Albright questioned one such declarant's purported failure to identify "what **Apple**'s 7,000 employees work on in Austin" in order to show that there were no relevant witnesses there—echoing prior attempts to ground venue based on a defendant's generalized presence in a district. That ruling also suggests that Judge Albright will continue to argue that the speed with which he can take patent cases to trial will continue to tip the court congestion factor against transfer elsewhere. Judge Albright has lately included a lengthy footnote that details the time a long list of cases each took to reach trial, perhaps in an attempt to work around Federal Circuit caselaw rejecting prior versions of this argument as too speculative.

The Fifth Circuit's *Planned Parenthood* Decision: Appellate Courts Must Respect Discretion over Transfers

As the Federal Circuit's dispute with Judge Albright on transfers played out last year, the Fifth Circuit's *Planned Parenthood* decision seemed poised to introduce a new set of uncertainties. Perhaps the most significant was its expansive view of the discretion that appellate courts must show district courts in such matters: The Fifth Circuit emphasized that "district courts have broad discretion in deciding motions to transfer", and that under its 2008 *Volkswagen* opinion, such transfer rulings may be overturned "only for clear abuses of discretion that produce patently erroneous results". Per the Fifth Circuit, "[t]he standard for reversing that holding is high".

The Federal Circuit's use of *mandamus* review has previously attracted criticism for exceeding the bounds of that deference—including from within the court itself. In 2020, Circuit Judge Kimberly A. Moore, now the court's chief judge, dissented (https://insight.rpxcorp.com/

news/64419-divided-federal-circuit-reverses-another-convenience-transfer-denial-by-judge-albright) from a Federal Circuit majority's *mandamus* decision overturning a transfer denial in litigation brought by Fortress Investment Group LLC (https://insight.rpxcorp.com/ent/296649-fortress-investment-group-llc) subsidiary Uniloc 2017 LLC (https://insight.rpxcorp.com/ent/1454114-uniloc-2017-llc), arguing that the majority's analysis exceeded the permissible bounds of *mandamus* review and improperly disturbed the district court's factual findings and conclusions.

The Fifth Circuit also clarified the proper extent of this deference to district court discretion as applied to certain transfer factors—perhaps most notably, the one concerning court congestion. Although the court acknowledged the Federal Circuit's warning from *In re: Genentech* that this factor is "speculative", the Fifth Circuit countered that "to the extent docket efficiency can be reliably estimated, the district court is better placed to do so than this court". As noted above, this factor has been at issue throughout the Federal Circuit's *mandamus* jurisprudence involving Judge Albright: while he used to cite his district's early scheduling of trials in finding that this tipped the factor against transfer, the appellate court held in its precedential *In re: Juniper I* decision (https://insight.rpxcorp.com/cafc_documents/3234995) that he could not rely on scheduling orders versus actual statistics on court congestion. In a later case, Judge Albright explicitly cited that holding in citing data offered by the plaintiff on *actual* time to trial, but the Federal Circuit determined (https://insight.rpxcorp.com/news/70815-federal-circuit-continues-steady-drip-of-judge-albright-venue-rebukes-after-2021-s-mandamus-wave) that this was still too speculative in light of *Genentech*. The Fifth Circuit also underscored the role of discretion with respect to the factor concerning the cost of attendance for willing witnesses, holding that it is up to the district court to weigh the relative cost of travel (including hotels and flights) to a particular venue—another factor for which Judge Albright adjusted his analysis (https://insight.rpxcorp.com/news/70815-federal-circuit-continues-steady-drip-of-judge-albright-venue-rebukes-after-2021-s-mandamus-wave) in light of Federal Circuit guidance.

Additionally, the Fifth Circuit took positions on other factors that appeared to be less in line with current Federal Circuit thinking, and potentially more so with Judge Albright's posture. Among them is the factor concerning the weight to be given to the physical location of sources of proof that are also available electronically: in an apparent departure from its prior caselaw, the Fifth Circuit affirmed a district court's finding that this factor weighed against transfer because "the vast majority of the evidence [is] electronic, and therefore equally accessible in either forum", holding that the "location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature". This is similar to the approach taken by Judge Albright, who has held that the physical location of evidence that is also easily available electronically does not necessarily weigh toward transfer —whereas the Federal Circuit has previously argued that physical location remains relevant

under prior Fifth Circuit caselaw. The Fifth Circuit also held that the factor concerning the availability of compulsory process "receives less weight when it has not been alleged or shown that any witness would be unwilling to testify", a view arguably consistent with Judge Albright's approach—an approach that the Federal Circuit has previously argued was incorrect.

The Federal Circuit's *In re: Google* Decision: A More Limited View of Discretion

Then came the Federal Circuit's February 1 *In re: Google* decision (https://insight.rpxcorp.com/cafc_documents/3262143), in which the court appears to have given itself significant leeway through its interpretation of the Fifth Circuit's warning that a district court has the discretion to decide transfer motions. While it acknowledges that discretion, the Federal Circuit held that the district court should above all grant transfer when the movant shows that the transferee venue is "clearly more convenient"—ruling that this is the "ultimate inquiry" as established in *Planned Parenthood*, via the Fifth Circuit's *Volkswagen* opinion. Moreover, citing the Federal Circuit's 2010 *In re: Vistaprint* decision, the court held that the weight given to the transfer factors and the balance between them are within the "sound discretion of the trial court based not on *per se* rules but rather on an individualized, case-by-case consideration of convenience and fairness".

As for the case here under consideration—filed by NPE Jawbone Innovations, LLC (https://insight.rpxcorp.com/entity/10954914-jawbone-innovations-llc) against Google—the Federal Circuit invoked *Planned Parenthood* most directly with respect to Judge Albright's emphasis on time to trial. Just as he had done in the Speir Technologies case mentioned above, Judge Albright's October 7, 2022 decision (https://insight.rpxcorp.com/litigation_documents/14973761) denying transfer rejected Google's argument that the median time to trial was comparable for the Western District of Texas and the Northern District of California. Rather, he cited a lengthy list of more recent decisions with times to trial around two years as tipping this factor slightly against transfer.

Judge Albright was wrong to do so, the Federal Circuit ruled. While the appellate court deferred to his "assessment of the average time to trial data" for the court congestion factor (citing *Planned Parenthood* and *In re: Genentech*), it held that "in this case it was a clear abuse of discretion to accord this factor any weight"—essentially, ruling that it does not owe any deference to the *weight* that the district court gives time to trial, just to the underlying factfinding.

More dramatically, the Federal Circuit held that this was an abuse of discretion because the plaintiff is an NPE and, according to the court, thus has no urgent need for a quick trial to protect any market share. Here, the court cited its *In re Juniper* decision, which it characterized as "discounting time-to-trial difference because there was no 'need of a quick

resolution where patentee lacked "position in the market . . . being threatened".

> It appears undisputed that Jawbone (unlike its predecessor owners of the patents) is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution and give some significance to the time-to-trial difference. Nor does the record reveal any other basis on which to accord significance to whatever greater speed the district court speculates it could reach trial as compared to Northern California.

As a result, the Federal Circuit held that the court congestion factor was neutral.

Beyond that, the court ruled for the cost of attendance for willing witnesses factor (in a portion of the opinion not invoking *Planned Parenthood*) that Judge Albright erred in holding that this only slightly weighed toward transfer, through his "steep discounting of this factor" based on a finding that Google's venue declarant was unreliable. That determination was "unreasonable on the record", the court explained: While Judge Albright faulted the declarant for ignoring three witnesses based in West Texas that the plaintiff had identified, the Federal Circuit countered that Google had actually "provided sworn, unequivocal deposition testimony from each employee explaining that none of them work on the accused features", while 11 other potential witnesses were located in the transferee district. For that reason, the Federal Circuit concluded that "the district court should have weighed this factor firmly (not slightly) in favor of transfer".

Another basis for reversal, per the Federal Circuit, was Judge Albright's determination that the "all other practical problems" factor weighed against transfer based solely on the presence of Jawbone Innovations's co-pending case against Apple in West Texas. Judge Albright had discounted Apple's motion to transfer to that case to the Northern District of California because of his prior scheduling order requiring the parties to re-brief the motion after full discovery, but the Federal Circuit noted that he later withdrew that scheduling order after a similar one was overturned on *mandamus* (https://insight.rpxcorp.com/news/72513-judge-albright-goes-too-far-by-pushing-venue-rulings-after-fact-discovery-holds-federal-circuit). Since the only other case involving the same plaintiff and patents, Jawbone Innovations's Eastern District of Texas suit against **Amazon**, had already been transferred to the Northern District of California, the Federal Circuit instead found this factor to be neutral—"even before the recent dismissal of the Apple case". This was because "judicial economy considerations could not undermine the clear case for transfer in light of the imbalance on the other factors".

Finally, the Federal Circuit held that Judge Albright was wrong to find that the "local interest" factor was neutral based on the presence of Jawbone Innovations's office in Waco. That office, the court found, was only formed a year before the filing of the lawsuit, while none of the plaintiffs' employees are based in the district—nor does the plaintiff conduct activities related

to the accused technology in Texas. Under such circumstances, Jawbone has no meaningful presence in the Western District of Texas that should be given significant, let alone, comparable weight to the facts tying the litigation to the California forum, where both the patented and accused technology were developed", the court found—referring to the fact that the source of the plaintiff's patents, the now-defunct operating company Jawbone, was based in Northern California. Given that connection to the Northern District, the Federal Circuit ruled that "[i]t was clear error not to find that the local interest factor favors transfer".

After briefly affirming Judge Albright's holdings on the remaining factors, the Federal Circuit concluded by ordering transfer, having found that "four factors favor transfer and four factors are neutral"—and that the "center of gravity of this action, focusing on the *Volkswagen* factors and the overriding convenience inquiry, is clearly in the Northern District of California, not in the Western District of Texas". Judge Albright committed a "clear abuse of discretion" by finding otherwise and denying the company's transfer motion, the court held.

Judge Albright's Prior Attempts to Bridge the Gap Before *Google*'s Issuance

The *Google* decision comes months after Judge Albright began making his own attempts to reconcile the Fifth Circuit's guidance with Federal Circuit precedent.

In August 2022, two months prior to the issuance of *Planned Parenthood*, Judge Albright rejected an argument raised by Motion Offense LLC (https://insight.rpxcorp.com/entity/1696097-motion-offense-llc), in opposition to a Google transfer motion, that the Federal Circuit had improperly interpreted the governing Fifth Circuit law on convenience transfers—and that he should as a result apply Fifth Circuit law directly. In declining to do so, Judge Albright explained that he is obligated to follow the Federal Circuit's interpretation of Fifth Circuit law, though he still objected to the Federal Circuit's treatment of its own nonprecedential opinions on the subject as precedential:

*[T]his Court cannot and does not overrule the reasoning of the Federal Circuit in a patent case. Although the Federal Circuit issues unpublished, nonprecedential transfer opinions, the Federal Circuit frequently cites these opinions as though they precedentially interpret Fifth Circuit law. The Federal Circuit repeatedly cites Volkswagen I and Volkswagen II as the authority being followed.*

The parties have since briefed the impact of *Planned Parenthood* in follow-on briefing in the wake of that decision. Judge Albright has not yet decided the underlying motion for reconsideration.

However, he subsequently took a more active stance in some rulings issued between his *Motion Offense* decision and *Planned Parenthood*. For instance, he has seized on the latter

holding's apparent endorsement of his approach to the physical location of sources of proof, applying the Fifth Circuit's decision directly in multiple rulings—albeit, doing so with qualifications designed to avoid violating Federal Circuit caselaw. In a pair of late-November rulings in litigation from AlmondNet, Inc. (https://insight.rpxcorp.com/entity/73112-almondnet-inc) (see here (https://insight.rpxcorp.com/litigation_documents/15042879) and here (https://insight.rpxcorp.com/litigation_documents/15032818)), Judge Albright attempted to apply the Fifth Circuit's approach to this factor while still complying with the Federal Circuit's posture as articulated in its April 2022 *In re: Apple* decision (https://insight.rpxcorp.com/cafc_documents/3246801):

*To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location where electronic documents are typically accessed. But the Court still considers the location of document custodians of electronic documents in its analysis of this factor.*

In both of those cases and in another (https://insight.rpxcorp.com/litigation_documents/15080254) from Ollnova Technologies Limited (https://insight.rpxcorp.com/entity/11660908-ollnova-technologies-limited), Judge Albright applied that same hybrid standard, performing a multi-pronged analysis considering the ease of access to both physical and electronic information, considering the electronic evidence's physical storage location for the latter. Judge Albright also briefly invoked this approach in a ruling (https://insight.rpxcorp.com/litigation_documents/15055719) involving plaintiff Greenthread, LLC (https://insight.rpxcorp.com/entity/1120895-greenthread-llc), though his analysis there turned primarily on the presence of the defendant's document custodians in the transferee venue rather than on the electronic accessibility of physical evidence.

Judge Albright has also directly applied *Planned Parenthood* with respect to the transfer factor concerning the availability of compulsory process against unwilling witnesses. In the Ollnova order, for example, he found that this factor weighed against transfer because the plaintiff had identified one more witness in West Texas than the defendant had in the proposed transferee venue, but that it only tipped slightly against transfer—citing *Planned Parenthood*'s rule that this factor "receives less weight" when no party has shown that any witness is unwilling to testify. Judge Albright also applied this factor in the same manner, giving it less weight due to the lack of a showing of unwillingness, in a decision (https://insight.rpxcorp.com/litigation_documents/15071496) involving Speir Technologies Limited (https://insight.rpxcorp.com/entity/11660909-speir-technologies-limited)—like Ollnova, a plaintiff linked to **Atlantic IP Services**.

Finally, in an order (https://insight.rpxcorp.com/litigation_documents/15016782) issued in litigation from EcoFactor, Inc. (https://insight.rpxcorp.com/entity/1533214-ecofactor-inc), Judge