UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP, <br><br>    Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br> AMAZON.COM SERVICES LLC, and <br> AMAZON WEB SERVICES, INC., <br><br>    Defendants. | Civil Action No. 7:24-cv-30-ADA-DTG |

**RESPONSE OF DEFENDANT AMAZON WEB SERVICES, INC.
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The two decisions from EDTX that VirtaMove submitted (Dkt. 95) do not support the pending objections to Judge Gilliland's transfer order here. The EDTX cases involved different defendants, with different accused products, filing their motions at a different stage in the case, in a different district, identifying different sets of witnesses. These factual differences unsurprisingly led to a different outcome. Nothing in the EDTX decisions shows any error by Judge Gilliland.

VirtaMove argues that the EDTX decisions adopted VirtaMove's view of the law and rejected the legal standards that Judge Gilliland applied. (Dkt. 96 at 2.) But VirtaMove is wrong.

First, VirtaMove argues that witnesses are irrelevant to transfer unless the Court determines that they "would actually materialize at trial." (Dkt. 88 at 2.) But the EDTX decisions weighed the convenience of identified witnesses *without* determining that each such witness would actually materialize at trial. (Dkt. 95-1 at 10-15; Dkt. 95-2 at 11-15.)

Second, VirtaMove argues that giving less weight to witnesses who are far from both the transferor and transferee districts is improper. (Dkt. 96 at 3.) But the EDTX decisions expressly followed the Federal Circuit's admonition "not to give such witnesses 'too much significance.'" (Dkt. 95-1 at 14-15; Dkt. 95-2 at 15.)

Third, VirtaMove argues that Federal Circuit precedent regarding court congestion was "overruled" by a Fifth Circuit case in 2022. (Dkt. 88 at 3.) Yet the EDTX decisions relied solely on Federal Circuit precedent from 2021 to assess this factor. (Dkt. 95-1 at 17; Dkt. 95-2 at 17.)

Fourth, VirtaMove argues that research and development activity are irrelevant to the local interest factor. (Dkt. 88 at 3-4.) But the EDTX decisions rejected this argument explicitly. (Dkt. 95-1 at 18 ("The Court disagrees with VirtaMove's contention"); Dkt. 95-2 at (same).)

Thus, the EDTX decisions contradict VirtaMove's legal arguments and fail to show any clear error by Judge Gilliland.

February 26, 2025                                   Respectfully submitted,

*Of Counsel:*                                       By: */s/ Jeremy A. Anapol*

                                               Joseph R. Re *(Pro Hac Vice)*
Harper Estes                                        Jeremy A. Anapol *(Pro Hac Vice)*
Texas Bar No.  00000083                             KNOBBE MARTENS OLSON & BEAR LLP
hestes@lcalawfirm.com                               2040 Main Street, 14th Floor
LYNCH, CHAPPELL & ALSUP                             Irvine, CA 92614
A Professional Corporation                          Telephone: 949-760-0404
Suite 700                                           Facsimile:  949-760-9502
300 N. Marienfeld,                                  joe.re@knobbe.com
Midland, Texas 79701                                jeremy.anapol@knobbe.com
Telephone: 432-683-3351
Telecopier: 432-683-2587                            Colin B. Heideman *(Pro Hac Vice)*
                                               Christie R.W. Matthaei *(Pro Hac Vice)*
                                               Logan P. Young *(Pro Hac Vice)*
                                               KNOBBE MARTENS OLSON & BEAR LLP
                                               925 4th Ave, Ste 2500
                                               Seattle, WA 98104
                                               Telephone: 206-405-2000
                                               Facsimile:  206-405-2001
                                               colin.heideman@knobbe.com
                                               christie.matthaei@knobbe.com
                                               logan.young@knobbe.com

                                               *Counsel for Defendants*
                                               *Amazon.com, Inc.,*
                                               *Amazon.com Services, LLC*
                                               *and Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, all counsel of record who are deemed to have consented to electronic service were served with a copy of the foregoing via the Court's CM/ECF System.

>   */s/ Jeremy A. Anapol*
>   Jeremy A. Anapol