IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON.COM SERVICES LLC., and AMAZON WEB SERVICES, INC., <br>     Defendant. | § § § § § § § § § § § § | Case No. 7:24-cv-00030-DC-DTG <br><br><br> JURY TRIAL DEMANDED |

**VIRTAMOVE'S NOTICE OF SUPPLEMENTAL AUTHROITY
IN SUPPORT OF VIRTAMOVE'S OBJECTIONS**

Plaintiff VirtaMove, Corp. ("VirtaMove") respectfully submits this Notice to alert the Court of the Opinion and Order by Judge Albright, docketed on March 4 in *Red Rock Analytics LLC v. Apple Inc., Qualcomm, Inc*., Case No. 6:21-cv-00346-ADA (W.D. Tex. Feb. 12, 2025), denying Apple's Motion to Transfer. A copy of the opinion and order is attached hereto as Exhibit A. The *Red Rocks Analytics* Opinion supports VirtaMove's objections for two reasons.

First, Judge Albright showed how, under the new standard from *In re Clarke*, movants must clearly demonstrate that convenience will actually materialize, ultimately concluding that due to "uncertainty surrounding which witnesses are likely to actually appear at trial, this Court has determined this [willing witness] factor is neutral." Exhibit A at 4, 12; *In re Clarke*, No. 24-50079, 2024 WL 886952, at *2 (5th Cir. 2024). Here, Judge Gilliland erred by making no finding on whether the movant met its burden of proving that its willing witness will actually materialize at trial, as required by *Clarke*. Dkt. 87 at 4 (crediting merely "relevant" employees).

Second, Judge Albright rigidly applied the 100-mile rule, further confirming that *In re TikTok, Inc*., 85 F.4th 352, 361 (5th Cir. 2023) overruled *In re Apple*, No. 2022-128, 2022 WL

1

1196768, at *3 (Fed. Cir. Apr. 22, 2022) on the identical issue of weighing the inconvenience to a witness in Florida. Ex. A at 9, 11–12 (weighing Florida inventor). Judge Gilliland improperly applied the outdated *In re Apple* standard in discounting the inconvenience caused to VirtaMove's eastern witnesses. Dkt. 87 at 7.

Dated: March 6, 2025                                  Respectfully submitted,

By: /s/ *Qi (Peter) Tong*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (NY SBN: 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 6, 2025 counsel of record who have appeared in this case are being served with a copy of the foregoing via ECF.

*/s/ Qi (Peter) Tong*

Qi (Peter) Tong