UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP,<br><br>      Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC.,<br>AMAZON.COM SERVICES LLC, and<br>AMAZON WEB SERVICES, INC.,<br><br>      Defendants. | Civil Action No. 7:24-cv-30-ADA-DTG |

**RESPONSE OF DEFENDANT AMAZON WEB SERVICES, INC.
TO PLAINTIFF'S ADDITIONAL NOTICE OF SUPPLEMENTAL AUTHORITY**

The decision VirtaMove submitted with its additional notice of supplemental authority—*Red Rock Analytics LLC v. Apple Inc.*, Case No. 6:21-cv-00346-ADA (W.D. Tex. Feb. 12, 2025) (Dkt. 99-1)—does not support the pending objections to Judge Gilliland's transfer order here.

First, VirtaMove argues that *Red Rock* shows clear error in Judge Gilliland's analysis of the willing-witness factor. According to VirtaMove, Judge Gilliland erred by considering witnesses who are "relevant" instead of confining his analysis to witnesses who "will actually materialize at trial." (Dkt. 99 at 1.) But merely noting the existence of relevant witnesses in California, as Judge Gilliland did in his transfer order, is not error. Like Judge Gilliland here, *Red Rock* recognized that a defendant had identified "relevant witnesses" in California. (Dkt. 99-1 at 10.) Although *Red Rock* gave less weight to witnesses whom the Court deemed unlikely to testify there, Judge Gilliland was not required to discount Amazon's witnesses here because Amazon gave specific reasons why relevant witnesses it identified *are* expected to testify. (*E.g.*, Dkt. 31 at 10, 12.) Amazon also explained why VirtaMove's identified witnesses will *not* testify. (*E.g.*, Dkt. 72 at 2-3.) Thus, Judge Gilliland was correct to weigh the willing-witness factor in Amazon's favor. VirtaMove shows no clear error in Judge Gilliland's analysis of this factor.

Second, VirtaMove argues that *Red Rock* "rigidly applied the 100-mile rule" and thereby showed that less-rigid Federal Circuit precedent has been overruled. (Dkt. 99 at 1-2.) But *Red Rock* did no such thing. *Red Rock* expressly applied the very Federal Circuit precedent that VirtaMove claims was overruled. (*Compare* Dkt. 66 at 4 (arguing that *In re Apple* and *In re Google* were overruled) *with* Dkt. 99-1 at 10 (*Red Rock* applying *In re Apple* and *In re Google*).) In doing so, *Red Rock* considered various circumstances beyond distance alone, such as time and cost. (Dkt. 99-1 at 10-11.) Thus, *Red Rock* did not apply the rigid rule that VirtaMove proposes.

VirtaMove's arguments based on *Red Rock* are meritless.

- 1 -

March 11, 2025

*Of Counsel:*

Harper Estes
Texas Bar No. 00000083
hestes@lcalawfirm.com
LYNCH, CHAPPELL & ALSUP
A Professional Corporation
Suite 700
300 N. Marienfeld,
Midland, Texas 79701
Telephone: 432-683-3351
Telecopier: 432-683-2587

Respectfully submitted,

By: /s/ *Jeremy A. Anapol*

Joseph R. Re *(Pro Hac Vice)*
Jeremy A. Anapol *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502
joe.re@knobbe.com
jeremy.anapol@knobbe.com

Colin B. Heideman *(Pro Hac Vice)*
Christie R.W. Matthaei *(Pro Hac Vice)*
Logan P. Young *(Pro Hac Vice)*
KNOBBE MARTENS OLSON & BEAR LLP
925 4th Ave, Ste 2500
Seattle, WA 98104
Telephone: 206-405-2000
Facsimile: 206-405-2001
colin.heideman@knobbe.com
christie.matthaei@knobbe.com
logan.young@knobbe.com

*Counsel for Defendants*
*Amazon.com, Inc.,*
*Amazon.com Services, LLC*
*and Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, all counsel of record who are deemed to have consented to electronic service were served with a copy of the foregoing via the Court's CM/ECF System.

>  */s/ Jeremy A. Anapol*
>  Jeremy A. Anapol