IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br>     Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON.COM SERVICES LLC., and AMAZON WEB SERVICES, INC., <br>     Defendant. | § § § § § § § § § § § § | Case No. 7:24-cv-00030-ADA-DTG <br><br> JURY TRIAL DEMANDED |

**VIRTAMOVE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND DEVELOPMENTS
IN SUPPORT OF VIRTAMOVE'S OBJECTIONS**

Plaintiff VirtaMove, Corp. ("VirtaMove") respectfully submits this Notice to alert the Court of supplemental authority from the Federal Circuit and supplemental developments from the related Google case in the Northern District of California. A copy of *In re SAP Am., Inc.*, 133 F.4th 1370 (Fed. Cir. Apr. 10, 2025) is attached as Exhibit A. This case is important for two reasons.

First, *SAP America* shows that the Federal Circuit, like Judge Gilliland, has been applying the traditional rule that "[r]equiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation . . . is unnecessary." Ex. A at 1375. VirtaMove argued that *In re Clarke*, 94. F.4th 502, 508 (5th Cir. 2022) updated the standard, and the movant must clearly demonstrate that the evidence and witnesses "will *actually* materialize"—a far higher bar than mere relevance. Dkt. 63 at 2–4. The Fifth Circuit and Federal Circuit remain split, and Judge Gilliland's order legally erred by not acknowledging the updated standard.

Second, *SAP America* ruled that a court errs in weighing court congestion against transfer when the case is "smoothly proceeding to trial" because "*TikTok* rejected this theory." Ex. A at 1375. But *TikTok* explicitly ruled, "This factor normally weighs against transfer when the 'case

1

appears to be timely proceeding to trial before the' transferee district," creating yet another circuit split. *In re TikTok*, 85 F.4th 352 (5th Cir. 2023).

Regardless, the congestion in the NDCA was revealed by developments in the related case *VirtaMove Corp v. Google LLC*, No. 7:24-cv-00033-DC-DTG (W.D. Tex.).  On January 22, 2025, Judge Gilliland granted Google's transfer motion by ordering "that the transfer be stayed until February 22, 2025[1] to allow Plaintiff time to appeal this decision if it chooses." Ex. B at 4. The docketing clerk made a mistake, entering "Case transferred to District of California, Northern" on January 24, 2025, before docketing "Notice of Correction: Case was prematurely transferred. Receiving district has been notified. Case is stayed until ordered transfer date" on the next business day. Ex. C at 14.  The NDCA opened a case on January 27, 2025.  Ex. D, Dkt. 88.  VirtaMove sought to file an administrative motion to close the NDCA case as a docketing error and emailed the NDCA to obtain a hearing date to be noticed for the motion, as required by the NDCA's local rules. Ex. E at 7-2(b)(2).  The NDCA responded that "the Northern District is in the process of reassigning over 150 cases to Judge Wise. As we sort our case load . . . . We ask for your patience as we work through these requests. . . . the deputy will respond at the Court's convenience." Ex. F at 1. In other words, the NDCA is so congested that it could not even provide a hearing date for a simple motion to correct an error. This WDTX Court now has affirmative evidence *from the NDCA itself* admitting to congestion.[2] The NDCA finally closed the *Google* case on May 1, 2025. Ex. D, Dkt. 105.  The WDTX then overruled VirtaMove's objections and transferred the *Google* case on May 7, 2025. The congestion factor should weigh against transfer.

---

[1] Judge Gilliland later extended this stay. Ex. B, Dkt. 95.
[2] *Clarke* rejected statistical evidence, leaving a Court's assessments of its own docket efficiency as the only relevant evidence. *In re Clarke*, 94 F.4th at 509–10.

Dated: May 8, 2025							Respectfully submitted,

							By: /s/ *Qi (Peter) Tong*

							Reza Mirzaie (CA SBN 246953)
							rmirzaie@raklaw.com
							Marc A. Fenster (CA SBN 181067)
							mfenster@raklaw.com
							Neil A. Rubin (CA SBN 250761)
							nrubin@raklaw.com
							James A. Milkey (CA SBN 281283)
							jmilkey@raklaw.com
							Jacob Buczko (CA SBN 269408)
							jbuczko@raklaw.com
							James Tsuei (CA SBN 285530)
							jtsuei@raklaw.com
							Christian W. Conkle (CA SBN 306374)
							cconkle@raklaw.com
							Jonathan Ma (CA SBN 312773)
							jma@raklaw.com
							Daniel B. Kolko (CA SBN 341680)
							dkolko@raklaw.com
							Mackenzie Paladino (NY SBN: 6039366)
							mpaladino@raklaw.com
							**RUSS AUGUST & KABAT**
							12424 Wilshire Boulevard, 12th Floor
							Los Angeles, CA 90025
							Telephone: (310) 826-7474

							Qi (Peter) Tong (TX SBN 24119042)
							**RUSS AUGUST & KABAT**
							8080 N. Central Expy., Suite 1503
							Dallas, TX 75206
							Telephone: (310) 826-7474

							*Attorneys for Plaintiff VirtaMove, Corp.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 8, 2025 counsel of record who have appeared in this case are being served with a copy of the foregoing via ECF.

                                                            /s/ Qi (Peter) Tong

                                                            Qi (Peter) Tong