# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **VIRTAMOVE, CORP.**<br>*Plaintiff,*<br><br>v.<br><br>**GOOGLE LLC,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§   CASE NO. 7:24-CV-00033-DC-DTG<br>§<br>§<br>§<br>§ |

## ORDER GRANTING DEFENDANT GOOGLE LLC'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a) (ECF NO. 49)

Before the Court is a motion filed by Defendant Google LLC to transfer this suit to the United States District Court for the Northern District of California ("NDCA") under 28 U.S.C. §§ 1404(a). ECF No. 49. Plaintiff VirtaMove, Corp. filed its opposition on October 3, 2024. ECF No. 78. Defendant filed a reply on October 17, 2024. ECF No. 79. With the Court's leave, Plaintiff filed a sur-reply on January 10, 2025 and Defendant filed a response to Plaintiff's sur-reply on January 11, 2025. ECF Nos. 82, 83. Considering the arguments presented, the Court finds that Defendant's Motion should be **GRANTED.**

### I.  FACTUAL BACKGROUND

The present case involves allegations of patent infringement. Plaintiff is a Canadian corporation which filed this suit in the Midland-Odessa Division of the U.S. District Court for the Western District of Texas ("WDTX") on January 31, 2024. Plaintiff asserts claims for infringement of U.S. Patent Nos. 7,519,814 and 7,784,058. Specifically, Plaintiff alleges that Defendant's products, e.g., Migrate to Containers, infringe the asserted patents. ECF No. 68 at ¶ 16. Migrate to Containers is a product allegedly used to containerize existing VM-based

applications to run on certain platforms. *Id.* On July 10, 2024, Defendant moved to transfer this case to NDCA pursuant to 28 U.S.C. section 1404, arguing that NDCA is a clearly more convenient venue than WDTX. *See generally* ECF No. 49. Plaintiff proceeded with several months of venue discovery, after which the parties completed briefing on Defendant's Motion to Transfer.

## II.   LEGAL STANDARD

Section 1404 allows a court to transfer a case to a district where it could have been brought for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). A party seeking transfer under section 1404 "must show good cause" and that the transferee district is "clearly more convenient." *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The analysis is performed using the four well-known private factors and four well-known public factors.[1]

## III.   ANALYSIS

As a threshold matter, the Court confirms that this case could have been brought in NDCA. Neither party disputes that this suit could have been brought in NDCA. Indeed, Defendant is headquartered in NDCA. ECF No. 49 at 10. Thus, the Court turns to an analysis of the private and public interest factors under section 1404(a).

### A.   The Private Interest Factors

Turning to the private interest factors considered in light of the specific facts of this case, the Court finds that they favor transfer. As for access to sources of proof, neither party identified

---

[1] Private: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Public: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

evidence that is solely available in either district especially since the evidence is electronic. *In re TikTok, Inc.*, 85 F.4th 352, 359 (5th Cir. 2023); ECF No. 49 at 6, 17 (identifying source code and technical documentation related to the accused products); ECF No. 78 at 15-16 (identifying documents in Canada and Dallas). As for the availability of compulsory process, Defendant identified several non-party witnesses in NDCA, none of whom have agreed to testify willingly. ECF No. 49 at 6-8. Plaintiff identified four Canadian witnesses and one Massachusetts-based witness who are willing to testify in WDTX, but not NDCA, and two Dallas-based witnesses that could be subpoenaed to testify in WDTX if they would not incur substantial expense. ECF No. 78 at 10-14; Fed. R. Civ. P. 45(c)(1)(B)(ii). As for willing witnesses, Defendant has clearly demonstrated that its relevant employees are concentrated in NDCA and Seattle, with most working in or near San Francisco. ECF No. 49 at 3-6, 11-14. Plaintiff has only identified potential witnesses in Ontario, Canada and several Google employees who reside outside NDCA. ECF No. 78 at 7-10. While it may be true that Plaintiff's identified witnesses are geographically closer to WDTX than NDCA, Plaintiff's identified witnesses will have to travel well over 100 miles to either district. As for the fourth private interest factor—all other practical problems—Defendant argues that this factor favors transfer. ECF No. 49 at 17-18. Plaintiff disagrees and points to potential judicial efficiency created by this Court also handling Plaintiff's pending case against Amazon. ECF No. 78 at 16-17. The Court notes that Plaintiff's case against Amazon is also subject to a pending Motion to Transfer to NDCA. *See* Case No. 7:24-cv-00030-ADA-DTG, ECF No. 31. When all of these private interest factors are considered in light of the specific facts of this case, the Court finds that they favor transfer.

### B. The Public Interest Factors

Turning to the public interest factors considered in light of the specific facts of this case, the Court finds that they also favor transfer. The first public interest factor—the administrative difficulties flowing from court congestion—carries little weight in this case. *Volkswagen*, 545 F.3d at 315. Defendant claims that this factor is neutral, at best, while Plaintiff points to this Court's current trial setting. ECF No. 49 at 19-20; ECF No. 78 at 18. Neither side's arguments concerning trial statistics are particularly persuasive. *In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024). As for the second public interest factor—the local interest—Defendant has shown that NDCA has a local interest in this case while WDTX does not. *See* ECF No. 49 at 18-19. Plaintiff contests this factor but fails to identify a relevant factual connection specific to WDTX. ECF No. 78 at 17-18. Neither party contests the remaining public interest factors—familiarity with the law and conflict of law issues—and the Court finds that they have little effect on the present dispute. When considering all the public interest factors, the Court finds that under the specific facts of this case, they favor transfer.

### IV. CONCLUSION

Considering the private and public interest factors in total, the Court finds that Defendant has carried its burden of proving that NDCA is a clearly more convenient venue. For that and the foregoing reasons, it is **ORDERED** that Defendant's Motion (ECF No. 49) is **GRANTED and as noted below, that the transfer be stayed until February 22, 2025, to allow Plaintiff time to appeal this decision if it chooses.**

**IT IS FURTHER ORDERED** that all unreached deadlines in this case are **STAYED** until February 22, 2025. On that date, and not before, the Clerk of Court is **DIRECTED** to take all

actions necessary to **TRANSFER** the above-captioned case to the United States District Court for the Northern District of California.

SIGNED this 22nd day of January, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE