# Exhibit E

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL LOCAL RULES

# CONTENTS

1.  TITLE; SCOPE; DEFINITIONS ................................................................................. 8
    1-1.  Title ...................................................................................................... 8
    1-2.  Scope, Purpose and Construction ................................................................. 8
           (a)  Scope .................................................................................. 8
           (b)  Supplement to Federal Rules................................................. 9
           (c)  Temporary Suspension of Local Rules.................................... 9
    1-3.  Effective Date........................................................................................... 9
    1-4.  Sanctions and Penalties for Noncompliance .................................................. 9
    1-5.  Definitions................................................................................................ 9
           (a)  Clerk .................................................................................. 9
           (b)  Court.................................................................................. 9
           (c)  Day .................................................................................... 9
           (d)  Ex parte ............................................................................. 9
           (e)  File..................................................................................... 9
           (f)  Fed. R. Civ. P ...................................................................... 9
           (g)  Fed. R. Crim. P .................................................................... 9
           (h)  Fed. R. App. P ..................................................................... 9
           (i)  Federal Rule ........................................................................ 9
           (j)  General Orders ..................................................................... 9
           (k)  General Duty Judge .............................................................. 9
           (l)  Judge.................................................................................. 10
           (m)  Lodge................................................................................. 10
           (n)  Meet and confer................................................................... 10
           (o)  Standing Orders of Individual Judges .................................... 10
           (p)  Unavailability ..................................................................... 10
3.  COMMENCEMENT AND ASSIGNMENT OF ACTION ........................................... 11
    3-1.  Regular Session ....................................................................................... 11
    3-2.  Commencement and Assignment of Action................................................... 11
           (a)  Civil Cover Sheet Required by Litigants Unrepresented by Counsel ("pro se") .......... 11
           (b)  Commencement of Action...................................................... 11
           (c)  Assignment to a Division ...................................................... 11
           (d)  San Francisco and Oakland ................................................... 11
           (e)  San Jose ............................................................................. 11
           (f)  Eureka................................................................................ 11
           (g)  Assignment of Action to the Eureka Division ........................... 11
           (h)  Transfer of Actions and Proceedings ...................................... 11
    3-3.  Assignment of Action to a Judge................................................................. 12
           (a)  Assignment......................................................................... 12
           (b)  Multiple Filings ................................................................... 12
           (c)  Refiled Action ..................................................................... 12

3-4.  Papers Presented for Filing......................................................................................... 12
    (a)    First Page Requirements.................................................................................... 12
    (b)    Caption for Consolidated Cases ....................................................................... 13
    (c)    General Requirements ....................................................................................... 13
    (d)    Citation to Authorities ...................................................................................... 13

3-5.  Jurisdictional Statement ............................................................................................... 14
    (a)    Jurisdiction ........................................................................................................ 14
    (b)    Divisional Assignment ..................................................................................... 14

3-6.  Jury Demand................................................................................................................. 14
3-7.  Filing and Certification in Private Securities Actions ................................................. 14
    (a)    Civil Cover Sheet Notation Requirement......................................................... 14
    (b)    Certification by Filing Party Seeking to Serve as Lead Plaintiff .................... 14
    (c)    Certification by Nonfiling Party Seeking to Serve as Lead Plaintiff. ............. 15
    (d)    Certification by Lawyers Seeking to Serve as Class Counsel. ......................... 15

3-8.  Claim of Unconstitutionality ....................................................................................... 15
    (a)    Federal Statute................................................................................................... 15
    (b)    State Statute....................................................................................................... 15

3-9.  Parties .......................................................................................................................... 16
    (a)    Natural Person Appearing Pro Se..................................................................... 16
    (b)    Corporation or Other Entity. ............................................................................ 16
    (c)    Government or Governmental Agency ............................................................. 16

3-10.  Ex Parte Motion to Proceed In Forma Pauperis ......................................................... 16
    (a)    Motion to Proceed In Forma Pauperis.............................................................. 16
    (b)    Content of Motion ............................................................................................. 16
    (c)    Determination of the Motion ............................................................................ 16

3-11.  Failure to Notify of Address Change .......................................................................... 17
    (a)    Duty to Notify .................................................................................................. 17
    (b)    Dismissal Due to Failure .................................................................................. 17

3-12.  Related Cases ............................................................................................................... 17
    (a)    Definition of Related Cases.............................................................................. 17
    (b)    Administrative Motion to Consider Whether Cases Should be Related ........... 17
    (c)    Sua Sponte Judicial Referral for Purpose of Determining Relationship .......... 17
    (d)    Content of Motion ............................................................................................. 17
    (e)    Response to Motion........................................................................................... 18
    (f)    Order Granting or Denying Relationship ......................................................... 18
    (g)    Effect of Order on Case Schedule .................................................................... 18
    (h)    Relating Actions for Review on an Administrative Record. ............................. 18

3-13.  Notice of Pendency of Other Action or Proceeding .................................................... 18
    (a)    Notice. ............................................................................................................... 18
    (b)    Content of Notice .............................................................................................. 19
    (c)    Procedure After Filing ...................................................................................... 19
    (d)    Order.................................................................................................................. 19

3-14.  Disqualification of Assigned Judge ............................................................................. 19
3-15.  Disclosure of Conflicts and Interested Entities or Persons ......................................... 19
    (a)    Requirements. Each non-governmental party must: ........................................ 19
    (b)    Contents............................................................................................................. 20

  (c) Form of Certification ................................................................................................ 20

4. PROCESS: ISSUANCE AND SERVICE ........................................................................... 21
 4-1. Limitation on Service by Marshal ........................................................................... 21
 4-2. Service of Supplementary Material .......................................................................... 21

5. SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS ................................ 22
 5-1. Electronic Case Filing .............................................................................................. 22
  (a) Electronic Filing, Signing, or Verification. ................................................ 22
  (b) Cases and Parties Subject to Electronic Filing. .......................................... 22
  (c) Registration, Appearance and Access ........................................................ 22
  (d) Filing and Service of Pleadings .................................................................. 23
  (e) Manual Filing .............................................................................................. 24
  (f) Proposed Orders ......................................................................................... 24
  (g) Exhibits ....................................................................................................... 24
  (h) Service of Electronically Filed Documents ................................................ 25
  (i) Signatures .................................................................................................... 25
  (j) Sanctions for Non-Compliance .................................................................. 26

 5-2. Manual Filing [Withdrawn] ...................................................................................... 26
 5-3. Facsimile Filings [Withdrawn] ................................................................................ 26
 5-4. Drop Box Filings ...................................................................................................... 26
  (a) Documents Which May Be Filed ................................................................ 26
  (b) Drop Box Locations and Availability .......................................................... 26
  (c) Filing Date of Drop Box Documents ........................................................... 27

 5-5. Certificate of Service ................................................................................................ 27
  (a) Form ............................................................................................................. 27
  (b) Sanction for Failure to Provide Certificate ................................................. 27

6. TIME ................................................................................................................................... 28
 6-1. Enlarging or Shortening Time ................................................................................... 28
  (a) When Stipulation Permissible Without Court Order ................................... 28
  (b) When Court Order Necessary to Change Time ........................................... 28

 6-2. Stipulated Request for Order Changing Time ........................................................... 28
  (a) Form and Content ........................................................................................ 28
  (b) Action by the Court ..................................................................................... 28

 6-3. Motion to Change Time ............................................................................................. 28
  (a) Form and Content ........................................................................................ 28
  (b) Opposition to Motion to Change Time ....................................................... 29
  (c) Delivery of Manually Filed Documents to Other Parties ........................... 29
  (d) Action by the Court ..................................................................................... 29

7. MOTION PRACTICE ......................................................................................................... 30
 7-1. Motions ..................................................................................................................... 30
  (a) Types of Motions ........................................................................................ 30
  (b) To Whom Motions Made ............................................................................ 30
  (c) Unassigned Case or Judge Unavailable ...................................................... 30

 7-2. Notice and Supporting Papers ................................................................................... 30
  (a) Time ............................................................................................................. 30
  (b) Form ............................................................................................................. 30
  (c) Proposed Order ........................................................................................... 30

        (d)    Affidavits or Declarations ........................................................................ 30

  7-3.  Opposition; Reply; Supplementary Material ...................................................... 31
        (a)    Opposition ................................................................................................. 31
        (b)    Statement of Nonopposition ...................................................................... 31
        (c)    Reply ......................................................................................................... 31
        (d)    Supplementary Material .............................................................................. 31

  7-4.  Brief or Memorandum of Points and Authorities .............................................. 31
        (a)    Content ...................................................................................................... 31
        (b)    Length ....................................................................................................... 32

  7-5.  Affidavit or Declaration ................................................................................... 32
        (a)    Affidavit or Declaration Required ............................................................. 32
        (b)    Form ......................................................................................................... 32

  7-6.  Oral Testimony Concerning Motion ................................................................. 32
  7-7.  Continuance of Hearing or Withdrawal of Motion .......................................... 32
        (a)    Before Opposition is Filed ........................................................................ 32
        (b)    After Opposition is Filed .......................................................................... 32
        (c)    Keeping Track of Hearing Dates ............................................................... 32
        (d)    Effect on Time for Filing Opposition or Reply ........................................ 32
        (e)    Withdrawal. ............................................................................................... 32

  7-8.  Motions for Sanctions — Form and Timing ..................................................... 33
  7-9.  Motion for Reconsideration .............................................................................. 33
        (a)    Leave of Court Requirement ...................................................................... 33
        (b)    Form and Content of Motion for Leave ..................................................... 33
        (c)    Prohibition Against Repetition of Argument .............................................. 33
        (d)    Determination of Motion ........................................................................... 33

  7-10. Ex Parte Motions ............................................................................................. 34
  7-11. Motion for Administrative Relief ..................................................................... 34
        (a)    Form and Content of Motions ................................................................... 34
        (b)    Opposition to or Support for Motion for Administrative Relief ................. 34
        (c)    Action by the Court ................................................................................... 34

  7-12. Stipulations ...................................................................................................... 34
  7-13. Notice Regarding Submitted Matters ............................................................... 34
  7-14. Designation Not for Citation [withdrawn] ....................................................... 35

10.     FORM OF PAPERS ................................................................................................. 36
  10-1. Amended Pleadings ......................................................................................... 36

11.     Attorneys ................................................................................................................. 37
  11-1. The Bar of this Court ...................................................................................... 37
  11-2. Counsel for the United States ........................................................................... 38
  11-3. Pro Hac Vice .................................................................................................... 38
  11-4. Standards of Professional Conduct ................................................................... 39
  11-5. Withdrawal from Case. .................................................................................... 40
  11-6. Discipline ......................................................................................................... 40
        (a)    General ...................................................................................................... 40
        (b)    "Attorney" Defined ................................................................................... 41
        (c)    Standing Committee on Professional Conduct ........................................... 41
        (d)    Professional Conduct Liaison Judge. ......................................................... 41

      (e)    Matters Referred To The Standing Committee ............................................. 41

      (f)    Costs ............................................................................................................. 43

11-7. Reciprocal Discipline and Discipline Following Felony Conviction........................... 43

      (a)    Required Notice of Change in Status ........................................................... 43

      (b)    Order to Show Cause..................................................................................... 43

11-8. Sanctions for Unauthorized Practice ....................................................................... 44

11-9. Student Practice ....................................................................................................... 44

      (a)    Permission to Appear ................................................................................... 44

      (b)    Permitted Activities ..................................................................................... 44

      (c)    Requirements for Eligibility ........................................................................ 44

16.     CASE MANAGEMENT AND PRETRIAL CONFERENCES ............................................. 46

16-1. Definitions ................................................................................................................ 46

16-2. Order Setting Initial Case Management Conference ................................................ 46

      (a)    Issuance and Service of Order ...................................................................... 46

      (b)    Case Management Schedule in Removed Cases ........................................... 46

      (c)    Case Management Schedule in Transferred Cases ....................................... 46

      (d)    Relief from Case Management Schedule ...................................................... 46

      (e)    Limitation on Stipulations ........................................................................... 46

16-3. Lead Trial Counsel Required to Confer ..................................................................... 47

16-4. Procedure in Bankruptcy Appeals ............................................................................ 47

16-5. Procedure in Actions for Review on an Administrative Record ................................ 47

16-6. Procedure in U.S. Debt Collection Cases .................................................................. 47

      (a)    Identification ................................................................................................ 47

      (b)    Assignment .................................................................................................. 47

      (c)    Collection Proceedings................................................................................. 47

16-7. Procedure in Other Exempt Cases ........................................................................... 47

16-8. Alternative Dispute Resolution (ADR) in the Northern District................................ 47

      (a)    District Policy Regarding ADR ...................................................................... 47

      (b)    ADR Certification .......................................................................................... 48

      (c)    Stipulation to ADR Process........................................................................... 48

      (d)    Selection at Case Management Conference. ................................................ 48

      (e)    ADR Phone Conference ................................................................................ 49

16-9. Case Management Statement and Proposed Order.................................................. 49

      (a)    Joint or Separate Case Management Statement.......................................... 49

      (b)    Case Management Statement in Class Action .............................................. 49

16-10.     Case Management Conference ..................................................................... 50

      (a)    Initial Case Management Conference ......................................................... 50

      (b)    Case Management Orders ............................................................................ 50

      (c)    Subsequent Case Management Conferences ............................................... 51

      (d)    Subsequent Case Management Statements ................................................. 51

23.     CLASS ACTIONS ........................................................................................................... 52

23-1. Private Securities Actions ........................................................................................ 52

      (a)    Filing and Serving Required Notices ............................................................ 52

      (b)    Motion to Serve as Lead Plaintiff................................................................. 52

26.    GENERAL PROVISIONS GOVERNING DISCOVERY ......................................... 53
         26-1. Custodian of Discovery Documents .......................................................... 53
30.    DEPOSITIONS ............................................................................................................ 54
         30-1. Required Consultation Regarding Scheduling ............................................ 54
         30-2. Numbering of Deposition Pages and Exhibits............................................. 54
                  (a)       Sequential Numbering of Pages ......................................... 54
                  (b)       Sequential Numbering of Exhibits ..................................... 54
33.    INTERROGATORIES .................................................................................................. 55
         33-1. Form of Answers and Objections .................................................................. 55
         33-2. Demands that a Party Set Forth the Basis for a Denial of a Requested Admission ................. 55
         33-3. Motions for Leave to Propound More Interrogatories Than Permitted by Fed. R. Civ. P. 33 ... 55
34.    PRODUCTION OF DOCUMENTS AND THINGS .................................................... 56
         34-1. Form of Responses to Requests for Production ........................................... 56
36.    REQUESTS FOR ADMISSION .................................................................................. 57
         36-1. Form of Responses to Requests for Admission............................................. 57
         36-2. Demands that a Party Set Forth the Basis for a Denial of a Requested Admission ................. 57
37.    MOTIONS TO COMPEL DISCLOSURE OR  DISCOVERY OR FOR SANCTIONS...................... 58
         37-1. Procedures for Resolving Disputes ............................................................... 58
                  (a)       Conference Between Counsel Required ............................... 58
                  (b)       Requests for Intervention During a Discovery Event.................. 58
         37-2. Form of Motions to Compel ........................................................................ 58
         37-3. Discovery Cut-Off; Deadline to File Discovery Motions ............................ 58
         37-4. Motions for Sanctions under Fed. R. Civ. P. 37 .......................................... 59
40.    TRIAL ........................................................................................................................... 60
         40-1. Continuance of Trial Date; Sanctions for Failure to Proceed...................... 60
54.    COSTS........................................................................................................................... 61
         54-1. Filing of Bill of Costs .................................................................................. 61
                  (a)       Time for Filing and Content ................................................ 61
                  (b)       Effect of Service .................................................................. 61
                  (c)       Waiver of Costs ................................................................... 61
         54-2. Objections to Bill of Costs .......................................................................... 61
                  (a)       Time for Filing Objections .................................................. 61
                  (b)       Meet and Confer Requirement ............................................ 61
         54-3. Standards for Taxing Costs .......................................................................... 61
                  (a)       Fees for Filing and Service of Process ............................... 61
                  (b)       Reporters' Transcripts......................................................... 61
                  (c)       Depositions .......................................................................... 61
                  (d)       Reproduction and Exemplification...................................... 62
                  (e)       Witness Expenses ................................................................ 62
                  (f)        Fees for Masters and Receivers........................................... 62
                  (g)       Costs on Appeal ................................................................... 62
                  (h)       Costs of Bonds and Security ............................................... 62
         54-4. Determination of Taxable Costs ................................................................... 62
                  (a)       Supplemental Documentation ............................................. 62
                  (b)       Taxation of Costs ................................................................ 62

54-5. Motion for Attorney's Fees ................................................................................ 62
    (a)    Time for Filing Motion ................................................................ 62
    (b)    Form of Motion ........................................................................... 63

56.    SUMMARY JUDGMENT ........................................................................................ 64
56-1. Notice of Motion ........................................................................................... 64
56-2. Separate or Joint Statement of Undisputed Facts .......................................... 64
    (a)    No Separate Statement Allowed Without Court Order ............... 64
    (b)    Procedure if Joint Statement Ordered ....................................... 64

56-3. Issues Deemed Established ............................................................................ 64
65.    INJUNCTIONS ......................................................................................................... 65
65-1. Temporary Restraining Orders ...................................................................... 65
    (a)    Documentation Required ............................................................ 65
    (b)    [Withdrawn] ............................................................................... 65
    (c)    Form of Temporary Restraining Order ...................................... 65
    (d)    Notification to Clerk .................................................................. 65

65-2. Motion for Preliminary Injunction ............................................................... 65
65.1  SECURITY ............................................................................................................... 66
    65.1-1.    Security ...................................................................................... 66
    (a)    When Required ........................................................................... 66
    (b)    Qualifications of Surety ............................................................. 66
    (c)    Court Officer as Surety .............................................................. 66
    (d)    Examination of Surety ............................................................... 66

66.    PREJUDGMENT REMEDIES ................................................................................ 67
66-1. Appointment of Receiver .............................................................................. 67
    (a)    Time for Motion ........................................................................ 67
    (b)    Temporary Receiver .................................................................. 67
    (c)    Permanent Receiver ................................................................... 67
    (d)    Parties to be Notified ................................................................. 67
    (e)    Bond ........................................................................................... 67

66-2. Employment of Attorneys, Accountants or Investigators ............................. 67
66-3. Motion for Fees ............................................................................................. 67
66-4. Deposit of Funds ........................................................................................... 67
66-5. Reports .......................................................................................................... 67
66-6. Notice of Hearings ........................................................................................ 67
72.    MAGISTRATE JUDGES; PRETRIAL ORDERS .................................................. 69
72-1. Powers of Magistrate Judge .......................................................................... 69
72-2. Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge .............................. 69
72-3. Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge ........ 69
    (a)    Form of Motion and Response ................................................... 69
    (b)    Associated Administrative Motions ........................................... 69
    (c)    Record before District Judge ..................................................... 69

73.    MAGISTRATE JUDGES; TRIAL BY CONSENT .............................................. 71
73-1. Time for Consent to Magistrate Judge .......................................................... 71
    (a)    Cases Initially Assigned to a Magistrate Judge ........................ 71
    (b)    Cases Initially Assigned to a District Judge .............................. 71

77.    DISTRICT COURT AND CLERK ................................................................. 72
    77-1. Locations and Hours ........................................................................ 72
        (a)    Locations .................................................................................. 72
        (b)    Hours ......................................................................................... 72
    77-2. Orders Grantable by Clerk .............................................................. 72
    77-3. Remote Public Access to Court Proceedings [Revised] .................. 72
    77-4. Official Notices ................................................................................ 73
        (a)    Bulletin Board .......................................................................... 74
        (b)    Website ...................................................................................... 74
        (c)    Newspapers ............................................................................... 74
    77-5. Security of the Court ........................................................................ 74
    77-6. Weapons in the Courthouse and Courtroom ................................... 74
        (a)    Prohibition on Unauthorized Weapons .................................. 74
        (b)    Use of Weapons as Evidence ................................................... 74
    77-7. Court Library .................................................................................... 74
    77-8. Complaints Against Judges .............................................................. 74
79.    BOOKS AND RECORDS KEPT BY THE CLERK .................................... 76
    79-1. Transcript and Designation of Record on Appeal ........................... 76
    79-2. Exclusions from Record on Appeal .................................................. 76
    79-3. Files; Custody and Withdrawal ....................................................... 76
    79-4. Custody and Retention of Trial Exhibits ........................................ 76
        (a)    Custody of Exhibits During Trial or Evidentiary Hearing ..... 76
        (b)    Retention of Exhibits Upon Conclusion of Proceeding .......... 76
    79-5. Filing Documents Under Seal in Civil Cases ................................... 77
83.    AMENDMENT OF THE LOCAL RULES ................................................. 80
    83-1. Method of Amendment ..................................................................... 80
    83-2. Procedure for Public Comment on Local Rules ............................... 80
        (a)    Public Submissions ................................................................... 80
        (b)    Publication ................................................................................ 80

# CIVIL LOCAL RULES

## 1.  TITLE; SCOPE; DEFINITIONS

### 1-1.    Title

These are the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. They should be cited as "Civil L.R.___"

### 1-2.    Scope, Purpose and Construction

(a)    **Scope**. These local rules are promulgated pursuant to 28 U.S.C. § 2071 and Fed. R. Civ. P. 83. They apply to civil actions filed in this Court. The Court also has promulgated separate local rules in the following subject areas:

(1)    Admiralty and Maritime;

(2)    Alternative Dispute Resolution;

(3)    Bankruptcy;

(4)    Criminal Proceedings;

**(5)**   Habeas Corpus Petitions; and

**(6)**   Patent.

**(b)**   **Supplement to Federal Rules**. These local rules supplement the applicable Federal Rules. They shall be construed so as to be consistent with the Federal Rules and to promote the just, efficient, speedy, and economical determination of every action and proceeding.

**(c)**   **Temporary Suspension of Local Rules.**  Any of these Local Rules may be temporarily suspended for good cause by General Order or by Order of the Chief Judge.

## 1-3.   Effective Date

These rules take effect on November 1, 2021. They govern civil cases filed on or after that date. For actions pending on November 1, 2021, if fewer than ten days remain to perform an act otherwise governed by these rules, the provisions of the local rules that were in effect on October 31, 2021, shall apply to that act.

## 1-4.   Sanctions and Penalties for Noncompliance

Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction.

## 1-5.   Definitions

**(a)**   **Clerk**. "Clerk" refers to the Clerk or a Deputy Clerk of the Court.

**(b)**   **Court**. Except where the context otherwise requires, the word "Court" refers to the United States District Court for the Northern District of California and to a Judge acting on behalf of that Court with respect to a matter within the Court's jurisdiction.

**(c)**   **Day**. For computation of time under these local rules, "day" shall have the meaning given in Fed. R. Civ. P. 6(a).

**(d)**   **Ex parte**. "Without other party." Ex parte means contact with the Court without the advance knowledge or contemporaneous participation of all other parties.

**(e)**   **File**. "File" means delivery to and acceptance by the Clerk of a document, including an electronic document, which is approved for filing and which will be included in the official files of the Court and noted in the docket of the case.

**(f)**   **Fed. R. Civ. P**. "Fed. R. Civ. P." means the Federal Rules of Civil Procedure.

**(g)**   **Fed. R. Crim. P**. "Fed. R. Crim. P." means the Federal Rules of Criminal Procedure.

**(h)**   **Fed. R. App. P**. "Fed. R. App. P." means the Federal Rules of Appellate Procedure.

**(i)**   **Federal Rule**. "Federal Rule" means any applicable Federal Rule.

**(j)**   **General Orders**. "General Orders" are made by the Chief Judge or by the Court relating to Court administration. When the Court deems it appropriate, a General Order also may be used to promulgate modifications of these local rules. Such General Orders shall remain in effect until the rules are properly amended.

**(k)**   **General Duty Judge**. The "General Duty Judge" is the Judge designated by the Chief Judge to act for the Court in matters for which there is no assigned Judge, or when the assigned Judge is unavailable. The name of the Judge serving as General Duty Judge shall be made available by the office of the Clerk.

**(l)**  **Judge**. Unless the context otherwise indicates, the term "Judge," or "assigned Judge" refers to any United States District Judge, any United States Bankruptcy Judge, or to any full-time or part-time United States Magistrate Judge.

**(m)**  **Lodge**. When a statute, rule, or order permits a document to be submitted to the Court but does not permit the document to be "filed" (e.g., proposed trial exhibits or deposition transcripts), the document may be "lodged" with the Clerk's office. The Clerk will stamp the document "Received" and promptly deliver it to the Chambers of the Judge for whom the document is intended.

**(n)**  **Meet and confer**. "Meet and confer" or "confer" means to communicate directly and to discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

**Commentary**
See Fed. R. Civ. P. 26(f).

**(o)**  **Standing Orders of Individual Judges**. "Standing Orders" are orders by a Judge governing the conduct of a class or category of actions or proceedings assigned to that Judge. It is the policy of the Court to provide notice of any applicable Standing Orders to parties before they are subject to sanctions for violating such orders. Nothing in these local rules precludes a Judge from issuing Standing Orders to govern matters not covered by these local rules or by the Federal Rules.

**(p)**  **Unavailability**. This Court is in continuous session. To the extent reasonably feasible, each active Judge of this Court will be available at his or her assigned courthouse during the normal hours the Clerk has established pursuant to Civil L.R. 77-1. A Judge who will be absent from the District for one court day or more shall post a notice to that effect on the official calendar of the Court. If a Judge is unavailable, any motion or matter requesting immediate judicial determination shall be referred to the General Duty Judge. If the General Duty Judge is unavailable, the Clerk shall assign the matter to any available Judge of this Court.

# 3.  COMMENCEMENT AND ASSIGNMENT OF ACTION

## 3-1.  Regular Session

The Court shall be in continuous session in the following locations: San Francisco Division, Oakland Division, San Jose Division, and Eureka Division. From time to time sessions may be held at other locations within the district as the Court may order.

## 3-2.  Commencement and Assignment of Action

**(a)** **Civil Cover Sheet Required by Litigants Unrepresented by Counsel ("pro se")**. Pro se litigants (except pro se prisoners) must file a completed cover sheet, on a form provided by the Clerk's Office, with any document initiating a civil action.

**(b)** **Commencement of Action**. An action may be commenced within the meaning of Fed. R. Civ. P. 3 at any office of the Clerk for this district. In cases that permit or require manual filing, once an action is commenced, subsequent manual filings may be made in any division within the district, except that manual filings in matters assigned to the San Francisco, San Jose, or Oakland divisions may not be filed in the Eureka-McKinleyville division.

**(c)** **Assignment to a Division**. The Clerk shall assign civil actions and proceedings pursuant to the Court's Assignment Plan (General Order No. 44). For those case categories which are not district-wide, the Clerk shall assign the case to the court division serving the county in which the action arises.  A civil action arises in the county where a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situated.

**(d)** **San Francisco and Oakland**. Except as provided in Civil L.R. 3-2(c), all civil actions that arise in the counties of Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division.

**(e)** **San Jose**. Except as provided in Civil L.R. 3-2(c), all civil actions that arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division.

**(f)** **Eureka**. Except as provided in Civil L.R. 3-2(c), all civil actions that arise in the counties of Del Norte, Humboldt, Lake, and Mendocino, except for cases not assigned to the Magistrate Judges pursuant to the Court's Assignment Plan, shall be assigned to the Eureka Division.

**Cross Reference**
See General Order No. 44, Assignment Plan.

**(g)** **Assignment of Action to the Eureka Division**. All cases assigned to the Eureka Division shall be assigned to the full-time Magistrate Judge presiding in that division. Such assignments are subject to the provisions of Civil L.R. 73 and require the consent of the parties. Any case for which all parties do not consent will be reassigned to a District Judge in the San Francisco, Oakland, or San Jose division.

**(h)** **Transfer of Actions and Proceedings**. Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that (1) a civil action has not been assigned to the proper division within this district in accordance with this rule, or (2) that the convenience of the parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

**3-3.    Assignment of Action to a Judge**

**(a)    Assignment**. Immediately upon the filing of any civil action and its assignment to a division of the Court pursuant to Civil L.R. 3-2, the Clerk shall assign it to a Judge pursuant to the Assignment Plan of the Court (General Order No. 44). The Clerk may not make or change any assignment, except as provided in these local rules or in the Assignment Plan .

**(b)    Multiple Filings**. Any single action filed in more than one division of this Court shall be transferred pursuant to Civil L.R. 3-2(h).

**(c)    Refiled Action**. If any civil action or claim of a civil action is dismissed and subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12. Upon a determination by a Judge that an action or claim pending before him or her is covered by this Local Rule, that Judge may transfer the refiled action to the Judge originally assigned to the action which had been dismissed. Any party who files an action in multiple divisions or dismisses an action and subsequently refiles it for the purpose of obtaining an assignment in contravention of Civil L.R. 3-3(b) shall be subject to appropriate sanctions.

**3-4.    Papers Presented for Filing**

**(a)    First Page Requirements**. The first page of each paper presented for filing must set forth:

**(1)**    The name, address, telephone number, email address, and state bar number of counsel (or, if pro se, the name, address, telephone number, and email address of the party) presenting the paper for filing. This information must appear in the upper left hand corner and must indicate the party represented by name as well as that party's status in the litigation (i.e., plaintiff, defendant, etc.). In multiparty actions or proceedings, reference may be made to the signature page for the complete list of parties represented;

**Cross Reference**

See Civil L.R. 3-9 "*Parties*"; Civil L. R. 3-11 "*Failure to Notify of Address Change*;" and Civil L.R. 11-3(e) "*Appearances and Service on Local Co-Counsel*.

**(2)**    If not proceeding pro se and if proceeding *pro hac vice* in conformity with Civil L.R. 11-3, following the information required in Civil L.R. 3-4(a)(1), the name, address, telephone and state bar number of the member of the bar of the Court who maintains an office within the State of California; and

**(3)**    Commencing on the eighth line of the page (except where additional space is required for counsel identification) there must appear:

**(A)**    The title of this Court, including the appropriate division or location;

**(B)**    The title of the action;

**(C)**    The case number of the action followed by the initials of the assigned District Judge or Magistrate Judge and, if applicable, the initials of the Magistrate Judge to whom the action is referred for discovery or other pretrial activity;

**(D)**    A title describing the paper; and

**(E)**    Any other matter required by Civil L.R. 3.

**(4)** Any complaint or Notice of Removal of Action seeking review of federal agency determinations in immigration cases, Privacy Act cases, or Administrative Procedure Act cases must include, under the title of the document, whichever of the following is applicable: "Immigration Case," "Privacy Act Case," or "Administrative Procedure Act Case."

**(5)** **Presentation of Class Action**. If any complaint, counterclaim or cross-claim is sought to be maintained as a class action, it must bear the legend "Class Action" on its first page below the title describing the paper as a complaint, counterclaim or cross-claim.

**(b)** **Caption for Consolidated Cases**. When filing papers in cases consolidated pursuant to Fed. R. Civ. P. 42, the caption of each paper must denote the lead case number above all consolidated case numbers. Duplicate originals, however, are not required for associated cases.

**(c)** **General Requirements**

**(1)** **Paper**. Papers presented for manual filing must be on 8½ inch by 11 inch white paper with numbered lines, and must be flat, unfolded (unless necessary for the presentation of exhibits), without back or cover, and firmly bound.

**(2)** **Written Text**. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes, and quotations.  Unless a Judge's standing order or other instruction from the court requires otherwise,  text, including footnotes and quotations, must be:

**(A)** in a standard, proportionally spaced font (e.g., Times New Roman or Century Schoolbook);

**(B)** in 12 point type or larger; and

**(C)** spaced no more than 10 characters per horizontal inch.

**(3)** **Identification of Paper**. Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation. Once the Court assigns a case number to the action, that case number must be included in the footer.

### Commentary

When a case is first filed, the footer on each page of the complaint need only bear the title of the paper (e.g., "Complaint"), but after assignment of a case number on filing, that number must be included in footers on any subsequently prepared papers (e.g., "Defendant's Motion for Summary Judgment – 21-cv-12345-ABC.")

**(d)** **Citation to Authorities**. Unless otherwise directed by the assigned Judge, citation to authorities in any paper must include:

**(1)** In any citation to an Act of Congress, a parallel citation to the United States Code by title, section and date;

**(2)** In any citation to U.S. regulations, a citation to the Code of Federal Regulations by title and section, and the date of promulgation of the regulation;

**(3)** In any citation to a U.S. Supreme Court Case, a citation to United States Reports, Lawyers' Edition, or Supreme Court Reporter. If the case is not yet available in

any of those formats but is available on electronic databases, citation must indicate the database, year, and any screen or page numbers, if assigned;

**(4)** In any citation to other federal courts, unless an alternate reporting service is widely available, a citation to the Federal Reporter, Federal Supplement, or Federal Rules Decisions must be used. If the case is not yet available in those formats but is available on electronic databases, citation must indicate the database, year, and any screen or page numbers, if assigned; and

**(5)** In any citation to a state court, citations must include either the official reports or any official regional reporting service (e.g., West Publishing). If the case is not yet available in those formats but is available on electronic databases, citation must indicate the database, year, and any screen or page numbers, if assigned.

### 3-5. Jurisdictional Statement

**(a)** **Jurisdiction**. Each complaint, petition, counterclaim, and cross-claim must include a separate paragraph entitled "Jurisdiction." The paragraph will identify the statutory or other basis for federal jurisdiction and the facts supporting such jurisdiction.

**(b)** **Divisional Assignment**. Each complaint or petition must include a paragraph entitled "Divisional Assignment." The paragraph must identify any basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

### 3-6. Jury Demand

A party may demand a jury trial as provided in Fed. R. Civ. P. 38(b). When a demand for jury trial is included in a pleading, the demand must be set forth at the end of the pleading. When the demand is made by a party who is represented by counsel, the pleading must be signed by the attorney for the party making the demand. In the caption of such pleading, immediately following the title of the pleading, the following must appear: "DEMAND FOR JURY TRIAL."

**Commentary**

See *Wall v. Nat'l R.R. Passenger Corp*., 718 F.2d 906, 909 (9th Cir. 1983) (holding that "checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of rule 38(b)").

### 3-7. Filing and Certification in Private Securities Actions

**(a)** **Civil Cover Sheet Notation Requirement**. If a complaint or other pleading contains a claim governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995), the following must be so noted in Block III of the civil cover sheet: "Private Securities Litigation Reform Act."

**Cross Reference**

See Civil L.R. 23-1 "*Private Securities Actions*."

**(b)** **Certification by Filing Party Seeking to Serve as Lead Plaintiff**. Any person or group of persons filing a complaint and seeking to serve as lead plaintiff in a civil action containing a claim governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995), must serve and file with the initial pleading a certificate under penalty of perjury which contains the following averments:

**(1)** The party has reviewed the complaint and authorized its filing;

**(2)** The party did not engage in transactions in the securities which are the subject of the action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States;

(3) The party is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(4) The party has made no transactions during the class period in the debt or equity securities that are the subject of the action except those set forth in the certificate (as used herein, "equity security" shall have the same meaning as that term has for purposes of section 16(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(a));

(5) The party has not, within the three years preceding the date of the certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except as set forth in the certificate; and

(6) The party will not accept any payment for serving as representative on behalf of a class beyond the party's pro rata share of any recovery, unless ordered or approved by the Court pursuant to section 27(a)(4) of the Securities Act, 15 U.S.C. § 77z-1(a)(4), or section 21D(a)(4) of the Securities Exchange Act, 15 U.S.C. § 78u-4(a)(4).

(c) **Certification by Nonfiling Party Seeking to Serve as Lead Plaintiff.** Any party seeking to serve as lead plaintiff, but who does not also file a complaint, need not file the certification required in Civil L.R. 3-7(b), but must at the time of initial appearance state that the party has reviewed a complaint filed in the action and either:

(1) Adopts its allegations or, if not,

(2) Specifies the allegations the party intends to assert.

(d) **Certification by Lawyers Seeking to Serve as Class Counsel.** Each lawyer seeking to serve as class counsel in any civil action containing a cause of action governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995), must serve and file a certificate under penalty of perjury which either:

(1) Affirms that the lawyer does not directly own or otherwise have a beneficial interest in securities that are the subject of the action; or

(2) Sets forth with specificity the extent of any such ownership or interest and explains why that ownership or interest does not constitute a conflict of interest sufficient to disqualify the attorney from representing the class.

**Cross Reference**
See also Civil L.R. 23 "*Class Actions.*"

## 3-8.  Claim of Unconstitutionality

(a) **Federal Statute**. In any action in which the constitutionality of an Act of Congress is questioned and neither the United States nor any officer, agency, or employee thereof is a party, counsel raising the question must file a notice of such claim with the assigned Judge (or, if no assignment has been made, the Chief Judge) and serve a copy of such notice on the United States Attorney for this district. The notice must identify the statute and describe the basis for the claim that it is unconstitutional. The party must file the notice with a certificate of service pursuant to Civil L.R. 5-5.

(b) **State Statute**. In any action in which the constitutionality of a state statute is questioned and neither the state nor an agency, officer or employee of the state is a party, counsel raising the question must file notice of such claim with the assigned Judge (or, if no assignment has been made, the Chief Judge) and serve a copy of such notice on the State Attorney General. The notice must identify the statute and describe

the basis for the claim that it is unconstitutional. The party must file the notice with a certificate of service pursuant to Civil L.R. 5-5.

**Cross Reference**
See 28 U.S.C. § 2403.

### 3-9. Parties

**(a)** **Natural Person Appearing Pro Se**. Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court. A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.

**Cross Reference**
See Civil L.R. 11-1 "*The Bar of this Court.*"

**(b)** **Corporation or Other Entity.** A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.

**Cross Reference**
See Civil L.R. 11-1 "*The Bar of this Court.*"

**(c)** **Government or Governmental Agency**. When these rules require an act be done personally by the party, and the party is a government or a governmental agency, the act must be done by a representative of the government or governmental agency who is knowledgeable about the facts of the case and the position of the government, and who has, to the greatest extent feasible, authority to do the required act.

**Cross Reference**
See Civil L.R. 11-2 "*Attorneys for the United States.*"
See also ADR L.R. 5-10(a)(2) and 6-9(a)(2).

### 3-10. Ex Parte Motion to Proceed In Forma Pauperis

**(a)** **Motion to Proceed In Forma Pauperis**. At the commencement of an action, any person wishing the Court to authorize prosecution or defense of the action without payment of fees or security, pursuant to 28 U.S.C. § 1915, must submit, with the proposed complaint, an Ex Parte Motion to Proceed In Forma Pauperis, pursuant to Civil L.R. 7-11. The Clerk shall file the complaint, assign a case number, and assign a presiding Judge.

**(b)** **Content of Motion**. The motion must contain:

**(1)** A request to proceed in forma pauperis;

**(2)** An affidavit or declaration under penalty of perjury providing the information required by Title 28 U.S.C. § 1915, on a form available at the Office of the Clerk and on the Court's website, or an equivalent form; and

**(3)** A proposed order.

**(c)** **Determination of the Motion**. The Judge may grant the motion, grant the motion (subject to partial payment of fees, costs or security), or deny the motion. If the motion is granted in part or denied, the order will state that the action is dismissed unless any outstanding fees, costs, or security is paid within the time set in the order.

**Commentary**

If, during the pendency of an action, any person wishes to prosecute or defend an action in forma pauperis, the person must file an Administrative Motion to Proceed In Forma Pauperis pursuant to Civil L.R. 7-11.

### 3-11.  Failure to Notify of Address Change

**(a)  Duty to Notify**. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.

**(b)  Dismissal Due to Failure**. The Court may, without prejudice, dismiss a complaint or strike an answer when:

**(1)**  Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and

**(2)**  The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

### 3-12.  Related Cases

**(a)  Definition of Related Cases**. An action is related to another when:

**(1)**  The actions concern substantially the same parties, property, transaction, or event; and

**(2)**  It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

**(b)  Administrative Motion to Consider Whether Cases Should be Related**. Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11. In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action. A courtesy copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(d)(7).

**(c)  Sua Sponte Judicial Referral for Purpose of Determining Relationship**. Whenever a Judge believes that a case pending before that Judge is related to another case, the Judge may refer the case to the Judge assigned to the lowest-numbered case with a request that the Judge assigned to the lowest-numbered case consider whether the cases are related. The referring Judge shall file and send a copy of the referral to all parties to all affected cases. The parties must file any response in opposition to or support of relating the cases pursuant to Civil L.R. 3-12(e). Alternatively, a Judge may order the parties to file a motion pursuant to Civil L.R. 3-12(b).

**(d)  Content of Motion**. An Administrative Motion to Consider Whether Cases Should be Related must contain:

**(1)**  The title and case number of each apparently related case;

**(2)**  A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a).

---

**(e)** **Response to Motion**. Any opposition to or support of a Motion to Consider Whether Cases Should be Related must be filed in the lowest-numbered case pursuant to Civil L.R. 7-11. The opposition or statement of support must specifically address the issues in Civil L.R. 3-12(a) and (d) and be served on all parties and lodged with the Chambers of all Judges identified in the motion. If the motion identifies more than two potentially related cases, and a party contends that not all of the cases are related, the party must address whether any of the cases are related to one another.

**(f)** **Order Granting or Denying Relationship**. Upon a motion by a party or a referral by another Judge, after the time for filing support or opposition to the Motion to Consider Whether Cases Should Be Related has passed, the Judge in this District who is assigned to the lowest-numbered case will decide if the cases are or are not related and will notify the Clerk, who, in turn, will notify the parties.

    **(1)** Due to the need for parties and affected Judges to have a speedy determination of the motion or referral, the Judge assigned to the lowest-numbered case shall act on the motion or referral within 14 days after the date a response is due. If the Judge assigned to the lowest-numbered case is not available for that period, the Clerk or counsel may bring the motion or referral to the General Duty Judge.

    **(2)** If the Judge assigned to the lowest-numbered case decides that the cases are not related, no change in case assignment will be made. In cases where there are more than two potentially related cases, the Clerk shall submit the order to the Judges assigned to the other cases in order of filing with a form of order to decide within 14 days if the cases are or are not related. If no Judge relates any of the remaining cases, no change in case assignment will be made.

    **(3)** If any Judge decides that any of the cases are related, pursuant to the Assignment Plan, the Clerk shall reassign all related higher-numbered cases to that Judge and shall notify the parties and the affected Judges accordingly.

**(g)** **Effect of Order on Case Schedule**. The case management conference in any reassigned case will be rescheduled by the newly assigned Judge. The parties shall adjust the dates for the conference, disclosures, and report required by Fed. R. Civ. P. 16 and 26 accordingly. Unless the assigned Judge otherwise orders, upon reassignment, any deadlines set by the ADR Local Rules remain in effect and any dates for hearing noticed motions are automatically vacated and must be renoticed by the moving party before the newly assigned Judge. For cases ordered related after the initial case management conference, unless the assigned Judge otherwise orders, any deadlines established in the case management order shall continue to govern, except for the trial date, which will be rescheduled by the assigned Judge.

**(h)** **Relating Actions for Review on an Administrative Record.** Whenever the District Court remands an action to a federal agency to conduct further administrative proceedings and, after those proceedings, the plaintiff files an action for District Court review on the post-remand administrative record, plaintiff must promptly file in the first action an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civ. L.R. 3-12(b).

## 3-13. Notice of Pendency of Other Action or Proceeding

**(a)** **Notice.** Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a

Notice of Pendency of Other Action or Proceeding. If two representative (e.g., class, collective, PAGA, etc.) actions involve overlapping claims (i.e., the definitions of covered individuals overlap and the claims asserted overlap), they fall within the coverage of this rule.

**(b)** **Content of Notice**. A Notice of Pendency of Other Action or Proceeding must contain:

**(1)** A description of the other action;

**(2)** A copy of the operative complaint in the other action; and

**(3)** A brief statement of:

**(A)** The procedural posture of the other action;

**(B)** The relationship of the other action to the action or proceeding pending in this district, and the nature of the overlap of subject matter and/or parties; and

**(C)** If the other action is pending in another U.S. District Court, whether transfer should be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) or whether other coordination might avoid conflicts, conserve resources and promote an efficient determination of the action; or

**(D)** If the other action is pending before any state court, whether proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action.

**(c)** **Procedure After Filing**. No later than 14 days after service of a Notice of Pendency of Other Action, any party may file with the Court a statement supporting or opposing the notice. Such statement will specifically address the issues in Civil L.R. 3-13(b).

**(d)** **Order**. After the time for filing support or opposition to the Notice of Pendency of Other Actions or Proceedings has passed, the Judge assigned to the case pending in this district may make appropriate orders.

## 3-14. Disqualification of Assigned Judge

Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

**Commentary**
Recusal under 28 U.S.C. § 455 is normally undertaken by a Judge sua sponte. However, counsel may bring the issue to a Judge's attention by formal motion or raise it informally at a Case Management Conference or by a letter to the Judge, with a copy to the other parties in the case. This rule does not preclude a Judge from referring matters arising under 28 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification. See also Civil L.R. 3-15.

## 3-15. Disclosure of Conflicts and Interested Entities or Persons

**(a)** **Requirements**. Each non-governmental party must:

**(1)** file a "Certification of Conflicts and Interested Entities or Persons" with its first appearance, filing, or other request addressed to the court;

**(2)** file such Certification as a separate document; and

**(3)** promptly file a supplemental Certification if any required information changes.

**(b) Contents.**

   **(1)** The Certification must disclose whether the party is aware of any conflict, financial or otherwise, that the presiding judge may have with the parties to the litigation.

   **(2)** The Certification must also disclose any persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

   **(3)** For purposes of this Rule, the terms "proceeding" and "financial interest" shall have the meaning assigned by 28 U.S.C. § 455 (d)(1), (3) and (4), respectively.

**(c) Form of Certification**.

   **(1)** If there is a conflict about which the party is aware, the Certification shall state:

   "Pursuant to Civil L.R. 3-15, the undersigned certifies that it is believed that the court has a conflict with (List names). Signature, Attorney of Record or Pro Se Party."

   **(2)** If there is an interest to be disclosed, the Certification shall state:

   "Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to,  parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (List names and identify their connection and interest). Signature, Attorney of Record or Pro Se Party."

   **(3)** If there is no conflict or interest to be disclosed, the Certification shall state:

   "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report. Signature, Attorney of Record or Pro Se Party."

# 4.   PROCESS: ISSUANCE AND SERVICE

## 4-1.   Limitation on Service by Marshal

Except for service on behalf of the United States or as required by Fed. R. Civ. P. 4(c)(2), or unless the Court orders otherwise for good cause shown, service of summons in a civil action shall not be made by the United States Marshal.

### Commentary

28 U.S.C. § 566(c) provides that the United States Marshal shall execute writs, process and orders issued under the authority of the United States.

## 4-2.   Service of Supplementary Material

Along with the complaint and the summons or request for waiver of service, a party subject to Civil L.R. 16-2(a), (b), or (c), must serve the following Supplementary Material:

**(a)**   A copy of the Order Setting Initial Case Management Conference and ADR deadlines issued pursuant to Civil L.R. 16-2(a), (b) or (c);

**(b)**   Any pertinent Standing Orders of the assigned Judge;

**(c)**   A copy of the assigned Judge's order and instructions for the preparation of a Case Management Statement or, if none, the Court's form found at, pursuant to Civil L.R. 16-10; and

**(d)**   Except in cases assigned at the time of filing to a Magistrate Judge, a copy of the form allowing a party to consent to assignment of the case to a Magistrate Judge.

### Commentary

The Clerk will provide the filing party with a copy of the Order Setting Initial Case Management Conference and ADR Deadlines, the form for Consent to Assignment of the Case to a Magistrate Judge, the form for preparation of the Case Management Statement, and any pertinent Standing Orders. The party must make copies of the schedules and forms for service. The Court's ADR processes and procedures are described in the handbook entitled "Dispute Resolution Procedures in the Northern District of California" available on the Court's ADR webpage, cand.uscourts.gov/adr. Limited printed copies of the ADR handbook are available from the Clerk's Office for parties in cases not subject to the Court's Electronic Case Filing (ECF) program under Civil L.R. 5-1(b).

# 5.  SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

## 5-1.  Electronic Case Filing

**(a)**  **Electronic Filing, Signing, or Verification.** Pursuant to Fed. R. Civ. P. 5(d)(3), papers may be filed, signed, or verified by electronic means.

**(b)**  **Cases and Parties Subject to Electronic Filing.** All cases, except where exempted by court order, are designated for participation in the Court's Electronic Case Filing ("ECF") system. Documents in sealed cases must be filed according to procedures established by the Clerk's Office and published on the Court's website. Sealed documents within unsealed cases shall be filed electronically, in compliance with Civil L.R. 79-5. Pro se parties must file case-initiating documents manually in each new action brought in the court.  After manually filing case-initiating documents, pro se parties may file subsequent documents in the same case manually, or may register for ECF and file subsequent documents in the same case electronically. Parties represented by counsel in a case involving a pro se party must file documents electronically and serve them manually on the pro se party, unless the pro se party is a registered ECF user.

Commentary

Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the Court's ECF webpage at cand.uscourts.gov/cases-e-filing/cm-ecf/. In addition to providing access to filing and retrieval of documents, the ECF webpage also contains instructions, a user manual, tutorials, an extensive listing of Frequently Asked Questions ("FAQs"), and information regarding changes in the ECF system, among other items. The initial point of contact for anyone having trouble filing a document on the ECF system is the email address or toll-free number posted on the Court's ECF webpage.

**(c)**  **Registration, Appearance and Access**

   **(1)**  **Attorney's Obligation to Register.** Each attorney of record is obligated to become an ECF user and obtain a user ID and password for access to the system upon filing a case in this district or before e-filing a document in an existing case in this district. Registration shall be on a form prescribed by the Clerk, which can be found on the ECF webpage at cand.uscourts.gov/cases-e-filing/cm-ecf/.

   **(2)**  **Notice of Appearance**

      **(A)**  A Notice of Appearance must be e-filed whenever counsel joins a case.

      **(B)**  If counsel from the same firm replace one another as the representative of a client, a Notice of Substitution of Counsel must be e-filed.

      **(C)**  If a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel must be e-filed.

      **(D)**  The withdrawal of a party's sole remaining counsel is governed by Civil L.R. 11-5 and requires an order of the Court.

      **(E)**  The replacement of one firm by another as counsel for a party is governed by Civil L.R. 11-5 and requires an order of the Court.

   **(3)**  **Obligation to Keep Account Information Current.** An ECF user ID and password is the equivalent of a permanent, individual electronic signature for a registered attorney. Registered attorneys are required to keep their contact

information current and may update their email address online via the ECF webpage.

**(4)** **Authorizing Use of User ID and Password by Others.** An ECF user may authorize another person to electronically file a document using the user ID and password of the ECF user. Nevertheless, the ECF user retains full responsibility for any document so filed.

**(5)** **Access**

**(A)** **Filing.** Only the attorney-of-record as described in section (c)(1), a person authorized by the attorney-of-record as described in section (c)(4), or a pro se party who has registered for ECF as described in section (b) may electronically file documents.

**(B)** **Retrieval.** Any person may review at the Clerk's Office all filings, electronic or paper, that have not been sealed by the Court. Any ECF user also may access the ECF system and retrieve electronically filed documents that are not sealed, with the following exception:

**(i)** **Exception.** Only counsel for a party, or a pro se party who is an ECF user, may access the ECF system and retrieve any electronically filed document in a Social Security appeal or certain immigration cases pursuant to Fed. R. Civ. P. 5.2(c). Any other ECF user may access and retrieve electronically only the docket for the case and any orders entered by the Court. Any person may have access to the full record at the Clerk's Office.

**Commentary**

Anyone who is a PACER user (even if not an ECF user) may retrieve publicly available documents in any case electronically filed in this district or nationwide.

**(d)** **Filing and Service of Pleadings**

**(1)** **Filing Initiating Documents.** Except for manual filings by a pro se party who is filing case-initiating documents or is not a registered e-filer, all civil complaints and other case initiating documents in civil cases must be filed electronically.

**(2)** **Service and Answer.** After a defendant or third-party defendant has been served, defendant's counsel shall register to become an ECF user following the procedures outlined on the ECF webpage, and shall file the responsive pleading electronically. If the defendant or third-party defendant is pro se and is not a registered ECF user, the responsive pleading must be filed and served manually.

**Cross Reference**

See Civil L.R. 5-1(i) for rules governing the filing of documents with signatures other than those of the e-filer.

**(3)** **Completion of Filing.** Electronic transmission of a document in compliance with court procedures shall, upon receipt by the Clerk of the entire document and the sending of a Notice of Electronic Filing ("NEF") by the ECF system, constitute filing of the document for all purposes and shall constitute entry of that document on the docket maintained by the Clerk pursuant to Fed. R. Civ. P. 58 and 79, and Fed. R. Crim. P. 49 and 55.

**(4)** **Deadlines.** All electronic filings of documents must be completed as described in Civil L.R. 5-1(d)(3) prior to midnight in order to be considered timely filed that day.

(5) **Technical Failure.** The Clerk shall deem the ECF system to be subject to a technical failure on a given day if the system is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day. Filings due on the day of a technical failure which were not filed solely due to such technical failure shall be due the next court day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filer's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure.

(6) **Docket.** The record of filings and entries created by the ECF system for each case shall constitute the docket for that case.

**Commentary**
In addition to receiving email notifications of filing activity, parties are encouraged to check the docket in their case on the ECF system at regular intervals.

(7) **Chambers Copies.** No chambers copy or "courtesy copy" of an electronically-filed document shall be submitted to the Court, unless required by a standing order of the assigned Judge or requested by the assigned Judge in a particular case.

**(e)** **Manual Filing**

Some types of documents shall only be filed manually and not electronically unless specifically authorized by the Court. A list of such documents may be found on the ECF webpage. Such documents shall be manually filed with the Clerk and served upon the parties in accordance with the applicable Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, and Local Rules for filing and service of paper documents. Parties manually filing a document shall file electronically a Manual Filing Notification.

**(f)** **Proposed Orders**

Proposed orders submitted by an ECF user in an ECF case shall be filed in PDF format, and attached to the applicable motion or other document. In addition, proposed orders shall be submitted in a standard word processing format (such as Microsoft Word) to the specific address on the Court's website for emailing proposed orders to the assigned Judge. Proposed orders must conform to the requirements of the assigned Judge's standing orders.

**(g)** **Exhibits**

(1) **Mandatory Electronic Filing.** Unless otherwise ordered by the Court, exhibits offered during trial shall be filed on the docket within ten days of a trial verdict.

(A) The parties shall file through the CM/ECF event "Admitted Exhibits" those exhibits admitted for review by the trier of fact. These exhibits shall be accompanied by a Joint Certification of Counsel that the exhibits are true and correct copies of the exhibits submitted to the trier of fact in the matter.

(B) The parties may file any exhibits that were offered but not admitted by the judge using the CM/ECF event "Exhibits Not Admitted," which will automatically file the documents under seal. These exhibits shall be accompanied by a Joint Certification of Counsel that the exhibits are true

and correct copies of the exhibits offered but not admitted by the judge.

(2) **Redaction.** Before electronically filing exhibits under this rule, the filer must redact any information the judge ruled the public may not view. Such exhibits should be filed following the procedure in Local Rule 79-5(d).

(3) **Physical Exhibits.** When a party offers or introduces physical exhibits into evidence, they must electronically file a photograph of that physical exhibit in accordance with subsection (g)(1) of this rule.

Nothing contained in this Local Rule shall prevent the presiding judge from entering an order with respect to the handling, custody, or storage of any exhibit.

(4) **Digital Exhibits not Supported by CM/ECF.** Parties must upload electronic records that are in a format unsupported by CM/ECF (e.g., audio or video files) to an online location designated by the Clerk's Office. Parties must include the titles of exhibits filed using this method in the list of "Admitted Exhibits" filed pursuant to subsection (g)(1) of this rule.

**(h)    Service of Electronically Filed Documents**

**(1)    Generally.** Upon the filing of a document by a party, the ECF system will send to the registered attorneys for all parties in the case a Notice of Electronic Filing, which constitutes service on the receiving party. Exceptions to this are electronically filed civil complaints and other case-initiating documents, which must be served manually.

**Cross Reference**
See Civil L.R. 7-3 for rules for calculating due dates for opposition and reply briefs.

**(2)    Service on Parties Who Have Not Registered as ECF Users.** When service of a document, other than a complaint or third-party complaint, is required to be made upon a person who is not a registered ECF user in that case, a paper copy of the document shall be served on the person (as otherwise required or permitted by the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, and Local Rules). Service of these documents may alternatively be made by electronic means (e.g., email) if the recipient consented in writing to such service.

**(3)    Service of the Court's Orders.** Orders filed by the Court in non-sealed cases will be served only via the emailed Notice of Electronic Filing. No manual service will be made by the Court except on a pro se party who is not an ECF user in a particular case.

**(i)    Signatures**

**(1)    Generally.** A document electronically filed with the Court shall be deemed to be signed by the person ("Signatory") when the document identifies the person as a Signatory and the filing complies with either subsection (2) or (3). Any filing in accordance with any of these methods shall bind the Signatory as if the document was physically signed and filed, and shall function as the Signatory's signature whether for purposes of Rule 11 of the Federal Rules of Civil Procedure, to attest to the truthfulness of an affidavit or declaration, or for any other purpose.

**(2)    ECF Users.** In the case of a Signatory who is an ECF user, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the user ID and password of the Signatory.

**(3)    Others.** In the case of a Signatory who is not an ECF user, or who is an ECF user but whose user ID and password are not utilized in the electronic filing of the document  (as in the case of documents requiring multiple signatures), the filer of the document shall attest that each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document. The filer's attestation may be incorporated into the document itself, or take the form of a declaration attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the Court, if so ordered, or for inspection upon request by a party, until one year after the final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required.

**(4)    Criminal Cases.** Notwithstanding the provisions of section 5-1(e)(3), in a criminal case, any document signed by a criminal defendant and any document containing multiple signatures shall be scanned in its entirety to ensure that all signatures are visible. Certain documents that may be used by various agencies shall also be scanned in their entirety; a list of such documents may be found on the ECF webpage.

**(j)    Sanctions for Non-Compliance**

Failure of counsel to timely register or otherwise comply with ECF filing requirements may result in sanctions as the Court deems appropriate.

## 5-2.    Manual Filing [Withdrawn]

## 5-3.    Facsimile Filings [Withdrawn]

## 5-4.    Drop Box Filings

**(a)    Documents Which May Be Filed**. Most documents that are required or permitted to be manually filed may be deposited in a Clerk's Office drop box, subject to the following:

**(1)    **Any papers in support of or in opposition to a matter scheduled for hearing within 7 days of filing may not be filed through use of a drop box;

**(2)    **Initial pleadings or other case-initiating documents that are required or permitted to be manually filed may be deposited for filing in a drop box at any courthouse of the district — and any applicable filing fee must be included, with payment only in the form of a check;

**(3)    **Except for documents covered by (a)(1) above, a document required or permitted to be filed manually may be filed by deposit in a drop box at any courthouse of the district.

**(b)    Drop Box Locations and Availability**. The Court will maintain drop boxes at each division of the Clerk's Office. The Clerk will regulate the hours during which materials may be filed through use of a drop box.

**Commentary**
The locations and availability of drop boxes are available on the Court's website.

**(c)** **Filing Date of Drop Box Documents**. Before a document is deposited in a drop box for filing, the back side of the last page of the document must be stamped "Received" using the device available at the drop box.

   **(1)** The document will be marked by the Clerk as "Filed" on the same date indicated by the "Received" stamp, except when the "Received" date is a weekend or Court holiday, in which case it will be marked as "Filed" on the first day following the weekend or Court holiday.

   **(2)** Where the back side of the last page of the document has not been stamped "Received" with the device available at the drop box, the Clerk will mark the document as "Filed" on the day the Clerk emptied the drop box of the document.

**Commentary**

Questions regarding availability and use of the drop box should be directed to the Clerk.
The Clerk's Office policy is to empty and lock the drop box at the beginning of each day
when the Clerk's Office opens. When the Clerk's Office closes, the drop box is reopened
so that it may be used again for filing.

## 5-5. Certificate of Service

**(a)** **Form**. Whenever any pleading or other paper presented for filing is required (or permitted by any rule or other provision of law) to be served upon any party or person, unless it is served by ECF, it must bear or have attached to it:

   **(1)** An acknowledgment of service by the person served; or

   **(2)** Certificate of service stating the date, place, and manner of service, and the name, street address, or electronic address of each person served, certified by the person who made service, pursuant to 28 U.S.C. §1746.

**(b)** **Sanction for Failure to Provide Certificate**. Failure to provide an acknowledgment or certificate of service shall not be a ground for the Clerk to refuse to file a paper or pleading. However, any such document may be disregarded by the Judge if an adverse party timely objects on the ground of lack of service.

**Cross Reference**

See Fed. R. Civ. P. 4(d).

**Commentary**

Pursuant to Civil L.R. 5-1, except for civil complaints and other case-initiating
documents in civil cases, parties are not required to include a certificate or
acknowledgment of service upon registered ECF users when a document is filed
electronically. Notification to those parties will be provided by the Court's electronic
filing system.

# 6. TIME

**6-1. Enlarging or Shortening Time**

**(a)** **When Stipulation Permissible Without Court Order**. Parties may stipulate in writing, without a Court order, to extend the time within which to answer or otherwise respond to the complaint, or to enlarge or shorten the time in matters not required to be filed or lodged with the Court, provided the change will not alter the date of any event or any deadline already fixed by Court order. Such stipulations shall be promptly filed pursuant to Civil L.R. 5.

**(b)** **When Court Order Necessary to Change Time**. A Court order is required for any enlargement or shortening of time that alters an event or deadline already fixed by Court order or that involves papers required to be filed or lodged with the Court (other than an initial response to the complaint). A request for a Court order enlarging or shortening time may be made by written stipulation pursuant to Civil L.R. 6-2 or motion pursuant to Civil L.R. 6-3. Any stipulated request or motion which affects a hearing or proceeding on the Court's calendar must be filed no later than 14 days before the scheduled event.

**6-2. Stipulated Request for Order Changing Time**

**(a)** **Form and Content**. The parties may file a stipulation, conforming to Civil L.R. 7-12, requesting an order changing time that would affect the date of an event or deadline already fixed by Court order, or that would accelerate or extend time frames set in the Local Rules or in the Federal Rules. The stipulated request must be accompanied by a declaration that:

**(1)** Sets forth with particularity the reasons for the requested enlargement or shortening of time;

**(2)** Discloses all previous time modifications in the case, whether by stipulation or Court order; and

**(3)** Describes the effect the requested time modification would have on the schedule for the case.

**(b)** **Action by the Court**. After receiving a stipulated request under this Rule, the Judge may grant, deny, or modify the requested time change.

**6-3. Motion to Change Time**

**(a)** **Form and Content**. A motion to enlarge or shorten time may be no more than 5 pages in length and must be accompanied by a proposed order and by a declaration that:

**(1)** Sets forth with particularity the reasons for the requested enlargement or shortening of time;

**(2)** Describes the efforts the party has made to obtain a stipulation to the time change;

**(3)** Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and

**(4)** If the motion is to shorten time for the Court to hear a motion:

**(i)** Describes the moving party's compliance with Civil L.R. 37-1(a), where applicable, and

  **(ii)** Describes the nature of the underlying dispute that would be addressed in the motion and briefly summarizes the position each party had taken.

 **(5)** Discloses all previous time modifications in the case, whether by stipulation or Court order;

 **(6)** Describes the effect the requested time modification would have on the schedule for the case.

**(b)** **Opposition to Motion to Change Time**. Unless otherwise ordered, a party who opposes a motion to enlarge or shorten time must file an opposition not to exceed 5 pages, accompanied by a declaration setting forth the basis for opposition, no later than 4 days after receiving the motion.

**(c)** **Delivery of Manually Filed Documents to Other Parties**. A party manually filing an administrative motion to enlarge or shorten time must deliver a copy of the motion, proposed order, and supporting declaration to all other parties on the day the motion is filed. The objecting party must deliver a copy of its opposition to all parties on the day the opposition is filed.

**(d)** **Action by the Court**. After receiving a motion to enlarge or shorten time and any opposition, the Judge may grant, deny, modify the requested time change or schedule the matter for additional briefing or a hearing.

# 7.  MOTION PRACTICE

## 7-1.  Motions

**(a)**  **Types of Motions**. Any written request to the Court for an order must be presented by one of the following means:

**(1)**  A duly noticed motion pursuant to Civil L.R. 7-2;

**(2)**  A motion to enlarge or shorten time pursuant to Civil L.R. 6-1;

**(3)**  When authorized, an ex parte motion pursuant to Civil L.R. 7-10;

**(4)**  When applicable, a motion for administrative relief pursuant to Civil L.R. 7-11;

**(5)**  A stipulation of the affected parties pursuant to Civil L.R. 7-12; or

**(6)**  A motion regarding an Order or Recommendation of a Magistrate Judge pursuant to Civil L.R. 72-2 or 72-3.

**(b)**  **To Whom Motions Made**. Motions must be directed to the Judge to whom the action is assigned, except as that Judge may otherwise order. In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.

**(c)**  **Unassigned Case or Judge Unavailable**. A motion may be presented to the General Duty Judge or, if unavailable, to the Chief Judge or Acting Chief Judge when:

**(1)**  The assigned Judge is unavailable as defined in Civil L.R. 1-5(p) and an emergency requires prompt action; or

**(2)**  An order is necessary before an action can be filed.

## 7-2.  Notice and Supporting Papers

**(a)**  **Time**. Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

**(b)**  **Form**. In one filed document not exceeding 25 pages in length, a motion must contain:

**(1)**  On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;

**(2)**  In the first paragraph, notice of the motion including date and time of hearing;

**(3)**  In the second paragraph, a concise statement of what relief or Court action the movant seeks; and

**(4)**  In the succeeding paragraphs, the points and authorities in support of the motion — in compliance with Civil L.R. 7-4(a).

**(c)**  **Proposed Order**. Unless excused by the Judge who will hear the motion, each motion must be accompanied by a proposed order.

**(d)**  **Affidavits or Declarations**. Each motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5.

**Commentary**

The time periods set forth in Civil L.R. 7-2 and 7-3 regarding notice, response, and reply to motions are minimum time periods. For complex motions, parties are encouraged to stipulate to or seek a Court order establishing a longer notice period with correspondingly longer periods for response or reply. See Civil L.R. 1-4 and 1-5.

**7-3.     Opposition; Reply; Supplementary Material**

**(a)     Opposition**. Any opposition to a motion may include a proposed order, affidavits, or declarations, as well as a brief or memorandum under Civil L.R. 7-4. Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum. Pursuant to Civil L.R. 7-4(b), such brief or memorandum may not exceed 25 pages of text. The opposition must be filed and served not more than 14 days after the motion was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

**(b)     Statement of Nonopposition**. If the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition.

**(c)     Reply**. Any reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum under Civil L.R. 7-4. Any evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum. Pursuant to Civil L.R. 7-4(b), the reply brief or memorandum may not exceed 15 pages of text. The reply to an opposition must be filed and served not more than 7 days after the opposition was due. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

**(d)     Supplementary Material**. Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows:

**(1)     Objection to Reply Evidence.** If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

**(2)     Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision. Such Statement shall contain a citation to and provide a copy of the new opinion without argument.

**7-4.     Brief or Memorandum of Points and Authorities**

**(a)     Content**. In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition, or reply to a motion must contain:

**(1)     On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;

**(2)     If in excess of 10 pages, a table of contents and a table of authorities;

**(3)     A statement of the issues to be decided;

**(4)     A succinct statement of the relevant facts; and

    **(5)**    Argument by the party, citing pertinent authorities.

**(b)**    **Length**. Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

**Cross Reference**

See Civil L.R. 7-11 regarding request to exceed page limitations.

**Commentary**

Although Civil L.R. 7-4(b) limits briefs to 25 pages of text, counsel should not consider this a minimum as well as a maximum limit. Briefs with less than 25 pages of text may be excessive in length for the nature of the issues addressed.

## 7-5.   Affidavit or Declaration

**(a)**    **Affidavit or Declaration Required**. Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.

**(b)**    **Form**. An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

## 7-6.   Oral Testimony Concerning Motion

No oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge.

## 7-7.   Continuance of Hearing or Withdrawal of Motion

**(a)**    **Before Opposition is Filed**. Except for cases where the Court has issued a Temporary Restraining Order, a party who has filed a motion may file a notice continuing the originally noticed hearing date for that motion to a later date if:

    **(1)**    No opposition has been filed; and

    **(2)**    The notice of continuance is filed prior to the date on which the opposition is due pursuant to Civil L.R. 7-3(a).

**(b)**    **After Opposition is Filed**. After an opposition to a motion has been filed, the noticed hearing date may be continued to a subsequent date upon order of the assigned Judge.

**(c)**    **Keeping Track of Hearing Dates**. Counsel are responsible for knowing hearing dates on motions.

**(d)**    **Effect on Time for Filing Opposition or Reply**. Unless otherwise ordered by the Court, the continuance of the hearing of a motion does not extend the time for filing and serving the opposing papers or reply papers.

**(e)**    **Withdrawal**. Within the time for filing and serving a reply, the moving party may file and serve a notice of withdrawal of the motion. Upon the filing of a timely withdrawal, the motion will be taken off-calendar. Otherwise, the Court may proceed to decide the motion.

**7-8.    Motions for Sanctions — Form and Timing**

Any motion for sanctions, regardless of the sources of authority invoked, must comply with the following:

**(a)**    The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2;

**(b)**    The form of the motion must comply with Civil L.R. 7-2;

**(c)**    The motion must comply with any applicable Federal Rule and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate; and

**(d)**    Unless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court.

**7-9.    Motion for Reconsideration**

**(a)**    **Leave of Court Requirement**. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

**Cross Reference**

See Fed. R. Civ. P. 54(b) regarding discretion of Court to reconsider its orders prior to entry of final judgment.

**Commentary**

This local rule does not apply to motions for reconsideration of a Magistrate Judge's order pursuant to 28 U.S.C. § 636(b)(1)(A). See Civil L.R. 72.

**(b)**    **Form and Content of Motion for Leave**. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion and one of the following:

**(1)**    That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

**(2)**    The emergence of new material facts or a change of law occurring after the time of such order; or

**(3)**    A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

**(c)**    **Prohibition Against Repetition of Argument**. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

**(d)**    **Determination of Motion**. Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file

a motion to reconsider. If the Judge decides to order the filing of additional papers or that the matter warrants a hearing, the Judge will fix an appropriate schedule.

**7-10.  Ex Parte Motions**

Unless otherwise ordered by the assigned Judge, a party may file an ex parte motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing. The motion must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought.

**Cross Reference**
See, e.g., Civil L.R. 65-1 "*Temporary Restraining Orders.*"

**7-11.  Motion for Administrative Relief**

The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

  **(a)  Form and Content of Motions**. A motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages (not counting declarations and exhibits), must set forth specifically the action requested and the reasons supporting the motion, and must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained. If the motion is manually filed, the moving party must deliver the motion and all attachments to all other parties on the same day that the motion is filed.

  **(b)  Opposition to or Support for Motion for Administrative Relief**. Any opposition to or support for a Motion for Administrative Relief may not exceed 5 pages (not counting declarations and exhibits), must set forth succinctly the reasons in opposition or support, must be accompanied by a proposed order, and must be filed no later than 4 days after the motion has been filed. The opposition or support and all attachments thereto, if manually filed, must be delivered to all other parties the same day it is manually filed.

  **(c)  Action by the Court**. Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due.

**7-12.  Stipulations**

Every stipulation requesting judicial action must be in writing signed by all affected parties or their counsel. A proposed form of order may be submitted with the stipulation and may consist of an endorsement on the stipulation of the words, "PURSUANT TO STIPULATION, IT IS SO ORDERED," with spaces designated for the date and the signature of the Judge.

**7-13.  Notice Regarding Submitted Matters**

Whenever any motion or other matter has been under submission for more than 120 days, a party, individually or jointly with another party, may file with the Court a notice that the matter remains under submission, or may ask the Northern District of California Ombudsperson to provide such notice to the Court. If judicial action is not taken, subsequent notices may be filed at the expiration of each 120-day period thereafter until a ruling is made.

This rule does not preclude a party from filing an earlier notice if it is warranted by the nature of the matter under submission (e.g., motion for extraordinary relief).

**7-14.   Designation Not for Citation [withdrawn]**

## 10.  FORM OF PAPERS

**10-1.  Amended Pleadings**

Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.

# 11. ATTORNEYS

**11-1.  The Bar of this Court**

**(a)  Members of the Bar**. Except as provided in Civil L.R. 11-2, 11-3, and 11-9, and Fed. R. Civ. P. 45(f), an attorney must be a member of the bar of this Court to practice in this Court and in the Bankruptcy Court of this District.

**(b)  Eligibility for Membership**. To be eligible for admission to and continuing membership in the bar of this Court, an attorney must be an active member in good standing of the State Bar of California.  For any attorney admitted to the bar of this court before September 1, 1995 based on membership in the bar of a jurisdiction other than California, continuing membership in the bar of that jurisdiction is an acceptable alternative basis for eligibility.

**(c)  Procedure for Admission**. Each applicant for admission must present to the Clerk a sworn petition for admission in the form prescribed by the Court. Prior to admission to the bar of this Court, an attorney must certify:

    **(1)**  Knowledge of the contents of the Federal Rules of Civil and Criminal Procedure and Evidence, the Rules of the United States Court of Appeals for the Ninth Circuit, and the Local Rules of this Court;

    **(2)**  Familiarity with the Alternative Dispute Resolution Programs of this Court;

    **(3)**  Understanding and commitment to abide by the Standards of Professional Conduct of this Court set forth in Civil L.R. 11-4; and

    **(4)**  Familiarity with the Guidelines for Professional Conduct in the Northern District of California.

**(d)  Admission Fees**. Each attorney admitted to practice before this Court under this Local Rule must pay to the Clerk the fee fixed by the Judicial Conference of the United States, together with an assessment in an amount to be set by the Court. The assessment will be placed in the Court Non-Appropriated Fund for library, educational, and other appropriate uses.

**(e)  Admission**. The Clerk or a Judge may admit an applicant to the bar of the Court after the applicant signs the prescribed oath and pays the prescribed fees, and after the Clerk verifies the applicant's qualifications.

**(f)  Certificate of Good Standing**. A member of the bar of this Court who is in good standing may obtain a Certificate of Good Standing by presenting a written request to the Clerk and paying the prescribed fee.

**(g)  Reciprocal Administrative Change in Attorney Status**. Upon notice from the State Bar of California (or the bar of another jurisdiction that is the basis for membership in the bar of this Court) that an attorney is deceased, has been placed on "voluntary inactive" status, or has resigned for reasons not relating to discipline, the Clerk will note "deceased," "resigned," or "voluntary inactive," as appropriate, on the attorney's admission record. An attorney on "voluntary inactive" status will remain inactive on the roll of this Court until such time as the State Bar or the attorney has notified the Court that the attorney has been restored to "active" status. An attorney who has resigned and wishes to be readmitted must petition the Court for admission in accordance with subparagraphs (c) and (d) of this Rule.

**(1)**   The following procedure will apply to actions taken in response to information provided by the State Bar of California (or by another jurisdiction that is the basis for membership in the bar of this Court) of a suspension for (a) a period of less than 30 days for any reason or (b) a change in an attorney's status that is temporary in nature and may be reversed solely by the attorney's execution of one or more administrative actions. Upon receipt of notification from the State Bar that an attorney has been suspended for any of the following, the Clerk will note the suspension on the attorney's admission record:

    **(A)**   Noncompliance with Rule 9.22 child and family support;

    **(B)**   Failure to pass PRE;

    **(C)**   Failure to pay bar dues;

    **(D)**   Failure to submit documentation of compliance with continuing education requirements.

While suspended, an attorney is not eligible to practice in this Court or in the Bankruptcy Court of this District. In the event that an attorney files papers or otherwise practices law in this Court or in the Bankruptcy Court while an administrative notation of suspension is pending on the attorney's admission record, the Clerk will verify the attorney's disciplinary status with the State Bar (or other jurisdiction, if applicable). If the attorney is not then active and in good standing, the Chief District Judge will issue to the attorney an order to show cause in accordance with Civil L.R. 11-7(b)(1).

Upon receipt by the Court of notification from the State Bar that the attorney's active status has been restored, the reinstatement will be noted on the attorney's admission record.

**(2)**   In response to information provided by the State Bar of California (or other jurisdiction that is the basis for membership in the bar of this Court) that an attorney has been placed on disciplinary probation but is still allowed to practice, the Clerk will note the status change on the attorney's admission record. An attorney with that status must, in addition to providing the notice to the Clerk required by Civil L.R. 11-7(a), report to the Clerk all significant developments related to the probationary status. Upon receipt by the Court of notification from the State Bar that the attorney's good standing has been restored, the change will be noted on the attorney's admission record.

## 11-2.   Counsel for the United States

An attorney employed or retained by the United States government or any of its agencies may, without satisfying the membership requirements of LR 11-1, practice in this Court in all actions or proceedings within the scope of his or her employment or retention by the United States.

## 11-3.   Pro Hac Vice

**(a)**   **Application.** An attorney who is not a member of the bar of this Court may apply to appear pro hac vice in a particular action in this district by submitting to the Clerk, together with the written application, a true and correct copy of a certificate of good standing or other similar official document issued by the appropriate authority governing attorney admissions for the relevant bar. Said certificate or other document must be dated no more than one year prior to the date of application for admission. The applicant must also submit an oath certifying the following:

**(1)** That he or she is an active member in good standing of the bar of a United States Court or of the highest court of another state or the District of Columbia, specifying such bar;

**(2)** That he or she agrees to abide by the Standards of Professional Conduct set forth in Civil L.R. 11-4, and to become familiar with the Local Rules and Alternative Dispute Resolution Programs of this Court and, where applicable, with the Bankruptcy Local Rules;

**(3)** That an attorney, identified by name and office address, who is a member of the bar of this Court in good standing and who maintains an office within the State of California, is designated as co-counsel.

**(4)** The number of times the applicant has been granted pro hac vice admission by the Court in the 12 months preceding the application.

**(b)** **Time of Application**. An attorney seeking to appear pro hac vice must submit the application and admission fee at the time of the filing of a complaint or the attorney's first appearance in the case. A failure to meet this deadline may result in denial of the application.

**(c)** **Disqualification from Pro Hac Vice Appearance**. Unless authorized by an Act of Congress or by an order of the assigned Judge, an applicant is not eligible for permission to practice pro hac vice if the applicant:

**(1)** Resides in the State of California; or

**(2)** Is regularly engaged in the practice of law in the State of California.

This disqualification shall not be applicable if the pro hac vice applicant (i) has been a resident of California for less than one year; (ii) has registered with, and completed all required applications for admission to, the State Bar of California; and (iii) has officially registered to take or is awaiting results from the California State Bar exam.

**(d)** **Approval**. The Clerk shall present the application to the assigned Judge for approval. The assigned Judge shall have discretion to accept or reject the application, or excuse the admission fee.

**(e)** **Admission Fee**. At the time the application is submitted, an attorney requesting to practice under Civil L.R. 11-3 must pay to the Clerk the Pro Hac Vice admission fee set by the Court's fee schedule, available at cand.uscourts.gov/court-fees. The Clerk will not present an application to the assigned Judge unless the filing fee has been paid or a request to waive the filing fee has been submitted. The fee will be placed in the Court's Non-Appropriated Fund for library, educational, and other appropriate uses. If the assigned Judge rejects the application, the fee will be refunded at the attorney's request.

**(f)** **Appearances and Service on Local Co-Counsel**. All papers filed by the attorney must indicate appearance pro hac vice. Service of papers on and communications with local co-counsel designated pursuant to Civil L.R. 11-3(a)(3) shall constitute notice to the party.

## 11-4. Standards of Professional Conduct

**(a)** **Duties and Responsibilities**. Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must:

**(1)** Be familiar and comply with the standards of professional conduct required of members of the State Bar of California;

**(2)** Comply with the Local Rules of this Court;

**(3)** Maintain respect due to courts of justice and judicial officers;

**(4)** Practice with the honesty, care, and decorum required for the fair and efficient administration of justice;

**(5)** Discharge all obligations to client(s) and the Court; and

**(6)** Assist those in need of counsel when requested by the Court.

**Commentary**

The California Standards of Professional Conduct are contained in the State Bar Act, the
Rules of Professional Conduct of the State Bar of California, and decisions of any court
applicable thereto.

**(b)** **Prohibition Against Bias**. The practice of law before this Court must be free from prejudice and bias. Treatment free of bias must be accorded all other attorneys, litigants, judicial officers, jurors, and support personnel. Any violation of this policy should be brought to the attention of the Clerk or any Judge for action under Civ. L.R. 11-6.

**(c)** **Prohibition against Ex Parte Communication**. Except as otherwise provided by law or these Local Rules or otherwise ordered by the Court, an attorney or party to an action must refrain from contacting the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter, without prior notice to opposing counsel.

**Commentary**

This rule is not intended to prohibit communications with Court staff regarding
scheduling or general case management.

## 11-5.  Withdrawal from Case

**(a)** **Order Permitting Withdrawal**. Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case.

**(b)** **Conditional Withdrawal**. When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

## 11-6.  Discipline

**(a)** **General**. In the event that a Judge has cause to believe that an attorney (as defined in subsection (b) below) has engaged in unprofessional conduct, the Judge may, in addition to any action authorized by applicable law, do either or both of the following:

**(1)** Refer the matter to the Court's Standing Committee on Professional Conduct; or

**(2)** Refer the matter to the Chief District Judge. If the alleged unprofessional conduct arises in the Bankruptcy Court, the Judge shall first refer the matter to

the Chief Bankruptcy Judge, who may in turn refer it to the Chief District Judge.

**(b)** **"Attorney" Defined**. For purposes of Civil L.R. 11-6, the term "attorney" refers to any attorney who is or has been admitted to practice in any State, or admitted to membership in the bar of this Court, or admitted to practice in this Court pro hac vice pursuant to Civil L.R. 11-3. The term "attorney" may include law corporations and partnerships, when the alleged conduct occurs in the course and scope of employment by the corporation or partnership.

**(c)** **Standing Committee on Professional Conduct**. The Court will appoint, as special counsel for disciplinary proceedings pending before the Court, a Standing Committee on Professional Conduct consisting of a minimum of 7 and a maximum of 11 members, depending on the number of disciplinary matters referred to or active before the committee, and the Chief District Judge will designate one of the members to serve as Chair. All members of the Standing Committee must be members in good standing of the bar who practice regularly in this court. Members shall serve staggered 4-year terms in 2 approximately equal groups, such that the members of one group are replaced or reappointed every 2 years. The Standing Committee may organize itself and conduct its affairs by subcommittees of one or more members as it deems advisable. All final actions of the Standing Committee require a majority vote. The Standing Committee will submit a confidential report of its activities annually to the Clerk, the Chief District Judge, the Clerk of the Bankruptcy Court and Chief Bankruptcy Judge and the Professional Conduct Liaison Judge.

**(d)** **Professional Conduct Liaison Judge.** The Chief District Judge shall appoint a District Judge to oversee the administration of this Local Rule and to serve as liaison to the Standing Committee. The Chief District Judge may delegate some or all of the powers of the Chief District Judge under this rule to the Professional Conduct Liaison Judge.

**(e)** **Matters Referred To The Standing Committee**. Any Judge may enter an order of referral to the Standing Committee on Professional Conduct to initiate an investigation into a charge or information that a member of the bar of this Court, an attorney appearing pro hac vice, or an attorney employed or retained by the United States (see Civil L.R. 11-2) has engaged in unprofessional conduct in the practice of law before this Court. The Alternative Dispute Resolution Magistrate Judge may enter an order of referral based upon information provided by, and at the request of, the Alternative Dispute Resolution Department. An order of referral to the Standing Committee on Professional Conduct may be made on the public docket of an active case or may be directed to the Clerk confidentially without a case number, with a copy of the referral order served by U.S. Mail or by electronic mail on the subject attorney. Upon receipt of an order of referral, the Clerk will open a new miscellaneous case under seal, file the original order of referral and any accompanying exhibits thereto, and transmit a copy to the chair of the Standing Committee. Unless otherwise directed by the Court, the Standing Committee shall investigate the alleged or suspected unprofessional conduct in accordance with the following procedures:

**(1)** Investigations shall be conducted formally or informally as the Standing Committee deems appropriate to the circumstances of the case. Investigations shall be confidential unless the Professional Conduct Liaison Judge, upon application by the Standing Committee or the attorney who is subject to the

investigation, determines that there is a compelling reason to make the matter public.

**(2)** At the written request of the Standing Committee, the Chief District Judge may direct the issuance of subpoenas and subpoenas duces tecum.

**(3)** At the conclusion of its investigation, the Standing Committee may, if it deems appropriate, finally resolve any referred matter informally or by consent; if the attorney who was the subject of the investigation has admitted unprofessional conduct, however, the Standing Committee should obtain a written consent specifying a remedial plan. The Standing Committee shall prepare a final report summarizing its proceedings, its findings, any informal or stipulated resolution and its recommendation, if any, to the Court. If the Standing Committee's determination is to file a petition for formal discipline, it shall so state in the final report. The final report shall be marked "CONFIDENTIAL: ATTORNEY DISCIPLINE MATTER" and shall include a proposed order directing the Clerk to close the file. The Standing Committee shall direct the original final report to the Chief District Judge and a copy to the referring Judge. Upon filing the final report and closing the file, the Clerk shall serve the final report on the attorney under investigation.

**(4)** If a majority of the members determine that public reprimand, suspension, disbarment, monetary sanctions or other formal discipline is warranted, and the respondent attorney does not consent, the Standing Committee shall institute a disciplinary proceeding by filing with the Clerk a sealed petition that specifies the alleged misconduct. Upon the filing of the petition, the Clerk shall assign a new civil case number to the matter and shall randomly assign it to a District Judge other than the referring Judge or the Professional Conduct Liaison Judge in the same manner as any other sealed civil action or proceeding. Unless otherwise directed by the assigned Judge, the proceeding shall then be presented by one or more members of the Standing Committee. For a matter arising in the Bankruptcy Court of this District, the assigned Judge may, sua sponte or upon motion by the respondent attorney, refer the matter to the Clerk of the Bankruptcy Court for assignment to a Bankruptcy Judge, other than the referring Judge, for hearing and a report and recommendation.

**(5)** After a civil case is assigned under subsection (4) above, the assigned judge shall issue an order to show cause setting a date for hearing, addressed to the respondent attorney, requiring the attorney to appear and show cause why he or she should not be disciplined as stated in the Judge's order. The order shall direct that a copy thereof, together with a copy of the petition, be served on the respondent in a manner permitted by Fed. R. Civ. P. 5(b) not less than 35 days in advance of the date specified for hearing. Any response must be filed no more than 14 days later. In the event the matter cannot be resolved solely based on the petition, response, and hearing thereon, the Judge may order such additional proceedings as the circumstances warrant. Written findings of fact and an order based thereon shall be filed by the Judge when dismissing the proceeding or when imposing discipline. Documents presented for manual filing in the case shall be marked "CONFIDENTIAL: ATTORNEY DISCIPLINE MATTER." The entire case shall be maintained under seal and court proceedings shall be closed to the public unless, upon written motion from either the Standing Committee or the respondent attorney, the Judge determines that the interests of justice would be best be served by opening all or part of the proceedings to the public.   The Judge's final order, if imposing

discipline, together with portions of the file deemed by the Judge to be appropriate for public disclosure, will be unsealed and made accessible to the public on the Court's website and any other means ordered by the Judge and will be disseminated to the Judges of the Northern District of California by the Clerk 7 days after the final order is filed, absent an extension by the Court. An order imposing discipline under this Rule may be appealed to the Court of Appeals.

**(6)** Records other than court files, such as the confidential reports of the Standing Committee, shall be maintained as directed by the Chief District Judge.

**(7)** After an order imposing discipline is filed, the Standing Committee may provide the Clerk with a list of other courts before which the Standing Committee knows the respondent attorney to have been admitted to practice. The list shall be compiled from information obtained in the course of the Standing Committee's work on the case, and shall not require a separate investigation. The Clerk shall give prompt notice of the order of discipline to the disciplinary body of each such court.

**(f)** **Costs**. Out-of-pocket expenses necessarily incurred by the Standing Committee in carrying out its responsibilities under these rules, if presented for reimbursement within 90 days of the conclusion of the proceeding, will be paid by the Court.

## 11-7.   Reciprocal Discipline and Discipline Following Felony Conviction

**(a)** **Required Notice of Change in Status**. Any attorney admitted to practice in this Court or any attorney appearing pro hac vice who is convicted of a felony, suspended, disbarred, or placed on disciplinary probation by any court, or who resigns from the bar of any court with an investigation into allegations of unprofessional conduct pending, must give notice to the Clerk and the Clerk of the Bankruptcy Court in writing within 14 days of such event.

**(b)** **Order to Show Cause**. Unless referred to the Standing Committee on Professional Conduct, matters subject to reciprocal discipline on the grounds listed in paragraph (a) above shall be handled as follows:

**(1)** Whenever a member of the bar of this Court or any attorney appearing pro hac vice who is convicted of a felony, disbarred, suspended for reasons other than those noted in Civil L.R. 11-1(g), or who resigns from the bar of any court with an investigation into allegations of unprofessional conduct pending, the Chief District Judge will enter an order suspending that member on an interim basis from practice before this Court and affording the member an opportunity to show cause, within 28 days, why a suspension or disbarment order should not be entered. If the attorney files a response stating that imposition of an order of suspension or disbarment from this Court is not contested, or if the attorney does not respond to the Order to Show Cause within the time specified, then the Court shall enter an order of suspension or disbarment.

**(2)** An attorney who wishes to contest reciprocal discipline must file with the Court a timely response to the order to show cause. The Chief District Judge may then act on the matter, order it randomly assigned to another Judge or refer it to the Standing Committee on Professional Conduct for report and recommendation. The response to the Order to Show Cause must set forth facts establishing one or more of the following: (a) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (b) there was such an infirmity of proof

establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusion(s) on that subject; (c) imposition of like discipline would result in a grave injustice; or (d) other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s). In addition, together with the response to the Order to Show Cause, the attorney must lodge with the Court a certified copy of the entire record from the other jurisdiction or bear the burden of persuading the Court that less than the entire record will suffice. This procedure may not be used to relitigate a felony conviction.

**(3)**   An attorney disbarred, suspended or placed on disciplinary probation under the reciprocal discipline provisions of this rule may seek reinstatement upon completion of the period of suspension, disbarment, or disciplinary probation by filing a petition for admission with the Clerk as provided in Civil L.R. 11-1(c) and paying the admission fee in accordance with 11-1(d). An attorney disbarred by reason of a felony conviction may not petition for reinstatement until at least one year after entry of the disbarment order.

**Cross Reference**
See Fed. R. Civ. P. 11(c), 16(f), 37.

## 11-8.   Sanctions for Unauthorized Practice

A person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to exercise such privileges, may be referred to the Standing Committee in addition to any action authorized by applicable law.

## 11-9.   Student Practice

**(a)**   **Permission to Appear**. With the approval of the assigned Judge, a certified law student who complies with these Local Rules and acts under the supervision of a member of the bar of this Court (or an attorney otherwise permitted to practice) may engage in the permitted activities set forth in this Local Rule.

**(b)**   **Permitted Activities**. With respect to a matter pending before this Court, a certified law student may:

**(1)**   Negotiate for and on behalf of the client or appear at Alternative Dispute Resolution (ADR) proceedings, provided that the activity is conducted under the general supervision of a supervising attorney;

**(2)**   Appear on behalf of a client in the trial of a misdemeanor or petty offense, provided the appearance is under the general supervision of a supervising attorney who is immediately available to attend the proceeding if the Judge decides to require the presence of the supervising attorney and, if the client is a criminal defendant, the client has filed a consent with the Court; and

**(3)**   Appear on behalf of a client in any other proceeding or public trial, provided the appearance is under the direct and immediate supervision of a supervising attorney, who is present during the proceedings.

**(c)**   **Requirements for Eligibility**. To be eligible to engage in the permitted activities, a law student must submit to the Clerk:

**(1)**   An application for certification on a form established for that purpose by the Court. The Clerk is authorized to issue a certificate of eligibility;

**(2)** A copy of a Notice of Student Certification or Recertification from the State Bar of California, or a certificate from the registrar or dean of a law school accredited by the American Bar Association or the State Bar of California that the law student has completed at least one-third of the graduation requirements and is continuing study at the law school, (or, if a recent graduate of the law school, that the applicant has registered to take or is awaiting results of the California State Bar Examination). The certification may be withdrawn at any time by the registrar or dean by providing notice to that effect to the Court; and

**(3)** Certification from a member of the bar of this Court that he or she will serve as a supervising attorney for the law student. The certification may be withdrawn at any time by a supervising attorney by providing notice to that effect to the Court.

**(d)** Requirements of Supervising Attorney. A supervising attorney must:

**(1)** Be admitted or otherwise permitted to practice before this Court;

**(2)** Sign all documents to be filed by the student with the Court;

**(3)** Assume professional responsibility for the student's work in matters before the Court; and

**(4)** Assist and counsel the student in the preparation of the student's work in matters before the Court.

**(e)** **Termination of Privilege**. The privilege of a law student to appear before this Court under this rule may be terminated by the Court at any time in the discretion of the Court, without the necessity to show cause.

# 16.  CASE MANAGEMENT AND PRETRIAL CONFERENCES

## 16-1.  Definitions

"Scheduling," "discovery," or "status" conferences under Fed. R. Civ. P. 16 and 26 shall be designated as "case management conferences" in this Court. All statements, proposed orders, or other documents prepared in connection with such conferences must be referred to as such.

## 16-2.  Order Setting Initial Case Management Conference

**(a)**  **Issuance and Service of Order**.  Once an action is initiated in this Court, the Clerk shall issue an Order Setting Initial Case Management Conference and ADR Deadlines. The Order shall set the following dates, among others: (1) the date for the Initial Case Management Conference on the assigned Judge's calendar; and (2) the deadline for filing the ADR Certification required by Civil L.R. 16-8(b). The plaintiff must serve on each defendant a copy of the Order, along with the supplementary materials specified by Civil L.R. 4-2. This Order shall not be issued in categories of cases that are excluded under the Federal Rules of Civil Procedure, these Local Rules, or an order of this Court.

**(b)**  **Case Management Schedule in Removed Cases**. When a case is removed from a state court to this Court, upon the filing of the notice of removal the Court shall issue to the removing party an Order Setting Initial Case Management Conference, as described in subsection (a), above. The removing party must serve the other parties in the case with a copy of the Order and the supplementary materials specified in Civil L.R. 4-2. Unless ordered otherwise by the Court, the filing of a motion for remand does not relieve the parties of any obligations under this rule.

**(c)**  **Case Management Schedule in Transferred Cases**. When a civil action is transferred to this district, the Court shall issue to the plaintiff an Order Setting Initial Case Management Conference, as described in subsection (a), above. The plaintiff must serve the other parties in the case with a copy of the Order and the pertinent supplementary materials specified in Civil L.R. 4-2.

**(d)**  **Relief from Case Management Schedule**. By serving and filing a motion with the assigned Judge pursuant to Civil L.R. 7, a party, including a party added later in the case, may seek relief from an obligation imposed by Fed. R. Civ. P. 16 or 26 or the Order Setting Initial Case Management Conference. The motion must:

**(1)**  Describe the circumstances which support the request;

**(2)**  Affirm that counsel for the moving party has conferred with all other counsel in an effort to reach agreement about the matter and, for each other party, report whether that party supports or opposes the request for relief;

**(3)**  Be accompanied by a proposed revised case management schedule; and

**(4)**  If applicable, indicate any changes required in the ADR process or schedule in the case.

**(e)**  **Limitation on Stipulations**. Any stipulation that would vary the date of a Case Management Conference shall have no effect unless approved by the assigned Judge before the date set for the conference. Any stipulation must comply with Civil L.R. 7-12.

**16-3.  Lead Trial Counsel Required to Confer**

Unless otherwise ordered, the conferring and planning that is mandated by Fed. R. Civ. P. 26(f) and by ADR Local Rule 3-5 must be done by lead trial counsel for each party.

**16-4.  Procedure in Bankruptcy Appeals**

Appeals from the United States Bankruptcy Court to the United States District Court are governed by the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules of this district.

**Cross Reference**

See Fed. R. Bankr. P. 8001 through 8020 and B.L.R. 8001-1 through 8011-1.

**16-5.  Procedure in Actions for Review on an Administrative Record**

In actions for District Court review on an administrative record (except cases governed by the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g)), the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint. Within 28 days of receipt of defendant's answer, plaintiff must file a motion for summary judgment pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 56. Defendant must serve and file any opposition or counter-motion within 28 days of service of plaintiff's motion. Plaintiff may serve and file a reply within 14 days after service of defendant's opposition or counter-motion. Unless the Court orders otherwise, upon the conclusion of this briefing schedule, the matter will be deemed submitted for decision by the District Court without oral argument.

**Cross Reference**

See Civil L.R. 3-12(h), "*Relating Actions for Review on an Administrative Record.*"

**16-6.  Procedure in U.S. Debt Collection Cases**

These cases shall proceed as follows:

**(a)  Identification**. The first page of the complaint must identify the action by using the words "Debt Collection Case;"

**(b)  Assignment**. Upon filing the complaint, the matter will be assigned to a Magistrate Judge for all pre-trial proceedings; and

**(c)  Collection Proceedings**. If the United States files an application under the Federal Debt Collection Procedures Act, either pre-judgment or post-judgment, such matter will be assigned to a Magistrate Judge.

**16-7.  Procedure in Other Exempt Cases**

Unless otherwise provided in these local rules, in categories of cases that are exempted by Fed. R. Civ. P. 26(a)(1)(B) from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1), promptly after the commencement of the action the assigned Judge will schedule a Case Management Conference or issue a case management order without such conference. Discovery shall proceed in such cases only at the time, and to the extent, authorized by the Judge in the case management order.

**16-8.  Alternative Dispute Resolution (ADR) in the Northern District**

**(a)  District Policy Regarding ADR**. It is the policy of this Court to assist parties involved in civil litigation to resolve their disputes in a just, timely and cost-effective manner. The Court has created and makes available its own Alternative Dispute Resolution (ADR) programs for which it has promulgated local rules. The Court also encourages civil litigants to consider use of ADR programs operated by private entities. At any

time after an action has been filed, the Court on its own initiative or at the request of one or more parties may refer the case to one of the Court's ADR programs.

**Cross Reference**
See ADR L.R. 1-2 "*Purpose and Scope*;" ADR L.R. 2-3 "*Referral to ADR Program*."
The Court's ADR processes and procedures are described on the Court's ADR webpage:
cand.uscourts.gov/adr.

**(b)** **ADR Certification**. In cases assigned to the ADR Multi-Option Program, no later than the date specified in the Order Setting Initial Case Management Conference and ADR Deadlines (presumptively 21 days before the date set for the initial case management conference) counsel and client must sign, serve and file an ADR Certification. The certification must be made on a form established for this purpose by the Court and in conformity with the instructions approved by the Court. Separate Certifications may be filed by each party. If the client is a government or governmental agency, the certificate must be signed by a person who meets the requirements of Civil L.R. 3-9(c). If the date of the initial case management conference is changed, unless otherwise ordered the ADR Certification deadline adjusts accordingly.

Counsel and client must certify that both have:

**(1)** Read the document entitled "*Alternative Dispute Resolution Procedures Handbook*" on the ADR webpage, found at cand.uscourts.gov/adr;

**(2)** Discussed with each other the available dispute resolution options provided by the Court and private entities; and

**(3)** Considered whether their case might benefit from any of the available dispute resolution options.

Counsel must further certify that they have discussed selection of an ADR process and an appropriate deadline for an ADR session with counsel for the other parties to the case and shall indicate whether they intend to stipulate to an ADR process and deadline or prefer to discuss ADR selection with the assigned Judge at the case management conference.

**Cross Reference**
See ADR L.R. 3-5.

**Commentary**
Certification forms and the document entitled "*Alternative Dispute Resolution Procedures Handbook*" are available on the Court's ADR webpage at cand.uscourts.gov/adr. The Clerk's Office will print copies upon request for pro se parties.

**(c)** **Stipulation to ADR Process.** If the parties agree to participate in an ADR process and they wish the Court to make an ADR referral in advance of the case management conference, they may file a Stipulation and Proposed Order selecting an ADR process.

**(d)** **Selection at Case Management Conference.**

**(1)** **Consideration of ADR Processes.** Counsel must include in their joint case management statement a report on the status of ADR, specifying which ADR process option they have selected and a proposed deadline by which the parties will conduct the ADR session or, if they do not agree, setting forth which option and timing each party prefers. Unless the assigned Judge already has approved a stipulation to an ADR process, counsel must be prepared to discuss all of the subjects about which they were required to meet and confer under ADR L.R. 3-5(a). If the ADR legal staff holds an ADR Phone Conference in advance of the

initial case management conference, they ordinarily will make a recommendation to the assigned Judge.

**(2)** **Selection by Stipulation or Order.** If the parties agree to a particular ADR process at the case management conference and the assigned Judge approves, the Judge will issue an order referring the case to that process. Alternatively, even if the parties do not agree, the Judge may issue an order referring the case to Early Neutral Evaluation (ENE), Mediation, or a Settlement Conference.

**(3)** **Deferred Referral or Exemption.** If, considering the views of the parties, the Judge at the case management conference concludes that the case is not ripe for an ADR referral or that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources devoted to it, the Judge may defer making an ADR referral or may exempt the case from participating in any ADR process.

**(e)** **ADR Phone Conference.** An ADR Phone Conference conducted by a member of the ADR legal staff may be set to assist the parties or the assigned Judge in selecting or customizing an ADR process, in aid of the administration of a case that has been referred to an ADR process, or as otherwise directed by the Court. An ADR Phone Conference may be set at the request of the parties on the form established for that purpose by the Court, by referral from the assigned Judge, or at the initiative of the ADR legal staff.

**Cross Reference**

See ADR L.R. 3-5 "Selecting an ADR Process" and ADR L.R. 3-5(d) "Selection Through ADR Phone Conference."

**Commentary**

Forms for "ADR Certification," "Stipulation to an ADR Process" and "Request for ADR Telephone Conference" are available on the Court's ADR webpage at cand.uscourts.gov/adr. The Clerk's Office will print copies upon request for pro se parties for a nominal fee.

## 16-9. Case Management Statement and Proposed Order

**(a)** **Joint or Separate Case Management Statement**. Unless otherwise ordered, no later than the date specified in Fed. R. Civ. P. 26(f), counsel must file a Joint Case Management Statement addressing all of the topics set forth in the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, which can be found on the Court's website located at cand.uscourts.gov/forms. If one or more of the parties is not represented by counsel, the parties may file separate case management statements. If a party is unable, despite reasonable efforts, to obtain the cooperation of another party in the preparation of a joint statement, the complying party may file a separate case management statement, accompanied by a declaration describing the conduct of the uncooperative party which prevented the preparation of a joint statement. Separate statements must also address all of the topics set forth in the Standing Order referenced above.

**(b)** **Case Management Statement in Class Action**. Any party seeking to maintain a case as a class action must include in the Case Management Statement required by Civil L.R. 16-9(a) the following additional information:

**(1)** The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action;

**(2)** A description of the class or classes in whose behalf the action is brought;

**(3)** Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b); and

    **(4)**   A proposed date for the Court to consider whether the case can be maintained as a class action.

### 16-10.  Case Management Conference

    **(a)**   **Initial Case Management Conference**. Unless otherwise ordered, no later than the date specified in the Order Setting Initial Case Management Conference, the Court will conduct an initial Case Management Conference. Subject to 28 U.S.C. § 636, the assigned District Judge may designate a Magistrate Judge to conduct the initial Case Management Conference and other pretrial proceedings in the case. Unless excused by the Judge, lead trial counsel for each party must attend the initial Case Management Conference. Requests to participate in the conference remotely (e.g., telephonic or videoconference) must be filed and served at least 7 days before the conference or in accordance with the Standing Orders of the assigned Judge.

    **(b)**   **Case Management Orders**. After a Case Management Conference, the Judge will enter a Case Management Order or sign the Joint Case Management Statement and Proposed Order submitted by the parties. This order will comply with Fed. R. Civ. P. 16(b) and will identify the principal issues in the case, establish deadlines for joining parties and amending pleadings, identify and set the date for filing any motions that should be considered early in the pretrial period, establish a disclosure and discovery plan, set appropriate limits on discovery, and refer the case to ADR unless such a referral would be inappropriate. In addition, in the initial Case Management Order or in any subsequent case management order, the Court may establish deadlines for:

        **(1)**   Commencement and completion of any ADR proceedings;

        **(2)**   Disclosure of proposed expert or other opinion witnesses pursuant to Fed. R. Civ. P. 26(a)(2), as well as supplementation of such disclosures;

        **(3)**   Conclusion of pretrial discovery and disclosure;

        **(4)**   Hearing pretrial motions;

        **(5)**   Counsel to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material;

        **(6)**   Filing joint final pretrial conference statement and proposed order;

        **(7)**   Lodging exhibits and other trial material, including copies of all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal. Each proposed exhibit must be premarked for identification. Upon request, a party must make the original or the underlying documents of any exhibit available for inspection and copying;

        **(8)**   Serving and filing briefs on all significant disputed issues of law, including procedural and evidentiary issues;

        **(9)**   In jury cases, serving and filing requested voir dire questions, jury instructions, and forms of verdict; or in court cases, serving and filing proposed findings of fact and conclusions of law;

        **(10)**   Serving and filing statements designating excerpts from depositions (specifying the witness and page and line references), from interrogatory answers and from responses to requests for admission to be offered at the trial other than for impeachment or rebuttal;

**(11)** A date by which parties objecting to receipt into evidence of any proposed testimony or exhibit must advise and confer with the opposing party with respect to resolving such objection;

**(12)** A final pretrial conference and any necessary Court hearing to consider unresolved objections to proposed testimony or exhibits;

**(13)** A trial date and schedule;

**(14)** Determination of whether the case will be maintained as a class action; and

**(15)** Any other activities appropriate in the management of the case, including use of procedures set forth in the <u>Manual for Complex Litigation</u>.

**(c)** **Subsequent Case Management Conferences**. Pursuant to Fed. R. Civ. P. 16, the assigned Judge or Magistrate Judge may, sua sponte or in response to a stipulated request or motion, schedule subsequent case management conferences during the pendency of an action. Each party must be represented at such subsequent case management conferences by counsel having authority with respect to matters under consideration.

**(d)** **Subsequent Case Management Statements**. Unless otherwise ordered, no fewer than 7 days before any subsequent case management conference, the parties must file a Joint Case Management Statement, reporting progress or changes since the last statement was filed and making proposals for the remainder of the case development process. Such statements must report the parties' views about whether using some form of ADR would be appropriate.

# 23.  CLASS ACTIONS

## 23-1.  Private Securities Actions

    **(a)**    **Filing and Serving Required Notices**. Not later than 21 days after filing the complaint in any action governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995), the party filing that complaint and seeking to serve as lead plaintiff must serve and file a copy of any notice required by the Act.

**Cross Reference**

See Civil L.R. 3-7 "*Certification in Private Securities Actions*."

    **(b)**    **Motion to Serve as Lead Plaintiff**. Not later than 60 days after publication of the notices referred to in Civil L.R. 23-1(a), any party seeking to serve as lead plaintiff must serve and file a motion to do so. The motion must set forth whether the party claims entitlement to the presumption set forth in section 27(a)(3)(B)(iii)(I) of the Securities Act or section 21D(a)(3)(B)(iii)(I) of the Securities Exchange Act or that the presumption is rebutted and the reasons therefor.

**Commentary**

A "*Model Stipulation and Proposed Consolidation Order for Securities Fraud Class Actions*" is available from the Clerk in civil actions containing a claim governed by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995), and is part of the materials provided to the filing party for service on all parties in the action pursuant to Civil L.R. 4-2. See also the Court's "Forms" page at: cand.uscourts.gov/forms.

## 26.  GENERAL PROVISIONS GOVERNING DISCOVERY

### 26-1.  Custodian of Discovery Documents

The party propounding interrogatories, requests for production of documents, or requests for admission must retain the original of the discovery request and the original response. That party shall be the custodian of these materials. Fed. R. Civ. P. 30(f) identifies the custodian of the original transcript or recording of a deposition.

#### Commentary

Counsel should consider stipulating to sharing computer-readable copies of discovery requests, such as interrogatories and requests for production of documents, as well as responses to such requests, to save costs and to facilitate expeditious pretrial discovery.

# 30. DEPOSITIONS

**30-1. Required Consultation Regarding Scheduling**

For the convenience of witnesses, counsel, and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party. A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena.

**30-2. Numbering of Deposition Pages and Exhibits**

**(a)** **Sequential Numbering of Pages**. The pages of the deposition of a single witness, even if taken at different times, must be numbered sequentially.

**(b)** **Sequential Numbering of Exhibits**. Documents identified as exhibits during the course of depositions and at trial must be numbered and organized as follows:

**(1)** At the outset of the case, counsel must meet and confer regarding the sequential numbering system that will be used for exhibits throughout the litigation, including trial.

**(2)** If the pages of an exhibit are not numbered internally and it is necessary to identify pages of an exhibit, then each page must receive a page number designation preceded by the exhibit number (e.g., Exhibit 100-2, 100-3, 100-4).

**(3)** To the extent practicable, any exhibit which is an exact duplicate of an exhibit previously numbered must bear the same exhibit number regardless of which party is using the exhibit. Any version of any exhibit which is not an exact duplicate must be marked and treated as a different exhibit, bearing a different exhibit number.

**(4)** In addition to exhibit numbers, documents may bear other numbers or letters used by the parties for internal control purposes.

# 33.  INTERROGATORIES

## 33-1.  Form of Answers and Objections

Answers and objections to interrogatories must set forth each question in full before each answer or objection.

## 33-2.  Demands that a Party Set Forth the Basis for a Denial of a Requested Admission

A demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories.

**Cross Reference**
To the same effect, see Civil L.R. 36-2.

**Commentary**
Under Fed. R. Civ. P. 36, a party is not required to set forth the basis for an unqualified denial.

## 33-3.  Motions for Leave to Propound More Interrogatories Than Permitted by Fed. R. Civ. P. 33

A motion for leave to propound more interrogatories than permitted by Fed. R. Civ. P. 33 must be accompanied by a memorandum which sets forth each proposed additional interrogatory and explains in detail why it is necessary to propound the additional questions.

## 34.  PRODUCTION OF DOCUMENTS AND THINGS

**34-1.  Form of Responses to Requests for Production**

A response to a request for production or inspection made pursuant to Fed. R. Civ. P. 34(a) must set forth each request in full before each response or objection.

# 36.   REQUESTS FOR ADMISSION

## 36-1.   Form of Responses to Requests for Admission

Responses to requests for admission must set forth each request in full before each response or objection.

## 36-2.   Demands that a Party Set Forth the Basis for a Denial of a Requested Admission

A demand that a party set forth the basis for a denial of a requested admission will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories.

**Cross Reference**
To the same effect, see Civil L.R. 33-2.

**Commentary**
Under Fed. R. Civ. P. 36, a party is not required to set forth the basis for an unqualified denial.

# 37.  MOTIONS TO COMPEL DISCLOSURE OR DISCOVERY OR FOR SANCTIONS

## 37-1.  Procedures for Resolving Disputes

**(a)**  **Conference Between Counsel Required**. The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.

**(b)**  **Requests for Intervention During a Discovery Event**. If a dispute arises during a discovery event the parties must attempt to resolve the matter without judicial intervention by conferring in good faith. If good faith negotiations between the parties fail to resolve the matter, and if disposition of the dispute during the discovery event likely would result in substantial savings of expense or time, counsel or a party may contact the chambers of the assigned District Judge or Magistrate Judge to ask if the Judge is available to address the problem through a telephone conference during the discovery event.

## 37-2.  Form of Motions to Compel

In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

## 37-3.  Discovery Cut-Off; Deadline to File Discovery Motions

Unless otherwise ordered, as used in any order of this Court or in these Local Rules, a "discovery cut-off" is the date by which all responses to written discovery are due and by which all depositions must be concluded.

Where the Court has set a single discovery cut-off for both fact and expert discovery, no discovery-related motions may be filed more than 7 days after the discovery cut-off.

Where the Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off, and no motions related to expert discovery may be filed more than 7 days after the expert discovery cut-off.

Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown.

### Commentary

Counsel should initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this local rule. "Discovery-related motions" encompasses all motions relating to discovery, including motions to compel or protect against discovery, motions regarding the duty to preserve documents, including spoliation motions, motions to quash or enforce subpoenas, and motions for discovery sanctions.

**37-4.   Motions for Sanctions under Fed. R. Civ. P. 37**

When, in connection with a dispute about disclosure or discovery, a party moves for an award of attorney fees or other form of sanction under Fed. R. Civ. P. 37, the motion must:

**(a)**   Comply with Civil L.R. 7-8 and Civil L.R. 7-2; and

**(b)**   Be accompanied by competent declarations which:

   **(1)**   Set forth the facts and circumstances that support the motion;

   **(2)**   Describe in detail the efforts made by the moving party to secure compliance without intervention by the Court; and

   **(3)**   If attorney fees or other costs or expenses are requested, itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed.

# 40.  TRIAL

## 40-1.  Continuance of Trial Date; Sanctions for Failure to Proceed

No continuance of a scheduled trial date will be granted except by order of the Court issued in response to a motion made in accordance with the provisions of Civil L.R. 7. Failure of a party to proceed with the trial on the scheduled trial date may result in the assessment of jury costs and the imposition of appropriate sanctions, including dismissal or entry of default. Jury costs may be also assessed for failure to provide the Court with timely notice of a settlement.

**Commentary**

Counsel should consult any Standing Orders issued by the assigned Judge with respect to the conduct of trial. Such orders are available on the individual Judges' pages of the Court's website: cand.uscourts.gov/judges.

# 54.  COSTS

## 54-1.  Filing of Bill of Costs

**(a)**    **Time for Filing and Content**. No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs. The bill must state separately and specifically each item of taxable costs claimed. It must be supported by an affidavit, pursuant to 28 U.S.C. §1924, that the costs are correctly stated, were necessarily incurred, and are allowable by law. Appropriate documentation to support each item claimed must be attached to the bill of costs.

**(b)**    **Effect of Service**. Service of bill of costs shall constitute notice pursuant to Fed. R. Civ. P. 54(d), of a request for taxation of costs by the Clerk.

**(c)**    **Waiver of Costs**. Any party who fails to file a bill of costs within the time period provided by this rule will be deemed to have waived costs.

**Commentary**

The 14-day time period set by this rule is inapplicable where a statute authorizing costs establishes a different time deadline, (e.g., 28 U.S.C. § 2412(d)(1)(B) (setting 30 days from final judgment as time limit to file for fees under Equal Access to Justice Act)).

## 54-2.  Objections to Bill of Costs

**(a)**    **Time for Filing Objections**. Within 14 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection.

**(b)**    **Meet and Confer Requirement**. Any objections filed under this Local Rule must contain a representation that counsel met and conferred in an effort to resolve disagreement about the taxable costs claimed in the bill, or that the objecting party made a good faith effort to arrange such a conference.

## 54-3.  Standards for Taxing Costs

**(a)**    **Fees for Filing and Service of Process**

**(1)**    The Clerk's filing fee is allowable if paid by the claimant.

**(2)**    Fees of the marshal as set forth in 28 U.S.C. § 1921 are allowable to the extent actually incurred. Fees for service of process by someone other than the marshal acting pursuant to Fed. R. Civ. P. 4(c) are allowable to the extent reasonably required and actually incurred.

**(b)**    **Reporters' Transcripts**

**(1)**    The cost of transcripts necessarily obtained for an appeal is allowable.

**(2)**    The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable.

**(3)**    The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel.

**(c)**    **Depositions**

**(1)**    The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable.

**(2)**    The expenses of counsel for attending depositions are not allowable.

**(3)**    The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.

**(4)**    Notary fees incurred in connection with taking depositions are allowable.

**(5)**    The attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness.

**(d)    Reproduction and Exemplification**

**(1)**    The cost of reproducing and certifying or exemplifying government records used for any purpose in the case is allowable.

**(2)**    The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable.

**(3)**    The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable.

**(4)**    The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided.

**(5)**    The cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial.

**(e)    Witness Expenses**. Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821. No other witness expenses, including fees for expert witnesses, are allowable.

**(f)    Fees for Masters and Receivers**. Fees to masters and receivers are allowable.

**(g)    Costs on Appeal**. Other costs not provided for in these Rules but authorized under Fed. R. App. P. 39 are allowable.

**(h)    Costs of Bonds and Security**. Premiums on undertaking bonds and costs of providing security required by law, by order of a Judge, or otherwise necessarily incurred are allowable.

## 54-4.    Determination of Taxable Costs

**(a)    Supplemental Documentation**. The Clerk may require and consider further affidavits and documentation as necessary to determine allowable costs.

**(b)    Taxation of Costs**. No sooner than 14 days after a bill of costs has been filed, the Clerk shall tax costs after considering any objections filed pursuant to Civil L.R. 54-2. Costs shall be taxed in conformity with 28 U.S.C. §§ 1920 and 1923, Civil L.R. 54-3, and all other applicable statutes and rules. On the bill of costs or in a separate notice, the Clerk shall indicate which, if any, of the claimed costs are allowed and against whom such costs are allowed. The Clerk shall serve copies of the notice taxing costs on all parties on the day in which costs are taxed.

## 54-5.    Motion for Attorney's Fees

**(a)    Time for Filing Motion**. Motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court, unless otherwise ordered by the Court after a stipulation to enlarge time under Civil L.R. 6-2 or a motion under Civil L.R. 6-3.  Filing an appeal from the judgment does not extend the time for filing a motion. Counsel for the respective parties must meet and confer for

the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees.

**Commentary**

Fed. R. Civ. P. 54(d)(2)(B) sets a time period of 14 days from the entry of judgment to file a motion for attorney's fees. Counsel who desire to seek an order extending the time to file such a motion, either by stipulation (See Civil L.R. 6-2) or by motion (See Civil L.R. 6-3), are advised to seek such an order as expeditiously as practicable.

**(b)** **Form of Motion**. Unless otherwise ordered, the motion for attorney fees must be supported by declarations or affidavits containing the following information:

**(1)** A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held; and

**(2)** A statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including *in camera* inspection, as the Judge deems appropriate; and

**(3)** A brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services.

# 56.  SUMMARY JUDGMENT

### 56-1.  Notice of Motion

Motions for summary judgment or summary adjudication and opposition to such motions must be noticed as provided in Civil L.R. 7-2 and 7-3.

### 56-2.  Separate or Joint Statement of Undisputed Facts

**(a)**  **No Separate Statement Allowed Without Court Order**. Unless required by the assigned Judge, no separate statement of undisputed facts or joint statement of undisputed facts shall be submitted.

**(b)**  **Procedure if Joint Statement Ordered**. If the assigned Judge orders the submission of a joint statement of undisputed facts, the parties shall confer and submit, on or before a date set by the assigned Judge, a joint statement of undisputed facts. If the nonmoving party refuses to join in the statement, the moving party will nevertheless be permitted to file the motion, accompanied by a separate declaration of counsel explaining why a joint statement was not filed. Whether or not sanctions should be imposed for failure to file a joint statement of undisputed facts is a matter within the discretion of the assigned Judge.

### 56-3.  Issues Deemed Established

Statements contained in an order of the Court denying a motion for summary judgment or summary adjudication shall not constitute issues deemed established for purposes of the trial of the case, unless the Court so specifies.

# 65.  INJUNCTIONS

**65-1.  Temporary Restraining Orders**

    **(a)**   **Documentation Required**. A motion for temporary restraining order must be accompanied by:

        **(1)**   A copy of the complaint;

        **(2)**   A separate memorandum of points and authorities in support of the motion;

        **(3)**   The proposed temporary restraining order and order to show cause;

        **(4)**   Other supporting documents that the party wishes the Court to consider; and

        **(5)**   A declaration by counsel certifying that notice has been provided to the opposing party, or explaining why such notice could not be provided.

    **(b)**   **[Withdrawn]**.

    **(c)**   **Form of Temporary Restraining Order**. The moving party must include both a proposed temporary restraining order and a proposed order to show cause setting the time and date for a hearing on a motion for preliminary injunction, which shall be scheduled pursuant to Fed. R. Civ. P. 65(b). Proposed orders submitted under this Rule must provide a place for the Judge to set a deadline by which the temporary restraining order and all supporting pleadings and papers must be served upon the adverse party.

    **(d)**   **Notification to Clerk**.

        **(1)**   The filing party should alert the Court to the filing of a motion for temporary restraining order by emailing or calling the courtroom deputy clerk for the judge assigned to the case.

        **(2)**   Motions filed after hours or on weekends must follow instructions provided in ECF.

**65-2.  Motion for Preliminary Injunction**

Motions for preliminary injunctions unaccompanied by a temporary restraining order are governed by Civil L.R. 7-2.

# 65.1  SECURITY

## 65.1-1. Security

    **(a)**   **When Required**. Upon demand of any party, where authorized by law and for good cause shown, the Court may require any party to furnish security for costs which can be awarded against such party in an amount and on such terms as the Court deems appropriate.

    **(b)**   **Qualifications of Surety**. Every bond must have as surety either:

        **(1)**   A corporation authorized by the Secretary of the Treasury of the United States to act as surety on official bonds under 31 U.S.C. §§ 9301-9306;

        **(2)**   A corporation authorized to act as surety under the laws of the State of California;

        **(3)**   Two natural persons, who are residents of the Northern District of California, each of whom separately own real or personal property not exempt from execution within the district. (The total value of these two persons' property should be sufficient to justify the full amount of the suretyship); or

        **(4)**   A cash deposit of the required amount made with the Clerk and filed with a bond signed by the principals.

    **(c)**   **Court Officer as Surety**. No Clerk, marshal or other employee of the Court may be surety on any bond or other undertaking in this Court. No member of the bar of this Court appearing for a party in any pending action may be surety on any bond or other undertaking in that action. However, cash deposits on bonds may be made by members of the bar of this Court on certification that the funds are the property of a specified person who has signed as surety on the bond. Upon exoneration of the bond, such monies shall be returned to the owner and not to the attorney.

    **(d)**   **Examination of Surety**. Any party may apply for an order requiring any opposing party to show cause why it should not be required to furnish further or different security, or to require the justification of personal sureties.

# 66.  PREJUDGMENT REMEDIES

## 66-1.  Appointment of Receiver

**(a)**  **Time for Motion**. A motion for the appointment of a receiver in a case may be made after the complaint has been filed and the summons issued.

**(b)**  **Temporary Receiver**. A temporary receiver may be appointed with less notice than required by Civil L.R. 7-2 or, in accordance with the requirements and limitations of Fed. R. Civ. P. 65(b), without notice to the party sought to be subjected to a receivership or to creditors.

**(c)**  **Permanent Receiver**. Concurrent with the appointment of a temporary receiver or upon motion noticed in accordance with the requirements of Civil L.R. 7-2, the Judge may, upon a proper showing, issue an order to show cause, requiring the parties and the creditors to show cause why a permanent receiver should not be appointed.

**(d)**  **Parties to be Notified**. Within 7 days of the issuance of the order to show cause, the defendant must provide to the temporary receiver or, if no temporary receiver has been appointed, to the plaintiff, a list of the defendant's creditors, and their addresses. Not less than 14 days before the hearing on the order to show cause, notice of the hearing must be mailed to the listed creditors by the temporary receiver, or, if none, by the plaintiff.

**(e)**  **Bond**. The Court may require any appointed receiver to furnish a bond in such amount as the Court deems reasonable.

## 66-2.  Employment of Attorneys, Accountants or Investigators

The receiver may not employ an attorney, accountant, or investigator without a Court order. The compensation of all such employees shall be fixed by the Court.

## 66-3.  Motion for Fees

All motions for fees for services rendered in connection with a receivership must set forth in reasonable detail the nature of the services. The motion must include as an exhibit an itemized record of time spent and services rendered.

## 66-4.  Deposit of Funds

A receiver must deposit all funds received into the institution selected by the Court as its designated depository pursuant to 28 U.S.C. § 2041.  The account title shall include  the case name and number. At the end of each month, the receiver must deliver to the Clerk a statement of account, copies of canceled checks, and any other records of transactions.

## 66-5.  Reports

Within 30 days of appointment, a permanent receiver must serve and file with the Court a verified report and petition for instructions. The report and petition must contain a summary of the operations of the receiver, an inventory of the assets and their appraised value, a schedule of all receipts and disbursements, and a list of all creditors, their addresses and the amounts of their claims. The petition must contain the receiver's recommendation as to the continuance of the receivership and reasons therefor. At the hearing, the Judge will determine whether the receivership will be continued and, if so, will set a schedule for future reports of the receiver.

## 66-6.  Notice of Hearings

The receiver must give all interested parties notice of the time and place of hearings of the following in accordance with Civil L.R. 7-2:

**(a)**   Petitions for instructions;

**(b)**   Petitions for the payment of dividends to creditors;

**(c)**   Petitions for confirmation of sales of property;

**(d)**   Reports of the receiver;

**(e)**   Motions for fees of the receiver or of any attorney, accountant or investigator, the notice to state the services performed and the fee requested; and

**(f)**   Motions for discharge of the receiver.

# 72.  MAGISTRATE JUDGES; PRETRIAL ORDERS

## 72-1.  Powers of Magistrate Judge

Each Magistrate Judge appointed by the Court is authorized to exercise all powers and perform all duties conferred upon Magistrate Judges by 28 U.S.C. § 636, by the local rules of this Court, and by any written order of a District Judge designating a Magistrate Judge to perform specific statutorily authorized duties in a particular action.

## 72-2.  Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge

**(a)  Form of Objection.** Any objection filed pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) must be made as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge."

**(b)  Contents of Motion.** Any motion filed pursuant to this rule may not exceed 5 pages (not including declarations and exhibits) and must include:

    **(1)**  A specific statement of the portions of the Magistrate Judge's findings, recommendation, or report to which an objection is made;

    **(2)**  A statement of the Court action requested;

    **(3)**  A statement of the reasons and authority supporting the motion; and

    **(4)**  A proposed order.

**(c)  Service of Motion.** The moving party must deliver any manually filed motion and all attachments to all other parties on the same day that the motion is filed.

**(d)  Opportunity for Response; Ruling on Motion.** Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion. The District Judge may deny the motion by written order at any time, but may not grant it without first giving the opposing party an opportunity to respond. If no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied. The Clerk shall notify parties when a motion has been deemed denied.

## 72-3.  Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge

**(a)  Form of Motion and Response**. Any objection filed pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B) must be made as a "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge." The motion must be made pursuant to Civil L.R. 7-2 and must specifically identify the portions of the Magistrate Judge's findings, recommendation, or report to which objection is made and the reasons and authority supporting the motion.

**(b)  Associated Administrative Motions**. At the time a party files a motion under Civil L. R. 72-3(a) or a response, the party may accompany it with a separately filed motion for "Administrative Motion to Augment the Record" or an "Administrative Motion for an Evidentiary Hearing." Any associated administrative motion must be made in accordance with Civil L.R. 7-11.

**(c)  Record before District Judge**. Except when the Court grants a motion under Civil L.R. 72-3(b), the Court's review and determination of a motion filed pursuant to Civil L.R. 72-3(a) shall be upon the record of the proceedings before the Magistrate Judge.

**Commentary**

Procedures governing review of a pretrial order by a Magistrate Judge on matters not dispositive of a claim or defense are governed by Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). Procedures governing consideration of a Magistrate Judge's findings, report and recommendations on pretrial matters dispositive of a claim or defense are governed by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B) & (C).

## 73.  MAGISTRATE JUDGES; TRIAL BY CONSENT

**73-1.  Time for Consent to Magistrate Judge**

    **(a)  Cases Initially Assigned to a Magistrate Judge**. In cases that are initially assigned to a Magistrate Judge:

        **(1)**  Parties must either file written consent to the jurisdiction of the Magistrate Judge, or request reassignment to a District Judge, by the deadline set by the Clerk or the Magistrate Judge.

        **(2)**  If a motion that cannot be heard by the Magistrate Judge without the consent of the parties, pursuant to 28 U.S.C. § 636(c), is filed, the parties must either file written consent to the jurisdiction of the Magistrate Judge, or request reassignment to a District Judge, no later than 7 days after the motion is filed, unless otherwise directed.

    **(b)  Cases Initially Assigned to a District Judge**. In cases that are assigned to a District Judge, the parties may consent at any time to the Court reassigning the case to a Magistrate Judge for all purposes, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

# 77.  DISTRICT COURT AND CLERK

## 77-1.  Locations and Hours

**(a)   Locations**

**(1)**  The Office of the Clerk for the San Francisco Division is located at the Philip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

**(2)**  The Office of the Clerk for the Oakland Division is located at the Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Oakland, California 94612.

**(3)**  The Office of the Clerk for the San Jose Division is located at the Robert F. Peckham Federal Building and United States Courthouse, 280 South First Street, San Jose, California 95113.

**(4)**  The Eureka-McKinleyville United States Courthouse is located at 3140 Boeing Avenue, McKinleyville, California 95519.  There is no Office of the Clerk in the Eureka-McKinleyville Courthouse.

**(b)   Hours**. The regular hours of the Offices of the Clerk are from 9:00 a.m. to 4:00 p.m. each day except Saturdays, Sundays, and Court holidays.  For current front desk hours, see the Court's website at [cand.uscourts.gov](cand.uscourts.gov).

**Commentary**

See Civil L.R. 5-4 regarding after-hours drop box filing.

## 77-2.  Orders Grantable by Clerk

The Clerk is authorized to sign and enter orders specifically allowed to be signed by the Clerk under the Federal Rules of Civil Procedure and these local rules. The Clerk may file such orders as effective on a previous date when appropriate and as permitted by law.  In addition, the Clerk may sign and enter the following orders without further direction of a Judge:

**(a)**  Orders specifically appointing persons to serve process in accordance with Fed. R. Civ. P. 4;

**(b)**  Orders on consent noting satisfaction of a judgment, providing for the payment of money, withdrawing stipulations, annulling bonds, exonerating sureties, or setting aside a default;

**(c)**  Orders of dismissal on consent, with or without prejudice, except in cases to which Fed. R. Civ. P. 23, 23.1, or 66 apply;

**(d)**  Orders establishing a schedule for case management in accordance with Civil L.R. 16;

**(e)**  Orders relating or reassigning cases on behalf of the Executive Committee; and

**(f)**  Orders taxing costs pursuant to Civil L.R. 54-4.

**Cross Reference**

See ADR L.R. 4-11(d) "*Nonbinding Arbitration; Entry of Judgment on Award*."

## 77-3.  Remote Public Access to Court Proceedings [Revised]

**(a)   Generally allowed at judge's discretion.** To the extent not prohibited by statute, the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure, Ninth Circuit Judicial Council Policy, or this Local Rule, judges of this Court may, in their discretion,

provide the public with remote video or audio access to court proceedings. This applies to proceedings conducted in the courtroom as well as proceedings where the judge and/or the attorneys are appearing remotely.

**(b)   Prohibitions on provision of remote access.**

**(1)**   Remote public access will not be permitted where doing so would risk interfering with the integrity of the proceedings. This includes, but is not limited to, situations where remote public access would risk infringing on privacy interests, creating safety concerns, or materially affecting witness testimony.

**(2)**   Remote public access to jury trials is prohibited.

**(c)   Objections to or requests for provision of public access.** Objections to the provision of remote public access by any party, witness, or person who is a subject of the proceeding, and requests by members of the public to provide remote public access, will be considered by the presiding judge. Parties to the case should file objections or requests by way of administrative motion pursuant to Civil Local Rule 7-11. Nonparties should make objections or requests using the form on the Court's website. Absent a showing of good cause, any objection or request must be submitted at least 14 days before the proceeding.

**(d)   No capture or transmission of remote access permitted.** Persons with remote access to court proceedings are prohibited from recording, photographing, or retransmitting those proceedings.

### Commentary

The Judicial Conference of the United States has published a policy against the video "broadcast" of court proceedings. This appears intended to apply to hearings where remote video access is provided over a platform such as Zoom. This policy is not binding on the courts; it is a recommendation that is owed respectful consideration. *See* 28 U.S.C. § 331; *Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010); *see also, e.g.*, *United States v. Slone*, 969 F. Supp. 2d 830, 834–35 (E.D. Ky. 2013); *United States v. Crusius*, 2020 WL 4340550, at *6 (W.D. Tex. July 28, 2020). The Judicial Conference policy approves providing remote audio access to civil and bankruptcy hearings that do not involve witness testimony. The Judicial Council of the Ninth Circuit, whose policies are binding within the Circuit, has left the decision about whether and how to provide remote video access to the district courts.

This Court has carefully considered the recommendation of the Judicial Conference but has determined based on its own experience from 2020 to 2023 that, except in very rare circumstances, providing the media and the public with remote video access improves transparency and confidence in judicial proceedings without having any negative effect on those proceedings. Additionally, the public's interest in access to the courts is better served by providing video access as opposed to audio-only access, particularly in cases where the judge and attorneys are also appearing remotely rather than from the courtroom.

## 77-4.  Official Notices

The following media are designated by this Court as its official means of giving public notice of calendars, General Orders, employment opportunities, policies, proposed modifications of

these local rules, or any matter requiring public notice. The Court may designate any one or a combination of these media for purposes of giving notice as it deems appropriate:

**(a)** **Bulletin Board**. A bulletin board for posting of official notices shall be located at the Office of the Clerk at each courthouse of this district.

**(b)** **Website**. The Court website located at cand.uscourts.gov is designated as the district's official website and may be used for the posting of official notices.

**(c)** **Newspapers**. The following newspapers are designated as official newspapers of the Court for the posting of official notices:

**(1)** The Recorder; or

**(2)** The Daily Journal; or

**(3)** The San Jose Post-Record, for matters pending in the San Jose Division, in addition to the newspapers listed in subparagraphs (1) and (2); or

**(4)** The Times Standard, for matters pending before a Judge sitting in Eureka.

## 77-5.  Security of the Court

The Court, or any Judge, may from time to time make such orders or impose such requirements as may be reasonably necessary to assure the security of the Court and of all persons in attendance.

## 77-6.  Weapons in the Courthouse and Courtroom

**(a)** **Prohibition on Unauthorized Weapons**. Only the United States Marshal, Deputy Marshals, and Court Security Officers are authorized to carry weapons within the confines of the courthouse, courtrooms, secured judicial corridors, and chambers of the Court. When the United States Marshal deems it appropriate, upon notice to any affected Judge, the Marshal may authorize duly authorized law enforcement officers to carry weapons in the courthouse or courtroom.

**(b)** **Use of Weapons as Evidence**. In all cases in which a weapon is to be introduced as evidence, before bringing the weapon into a courtroom, the United States Marshal or Court Security Officer on duty must be notified. Before a weapon is brought into a courtroom, it must be inspected by the United States Marshal or Court Security Officer to ensure that it is inoperable and appropriately marked as evidence, and the assigned Judge shall be notified of such inspection.

## 77-7.  Court Library

The Court maintains a law library primarily for the use of Judges and personnel of the Court. In addition, attorneys admitted to practice in this Court may use the library as needed for actions or proceedings pending in the Court. The library is operated in accordance with such rules and regulations as the Court may from time to time adopt.

## 77-8.  Complaints Against Judges

Pursuant to 28 U.S.C. § 351(a), any person alleging that a Judge of this Court has engaged in conduct prejudicial to the effective and expeditious administration of the business of the Court, or alleging that a Judge is unable to discharge all of the duties of office by reason of mental or physical disability, may file with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit a written complaint containing a brief statement of the facts constituting such conduct. Upon request, the Clerk of this Court will provide to any person wishing to file such a complaint:

**(a)**    A copy of the Rules for Judicial-Conduct and Judicial-Disability Proceedings promulgated by the Judicial Conference of the United States, and the Ninth Circuit Judicial Council's Local Rules for Misconduct Proceedings, both of which are available at: ca9.uscourts.gov/misconduct/judicial_misconduct.php;

**(b)**    A copy of the Ninth Circuit Judicial Council's complaint form; and

**(c)**    A pre-addressed envelope to the Clerk of Court for the Ninth Circuit Court of Appeals, marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY." No judge's name may appear on the envelope.

## 79. BOOKS AND RECORDS KEPT BY THE CLERK

**79-1. Transcript and Designation of Record on Appeal**

If a party timely orders a transcript in accordance with the requirements of Fed. R. App. P. 10(b), but fails to make satisfactory arrangements to pay the court reporter at or before the time of the order, the court reporter must promptly notify the Clerk of Court and the party. Within 14 days after receipt of such notice from the court reporter, the party ordering the transcript must make satisfactory arrangements for payment. The reporters' transcript must be filed within 28 days of the date such arrangements have been made. If the party fails  to make satisfactory arrangements for payment within 14 days, the Clerk of Court shall certify to the Court of Appeals for the Ninth Circuit that the party has failed to comply with Fed. R. App. P. 10(b)(4).

**Cross Reference**
See Ninth Circuit Rule 10-3 "*Ordering the Reporter's Transcript.*"

**79-2. Exclusions from Record on Appeal**

The Clerk will not include in the record on appeal the following items unless their inclusion is specifically requested in writing and supported by a brief statement of the reason therefor:

**(a)**  Summonses and returns;

**(b)**  Subpoenas and returns;

**(c)**  Routine procedural motions and orders, such as motions for extensions of or shortening time; and

**(d)**  Routine procedural notices.

**79-3. Files; Custody and Withdrawal**

All files of the Court shall remain in the custody of the Clerk. The "original copy" of a document filed via ECF is the electronic file stored on ECF. Physical documents belonging to the files of the Court may be taken from the custody of the Clerk only in extraordinary circumstances, by special order of a Judge and with a proper receipt signed by the person obtaining the record or document.

**79-4. Custody and Retention of Trial Exhibits**

**(a)**  **Custody of Exhibits During Trial or Evidentiary Hearing**. Unless the Court directs otherwise, each exhibit admitted into evidence during a trial or other evidentiary proceeding shall be held in the custody of the Clerk.

**(b)**  **Retention of Exhibits Upon Conclusion of Proceeding**. Unless the Court directs otherwise, the party that submitted an exhibit into evidence must maintain custody of that exhibit until:

**(1)**  14 days after expiration of the time for filing a notice of appeal, if no notice of appeal is filed in the proceeding by any party; or

**(2)**  14 days after a mandate issues from the Court of Appeals, if an appeal was taken by any party to the proceeding.

**79-5.  Filing Documents Under Seal in Civil Cases**

**(a) Right of Access.**  The public has a right of access to the Court's files.  This local rule applies in all instances where a party seeks to conceal information from the public by filing a document, or portions of a document, under seal.  A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document).

**(b) Necessity of Filing a Motion to Seal.**  A party must file a motion to seal a document at the same time that the party submits the document.  Filing a motion to seal permits the party to provisionally file the document under seal, pending the Court's ruling on the motion to seal.  A party need not file a motion to seal if a federal statute or a prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal.

**(c) Contents of Motion to Seal.**  Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.  A motion to seal a party's own document (as opposed to a document designated as confidential by another party, as discussed in subsection (f)) must be filed as an Administrative Motion to File Under Seal in conformance with Civil L.R. 7-11. This requirement applies even if the motion is joined by the opposing party. The motion must include the following:

**(1)** a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of:

(i)     the legitimate private or public interests that warrant sealing;
(ii)    the injury that will result if sealing is denied; and
(iii)   why a less restrictive alternative to sealing is not sufficient;

**(2)** evidentiary support from declarations where necessary; and

**(3)** a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

**(d) Procedure for Filing Declarations or Exhibits.**  Where the document to be sealed is a declaration or an exhibit to a document filed electronically, an otherwise blank page reading "EXHIBIT FILED UNDER SEAL" shall replace the exhibit in the document filed on the public docket, and the exhibit to be filed under seal shall be filed separately as an attachment to the Administrative Motion to File Under Seal.

**(e) Procedure for Filing Pleadings and Briefs**.  Only in rare circumstances should a party seek to file portions of a pleading or brief under seal.  For redacted pleadings and briefs, the following procedure applies:

**(1)** the party shall redact the confidential information from the pleading or brief filed on the public docket; and

**(2)** the party shall file the unredacted pleading or brief under seal, as an attachment to an Administrative Motion to File Under Seal.  The unredacted version must include

the phrase "FILED UNDER SEAL" prominently marked on the first page and must highlight the portions for which sealing is sought.

Motions to seal entire pleadings or briefs are strongly disfavored and will be granted only in extraordinary circumstances.

**(f) Motion to Consider Whether Another Party's Material Should be Sealed.** For any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by another party or non-party (the "Designating Party"), the Filing Party must, instead of filing an Administrative Motion to File Under Seal, file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

**(1)** This motion must identify each document or portions thereof for which sealing is sought, but the Filing Party need not satisfy the showing required in subsection (c)(1) above.

**(2)** In the event the Designating Party is not an ECF user in the case, the Filing Party must serve the motion on the Designating Party the same day the motion is filed.

**(3)** Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in subsection (c)(1). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the Designating Party.

**(4)** If any party wishes to file a response, it must do so no later than 4 days after the Designating Party files its statement and/or declaration. Responses may not exceed 5 pages absent leave of the Court.

**(5)** In the event a single document contains various portions that more than one party bears the burden of showing is sealable, the filing party must file separate motions pursuant to 79-5(c) and 79-5(f) as appropriate. Each party must then satisfy its own burden with respect to that portion of the document that it seeks to seal.

**(6)** Additionally, overly broad requests to seal may result in the denial of the motion.

**(g) Effect and Duration of Court's Ruling on Motion to Seal.**

**(1)** When the Court grants a motion to seal or otherwise permits a document to remain under seal, the document will remain under seal until further order of the Court.

**(2)** When the Court denies a motion to seal, it will determine whether to consider the information sought for sealing and require its public filing, permit its withdrawal without considering the information, or order any other disposition it deems proper.

**(3)** Parties or non-parties may, at any time, file a motion requesting that the Court unseal a document. If a motion to unseal is filed more than 3 years after the case is closed, there will be a strong presumption that the document will be unsealed.

**(h) Manual Filing of Sealed Documents.** When a pro se party who is not an e-filer wishes to manually file a document under seal, the pro se party shall place the document and the Administrative Motion to File Under Seal in a sealed envelope, marked with the case caption and the phrase "FILED UNDER SEAL."

# 83.  AMENDMENT OF THE LOCAL RULES

**83-1.  Method of Amendment**

The local rules of this Court may be modified or amended by a majority vote of the active Judges of the Court in accordance with the procedures set forth in this rule. New rules may be proposed or existing rules may be amended at the suggestion of any judge or member of the public, and will generally be vetted by the Local Rules Committee, which will make a recommendation to the Court before a vote is taken. Attorney Advisory Committees will be appointed to advise and assist the Court when called upon to do so by the Local Rules Committee.

**83-2.  Procedure for Public Comment on Local Rules**

    **(a)**    **Public Submissions**. Any person may submit written suggestions for amendments to the local rules at any time. Such suggestions shall be directed to the Chief Judge, who will refer the matter to the Local Rules Committee for consideration, unless the circumstances warrant putting the matter immediately before the full Court.

    **(b)**    **Publication**. Before becoming effective, any proposed substantive modification of the local rules shall be subject to public comment in accordance with Fed. R. Civ. P. 83 and posted on the Court's website. Proposed amendments for form, style, grammar, consistency, or any other non-substantive modifications, need not be submitted for public comment.